UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## MOTION TO SET ASIDE ENTRY OF DEFAULT

NOW COME defendants Oceanografia S.A. de C.V. and Amado Yanez Osuna and, pursuant to Federal Rule of Civil Procedure 55, MOVES for an order setting aside of the entry of default of yesterday, upon suggesting that good cause exists to set aside the default and that no prejudice will befall plaintiffs, all on the grounds and for the reasons stated more fully in the accompanying memorandum.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
Keith N. Uhles
State Bar No. 20371100
Federal ID No. 1936
James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370

145:983691.1:091901

**ATTORNEY FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

**HARRIS & RUFTY, L.L.C.**

By: ___*Rufus C Harris III* by permission___
Rufus C. Harris III (#6638)
Alfred J. Rufty III (#19990)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to the foregoing opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this __16th__ day of September, 2001:

Mr. James F. Buchanan
The Kleberg Law Firm
800 N. Shoreline, Ste. 900
Corpus Christi, TX 78401

_____
Alfred J. Rufty III

United States District Court
Southern District of Texas
FILED

OCT 02 2001

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a * | | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., * | | |
| and SEABULK OFFSHORE, LTD. * | | |
| Plaintiffs * | | NUMBER: C.A. B-01-094 |
| * | | |
| VERSUS * | | |
| * | | |
| OCEANOGRAFIA S.A. de C.V and * | | In Admiralty |
| AMADO YANEZ OSUNA * | | |
| Defendants * | | |

## DECLARATION OF ALFRED J. RUFTY III

I, Alfred J. Rufty III, swear and attest that the following is within my personal knowledge, true and correct:

1. I am an attorney licensed in the State of Louisiana and the United States District Courts for the Eastern, Western, and Middle Districts of Louisiana and the Eastern District of Texas, and have been practicing law for over eleven years. I am counsel for defendant Oceanografia de C.V. S.A. in the captioned proceeding.

2. In this capacity, I spoke with both Amado Yanez (president of defendant Oceanografia and a defendant himself) and Steve Finch (in-house counsel for the plaintiff Seabulk entities) on the afternoon of and morning after, respectively, their meeting of August 28, 2001. According to both gentlemen, the meeting was productive and both expressed optimism about the prospects for settling the dispute between the parties.

1

3. Over the twenty-day period for filing responsive pleadings, I was out of town traveling for at least ten days and Mr. Yanez was traveling for multiple days as well. This made communications between attorney and client over this period difficult.

4. My conversations with Mr. Yanez early in the period for responding to the complaint concerned settlement, given the hopeful settlement discussions held on the day the complaint was served. Toward the later end of the period, I tried for five consecutive days to contact Mr. Yanez about filing an answer and counterclaim but was unsuccessful. Frequently, the Mexican telephone line for Oceanografia appeared to be out of order, as a busy signal was perpetually received. Additionally, our office has had great difficulty in sending telefaxes to Oceanografia; at one point, we attempted to send a telefax from this office to Oceanografia for three consecutive days, to no avail.

5. Because I was unsuccessful in contacting my client to gain permission for filing the answer/counterclaim, I telephoned counsel for Seabulk, James Buchanan, on the first morning that responsive pleadings came overdue (the morning of Tuesday, September 18, 2001). In that conversation, I requested an extension of time of just three days for filing responsive pleadings, noting the difficulty experienced in contacting my client and referring to the recent hopeful settlement talks.

6. In that conversation, counsel for plaintiffs gratuitously remarked that the events of the terrorist attacks in New York several days earlier had also complicated the orderly conduct of business (indeed, this was true, as the undersigned's office was forcibly evacuated and closed on the day of the attacks). Counsel for Seabulk stated that he would consult with his client about the requested extension and get back to me. He stated that he did not know whether or not his client would agree but that he himself found the request reasonable and would have no opposition. Seabulk counsel noted that he would be going into a deposition that morning but would call me back later in the afternoon or have someone else get word to me; I stated that I too would be heading into deposition and would speak with him later that afternoon.

7. When I got out of deposition that afternoon at approximately 5:15 p.m., I phoned counsel for Seabulk and was told that the requested extension had been denied. (During this conversation, I was handed a telefax that had arrived at my office approximately one-and-a-half hours before from the office of Mr. Buchanan conveying this same information.)

2

8. In my experience, such requests for extensions of time – particularly, a first request for a period of just three days, backed up with a reason – are routinely granted. I found it strange that this request was denied and, though Seabulk counsel was not volunteering this information, I therefore thought to ask whether a notice of default had by any chance been filed since our telephone conversation of that morning in which I requested the extension of time. I was then told by Seabulk counsel that indeed a notice of default had been filed that day (the first possible day) while my request for a brief extension was pending.

In accordance with the provisions of 28 U.S.C. § 1746, I attest under penalty of perjury that the above and foregoing is true and correct based on my personal knowledge.

Signed this 1st day of October, 2001.

_____
ALFRED J. KUFTY III

3