**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO SET ASIDE ENTRY OF DEFAULT

This memorandum is respectfully submitted by defendants, Oceanografia S.A. de C.V. and

Amado Yanez Osuna, in support of their motion to set aside the entry of default in this matter.

### Pertinent Facts

The Complaint in this matter was served on defendants Oceanografia and Amado Yanez on

or about August 28, 2001. The Complaint had been filed previously and was served in the course

of intensive settlement negotiations at a meeting between the parties. These negotiations were

hopeful, and the parties were relatively close to an agreement to settle their dispute in full.

Negotiations continued thereafter.

In the morning of September 18, 2001 (yesterday), undersigned counsel for defendants

telephoned counsel for plaintiffs regarding this case. This was the first morning on which a

responsive pleading was overdue. As of the time of this call, a "notice of default" accordingly had

not been filed. Undersigned counsel for defendants requested an extension of time of just three days

for the filing of responsive pleadings until Friday, September 21, 2001. As grounds, counsel for

defendants noted recent difficulty in reaching his clients (who are citizens and residents of Mexico);



that undersigned counsel was in New Orleans whereas the court is in Texas; and that recent negotiations have been somewhat hopeful, (suggesting that litigation would be unnecessary). (Plaintiff's counsel himself suggested that the terrorist attack of last week also was a complicating factor, interrupting the orderly flow of business in recent days). Counsel for plaintiffs stated that he would consult with his clients and get back to the undersigned with an answer concerning the requested extension of time.

Counsel for defendants contacted counsel for plaintiffs by telephone later that afternoon. In that conversation, plaintiff's counsel advised that his clients would not consent to a three-day extension of time. As it turns out, during the course of the day while defense counsel was awaiting word as to whether the requested 3-day extension would be granted, plaintiff's counsel filed a notice of default with the clerk of court.

## Argument of Authorities

There is a strong federal policy in favoring of resolving cases on their merits and against the use of default judgments. See *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Assn.*, 874 F.2d 274, 276 (5th Cir. 1989). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala*, 874 F.2d at 276.

An entry of default should be set aside for good cause. The "good cause" showing necessary for setting aside a mere interlocutory default is "considerably less stringent" than  the showing required to set aside a default judgment under Rule 60(b). "As a general rule, all doubts are resolved in favor of the party seeking relief from an entry of default." *Whitman* v. *United States Lines, Inc.*, 88 FRD 528, 529 (E.D. Tx. 1980); see also *General Telephone v. Shaw's of San Francisco*, 43 FRD 296, 297-98 (S.D. Tx. 1967).

Relief from an entry of default should be granted where the moving party shows that the default was not the result of gross neglect, that the non-moving party will not be substantially prejudiced by re-opening the case, and that the movant has a meritorious defense available to him. *Whitman*, 88 FRD at 530; *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979); *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).

These requirements are plainly met here. An Answer has been prepared for filing contemporaneous with this motion (Exhibit "A") by defendants, just twenty-two days after service of the complaint. In the interim, intensive settlement discussions have taken place with plaintiff and defendant relatively close to a settlement, suggesting that litigation may be unnecessary. Second, undersigned counsel for defendants and the defendant's principal (Mr. Yanez) have both traveled extensively over this roughly twenty day period, making contact between lawyer and client difficult, particularly considering that undersigned counsel resides in New Orleans and that defendants reside in Mexico. Third, as plaintiff's counsel himself noted by telephone, the events of the terrorist attack of last week have been a complicating factor (causing office closures, including that of undersigned counsel, and making communications more difficult). Fourth, undersigned counsel contacted plaintiff's counsel prior to the entry of a default to request an extension of time of just three days to answer the Complaint. Undersigned counsel was advised that plaintiff's counsel would consult with his clients and get back to the undersigned with a response. During this time that undersigned counsel reasonably believed the request was under consideration, plaintiffs were surreptitiously filing their "notice of default."

The undersigned called plaintiff's counsel later that same day (September 18, 2001), undersigned counsel was advised that a three-day extension would not be granted. Under these circumstances, defendants have not been grossly negligent.

Further, there is simply no question but that plaintiffs will not be "substantially prejudiced" by the setting aside of the entry of default. With the Answer prepared and ready for filing just twenty-two days after service, there can be no credible suggestion that plaintiffs have been prejudiced by any delay.

Finally, defendants can certainly state a meritorious defense. First, a substantial portion of the debts that plaintiff seeks in this lawsuit have in fact been paid since the suit was filed. This is reflected in a release agreement, which is attached as Exhibit "B" hereto. As the Court will note, the release agreement specifically lists a whole host of invoices under which payment is allegedly due in the Complaint. Second, as to the remaining alleged debts, plaintiffs' accounting is self-serving and incorrect. Indeed, undersigned counsel understands on information and belief that the alleged debts recited by plaintiffs in the Complaint are at odds with a joint accounting conducted for plaintiffs and defendants by an independent accounting firm – an audit that was completed just weeks ago. Third, plaintiffs allege entitlement to substantial amounts of charter hire for vessels that were chartered to Oceanografia. Yet these vessels experienced substantial engine failures and were unseaworthy for significant portions of the charter periods. As a result, plaintiffs are not entitled to a substantial portion of the charter hire they demand. Fourth, jurisdiction exists only to the extent of the value of the attached accounts – a sum far less than that demanded. Fifth, defendant Yanez had no contracts with plaintiffs, and there is simply no good faith basis for suggesting that he is personally liable for the company's alleged debts. For these (and other) reasons, defendants certainly can state a meritorious defense to the claims alleged against them.

The requirements for setting aside an entry of default are thus met. In view of the federal courts strong prejudice in favor of determining cases on the merits, the entry of default should be set aside. This is particularly true, considering that defendants have filed an Answer just twenty-two

days after the Complaint was served and when, in the interim, promising settlement discussions took place, defendants and their counsel were separated in different nations and had difficulty contacting one another, a terrorist attack caused undersigned counsel's office to close, and undersigned counsel actually requested an extension of time of three days, which request was pending at the very time a default was entered.

For these reasons, defendants respectfully suggest that their motion to set aside the entry of default in this case should be granted.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____

Keith N. Uhles
State Bar No. 20371100
Federal ID No. 1936
James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**ATTORNEY FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

**HARRIS & RUFTY, L.L.C.**

By: _____

Rufus C. Harris III (#6638)
Alfred J. Rufty III (#19990)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,**
**OCEANOGRAFIA S.A. DE C.V. AND**
**AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to the foregoing opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this _19th_ day of September , 2001:

Mr. James F. Buchanan
The Kleberg Law Firm
800 N. Shoreline, Ste. 900
Corpus Christi, TX 78401

Alfred J. Rufty III

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## ANSWER AND COUNTERCLAIM

NOW COME defendants Oceanografia S.A. de C.V. and Amado Yanez Osuna ("Yanez") and, for answer to the complaint of Seabulk Towing, Inc. and Seabulk Offshore, Ltd. allege with respect as follows:

### I.

### For a First Defense

The complaint fails to state a claim upon which relief may be granted.

### II.

### For a Second Defense

And now, answering the individual allegations of the complaint, defendants allege as follows:

1.     Allegations of paragraph 1 merely concern pleading matters and hence no answer is required.

2.     Allegations of paragraph 2 are denied for lack of sufficient information.

3.     The allegations of paragraph 3 are denied, except to admit that Oceanografia is a Mexican corporation with its principal place of business in Ciudad del Carmen; that

145:983604.1:091901



EXHIBIT
A

Amado Yanez is an officer of the company; and that Oceanografia and Mr. Yanez

maintain respective accounts with Merrill Lynch.

4.      The allegations of paragraph 4-19 are denied.

5.      The allegations of paragraph 20 are denied, except to admit that a joint venture was

formed between Seabulk Towing, Inc. (as a 49% owner) and Oceanografia (as a 51%

owner).

6.      The allegations of paragraph 21-28 are denied.

7.      The allegations of paragraph 29 concern pleading matters and require no answer.

## III.

### For a Third Defense

Personal jurisdiction is lacking over Oceanografia and Mr. Yanez.

## IV.

### For a Fourth Defense

Defendants are entitled to a set-off against any sums owed to plaintiffs due to the constant

breakdowns, inadequate condition, and unseaworthiness of vessels chartered by plaintiffs to

defendants.

## V.

### For a Fifth Defense

Some or all of the debts allegedly owed have been paid and/or compromised by a way of a

binding settlement between the parties.

## VI.

### For a Sixth Defense

The attachment of the Merrill Lynch investment accounts referenced in the Complaint was wrongful.

## VII.

### For a Seventh Defense

Defendant Yanez had no contractual relationship with plaintiffs and is not liable for these alleged debts of Oceanografia.

## COUNTERCLAIM

Now, assuming the posture of counterclaimant, Oceanografia S.A. de C.V. and Amado Yanez Osuna respectfully aver as follows:

### I.

On information and belief, defendant-in-counterclaim Seabulk Offshore, Ltd. is a Florida limited partnership with its principal place of business in Lafayette, Louisiana. Defendant-in-counterclaim Seabulk Towing, Inc. is on information and belief a Delaware Corporation with its principal business office in Tampa, Florida.

### II.

Counterclaimant Oceanografia has incurred substantial expenses in connection with the joint venture operation between it and the defendants-in-counterclaim. In accordance with the agreement between the parties, defendants-in-counterclaim accordingly owe reimbursement to Oceanografia of joint venture expenses in an amount to be proved at the trial of this matter.

### III.

Furthermore, certain vessels chartered by defendants-in-counterclaim to Oceanografia had significant and recurring engine problems, which rendered the vessels unseaworthy and prevented them from being used for their intended purpose.  As a result, Oceanografia experienced many delays and periods of inactivity in the conduct of its business and in its attempts to satisfy its contractual obligations to the Mexican oil entity PEMEX and/or other third parties.  As a result of these contractual breaches and negligence on the part of the defendants-in-counterclaim and the unseaworthiness of their vessels, Oceanografia has incurred losses in an amount to be proved at the trial of this matter.

### IV.

Furthermore, defendants-in-counterclaim have wrongfully and without justification seized investment accounts with Merrill Lynch belonging to Oceanografia and Yanez.  As result of this wrongful attachment, Oceanografia and Yanez have incurred damages in an amount to be proved at the trial of this matter.

### V.

Defendants-in-counterclaim are accordingly liable to Oceanografia and Yanez for all damages incurred as result of the wrongful attachment of their accounts; for all losses incurred to Oceanografia as result of the deficient performance of their vessels; and for reimbursement of joint venture expenses owed to Oceanografia.

**WHEREFORE,** the premises considered, defendants Oceanografia S.A. de C.V. and Amado Yanez respectfully pray:

145:983604.1:091901

1.  That this Answer be deemed good and sufficient and that, after due proceedings, plaintiff's Complaint be dismissed in its entirety with prejudice, at plaintiff's sole cost; and

2.  That the counterclaim of Oceanografia and Yanez be served, together with a summons, upon defendants-in-counterclaim, requiring that they answer in full the allegations made herein; and

3.  That after due proceedings, that judgment be entered in favor of Oceanografia and Yanez on their counterclaims and against defendants-in-counterclaim, Seabulk Offshore and Seabulk Towing in the amount of damages proved by Oceanografia and Yanez, together with interest, all costs of these proceedings, and attorneys' fees; and

4.  That defendants be afforded such other and further relief as they are entitled to receive in law or equity.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**ATTORNEY FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

145:983604.1:091901                                                  -5-

**HARRIS & RUFTY, L.L.C.**

By: _Rufus C. Harris III by permission_
      Rufus C. Harris III (#6638)
      Alfred J. Rufty III (#19990)
      1450 Poydras Street, Ste. 1510
      New Orleans, Louisiana 70112
      Tel: (504) 525-7500
      Fax: (504) 525-7222
      **ATTORNEYS FOR DEFENDANTS,**
      **OCEANOGRAFIA S.A. DE C.V. AND**
      **AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this _19th_ day of September , 2001.

_____
Alfred J. Rufty III

# RECEIPT AND RELEASE OF SPECIFIC CLAIMS

Seabulk Towing, Inc., Hvide Marine Towing, Inc., Tampa Bay Towing, Inc. and Tampa Bay Towing (hereinafter collectively "Seabulk Towing"), for and in consideration of the total sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS, over and above any amount which previously may have been paid,  plus any accrued interest disbursed from the Registry of the Court, upon payment in full, does hereby release and discharge Oceanografia S.A. de C.V., its affiliated corporations, divisions, officers, directors, owners, and joint venturers (hereinafter collectively "Oceanografia"), from any further obligation on Seabulk Towing invoices No. 34702 dated February 29, 2000 in the amount of $177,000.00; No. 35006 dated March 29, 2000 in the amount of $44,050.51; No. 35008 dated March 29, 2000 in the amount of $177,000.00; No. 35303 dated April 30, 2000 in the amount of $102,384.81; No. 35304 dated April 30, 2000 in the amount of $177,000.00; No. 35612 dated May 31, 2000 in the amount of $97,500.00; No. 35779 dated June 14, 2000 in the amount of $177,000.00; No. 36028 dated June 30, 2000 in the amount of $167,240.95; No. 36029 dated June 30, 2000 in the amount of $43,287,21; and No. 36032 dated July 7, 2000 in the amount of $76,700.00.  All of the aforementioned invoices issued by Hvide Marine Towing, Inc., Tampa Bay Towing, Inc. and Tampa Bay Towing (which entities, along with Seabulk Towing, Inc., are warranted by Seabulk Towing to include all real parties in interest to the sums claimed in the foregoing invoices) are included in this release, and Seabulk Towing agrees to indemnify and hold Oceanografia harmless with respect to any claim against Oceanografia made by any person or entity for payment of the foregoing invoices.

Seabulk Towing warrants that the foregoing invoices represent all issued and unissued invoices for the provision of services, equipment and supplies by Seabulk Towing, Inc.,

NO:99191053.1

EXHIBIT

B

☑003/004

Hvide Marine Towing, Inc., Tampa Bay Towing, Inc. and/or Tampa Bay Towing, for the account of Oceanografia. However, this settlement shall in no way affect, compromise or settle any accounting, right, claim, demand or defense pertaining to any joint venture to which Oceanografia and Seabulk Towing, or any of their affiliated companies, is or was a party, including in particular Seabulk Offshore de Mexico S.A. de C.V.

This settlement of the foregoing invoices is conditioned upon Seabulk Towing being placed in receipt of funds in the amount of $550,000.00, plus any accrued interest disbursed from the Registry of the Court, deposited by Oceanografia to secure the release of the M/V YUN KANAAB from attachment, and currently being held in the registry of the Court in the civil action entitled "Hvide Marine Towing, Inc. versus Oceanografia S.A. de C.V.," Civil Action No. 01-0676 (R)(2), pending in the United States District Court for the Eastern District of Louisiana. Oceanografia, through its duly authorized attorney-in-fact in that proceeding, Alfred Rufty, III, shall execute all documents necessary to effectuate the release of all said funds to Seabulk Towing, immediately upon the signing of this settlement agreement. Further, Oceanografia agrees to pay an additional $450,000.00 cash to Seabulk Towing at the time of or before the signing of this Receipt and Release of Specific Claims.

Oceanografia and Seabulk Towing agree to continue to submit to the jurisdiction of the Court in the proceeding mentioned above in the event it is necessary to enforce the terms of this settlement agreement.

The release granted herein is premised upon, and conditioned upon, the receipt of the aforementioned $1,000,000.00 payment by Oceanografia to Seabulk Towing ($450,000.00 cash at the time of or prior to execution of this Receipt and Release, plus the successful effecting by

NO:99191053.1                          2

Oceanografia of the release and transfer to Seabulk Towing of the full $550,000.00 plus any

accrued interest disbursed from the Registry of the Court), and shall become effective only after

said payments/disbursements from the Registry of the Court mentioned herein are paid in full to

Seabulk Towing.  Seabulk Towing, on receiving payment in full, shall take all action necessary to

secure the dismissal of the aforementioned lawsuit, with prejudice, as of compromise.

The aforementioned settlement and release is without prejudice to, and in no way

compromises or settles, the claims of Seabulk Offshore Ltd. and Seabulk Towing (formerly known

as Hvide Marine Towing, Inc.) against Oceanografia, which claims are summarized in the attached

claim summary entitled "Recap of Oceanografia." Further, this settlement shall in no way affect,

compromise or settle any accounting, right, claim, demand or defense pertaining to any joint venture

to which Oceanografia and Seabulk Towing, or any of their affiliated companies, is or was a party,

including in particular Seabulk Offshore de Mexico S.A. de C.V.

OCEANOGRAFIA S.A. DE C.V.

By: _____
Its Duly Authorized Attorney-in-Fact

Date: _____
June 25, 2001.

SEABULK TOWING, INC., HVIDE MARINE
TOWING, INC., TAMPA BAY TOWING, INC. and
TAMPA BAY TOWING

By: _____
Its Duly Authorized Attorney-in-Fact

Date: _____
June 28, 2001

3