**COPY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## AMENDED ANSWER AND COUNTERCLAIM

NOW COME defendants Oceanografia S.A. de C.V. and Amado Yanez Osuna ("Yanez") and, for answer to the complaint of Seabulk Towing, Inc. and Seabulk Offshore, Ltd. allege with respect as follows:

I.

**For a First Defense**

The complaint fails to state a claim upon which relief may be granted.

II.

**For a Second Defense**

And now, answering the individual allegations of the complaint, defendants allege as follows:

1.  Allegations of paragraph 1 merely concern pleading matters and hence no answer is required.

2.  Allegations of paragraph 2 are denied for lack of sufficient information.

3.  The allegations of paragraph 3 are denied, except to admit that Oceanografia is a Mexican corporation with its principal place of business in Ciudad del Carmen; that

49499:988256.1:102301



Amado Yanez is an officer of the company; and that Oceanografia and Mr. Yanez maintain respective accounts with Merrill Lynch.

4. The allegations of paragraph 4-19 are denied.

5. The allegations of paragraph 20 are denied, except to admit that a joint venture was formed between Seabulk Towing, Inc. (as a 49% owner) and Oceanografia (as a 51% owner).

6. The allegations of paragraph 21-28 are denied.

7. The allegations of paragraph 29 concern pleading matters and require no answer.

III.

**For a Third Defense**

Personal jurisdiction is lacking over Oceanografia and Mr. Yanez.

IV.

**For a Fourth Defense**

Defendants are entitled to a set-off against any sums owed to plaintiffs due to the constant breakdowns, inadequate condition, and unseaworthiness of vessels chartered by plaintiffs to defendants.

V.

**For a Fifth Defense**

Some or all of the debts allegedly owed have been paid and/or compromised by a way of a binding settlement between the parties.

VI.

**For a Sixth Defense**

The attachment of the Merrill Lynch investment accounts referenced in the Complaint was wrongful.

VII.

**For a Seventh Defense**

Service of process was insufficient.

VIII.

**For an Eighth Defense**

Defendant Yanez had no contractual relationship with plaintiffs and is not liable for these alleged debts of Oceanografia.

**COUNTERCLAIMS**

Now, assuming the posture of counterclaimants, Oceanografia S.A. de C.V. and Amado Yanez Osuna respectfully aver as follows:

I.

On information and belief, defendant-in-counterclaim Seabulk Offshore, Ltd. is a Florida limited partnership with its principal place of business in Lafayette, Louisiana. Defendant-in-counterclaim Seabulk Towing, Inc. is on information and belief a Delaware Corporation with its principal business office in Tampa, Florida.

II.

Counterclaimant Oceanografia has incurred substantial expenses in connection with the joint venture operation between it and the defendants-in-counterclaim. In accordance with the agreement between the parties, defendants-in-counterclaim accordingly owe reimbursement to Oceanografia of joint venture expenses in an amount to be proved at the trial of this matter.

III.

Furthermore, certain vessels chartered by defendants-in-counterclaim to Oceanografia had significant and recurring engine and/or other equipment problems, which rendered the vessels unseaworthy and prevented them from being used for their intended purpose. As a result, Oceanografia experienced many delays and periods of inactivity in the conduct of its business and in its attempts to satisfy its contractual obligations to the Mexican oil entity PEMEX and/or other third parties. As a result of these contractual breaches and negligence on the part of the defendants-in-counterclaim and the unseaworthiness of their vessels, Oceanografia has incurred losses in an amount to be proved at the trial of this matter.

IV.

The defendants-in-counterclaim were actually or constructively aware of deficiencies with the engines and/or other equipment aboard the vessels prior to their delivery under charter to Oceanografia. Oceanografia relied upon the understanding that the engines and other equipment aboard the vessels were in suitable condition and were not defective. Defendants-in-counterclaim had cause to know of pre-charter deficiencies in their vessels, defendants-in-counterclaim also are liable to Oceanografia in fraud and/or negligent misrepresentation.

V.

Furthermore, defendants-in-counterclaim have wrongfully and without justification seized investment accounts with Merrill Lynch belonging to Oceanografia and Yanez. As result of this wrongful attachment, Oceanografia and Yanez have incurred damages in an amount to be proved at the trial of this matter.

VI.

Defendants-in-counterclaim are accordingly liable to Oceanografia and Yanez for all damages incurred as result of the wrongful attachment of their accounts; for all losses incurred to Oceanografia as result of the deficient performance of their vessels; and for reimbursement of joint venture expenses owed to Oceanografia.

WHEREFORE, the premises considered, defendants Oceanografia S.A. de C.V. and Amado Yanez respectfully pray:

1. That their Answer be deemed good and sufficient and that, after due proceedings, plaintiffs' Complaint be dismissed in its entirety with prejudice, at plaintiffs' sole cost;

2. That the counterclaims of Oceanografia and Yanez be served, together with a summons, upon defendants-in-counterclaim, requiring that they answer in full the allegations made herein;

3. That, after due proceedings, judgment be entered in favor of Oceanografia and Yanez on their counterclaims and against defendants-in-counterclaim, Seabulk Offshore and

Seabulk Towing, in the amount of damages proved by Oceanografia and Yanez, together with interest, all costs of these proceedings, and attorneys' fees; and

4. That Oceanografia and Yanez be afforded such other and further relief as they are entitled to receive in law or equity.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370

**ATTORNEY FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

HARRIS & RUFTY, L.L.C.

By: _____
Rufus C. Harris III (#6638)
Alfred J. Rufty III (#19990)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on opposing counsel this **23rd** day of **October, 2001** as follows:

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401
*Via CERTIFIED MAIL - RRR*

_____
James H. Hunter, Jr.

49499:988256.1:102301                       -7-