United States District Court
Southern District of Texas
FILED

MAR 1 4 2002

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | NUMBER C.A. B-01-094 |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| **Defendants** | § | |

## PLAINTIFFS' RESPONSE TO AMADO YANEZ OSUNA'S
## MOTION TO DISMISS, VACATE ATTACHMENT, AND TO QUASH DISCOVERY

TO THE HONORABLE UNITED STATES JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

NOW COME, through undersigned counsel, Plaintiffs, Seabulk Towing, Inc. and

Seabulk Offshore, Ltd., (collectively "Seabulk"), responding to Amado Yanez Osuna's

("Yanez") Motion to Dismiss, Vacate Attachment and to Quash Discovery, as follows:

## I.

## FACTUAL BACKGROUND

**A.    Allegations in Lawsuit and Relief Sought.**

In Brownsville, Texas, on June 7, 2001, Seabulk sued Oceanografia and Amado Yanez

Osuna ("Yanez"), alleging breach of contract and further stating a *prima facie* case alleging that,

because he has used it for his personal advantage, Oceanografia is the alter ego of Yanez. Cause

No. C.A. B-01-094; United States District Court, Southern District of Texas, Brownsville

Division; *Seabulk Towing, et al. vs. Oceanografia, et al.* Seabulk amended this complaint on

August 23, 2001. Plaintiffs properly requested and obtained maritime attachment and garnishment with respect to two Merrill Lynch accounts in Brownsville, Texas.

### B.    Discovery Propounded by Seabulk.

On January 22, 2002, Seabulk served Yanez with discovery requests (Attached as Ex. A to Yanez' Motion and Seabulk's Response). To date, Yanez *has not answered* the discovery requests and has not lodged proper objections to them in a timely manner.[1] In fact, the only "response" to the discovery requests is the correspondence of counsel, dated February 22, 2002, attached hereto as Exhibit B, and the instant Motion to Quash the discovery in its entirety.

The correspondence sets forth four very general objections to the entire set of discovery and is not of the type sufficient to preserve any objections. It simply urges that the information is "not relevant," "privileged," "vague, overboard [sic], and unduly burdensome," and that the "discovery calls for materials that are protected by the attorney-client privilege and the work-product doctrine." As will be discussed in further detail below, this litany of oft-asserted objections does not comply with Fed. R. Civ. P. 33(b)(4), which specifically requires: "All grounds for an objection to an interrogatory shall be stated *with specificity*. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." (Emphasis added) Because Yanez has not objected to the interrogatories with specificity, the objections are waived. Additionally, the Motion to Quash is *not a proper method for protecting Yanez from the discovery propounded by Seabulk.*

On this particular issue, attached hereto as Exhibit C is a series of email and facsimile messages from Seabulk representatives to Yanez and/or Yanez' counsel. As shown in Exhibit C,

---

[1]    It is of significant import that *both Oceanographia and Yanez* responded to discovery requests which had been directed only to Oceanographia. However, such responses were *not verified* and, arguably, no responses have been filed by either party. *Cabales v. U.S.*, 51 F.R.D. 498, affirmed , 447 F.2d 1358 (S.D.N.Y. 1970). In addition, Yanez is refusing now to respond to discovery directed specifically to him.

Yanez proposed to have both parties' accountants meet to discuss the discovery requests, namely, the financing of the joint venture, expenses, revenue and charter hire.  Agreeing to accept this proposal, counsel for Seabulk made numerous efforts in January and February to confirm this meeting, scheduled for February 4.  Despite the extent of Seabulk's attempts to confirm the meeting at the time and place proposed by Yanez, neither Yanez nor his counsel (also counsel for Oceanographia) confirmed or attended the February 4 meeting and no documents have been produced.

Both the Federal Rules of Civil Procedure and the Local Rules require counsel to confer to resolve discovery issues (Fed. R. Civ. P. 26(c), 37(a) (2)(A)-(B); this meeting could have been such a conference.  However, it appears that Yanez' hollow proposal is not a meaningful attempt to resolve a discovery matter; rather, it is another means for delay in the discovery and prosecution of this case.

## II.

## MOTION TO DISMISS

### A.    <u>Standard of Review on Motion to Dismiss.</u>

A motion to dismiss is wholly inappropriate unless the *pleadings* show, on their face, *beyond doubt*, that the plaintiff cannot prove *any* set of facts that would entitle it to relief.  It is inappropriate to consider any documents or things outside the scope of the pleadings.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000), citing *Conley v. Gibson*, 335 U.S. 41 (1957).  *See generally* 5A Wright & Miller Section 1355-1358.  This is an onerous burden.  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is viewed with disfavor and is rarely granted.  Pleadings must be viewed liberally and construed in favor of the plaintiff.  *Collins*, 224 F.3d at 498 (citations omitted).

It is important to note that only a plaintiff's pleadings, including attachments, should be reviewed in deciding whether there is any possibility that a claim for relief has been pleaded. *Collins*, 224 F.3d at 498. Even if Yanez presented evidence in his motion to dismiss, other than his bare, conclusory assertions, such evidence could not be considered, unless referred to or relied upon by Plaintiffs, which did not occur.

### B.    Nature of Seabulk's Allegations.

Yanez asks this Court to dismiss Seabulk's complaint against him because it is conclusory, stating in a general fashion that the pleading, "does not come close to satisfying the requirements of Rule 12(b)(6)." (Yanez motion, page 4) Citing *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2nd Cir. 1980), Yanez argues that there are no facts that would state a claim for piercing the corporate veil. This assertion is incorrect and Yanez' citation to *Kirno* is misplaced.

Seabulk specifically states in its complaint that certain accounts at Merrill, Lynch are "believed to be in the name of Defendant or Defendant's General Director, Amado Yanez Osuna and used to conduct the business of Defendant as shown in the attached transfer authorization form (Exhibit "AA" to Amended Complaint) whereby payment was made to HMT for the benefit of Defendant...." Then the complaint states that Oceanographia is the alter ego of Yanez for the reason that the separateness of Oceanographia has ceased to exist and that Yanez is using these assets for his personal purposes as though his personal property, referencing the transfer in Merrill Lynch account. Such allegations certainly set up a *prima facie* set of facts on which a claim can be based.

Additionally, the discovery obtained to date (subpoenaed records from Merrill Lynch) show a pattern of practice, whereby Yanez intermingles his use of personal and business account(s). The discovery responses support Seabulk's initial allegation, setting forth a *prima*

*facie* case for piercing the corporate veil. Because the Merrill Lynch records substantiate Seabulk's initial and supported assertion[2], this motion to dismiss and the refusal to answer proper discovery appears to have been filed to prevent further discovery and substantiation of this claim. Such obstructionist tactics must not be allowed at any time, but certainly not on motion to dismiss

Further, *Kirno*, the case on which Yanez relies, involved a situation where Thomas Holt was the charterer of a vessel and he incorporated an entity known as Waterside-Pennsylvania and was its sole owner. This was the only evidence presented on the issue of piercing the corporate veil, a situation completely contrary to Seabulk's allegations. In *Kirno*, there was no showing that Holt had used any business funds for personal use or that Holt had dominated and disregarded corporate formalities. In the case before this Court, at this very early stage of the litigation, where Yanez has wholly failed and refused to comply with discovery requests, Seabulk has already presented to the Court at least some evidence of the questionable conduct on the part of Yanez disregarding the separate nature of the corporate entities which forms the basis for Seabulk's complaint.

### III.

### RULE B ATTACHMENT PROPER

Next, Yanez asserts that the attachment of his personal account should be vacated because Seabulk has not complied with the procedural requirements of Rule B and because Seabulk's claim is frivolous and lacks a good faith basis in fact. The first "reason" is based on an untrue statement and the second "reason" demonstrates Yanez' continued efforts to thwart the

---

[2]    The events of September 11, 2001, destroyed the New York offices of Merrill Lynch; therefore, it has not yet been able to produce all of the requested records at this time.

Federal Rules of Civil Procedure and to attempt to avoid liability simply based on his own cavalier statements. This Court should not condone the conduct of Yanez or his counsel.

Rule B requires that a plaintiff seeking attachment file an affidavit, as well as a verified complaint, concerning the presence of the defendant within the district in which the action is filed. Seabulk complied with the requirements of Rule B. The amended complaint sets forth the facts relating to Yanez and his presence , or lack thereof, in the district. Specifically, Seabulk states in Paragraph III, that "Defendant Amado Yanez Osuna is not present within this district...." This allegation is verified in the Affidavit of James F. Buchanan attached to the complaint, which affidavit also states that Oceanographia is not present in the district. Further, the case cited by Yanez, *Submersible Systems, Inv. V. Perforadora Central, S.A. de C.V.*, 249 F.3d 413 (5th Cir. 2001), is inapplicable because it addresses a situation where there was *no* affidavit filed with the complaint.

The purpose of the affidavit is to assure the district court that the plaintiff has made a diligent effort to search for the defendant in the district; this is precisely what the allegation and the affidavit did in this case. Accordingly, Seabulk complied with Rule B and Yanez' arguments are without merit.

## IV.

## MOTION TO QUASH IMPROPER

The correct method for objecting to discovery requests properly served on a party is *specific* objection to each question and/or motion for protection. Yanez, on the other hand, chose to file a "blanket" motion to quash, along with the instant motion to dismiss. As noted above, Yanez has failed to serve proper objections with respect to Seabulk's Interrogatories, Requests for Production and Requests for Admission. The *only* objections lodged by Yanez are that

discovery concerning his personal finances and affairs is not relevant or is privileged, and that the discovery is vague, overbroad, unduly burdensome, is protect by the attorney-client privilege and work-product doctrine. This was done by correspondence faxed to counsel for Seabulk on February 22, 2002. Blanket assertion of objections is improper. *SEC v. First Fin. Group, Inc.*, 659 F.2d 660 (5th Cir. 1981) Because Yanez' objections are neither specific, nor related to, the particular discovery request, they are not proper and the objections, therefore, are waived.

Further, Yanez has failed to abide by this Court's Local Rules relating to discovery matters and has failed to comply with the federal rules of civil procedure regarding responses to that part of the discovery to which he can provide information. A party is required to comply with written discovery to which there is no valid and specific objection. Fed. R. Civ. P. 33(b)(1).[3] A cursory review of the discovery requests demonstrates that, even if Yanez' "objections" were specific and appropriate, they do not apply to each and every request and numerous requests should have and could have been answered without a waiver of even these tenuous "objections."

Lastly, with respect to his failure to comply with the Local Rules relating to discovery matters, Yanez and his counsel have engaged in an effort to arrange a proposed meeting to discuss these issues, then neither would confirm the meeting or appear; all of which has taken place at a time when no objections were lodged and none of the non-objectionable requests had been answered. See: Exhibit C, copies of email correspondence regarding proposed meeting and failure to confirm and appear.

---

[3]    Fed. R. Civ. P. 33(b)(1) states: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

Even if the objections were proper and not waived, they do not constitute sufficient grounds for this Court to quash the discovery. Rather, Yanez' boilerplate and broad objections serve to demonstrate the nature of the Defendant's conduct throughout the initial stages of this litigation; that is, to delay, to obfuscate, to conceal responsive information. An objection should be sufficient enough to enable the requesting part to determine whether the particular privilege or claim of protection truly applies. In this case, Yanez raises attorney client privilege and work product doctrine. However, he fails to identify the document by date or number or some other method and listed on a privilege log the document and objection. Therefore, the one page correspondence to counsel, faxed when responses were due, does not comply with the provisions of Fed. R. Civ. P. 26(b)(5). The burden is on Yanez to plead objections that will restrict or resist discovery (Fed. R. Civ. P. 333(b)(1), 34(b) and 36(a)); Yanez has failed to meet that burden.

In short, Yanez is asking this Court to quash the entire set of discovery directed to him, without first consulting with Seabulk's counsel, without abiding by the rules and lodging specific objections and producing a privileged document log, as required, or by filing a motion for protection. Yanez has no valid basis or good cause for the argument in his Motion to Quash; therefore, this Court must deny the requested relief.

## V.

## CONCLUSION AND PRAYER

Nine months ago, Seabulk filed this complaint in good faith. It filed specific discovery requests and has made every attempt to be cooperative with counsel for Yanez. However, that has been for naught. Since that time Seabulk has been met with numerous delay tactics by Yanez, including his failure to file a timely answer in the case, his failure to answer discovery which is not objectionable, his failure to lodge proper objections or seek protection as required

under the rules. It has been met with Yanez' obstructionist and unsubstantiated claims set forth in this motion to dismiss, including responding to a frivolous challenge to the Rule B filing and an improper motion to quash.

Yanez has failed to present a logical and supportable argument to support his claim; yet, he seeks to prevent discovery and further prosecution of this serious breach of contract claim. Yanez is treating this matter as a game, without playing by the established rules; yet, he is asking this Court to use the rules to end this litigation. These efforts are unsupported under the authority presented and must not be allowed.

WHEREFORE, PREMISES CONSIDERED, Seabulk Towing, Inc. and Seabulk Offshore, Ltd., respectfully request that this Honorable Court deny in all respects Amado Yanez Osuna's Motion to Dismiss, to Vacate Attachment and to Quash Discovery, and for such further relief to which it may be entitled.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

ATTORNEYS FOR PLAINTIFFS

161811

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _13_ day of March, 2002, served a copy of the foregoing on all counsel of record via United States certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

      Keith N. Uhles
      James H. Hunter, Jr.
      ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
      55 Cove Circle
      P. O. Box 3509
      Brownsville, Texas  78523-33509

      Rufus C. Harris III
      Alfred J. Rufty III
      HARRIS & RUFTY, L.L.C.
      1450 Poydras St., Suite 1510
      New Orleans, LA 70112

                                      James F. Buchanan

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
|     Plaintiffs | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
|     Defendants | § | |

### SEABULK TOWING, INC. and SEABULK OFFSHORE, LTD.
### FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
### TO  DEFENDANT AMADO YANEZ OSUNA

TO THE HONORABLE JUDGE OF SAID COURT:

      TO:    AMADO YANEZ OSUNA, through his attorney of record, Keith N. Uhles, Royston, Rayzor, Vickery & Williams, L.L.P., 55 Cove Circle, P. O. Box 3509, Brownsville, Texas 78523-33509.

      Pursuant to Rule 33, 34 and 36 of the Federal Rules of Civil Procedure, Plaintiff SEABULK TOWING, INC. and SEABULK OFFSHORE, LTD., serve these Interrogatories, Requests for Production, and Requests for Admission. AMADO YANEZ OSUNA must serve its response to each request separately and fully within thirty (30) days after service.

      You are further advised that you are under a continuing duty to supplement your answers to these Interrogatories, Requests for Production and/or Requests for Admissions in the event you obtain new or additional information upon the basis of which you know that any answer was incorrectly made or that your answers to these Interrogatories, Requests for Production and Requests for Admissions, though correct when made are no longer true, and the circumstances are such that a failure to amend your answers is in substance a knowing concealment.



EXHIBIT
"A"

Respectfully submitted,

THE KLEBERG LAW FIRM

By: _____

Jim Buchanan
State Bar No. 03287500
Federal I.D. No. 0328
Frank L. McNiff, Jr.
State Bar No. 13839020
Federal I.D. No. 12595
800 North Shoreline Blvd., Suite 900 North
Corpus Christi, Texas  78401
Telephone:  (361) 693-8500
Fax (361) 693-8600

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent by United States certified mail, return receipt requested to all attorneys of record, this day of  January, 2002:                                                                                        22nd

### ATTORNEY FOR PLAINTIFF

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-33509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

_____
Frank L. McNiff, Jr.

## DEFINITIONS

1.    "Plaintiff" means SEABULK TOWING, INC. and SEABULK OFFSHORE, LTD..

2.    "You" or "your" or "Defendant" refers to AMADO YANEZ OSUNA, his partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, and parent entities and/or its agents, attorneys and/or its directors and officers.

3.    "Relating to" or "referring to" means in any way concerning, constituting, referring to, relating to, analyzing, discussing, describing, considering, explaining, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by words of limitations.

4.    The term "charter agreement" includes but is not limited to bareboat charter agreements, time charter agreements, voyage charter agreements, contracts of affreightment or other contracts pertaining to the use of the vessels.

5.    The term "document" includes, but is not limited to, manuals, correspondence, notes, telexes, contracts, invoices, ledgers, checks, bank drafts, wire transfer confirmations, telegrams, teletypes, faxes, radiograms, memoranda, tabulations, records, reports, report forms, minutes, minute books, records of any communications or conversations [including telephone notes and bills], instructions, letters, bulletins, papers, books, accounts, writings, papers, appointment books, calendar and diary entries, schedules, lists, worksheets, drawings, graphs, charts, photographs, computer printouts, tapes and tape recordings, or any other forms of mechanical recordings or all statements not reduced to writing, microfilm, or other forms of preserving information of every kind and description in the actual or constructive possession, custody or control of AMADO YANEZ OSUNA or its representatives, wherever located.  The term "document" also includes copies of writings when originals are not in the possession, custody or control of AMADO YANEZ OSUNA, as well as copies bearing notations or containing information in addition to that contained on the original.

6.    "Identify" with reference to a natural person or individual should be interpreted as requiring the person's name, last known address and telephone number.  With reference to an employer, "identify" should be interpreted as requiring the name, address, and dates of employment. With reference to documents or things, "identify" should be interpreted as requiring sufficient information regarding the item that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

7.    The term "Joint Venture Agreement" is descriptive of any written or oral agreement memorializing the interest and intent of the parties to create a joint venture, including but not limited to the Shareholder Agreement dated January 1, 1999 creating the entity Seabulk Offshore de Mexico S.A. de C.V.

8.     "Oceanografia" means OCEANOGRAFIA S.A. de C.V., its partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, and parent entities and/or its agents, attorneys and/or its directors and officers.

9.     "Otto Candies" should be interpreted to include Otto Candies L.L.C., and its partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, and parent.

10.     "PEMEX" should be interpreted to include Pemex Exploracion y Produccion, and its partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, and parent.

11.     "Person[s]" should be interpreted as including natural persons, firms, partnerships, associations, joint ventures, and corporations.

12.     "Third Party" or "Third Parties" should be interpreted to include all parties other than AMADO YANEZ OSUNA.

13.     "Vessel," unless otherwise noted, should be interpreted to include the vessel's: SEABULK AUSTIN, SEABULK BATON ROUGE, SEABULK COLORADO, SEABULK CAMERON, SEABULK DELAWARE, SEABULK KENTUCKY, SEABULK MONTANA, SEABULK SABINE, SEABULK ST. ANDREWS, SEABULK ST. TAMMANY, SEABULK STARR.

14.     <u>Reference to documents</u>:  Where the responding party chooses to answer a request for information by referencing to a specific document or record, it is requested that such specification be in such sufficient detail to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

## GENERAL INSTRUCTIONS

The following general instructions shall govern the interpretation and responses made to these requests:

1.    <u>Objections</u>.  If you contend that a response to a request calls for privileged documents, in whole or in part, or if you otherwise object to any part of a request, or contend that any identified document would be excludable from production and discovery, please specify:

       a.    the reason for each such objection or ground for exclusion.

       b.    the identity of each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

       c.    the individual documents alleged to be privileged, and the author, addressee, date, and all copy recipients thereof.

2.    <u>Lost or destroyed documents</u>.  Where documents responsive to these requests have been lost or destroyed, please state the date, the last known location of each document, the last person in custody or control of the document and the reason for the document's loss or destruction.

3.    <u>Revised, amended and superseded documents</u>.  Documents called for by these requests include all documents relating to the indicated subject regardless of whether a particular document has been superseded, amended, revised, rewritten, redrafted, rejected or rendered obsolete.

4.    <u>Marginalia, notations, etc</u>.  Documents, or copies of documents, otherwise identical, should each be individually produced if the copies thereof contain any communication, notation, or recording that does not appear in another copy or that does not appear in the original.

5.    <u>Number of requests</u>.  If there is an objection to the number of requests, please notify Defendant's counsel immediately, so that either an agreement may be obtained or the matter may be set for hearing.

6.    <u>Extensions</u>.  Any requests for extensions of time must be in writing.  Defendant's counsel will agree to no extensions of time with respect to objections.

7.    <u>Partial answers</u>.  If you object to only a portion of a particular request, specifically identify the portion of the request to which you are objecting and answer the remainder completely.

8.    <u>Scope</u>.  All Interrogatories and Requests for Production are limited in scope to relevant and non-privileged materials and/or information, and unless otherwise specifically noted, are limited with reference to time to the period from January 1, 1998 to the present date.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Identify with particularity any and all written agreements executed between Defendant and Plaintiff?

## ANSWER:

## INTERROGATORY NO. 2:

Identify with particularity any and all written agreements executed between Defendant and Oceanografia?

## ANSWER:

## INTERROGATORY NO. 3:

Please enumerate and identify with particularity all financial accounts in which Defendant has a financial, capital, profit or pecuniary interest and which were used in any way in conducting business with Seabulk Offshore de Mexico S.A. de C.V., Oceanografia S.A. de C.V. or used in any way in conducting the business of vessels chartered to Oceanografia.

## ANSWER:

## INTERROGATORY NO. 4:

Please list all credit cards and credit card accounts issued to AMADO YANEZ OSUNA by entities listed in Interrogatory No. 7 or entities listed in Defendant's response to Interrogatory No. 9 and used for personal purchases.

## ANSWER:

160140v1                                    6

**INTERROGATORY NO. 5:**

Please list all credit cards and credit card accounts issued to AMADO YANEZ OSUNA and used for business purchases relating to entities listed in Interrogatory No. 7 or entities listed in Defendant's response to Interrogatory No. 9, specifically including but not limited to the card's issuing entity, account number, authorized user(s), and issuance date.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please list all wire transfers either received or initiated by Defendant since 1998 relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9, specifically including the wire transfer number, the origin account number, the destination account number, the originating party's trade/business name, the receiving party's trade/business name.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please state the relationship between AMADO YANEZ OSUNA and:
  a. Maritima Mexicana S.A. de C.V.
  b. Afranzadora Insurgentes S.A. De C.V.
  c. Soler International
  d. N/O Miguel A Zenteno
  e. N/O Grupo Carati
  f. Oceanografia de Mexico S.A. de C.V.
  g. Seabulk Offshore de Mexico S.A. de C.V.
  h. PEMEX

**ANSWER:**

**INTERROGATORY NO. 8:**

Please list any and all assets possessed by Defendant within the United States of America, including but not limited to real property, motor vehicles, chattels, mineral rights

160140v1                                        7

and/or bank accounts, specifically including a detailed property description, date of purchase, monetary value, and current asset location.

**ANSWER:**


**INTERROGATORY NO. 9:**

Please enumerate all employment capacities held by Defendant since 1998 and describe with specificity each job's employment description, including the duties and responsibilities of each job.

**ANSWER:**


**INTERROGATORY NO. 10:**

Please list with particularity all entities, including but not limited to partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, and/or parent entities that Defendant has a financial, capital, or profit interest in.

**ANSWER:**


**INTERROGATORY NO. 11:**

Identify with particularity any and all financial accounts relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9, wherever located, that Defendant has a possessory interest in the account or access to the account, specifically including but not limited to identification of financial institution, account number, and address of financial institution where monies have been transferred into or out of within the preceding five (5) years.

**ANSWER:**

(

**INTERROGATORY NO. 12:**

Identify any and all financial accounts that Defendant has deposited or received funds derived from any relationship with Oceanografia S.A. de C.V., Seabulk Offshore de Mexico S.A. de C.V., Otto Candies and PEMEX.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please identify any and all information or knowledge relating to the accounting procedures or standards employed by Oceanografia S.A. de C.V., its subsidiary, affiliate, joint-venturer or parent organization, e.g. knowledge regarding whether income is recorded on a cash or accrual basis, procedures and standards for the recordation of expenses and/or account payables, procedures and standards for the recordation of wages and crew expenses, procedures and standards for the accountancy of inventory, including depreciation and amortization policies, etc..

**ANSWER:**

**INTERROGATORY NO. 14:**

Please identify any and all information or knowledge relating to policies, plans, procedures, protocols, or methodologies describing or relating to the recordation, levying and accountancy of income and expenditures for the vessels, including but not limited to: acquisition fees, brokerage fees, handling fees or commission, marketing fees, port expenses and fees, agency expenses and fees, manifest charges, marketing expenses and fees, fuel expenses and fees, crew expenses and fees, hiring fees and expenses, lubrication expenses and fees, groceries and other necessaries expenses and fees charged by Oceanografia S.A. de C.V. for expenses in operation of the vessels including.

**ANSWER:**

**INTERROGATORY NO. 15:**

For each other lawsuit, civil or criminal, in which Defendant, or his partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, or parent entities has been engaged in

within the preceding five (5) years, state the date, court, style, docket number and resolution of the case.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify, by full and correct name, including middle name and nicknames, the physical address of their respective residences, telephone numbers, driver's license numbers, Social Security numbers and dates of birth, all individuals who assisted in answering these Interrogatories and for each individual, specifically state the Interrogatory or Interrogatories (by number) each individual who assists in answering and the documents and things used in answering each respective Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 17:**

If any of the parties identified in Interrogatory No. 16 has been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty, false statement, or crime of moral turpitude, state the type of offense, the date of offense, the date of conviction, the cause number, the court, the country, and the state where the individual was tried or the case was handled.

**ANSWER:**

**INTERROGATORY NO. 18:**

Please identify any and all persons having knowledge either directly or indirectly of any relevant facts or documents concerning the issues, claims, damages, and defenses in this lawsuit, and for each person listed state with particularity the substance of the relevant facts of which that person has knowledge. This list is not limited to the witnesses that will testify on AMADO YANEZ OSUNA'S or OCEANOGRAFIA S.A. de C.V. behalf at trial, but necessarily includes each such witness. It is the position of Plaintiff SEABULK TOWING, INC. and SEABULK OFFSHORE, LTD. that any witness who testifies in this case will have to be identified in response to this Interrogatory and Plaintiff SEABULK TOWING, INC. and SEABULK OFFSHORE,

LTD. will object to anyone who attempts to testify who is not identified in the answer to this Interrogatory.

**ANSWER:**


**INTERROGATORY NO 19:**

Identify every potential party to this lawsuit and each parties' respective relationship to the Defendant in this lawsuit.

**ANSWER:**


**INTERROGATORY NO. 20:**

Identify any legal theories upon which AMADO YANEZ OSUNA relies on in prosecuting any claim or in establishing any defense in this case.

**ANSWER:**


**INTERROGATORY NO. 21:**

Identify any facts upon which AMADO YANEZ OSUNA relies on asserting any counter-claims and/or defenses in this case.

**ANSWER:**


**INTERROGATORY NO. 22:**

For any statements obtained, including but not limited to oral, written or video-taped statements taken by Defendant, or taken on Defendant's behalf, relating to the facts that are the subject of this litigation, please state the following:
- a.    The identity of the person who gave or made the statement.
- b.    The date when the statement was taken.
- c.    The substance of the statement.

d.    The identity of the person who took the statement.

e.    Whether the statement was reduced to writing.

f.    The present location of the statement and the identity of the person now in possession of the statement.

g.    Whether Defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**ANSWER:**

## PLAINTIFF'S REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce all reports, including observations and opinions, of each and every expert who will be called as a witness by Plaintiff in this cause.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

Please reduce to tangible form, the subject matter on which the expert is expected to testify, the mental impressions and opinions held by the expert, and the facts known which relate to or form the basis of the mental impressions and opinions held by the expert.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

Please produce all documentation, including pleadings and settlement documents, which pertain to any lawsuit in which Defendant has ever been engaged, and as referenced in Interrogatories Number 7 and 9.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

Please produce all statements pertaining to the transactions made the basis of this suit taken from this Plaintiff's employees and in the possession of Defendant's attorneys or agents.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all non-privileged reports, audits, financial or accounting reviews, consultant records or reports pertaining to the transactions made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any written memorandum, document, note or other piece of physical and/or documentary evidence which you intend to use at the time of trial in your case in chief, rebuttal or for impeachment purposes against Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of all records or other documents received by or prepared by you, pertaining to Defendant's claims, damages and defenses made the basis of this lawsuit

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all employment related manuals, procedure or protocol guidelines dispensed to Defendant by entities enumerated in Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of any and all payments made to Defendant from entities enumerated in Interrogatory No. 7 and/or Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of any and all payments made from Defendant to entities enumerated in Interrogatory No. 7 and/or Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all documents describing or relating to accounting procedures or standards employed by Oceanografia, its subsidiary, affiliate, joint-venturer or parent organization, e.g. whether income is recorded on a cash or accrual basis, procedures and standards for the recordation of expenses and/or account payables, procedures and standards for the recordation of wages and crew expenses, procedures and standards for the accountancy of inventory, including depreciation and amortization policies, etc..

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy of income and expenditures for the vessels, including but not limited to: acquisition fees, brokerage fees, handling fees or commission, marketing fees, port expenses and fees, agency expenses and fees, manifest charges, marketing expenses and fees, fuel expenses and fees, crew expenses and fees, hiring fees and expenses, lubrication expenses and fees, groceries and other necessaries expenses and fees charged by Oceanografia for expenses in operation of the vessels.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all correspondence, including but not limited to mail, electronic mail, telegram and facsimile communications, since 1998 between Defendant and Oceanografia S.A. de C.V., and/or Otto Candies, and/or PEMEX.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all tax returns for the preceding five (5) years pertaining to Defendant and Seabulk Offshore de Mexico S.A. de C.V., or any entity related to the charter or sub-charter of the vessels or payment of the expenditures of or on the behalf of the vessels or any joint venture that Defendant has or had a possessory interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all records, since 1998, of income and sources of income derived by Defendant relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Please produce  any and all financial agreements entered into since 1998, including but not limited to agreements with third party lenders and financial institutions relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all joint-venture agreements entered into by Defendant with Plaintiff or other party, within the five (5) years prior to the present year, and related to the operation of crew and/or supply vessels in the Gulf of Mexico.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Please produce copies of all records or other documents received by or prepared by you, pertaining to account statements, monetary transaction documentation and/or correspondence, and all financial documentation relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all credit card and credit card account statements issued to Defendant. since 1998 and referred to in Interrogatory Number 4 and Number 5.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all wire transfers, or copies of transfers, and wire transfer instructions initiated by Defendants since 1998 relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all wire transfers, or copies of transfer, and all confirmations, receipts or deposit advice received by Defendant since 1998 relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy for revenue pertaining to equipment rental furnished to PEMEX and others charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. from 1998 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy for revenue pertaining to per diem charges for room and board for PEMEX workers on the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. from 1998 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to port expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to agency expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to manifest charges and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to marketing expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to fuel expenses and fees  for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Please produce any and all documentation, records or materials regarding the purchase of fuel by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V., its subsidiary, affiliate, joint-venturer or parent organization, relating to   vessels  chartered from Plaintiff or any Joint Venture in the Gulf of Mexico Region, which Defendant participated in since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to crew expenses, fees and wages for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to lubrication expenses and fees for the vessels, charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to groceries and other necessaries expenses and fees for the vessels, charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Please produce any and all documentation, records or materials regarding the expenditure of monies on repairs, repair parts or maintenance and upkeep relating to vessels' owned or chartered from Plaintiff to Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. and/or Defendant or the relating to any joint-venture entered into by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. and Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all invoices pertaining to parts and equipment, and relating to the vessels and/or the joint venture between Plaintiff and Oceanografia and/or Seabulk Offshore de Mexico S.A de C.V..

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Please sign and produce to us the attached Form SSA-7050-F4, Request for Social Security Earnings Information, filling in your Social Security number, date of birth and any other names you have used.

**RESPONSE:**

## PLAINTIFF'S REQUEST FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

ADMIT or DENY: Defendant executed the agreements described in Plaintiff's Original Complaint?

### ANSWER:


### REQUEST FOR ADMISSION NO. 2:

ADMIT or DENY: Defendant received $25,000 on January 5, 1998 from Oceanografia S.V. de C.V..

### ANSWER:


### REQUEST FOR ADMISSION NO. 3:

ADMIT or DENY: Defendant received $1,500 on January 7, 1998 from Oceanografia S.V. de C.V..

### ANSWER


### REQUEST FOR ADMISSION NO. 4:

ADMIT or DENY: Defendant received $5,000 on March 4, 1998 from Oceanografia S.V. de C.V..

### ANSWER

**REQUEST FOR ADMISSION NO. 5:**

ADMIT or DENY: Defendant received $3,000 on April 6, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 6:**

ADMIT or DENY: Defendant received $1,500 on May 22, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 7:**

ADMIT or DENY: Defendant received $15,000 on June 19, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 8:**

ADMIT or DENY: Defendant received $2,000 on August 17, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 9:**

ADMIT or DENY: Defendant received $120,000 on September 29, 1998 from Oceanografia S.V. de C.V..

**ANSWER**

**REQUEST FOR ADMISSION NO. 10:**

ADMIT or DENY: Defendant received $5,000 on October 15, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 11:**

ADMIT or DENY: Defendant received $20,000 on November 18, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 12:**

ADMIT or DENY: Defendant received $10,000 on December 8, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 13:**

ADMIT or DENY: Defendant received $10,000 on March 9, 1999 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 14:**

ADMIT or DENY: Defendant received $10,000 on March 29, 1999 from Oceanografia S.V. de C.V..

**ANSWER**

**REQUEST FOR ADMISSION NO. 15:**

ADMIT or DENY: Defendant received $10,000 on April 20, 1998 from Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 16:**

ADMIT or DENY: Defendant transferred $24,000 on January 7, 1998 to Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 17:**

ADMIT or DENY: Defendant transferred $1,000 on January 8, 1998 to Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 18:**

ADMIT or DENY: Defendant transferred $2,000 on August 28, 1998 to Oceanografia S.V. de C.V..

**ANSWER**


**REQUEST FOR ADMISSION NO. 19:**

ADMIT or DENY: Defendant used the Visa charge card associated with Merrill Lynch account number 53c-07119 for personal purchases.

**ANSWER**

## REQUEST FOR ADMISSION NO. 20:

ADMIT or DENY: Defendant used the Visa charge card associated with Merrill Lynch account number 53c-07215 for personal purchases.

## ANSWER

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

Print the Name, Social Security Number (SSN), and date of birth below.

Name    **Amado Yanez Osuna**

Social Security
Number

Other Name(s) Used
(Include Maiden Name)

Date of Birth
(Mo/Day/Yr)

2. What kind of information do you need?

[X]  **Detailed Earnings Information**
     (If you check this block, tell us below
     why you need this information.)
     **Discovery documents**

For the period(s)/year(s):    **1998-2002**

[ ]  **Certified Total Earnings For Each Year.**
     (Check this box only if you want the information
     certified. Otherwise, call 1-800-772-1213 to
     request Form SSA-7004, Request for Earnings
     and Benefit Estimate Statement)

For the year(s):

3. If you owe us a fee for this detailed earnings information, enter the amount due
   using the chart on page 3 . . . . . . . . . . . . . . .    A. $ _25.00_

   Do you want us to certify the information?    [X] Yes    [ ] No

   If yes, enter $15.00 . . . . . . . . . . . . . . . . . . . B. $ _15.00_

   ADD the amounts on lines A and B, and
   enter the TOTAL amount . . . . . . . . . . . C. $    _40.00_

   • You can pay by CREDIT CARD by completing and returning the form on page 4, or
   • Send your CHECK or MONEY ORDER for the amount on line C with the request
     and make check or money order payble to "Social Security Administration"
   • DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
   individual). I understand that any false representation to knowingly and willfully obtain information from
   Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

   SIGN your name here
   (Do not print)  > _____    Date _____

   Daytime Phone Number _____
                         (Area Code) (Telephone Number)

5. Tell us where you want the information sent. (Please print)

   Name    **The Kleberg Law Firm**

   Address    **800 N. Shoreline, Suite 900 North**

   City, State & Zip Code    **Corpus Christi, TX 78401**

6. Mail Completed Form(s) To:

   Social Security Administration
   DERO
   300 N Greene St
   P.O. Box 33003
   Baltimore Maryland  21290-3003

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

How Much Do I Have to Pay For Detailed Earnings?

1. Count the number of years for which you need detailed earnings information. Be sure to add in both the first and last year requested. However, do not add in the current calendar year since this information is not yet available.

2. Use the chart below to determine the correct fee.

| Number of Years Requested | Fee | Number of Years Requested | Fee | Number of Years Requested | Fee |
|---|---|---|---|---|---|
| 1 | $15.00 | 15 | $43.75 | 28 | $64.50 |
| 2 | 17.50 | 16 | 45.50 | 29 | 66.00 |
| 3 | 20.00 | 17 | 47.25 | 30 | 67.50 |
| 4 | 22.50 | 18 | 49.00 | 31 | 68.75 |
| 5 | 25.00 | 19 | 50.75 | 32 | 70.00 |
| 6 | 27.00 | 20 | 52.50 | 33 | 71.25 |
| 7 | 29.00 | 21 | 54.00 | 34 | 72.50 |
| 8 | 31.00 | 22 | 55.50 | 35 | 73.75 |
| 9 | 33.00 | 23 | 57.00 | 36 | 75.00 |
| 10 | 35.00 | 24 | 58.50 | 37 | 76.25 |
| 11 | 36.75 | 25 | 60.00 | 38 | 77.50 |
| 12 | 38.50 | 26 | 61.50 | 39 | 78.75 |
| 13 | 40.25 | 27 | 63.00 | 40 | 80.00 |
| 14 | 42.00 | | | | |

**For Requests Over 40 Years, Please Add 1 Dollar for Each Additional Year.**

## • Whose Earnings Can Be Requested

### 1. Your Earnings

You can request earnings information from your own record by completing the attached form; we need your handwritten signature. If you sign with an "X", your mark must be witnessed by two disinterested persons who must sign their name and address.

### 2. Someone Else's Earnings

You can request earnings information from the record of someone else if that person tells us in writing to give the information to you. This writing or "authorization" must be presented to us within 60 days of the date it was signed by that person.

### 3. A Deceased Person's Earnings

You can request earnings information from the record of a deceased person if you are the legal representative of the estate, a survivor (that is, the spouse, parent, child, divorced spouse of divorced parent), or an individual with a material interest (example-financial) who is an heir at law, next of kin, beneficiary under the will or donee of property of the decedent.

Proof of death must be included with your request Proof of appointment as representative or proof of your relationship to the deceased must also be included.

## YOU CAN MAKE YOUR PAYMENT BY CREDIT CARD
As a convenience, we offer you the option to make your payment by credit card. However, regular credit care rules will apply.
You may also pay by check or money order.



*We Only Accept MasterCard and Visa*



Please fill in all the information below and return this form along with your request to:

Social Security Administration
DERO
300 N Greene St
P.O. Box 33003
Baltimore Maryland 21290-3003

---

### Note: Please read Paperwork/Privacy Act Notice

**NUMBER HOLDER'S SSN** ➞
*(If more than one request, only list one SSN)*

| | |
|---|---|
| **CHECK ONE** ➞ | ☐ MasterCard ☐ VISA |
| **Credit Card Holder's Name** ➞ (Enter the name from the credit card) | First, Middle Initial, Last Name |
| **Credit Card Holder's Address** ➞ | Number & Street / City, State, Zip Code |
| **Daytime Telephone Number** ➞ | Area Code    Telephone Number |
| **Amount Charged $** | Credit Card Number |
| | Credit Card Expiration Date / Month   Year |
| **Credit Card Holder's Signature** ➞ | Authorization |
| **DO NOT WRITE IN THIS SPACE OFFICE USE ONLY** | Name    Date |

---

## PAPERWORK/PRIVACY ACT NOTICE

The Social Security Administration (SSA) has authority to collect the information requested on this form under section 205 of the Social Security Act. Giving us this information is voluntary. You do not have to do it. We will need this information only if you choose to make payment by credit card. You do not need to fill out this form if you choose another means of payment (for example, by check or money order)

If you choose the credit card payment option, we will provide the information you give us to the banks handling your credit card account and SSA's account. We may also provide this information to another person or government agency to comply with federal laws requiring the release of information from our records. You can find these and other routine uses of information provided to SSA listed in the Federal Register. If you want more information about this, you may call or write any Social Security Office.

Form Approved
OMB No. 0960-0525

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

*Use This Form If You Need

**1. Certified/Non-Certified Detailed Earnings Information**

Includes periods of employment or self-employment and the names and addresses of employers.

### OR

**2. Certified Yearly Totals of Earnings**

Includes total earnings for each year but does not include the names and addresses of employers.

---

**DO NOT USE THIS FORM FOR:**

Non-certified yearly totals of earnings

This service is free to the public.

These totals can be obtained by calling 1-800-772-1213 to receive Form SSA-7004, Request for Earnings and Benefit Estimate Statement.

---

**PRIVACY ACT NOTICE:** We are authorized to collect this information under section 205 of the Social Security Act, and the Federal Records Act of 1950 (64 Stat. 583). It is needed so we can identify your records and prepare the statement you request. You do not have to furnish the information, but failure to do so may prevent your request from being processed.

**The Paperwork Reduction Act of 1995** requires us to notify you that this information collection is in accordance with the clearance requirements of section 3507 of the Paperwork Reduction Act of 1995. We may not conduct or sponsor, and you are not required to respond to, a collection of information unless it displays a valid OMB control number.

**TIME IT TAKES TO COMPLETE THIS FORM**
We estimate that it will take you about 11 minutes to complete this form. This includes the time it will take to read the instructions, gather the necessary facts and fill out the form.

### INFORMATION ABOUT YOUR REQUEST

- **How Do I Get This Information?**

  You need to complete the attached form to tell us what information you want.

- **Can I Get This Information For Someone Else?**

  Yes, if you have their written permission. For more information, see page 3.

- **Who Can Sign On Behalf Of The Individual?**

  The parent of a minor child, or the legal guardian of an individual who has been declared legally incompetent, may sign if he/she is acting on behalf of the individual.

- **Is There A Fee For This Information?**

  **1. Certified/Non-Certified Detailed Earnings Information**

  Yes, we usually charge a fee for detailed information. In most cases, this information is used for purposes NOT directly related to Social Security such as for a private pension plan or personal injury suit  The fee chart on page 3 gives the amount of the charge.

  Sometimes, there is no charge for detailed information. If you have reason to believe your earnings are not correct (for example, you have previously received earnings information from us

and it does not agree with your records), we will supply you with more detail for the period in question. Occasionally, earnings amounts are wrong because an employer did not correctly report earnings or earnings are credited to the wrong person. In situations like these, we will send you detailed information, at no charge, so we can correct your record.

Be sure to show the year(s) involved on the request form and explain why you need the information. If you do not tell us why you need the information, we will charge a fee.

We will certify the detailed earnings information for an additional fee of $15.00. Certification is usually not necessary unless you plan to use the information in court

**2. Certified Yearly Total of Earnings**

Yes, there is a fee of $15 to certify yearly totals of earnings. Cetification is usually not necessary unless you plan to use the information in court

**3. Method of Payment**

Enclose a check or money order for the entire fee required. Payment can also be made by credit card  To do so, complete page 4 of this form and return it with your request form.

---

Form SSA-7050-F4 (9-99) (Formerly SSA-7050-F3)  Prior editions may be used EF (9-99)

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### ATTORNEYS AT LAW

HOUSTON, TEXAS
  TELEPHONE 713-224-8380
  FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
  TELEPHONE 361-884-8808
  FACSIMILE 361-884-7261

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
  TELEPHONE 409-763-1623
  FACSIMILE 409-763-3853

*James H. Hunter, Jr., Partner*
jim hunter@roystonlaw com

February 22, 2002



## VIA HAND DELIVERY

Mr. Juan (Butch) Barbosa, Chief Deputy Clerk
U. S. District Clerk's Office-Brownsville Division
600 E. Harrison Street
Brownsville, Texas 78520

> RE:    C.A. No. B-01-094
>        Seabulk Towing, Inc., et al v.
>        Oceanografia S.A. de C.V, et al
>        Southern District of Texas
>        Brownsville Division
>        Our File:  49,499

Dear Mr. Barbosa:

We enclose herewith for filing an original and two (2) copies of the following:

\*    1.    Defendant, Amado Yanez Osuna's Motion to Dismiss, Vacate Attachment, and Quash Discovery, Notice of Hearing and  proposed Order; and

\*    2.    Defendant, Amado Yanez Osuna's Memorandum in Support of Motion to Dismiss, Vacate Attachment, and Quash Discovery.

We request that you file the original and one copy and affix your *"Filed"* stamp on the remaining copy provided for that purpose.

By copy of this letter, opposing counsel has been served with a copy of same via certified mail - return receipt requested.

EXHIBIT
"B"

Mr. Juan (Butch) Barbosa                                          Page 2
February 22, 2002

      Thank you for your professional courtesy and cooperation.

                Very truly yours,

                ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

                By:_____
                    James H. Hunter, Jr.

JHH:ar
*Enclosures

cc:    James F. Buchanan
       Frank L. McNiff, Jr.
       THE KLEBERG LAW FIRM
       800 N. Shoreline Blvd., Ste. 900 North
       Corpus Christi, TX 78401
       *(W/Enclosure)
       VIA CERTIFIED MAIL - RRR

cc:    Rufus C. Harris III
       Alfred J. Rufty III
       HARRIS & RUFTY, L.L.C.
       1450 Poydras Street, Ste. 1510
       New Orleans, LA 70112
       *(W/Enclosure)
       VIA U.S. FIRST CLASS MAIL

49499:1002915.1:022202

**FINCH STEPHEN**

| | |
|---|---|
| **From:** | FINCH STEPHEN |
| **Sent:** | Friday, February 01, 2002 8:41 AM |
| **To:** | 'ajr@harrisrufty.com' |
| **Subject:** | Accountants' Mtg. |

Alfred: Despite multiple follow-ups, no one at SOL has heard from Amado about the accountants' meeting he originally proposed — and for which SOL suggested a February 4th date a couple of weeks ago. Can you let us know his intentions? Regards, Steve Finch.



EXHIBIT
"C"

1

## FINCH STEPHEN

| | |
|---|---|
| **From:** | Alfred Rufty [AJR@harrisrufty.com] |
| **Sent:** | Tuesday, January 29, 2002 3:07 PM |
| **To:** | FINCH STEPHEN |
| **Subject:** | Re: Accountants Mtg. |

I will try to reach Amado and get back to you shortly.

1

# FINCH STEPHEN

| | |
|---|---|
| **From:** | FINCH STEPHEN |
| **Sent:** | Monday, January 28, 2002 12:12 PM |
| **To:** | 'ajr@harrisrufty.com' |
| **Subject:** | Accountants Mtg. |

Alfred:  Seabulk has not heard back from Amado regarding the accountants mtg we are planning for Feb 4th.  Have you heard anything?   Steve Finch.

02/05/2002

```
             MESSAGE  CONFIRMATION

                          01/24/2002  09:30
                          ID=SEABULK INT'L-LEGAL DEPT.


 DATE        S,R-TIME   DISTANT STATION ID    MODE      PAGES    RESULT

 01/24       00'32"     504 525 7222          TX        04       OK       0000
```

/24/2002    09:29    SEABULK INT'L-LEGAL DEPT. → 15045257222            NO.212

# SEABULK INTERNATIONAL

Seabulk International, Inc. • 2300 Eller Drive • P.O. Box 13038 • Fort Lauderdale, FL 33316
www.seabulkinternational.com

LEGAL DEPT.

Phone: (954) 524-4200 x. 800
Fax: (954) 527-1773

## FAX TRANSMISSION

O: _Alfred Rufty, Esq._          FAX #: _504-525-7222_

C: _____          FAX #: _____

OM: _Steve Finch_          DATE: _1/24/02_

NO. OF PAGES: _4_ (including cover)

IJECT: _Oceanografia_
_Accounting Meeting_

02/05/2002    15:28    SEABULK OFFSHORE



# SEABULK OFFSHORE, LTD.

### A SEABULK INTERNATIONAL COMPANY

146 Calco Blvd., Suite 101 Lafayette, LA 70503

Phone: (337) 234-4111                                    Fax: (337) 267-9488

# FAX

| | | | |
|---|---|---|---|
| Date | : | January 23, 2002 | *Fax to Alfred Ruffy* |
| From | : | Gerald Hoffmann | |
| To | : | Ing. Amado Yanez Osuna | *FYI and please* |
| Fax Number | : | 52-938-26186 | *ask Amado to* |
| Company | : | Oceanografia S.A. de C.V. | *respond.* |
| Copy | : | Andy Branninger, Steve Finch | |
| Total Pages | : | 3 | *Thanks,* |
| Ref | : | Accounting Meeting | *Steve Finch* |
| | | | *1-24-02* |

Dear Amado:

Having received no response to my earlier e-mail and fax attached, would you please confirm that Oceanografia's Accountants are available to meet with us on February 4th in Lafayette, Louisiana?

Regards,

Gerald Hoffmann
e-mail. gerald.hoffmann@sbulk.com

02/05/2002   15:28   SEABULK OFFSHORE   NO. 928   P. 2/3
23.2002   4:54PM   SEAB   OFFSHORE



# SEABULK OFFSHORE, LTD.

#### A SEABULK INTERNATIONAL COMPANY

146 Calco Blvd., Suite 101 Lafayette, LA 70503

Phone: (337) 234-4111                                    Fax: (337) 267-9488

# FAX

| | | |
|---|---|---|
| Date | : | January 21, 2002 |
| From | : | Gerald Hoffmann |
| To | : | Ing. Amado Yanez Osuna |
| Fax Number | : | 52-938-26186 |
| Company | : | Oceanografia S.A. de C.V. |
| Copy | : | Andy Brauninger, Steve Finch |
| Total Pages | : | 2 |
| Ref | : | Meeting for Accounting of the Joint Venture |

Dear Amado:

Please see the attached. I await your confirmation.

Regards,

Gerald Hoffmann
e-mail: gerald.hoffmann@sbulk.com

# HOFFMANN GERALD

| | | |
|---|---|---|
| **From:** | HOFFMANN GERALD | **Sent:** Mon 1/21/2002 3:41 PM |
| **To:** | aoyanaz@oceanografia.com.mx | |
| **Cc:** | PINCH STEPHEN; BRAUNINGER ANDY | |
| **Subject:** | Accounting Meeting | |
| **Attachments:** | | |

Amado:

Please confirm that Oceanografia's accounting representatives will be able to meet with Seabulk Offshore, Ltd. at Seabulk Offshore, Ltd., Lafayette, Louisiana on Monday, February 4. The purpose of this meeting will be as previously discussed regarding the finances of the joint venture, expenses, revenue, and charter hire.

Regards,
Gerald Hoffmann

MESSAGE CONFIRMATION

01 22 2002 10:06
TRANSENBUS INT'L-LEGAL DEPT.

| DATE | TIME | DISTANT STATION ID | MODE | PAGES | RESULT |
|------|------|--------------------|------|-------|--------|
| 01-22 | 10:05 | 504 525 7222 | N | 03 | OK 0000 |

01/22/2002    10:05    SEABULK  INT'L-LEGAL DEPT. ← 15045257222    NO.179    P01

# ⚑ SEABULK INTERNATIONAL

Seabulk International, Inc. • 2200 Eller Drive • P.O. Box 13038 • Fort Lauderdale, FL 33316
www.seabulkinternational.com

LEGAL DEPT                              Phone: (954) 524-4200 x. 800
                                        Fax: (954) 527-1772

FAX TRANSMISSION

TO: *Alfred Rufty III, Esq.*     FAX #: *504-525-7222*

CC: _____     FAX #: _____

FROM: *Stephen B. Finch*         DATE: _____

                                 NO. OF PAGES *3* Including cover

SUBJECT: *Oceanografia*



# SEABULK OFFSHORE, LTD.

A SEABULK INTERNATIONAL COMPANY

146 Calco Blvd., Suite 101 Lafayette, LA 70503

Phone: (337) 234-4111        Fax: (337) 262-9488

# FAX

*1) Fax to Alfred Rufty*
*2) File*

| | | |
|---|---|---|
| Date | : | January 21, 2002 |
| From | : | Gerald Hoffmann |
| To | : | Ing. Amado Yanez Osuna |
| Fax Number | : | 52-938-20186 |
| Company | : | Oceanografía S.A. de C.V. |
| Copy | : | Andy Brauninger, Steve Finch |
| Total Pages | : | 2 |
| Ref | : | Meeting for Accounting of the Joint Venture |

*Alfred - FYI.*
*Steve Finch*
*1/22/02*

Dear Amado

Please see the attached. I await your confirmation.

Regards,

Gerald Hoffmann
e-mail : gerald.hoffmann@sblk.com

## HOFFMANN GERALD

| | | |
|---|---|---|
| **From:** | **HOFFMANN GERALD** | **Sent:** Mon 1/21/2002 3:41 PM |
| **To:** | novanez@oceanografia.com.mx | |
| **Cc:** | FINCH STEPHEN; BRAUNINGER ANDY | |
| **Subject:** | Accounting Meeting | |
| **Attachments:** | | |

Amado:

Please confirm that Oceanografia's accounting representatives will be able to meet with Seabulk Offshore. Ltd. at Seabulk Offshore. Ltd., Lafayette, Louisiana on Monday, February 4. The purpose of this meeting will be as previously discussed regarding the finances of the joint venture, expenses, revenue, and charter rate.

Regards
Gerald Hoffmann

*Fill*

**FINCH STEPHEN**

| | |
|---|---|
| **From:** | HOFFMANN GERALD |
| **Sent:** | Monday, January 21, 2002 12:41 PM |
| **To:** | aoyanez@oceanografia.com.mx |
| **Cc:** | FINCH STEPHEN; BRAUNINGER ANDY |
| **Subject:** | Accounting Meeting |

Amado:

Please confirm that Oceanografia's accounting representatives will be able to meet with Seabulk Offshore, Ltd. at Seabulk Offshore, Ltd., Lafayette, Louisiana on Monday, February 4. The purpose of this meeting will be as previously discussed regarding the finances of the joint venture, expenses, revenue, and charter hire.

Regards,
Gerald Hoffmann

1/21/02

## FINCH STEPHEN

| | |
|---|---|
| From: | Alfred Rufty [AJR@harrisrufty.com] |
| Sent: | Tuesday, January 08, 2002 7:52 AM |
| To: | FINCH STEPHEN |
| Subject: | Re: Oceanografia |

Thanks for the word.  I've asked Amado for some available dates after
Jan. 20 and will be back in touch soon.

**FINCH STEPHEN**

| | |
|---|---|
| **From:** | FINCH STEPHEN |
| **Sent:** | Monday, January 07, 2002 10:33 AM |
| **To:** | 'air@harrisrufty.com' |
| **Cc:** | HOFFMANN GERALD |
| **Subject:** | Oceanografia |

Alfred: Hope you had a good Christmas and New Year. In reply to Amado's suggestion, SOL is willing to have an accountants' meeting in the US (preferably in Lafayette) after January 21st—they are preoccupied with year-end activit up to then. Why not have Amado contact Gerald Hoffman to firm up a time and place. Best regards, Steve Finch.

1

**FINCH STEPHEN**

| | |
|---|---|
| From: | Alfred Rufty (AJR@harrisrufty.com) |
| Sent: | Wednesday, December 26, 2001 12:57 PM |
| To: | FINCH STEPHEN |
| Subject: | Re: Seabulk/Oceanografia |

Thanks; I look forward to hearing back from you and, in the meantime,
happy holidays.

1

*(handwritten notes top right)*
① Remind me to call Alfred Rufty on Jan. 2nd
② File -- Oceangrafia

**FINCH STEPHEN**

| | |
|---|---|
| From: | FINCH STEPHEN |
| Sent: | Friday, December 21, 2001 12:23 PM |
| To: | 'ajr@harrisrufty.com' |
| Subject: | Seabulk/Oceanografia |

Alfred: My reply to your suggestion for a mtg in the US between our clients' accountants must await the New Year, due to our folks' being away for Christmas.  However, I am recommending it. I am also recommending mediation if the accountants can't bring about a settlement.  I will revert after January 1st.  Regards and a Merry Christmas, Steve Finch.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SEABULK TOWING, INC., f/k/a** | § | **CIVIL ACTION** |
| **HVIDE MARINE TOWING, INC.,** | § | |
| **and SEABULK OFFSHORE, LTD.** | § | **NUMBER C.A. B-01-094** |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **OCEANOGRAFIA S.A. de C.V. and** | § | |
| **AMADO YANEZ OSUNA** | § | |
| **Defendants** | § | |

## ORDER DENYING AMADO YANEZ OSUNA'S MOTION TO DISMISS, VACATE ATTACHMENT, AND TO QUASH DISCOVERY

On the _____ day of _____, 2002, the Court considered Amado Yanez Osuna's Motion to Dismiss, Vacate Attachment, and to Quash Discovery. After considering the motion, and response there to and other evidence on file, the Court hereby

DENIES the Motion to Dismiss, Vacate Attachment, and to Quash Discovery.

SIGNED on the ____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

161811/Order