

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | NUMBER C.A. B-01-094 |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| **Defendants** | § | |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

NOW COME, through undersigned counsel, Plaintiffs, Seabulk Towing, Inc. and

Seabulk Offshore, Ltd., (collectively "Seabulk"), and pursuant to Fed. R. Civ. P. 7(b)(1), is

seeking leave to amend their Complaint and would show as follows:

### I.

### FACTUAL BACKGROUND

**A.    Allegations in Complaint.**

On June 7, 2001, Seabulk sued Oceanografia and Amado Yanez Osuna ("Yanez"),

alleging breach of contract and further stating a *prima facie* case that, because he has used it for

his personal advantage, Oceanografia is the alter ego of Yanez. Cause No. C.A. B-01-094;

United States District Court, Southern District of Texas, Brownsville Division; *Seabulk Towing,*

*et al. vs. Oceanografia, et al.* It amended this complaint on August 23, 2001. Since the filing of

the claim and, despite the obstructionist efforts of Yanez, including a motion to dismiss, Seabulk

has obtained additional information to support its allegation that Oceanographia is the alter ego of Yanez and, therefore, would seek leave of this Court to amend its complaint.

Attached hereto as Exhibit A is a copy of the proposed Second Amended Verified Complaint.

## II.

## AMENDMENT PROPER

### A.    Fed. R. Civ. P. 15.

Rule 15 provides that a party may amend once as a matter of course at any time before a responsive pleading is served, or by leave of court or written consent and "...leave shall be freely given when justice so requires." In the instant case, "justice so requires" because the amendment merely adds to the allegations previously made and is necessary because of the conduct of the opposing party. It is the policy of Rule 15 to permit liberal amendment to facilitate determination of claims on merits and to prevent litigation from becoming a technical exercise in fine points of pleading. In short, Fed. R. Civ. P. 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863 (5th Cir. 2000), quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir.1981)

Further, there has been no undue delay in the filing of this amendment and there is no prejudice to the opposing party. In short, because this amended complaint merely clarifies the allegations made, adds no new claim, presents no surprise, prejudice or good reason to deny leave, justice demands that this amendment be allowed. *Foman v. Davis*, 371 U.S. 178 (1962)

### B.    Discovery Obtained by Seabulk.

Yanez has failed and refused to answer proper discovery requests and has sought from this Court an order quashing all written discovery. Seabulk responded to Yanez' Motion to

162068                                                        2

Dismiss, to Vacate Attachment and to Quash Discovery and demonstrated why the relief sought is improper, unsupported by case law or waived in whole or in part. (See: Seabulk Response responded to Yanez' Motion to Dismiss, to Vacate Attachment and to Quash Discovery.)

Even though Yanez continues to avoid production of documents and compliance with the rules of procedure, Seabulk sought permission and has obtained from Merrill Lynch, voluminous financial records, many of which demonstrate the commingling of assets and the use by Yanez of the Oceanographia account, as if it were his own personal business entity. These are documents with which Yanez is most familiar; therefore, there is no surprise or prejudice to him by way of this amended complaint.

     C.    **<u>Scheduling Order.</u>**

The Scheduling Order controlling this litigation contains no deadline for amendment of pleadings. It does, however, contain a trial date and a deadline for designation of expert witnesses. Because Seabulk believes even more strongly now than it did when it originally filed its complaint that the alter ego allegation has merit and support in the evidence, it seeks this amendment so that both parties are able to fully and fairly prosecute and defend this matter.

### III.

### CONCLUSION AND PRAYER

Seabulk filed its complaint in good faith and has set forth a good faith basis to allow the instant amendment. Amendment should be allowed freely, particularly where there is no prejudice or harm resulting to the opposing party. *Foman v. Davis*, 371 U.S. 178 (1962); *Engstrom v. First Nat'l Bank*, 37 F.3d 1459 (5th Cir. 1995).

WHEREFORE, PREMISES CONSIDERED, Seabulk Towing, Inc. and Seabulk Offshore, Ltd., respectfully request that this Honorable Court grant in all respects the instant Motion for Leave to Amend Complaint, and for such further relief to which they may be entitled.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _13_ day of March, 2002, served a copy of the foregoing on all counsel of record via United States certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-33509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

James F. Buchanan

162068                                        5

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| **Plaintiffs** | § | **CIVIL ACTION NO. B-01-094** |
| | § | |
| **V.** | § | **In Admiralty** |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| **Defendants** | § | |

### SECOND AMENDED VERIFIED COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

 The Plaintiffs, Seabulk Towing, Inc. ("Seabulk Towing") (formerly known as Hvide Marine Towing, Inc. ("HMT") and Seabulk Offshore, Ltd. ("Seabulk Offshore") (collectively "Seabulk"), by and through their undersigned attorneys, complaining of Defendant, Oceanografia S.A. de C.V. ("Oceanografia"), allege and say as follows:

I.

 This is an admiralty and maritime claim for breach of contract, more particularly, for non-payment of unpaid charter hire and other expenses. It is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This is also an admiralty and maritime claim containing a prayer for process of attachment pursuant to Rule B of the supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff invokes the original admiralty jurisdiction of this Honorable Court pursuant to the provision of 28 U.S.C., Section 1333(1).



EXHIBIT
A

II.

At all pertinent times mentioned herein, the Plaintiff Seabulk Offshore was and is a Florida limited partnership, qualified in Louisiana where it has its principal business office in Lafayette, Louisiana. Plaintiff Seabulk Towing is a Delaware corporation with its principal business office in Tampa, Florida.

III.

On information and belief, at all times hereinafter mentioned, Defendant Oceanografia is believed to be a Mexican corporation, with its principal place of business being Ciudad del Carmen, Calle 26-A Lopez Mateos MZA.D Lote 2-A, Parque Ind., Pesq. Laguna Azul, 42120 CD. Del Carmen, Campeche, Mexico. Defendant Amado Yañez Osuna is an officer and/or director of Oceanografia. He may be served at Ciudad del Carmen, Calle 26-A Lopez Mateos MZA.D Lote 2-A, Parque Ind., Pesq. Laguna Azul, 42120 CD. Del Carmen, Campeche, Mexico. Seabulk is informed and believes and therefore alleges that Defendant Amado Yañez Osuna ("Yañez") is not present within this district and none of the officers of Defendant Oceanografia are now within this district and that said Defendant Oceanografia does not maintain an office within this district, is not a resident of this district, has no managing agent or place or business and cannot be found within this district, but that there are or will be during the pendency of this action, certain goods, chattels, credits and effects belonging to or claimed by Defendant Oceanografia or by Defendant Yañez within this district, to-wit:

      a.     Account No. 53C-07119
             Merrill Lynch
             680 East St. Charles St., Suite 500
             Brownsville, Texas 78520

b.    Account No. 101-1730
      Merrill Lynch
      680 East St. Charles St., Suite 500
      Brownsville, Texas 78520

The above accounts are believed to be in the name of Defendant or Defendant's General

Director, Amado Yañez Osuna and used to conduct the business of Defendant as shown in the

attached transfer authorization form (Exhibit "AA") whereby payment was made to HMT for the

benefit of Defendant.  Account 101-1730 is also believed to be Defendant's account as shown in

Exhibit "AB" whereby the invoice references this account for the benefit of Defendant.

IV.

Alternatively, Plaintiffs further allege that Oceanografia is the alter ego of Defendant

Yañez.  Federal courts sitting in admiralty apply federal common law when examining corporate

identity.  See *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d

Cir.1986); *Status Intern. S.A. v. M & D Maritime Ltd.*, 994 F.Supp. 182, 186 (S.D.N.Y. 1998).

The corporate identity of Oceanografia must be disregarded, and Yañez and Oceanografia be

treated as one entity, to prevent the use of the corporate fiction as an unfair device to inflict

injustice on Plaintiff.   Specifically, Plaintiffs allege that when examining the total dealings of

Oceanografia and Yañez, including the amount of financial interests Yañez has in the

corporation, the control Yañez maintains over the corporation, and the fact that Oceanografia has

and continues to be used for Yañez's personal purposes, all combine to permit the disregard of

the corporate identity. See *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d

201, 209 (5th Cir.1996) *citing Permian Petroleum Co. v. Petroleos Mexicanos, a/k/a Pemex*, 934

F.2d 635, 642 (5th Cir.1991).

V.

Since the filing of Plaintiff's Verified Amended Complaint, both Defendant Oceanografia and Amado Yañez Osuna have been served with process and no further summons or service is required.

VI.

CLAIM OF SEABULK OFFSHORE

On information and belief, at various times prior to May 5, 2001, the Defendant Oceanografia, acting in its capacity as bareboat charterer and as manager of a joint venture between Seabulk Offshore and Defendant Oceanografia has withheld funds owing Seabulk Offshore in the amount approximating $3.4 million (without interest) for unpaid charter hire and other expenses.

VII.

Plaintiff Seabulk Towing, Inc. and Defendant Oceanografia S.A. de C.V. formed a joint venture known as Seabulk Offshore de Mexico S.A. de C.V., which is owned 49% by Seabulk Towing and 51% by Oceanografia. This joint venture was to be managed by Oceanografia and was to provide services including the crewing and arranging of supplies for the vessels which Oceanografia chartered from Seabulk Offshore and Seabulk Towing. The joint venture failed to pay crew wages and third-party suppliers. Pursuant to an agreement with Oceanografia, by which Oceanografia agreed to reimburse Seabulk Offshore for advances, Seabulk Offshore advanced crew wages and payment to creditors in the amount of $1,342,112.02, exclusive of interest. Oceanografia has failed to meet its obligation to reimburse Seabulk Offshore for these advances. Accordingly, Seabulk Offshore has included these amounts in its claim against Oceanografia as documented in the general ledger of Hvide Marine, Inc., now known as Seabulk

International, Inc. Hvide Marine, Inc. maintained the general ledger of Seabulk Offshore, which is a wholly owned subsidiary, on Oracle software. The use of the identifier, Hvide Marine, Inc., is a proprietary function of the software to enable accounting staff to access the consolidated financial statements of each subsidiary company.

VIII.

Joint venture expenses (payroll and third-party expenses) advanced by Seabulk Offshore to the joint venture have remained unpaid by Defendant Oceanografia for the period of January 1, 2000 – December 31, 2000 (attached hereto as Exhibit "AC") in the amount of $720,454.17 and for the period of January 1, 2000 – May 31, 2001 (attached hereto as Exhibit "AD") in the amount of $117,072.50. No payment or response to these invoices have been received, resulting in an outstanding balance of $837,526.67 (not including interest).

IX

Between January 1, 2001, and April 30, 2001, Seabulk Offshore provided to Oceanografia various services and/or supplies, including but not limited to the services/charter of M/V SEABULK DELAWARE, M/V SEABULK ST. ANDREW and M/V SEABULK ST. TAMMANY, certain administrative services, certain mobilization and demobilization services concerning the aforementioned vessels, and fuel, all as more fully described in the invoices of Seabulk Offshore as follows:

X.

Pursuant to invoice Nos. 6003616, 6003691, 6003775, 6003867 (attached hereto as Exhibits "L", "M", "N", "O"), Seabulk Offshore invoiced Oceanografia for services of M/V SEABULK ST. TAMMANY for the period January 1 through April 30, 2001, in the collective

amount of $480,000.00. Payment in the amount of $94,132.10 has been credited to this invoice, resulting in an outstanding balance of $385,867.90 (not including interest).

XI.

Pursuant to invoice Nos. 6003618, 6003695, 6003798 and 6003866 (attached hereto as Exhibits "P" "Q", "R", "S"), Seabulk Offshore invoiced Oceanografia for services of M/V SEABULK DELAWARE for the period January 1 through April 30, 2001, in the collective amount of $228,600.00. No payment and response to these invoices have been received, resulting in an outstanding balance of $228,600.00 (not including interest).

XII.

Pursuant to invoice Nos. 6003617, 6003692, 6003791 and 6003868 (attached hereto as Exhibits "T", "U", "V", "W"), Seabulk Offshore invoiced Oceanografia for services of M/V SEABULK ST. ANDREW for the period January 1 through April 30, 2001, in the collective amount of $480,000.00. No payment and response to these invoices have been received, resulting in an outstanding balance of $480,000.00 (not including interest).

XIII.

Pursuant to invoice Nos. 6003949 and 6003950 (attached hereto as Exhibits "Y" and "Z"), Seabulk Offshore invoiced Oceanografia for various payroll expenses for the period of November 1, 2000 – May 31, 2001, in the collective amount of $146,954.38. No payment or response to these invoices has been received resulting in an outstanding balance of $146,954.38 (not including interest) due and owing to Seabulk Offshore as of this time.

XIV.

Plaintiffs have faithfully performed all of its obligations under the Charters in question, its agreements with Oceanografia and in its capacity as owner and operator of the M/V

SEABULK DELAWARE, M/V SEABULK ST. ANDREW, and M/V SEABULK ST. TAMMANY,

XV.

Defendants are indebted to Plaintiff Seabulk Offshore Ltd. in the total sum of $3,421,060.97, exclusive of interest and costs. Plaintiff Seabulk Offshore seeks judgment against Defendants Oceanografia and Yanez, jointly and severally in the amount of $3,421,060.97, plus pre-judgment interest and post-judgment interest.

XVI.

CLAIM OF SEABULK TOWING

In addition, Seabulk Towing sues for an accounting from Defendants Oceanografia and Yanez for the profits of the joint venture, Seabulk Offshore Mexico S.A de C.V., and seeks to recover 49% of the profits of the joint venture in an amount which is presently unknown to Plaintiff Seabulk Offshore, Ltd.

WHEREFORE, PLAINTIFFS pray:

1.      That summons with process of maritime attachment and garnishment has issued against the Defendants Oceanografia and Amado Yañez Osuna, and that Account Nos. 53-07119 and 101-1730 at Merrill Lynch's offices in Brownsville, Texas, remain attached, and

2.      That a judgment may be entered in favor of Plaintiffs and against Defendants for the amount of its claims, with interest, costs and reasonable attorney's fees, and that a decree of condemnation may be issued against the property, goods, chattels, credits and effects of the Defendants Oceanografia and Amado Yañez Osuna, for the amount of Plaintiffs' claim, with interest, costs and reasonable attorneys' fees; and

162075                                         7

3. That upon final hearing hereof, Plaintiffs have judgment against Oceanografia S.A. de C.V. and Amado Yañez Osuna, jointly and severally, for such amounts as the evidence shows Defendants are indebted to Plaintiffs;

4. That Plaintiffs have such other and further relief as in law or equity it may show itself justly entitled.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

ATTORNEYS FOR PLAINTIFFS

THE STATE OF TEXAS      §
                        §
COUNTY OF NUECES        §

James F. Buchanan, being duly sworn, deposes and says:

He is an attorney licensed in the State of Texas and admitted to practice in the United States District Courts for the Southern District of Texas, and a shareholder with The Kleberg Law Firm, attorneys for Plaintiffs herein; he has read the foregoing Verified Second Amended Complaint and knows the contents thereof; and that the same is true, upon information and belief. The source of deponent's information and the ground for his belief as to those matters stated in the Verified Second Amended Complaint to be alleged on information and belief are documents and records in his file.

Secondly, he states that neither Defendant Yanez nor Defendant Oceanografia are present in the district, within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims, based on finding that Defendants own no real property in the district, and have no listings for either Oceanografia or Amada Yanez Osuna with Southwestern Bell directory assistance, no listing in the Port of Brownsville directory, no agent or representative within the district, no notice to the Secretary of State by either of the appointment of an agent for service and no listing with the Secretary of the State of Texas.

_James Buck_
James F. Buchanan

SUBSCRIBED AND SWORN TO BEFORE ME on this *13th* day of March, 2002.

_Patty Smith_
Notary Public, State of Texas

162075                                              9