*5/*

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**JUN 2 7 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| Plaintiffs | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| Defendants | § | |

**OPPOSED MOTION FOR INCLUSION IN RULE B ATTACHMENT
OF NEWLY DISCOVERED PROPERTY OF DEFENDANTS**

TO THE HONORABLE UNITED STATES JUDGE
FOR THE SOUTHERN DISTRICT OF TEXAS:

The Plaintiffs, Seabulk Towing, Inc. ("Seabulk Towing") (formerly known as Hvide Marine Towing, Inc. ("HMT") and Seabulk Offshore, Ltd. ("Seabulk Offshore") (collectively "Seabulk"), by and through their undersigned attorneys, complaining of Defendants Oceanografia ("Oceanografia") and Amado Yanez Osuna ("Yanez"), request the Court attach additional property of said Defendants as follows:

I.

Background

In its previous request for attachment, Seabulk sought to attach various property of Defendant Oceanografia and Defendant Yanez. Specifically, Plaintiffs requested that summons with process of maritime attachment and garnishment be issued against the Defendants Oceanografia and Amado Yanez Osuna and that their goods, chattel, credits and effects within the Southern District of Texas be attached in an amount sufficient to answer Plaintiffs' claims.

As a result of Seabulk's complaint, this court ordered process for maritime attachment and garnishment. (See Seabulk's Original Complaint and Court's Order for Issuance of Process of Maritime Attachment dated June 7, 2001).

In compliance with this Court's Order and Plaintiffs' request, the U. S. Marshal attached two bank accounts, totaling $78,046.15. Plaintiffs' current claim against Defendants is for $3,421,060.97, together with pre-judgment interest and post-judgment, interest and additionally, recovery of 49% of the profits of a joint venture between Seabulk Towing and Oceanografia, in an amount which is presently unknown to Plaintiff Seabulk Offshore, Ltd.

II.

Settlement Negotiations

During the course of this litigation, the parties have engaged in continued settlement negotiations in an attempt to resolve this dispute and to obtain payment of Oceanografia's and Yanez's debts to Seabulk.

As a consequence of these negotiations, and as a result of meetings between Seabulk and Yanez/Oceanografia, the parties agreed to settle Seabulk's claims in the amount of $1,620,000.00 pursuant to the attached Memorandum of Settlement executed by Seabulk on April 4, 2002 (Attached as Exhibit "A"). The initial settlement agreement was premised upon immediate payment by Oceanografia and Yanez of sums agreed, with administration via a trust account maintained by Oceanografia/Yanez' attorney.

After Seabulk prepared and executed the Memorandum of Settlement, Oceanografia and Yanez delayed execution. It became apparent that Yanez was unable to secure funding of the settlement and that additional action would be necessitated by Yanez/Oceanografia to secure

settlement funds. As a result of the "settlement," Oceanografia and Yanez presented this Court with a Notice of Settlement dated April 19, 2002 (attached as Exhibit "B").

Subsequently, and as a result of Yanez/Oceanografia's inability to satisfy the terms of the settlement, Defendants requested the Court continue the previously scheduled hearing of May 15, 2002, to allow Oceanografia/Yanez to meet with "its bankers" and to secure funding. The Court denied Yanez's Motion for Continuance of the Motion/Hearing. Additional negotiations between Seabulk with Yanez/Oceanografia's representatives related to accepting a payout of the settlement amount, provided it was secured by a letter of credit or bond. Yanez/Oceanografia subsequently confirmed that no entity is willing to secure the settlement amounts agreed by Oceanografia and Yanez to Seabulk.

III.

Discovery

During the course of this lawsuit, various discovery requests have been exchanged between Plaintiffs and Defendants. Although the answers to such requests by Plaintiffs are viewed as deficient and not complete (and will be subject to a separate motion to compel), recent answers served by Yanez show that additional assets exist within the Southern District of Texas, specifically, a home in Sugarland, Texas, valued at $830,940.00 and a Chase bank account in Houston, Texas, with a value of approximately $10,000.00. (See Yanez Response to Interrogatories and Requests for Production of Documents, Response to Interrogatory No. 8 attached hereto as Exhibit "C").

Telephone conferences with the Fort Bend County Central Appraisal District confirm that the home mentioned in Interrogatory No. 8 is owned solely by Amado Yanez Osuna[1] (See Affidavit of Sharon Emerson, attached as Exhibit "D"). Plaintiffs continue in their pursuit of

additional security for satisfaction of their claims and, to date, have not discovered additional assets within the Southern District of Texas (or outside of Texas) other than those enumerated in Yanez's responses.

## IV.

### Inadequate Security

As stated above, Plaintiffs' claim exceeds $3.4 million, and despite assurances of payment of proposed settlement of Yanez and Oceanografia, Oceanografia and Yanez are unable or unwilling to make payment of the proposed settlement.

Despite earlier representations to this Court and Seabulk that Oceanografia and Yanez were both solvent, well-secured, and in excellent financial condition, the inability to make payment of the settlement amount and the inability to secure any letter of credit or guarantee by a third party confirms that, absent attachment of additional security, payment of any future judgment is doubtful.[2]

## V.

Plaintiffs request the Court to order the Clerk to issue supplemental process of maritime attachment and garnishment for the attachment of the house in Fort Bend County and the Chase bank account, both of which are within the district and, which could have been included in Plaintiffs' original request for attachment.

---

[1] In Answer to Interrogatory No. 8, Yanez states the home is co-owned and mortgaged.

[2] Oceanografia's Co-Joint Venturer, Otto Candies, L.L.C, in a separate Mexican venture, is not willing to guarantee Oceanografia's debt.

VI.

F.R.C.P. 64 Remedy

In the alternative, and only if the Court denies relief for supplemental Rule B Attachment, Plaintiffs request authorization for seizure of Defendant Oceanografia and Defendant Yanez property pursuant to the Federal Rule of Civil Procedure 64.

Specifically, Plaintiffs request an order from the Court to allow attachment pursuant to §61.002 of the Texas Civil and Practice Remedies Code ("CPRC") which provides in part that property may be seized where the Defendant is not a resident of the State or is a foreign corporation or is acting as such. (See §61.001 and §61.002 to the Texas Civil and Practices Remedies Code attached as Exhibit "E"). Additionally, and as indicated above, the requirements of §61.001 of the Texas CPRC have been met as Defendants are justly indebted to Seabulk, the attachment is sought only to secure Seabulk's claim, availability for payment of the debt is in question and §61.002 grounds are met.

WHEREFORE, PLAINTIFF prays:

1.    That a summons with process of maritime attachment and garnishment may issue against the Defendant Oceanografia, and if said Defendant cannot be found, then that their goods, chattel, credits and effects with the district, and particularly Account No. 179-9061735-65 at Chase Bank's offices in Houston, Texas, be attached, and that 5 Camden Circle, Sugar Land, Texas, be attached in the amount sufficient to answer Plaintiffs' claim.

2.    That a judgment be entered in favor of Plaintiffs and against Defendants for the amount of the claims, with interest, costs and reasonable attorney's fees, and that a decree of condemnation may be issued against the property, goods, chattels, credits and effects of the

Defendant Oceanografia, for the amount of Plaintiffs' claim, with interest, costs and reasonable attorneys' fees; and

      3.     That Plaintiffs have such other and further relief as in law or equity it may show itself justly entitled.

      Dated this _____ day of June, 2002.

                Respectfully submitted,

                THE KLEBERG LAW FIRM

                Frank L. McNiff, Jr.
                State Bar No. 07419100
                Federal ID No. 12595
                James F. Buchanan
                State Bar No. 03287500
                Federal ID No. 0328
                800 N. Shoreline Blvd., Suite 900 North
                Corpus Christi, Texas  78401
                (361) 693-8500 Telephone
                (361) 693-8600 Facsimile

                ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Attempts to contact Defendants' Counsel have been unsuccessful and therefore this Motion should be considered opposed.

_____
Frank L. McNiff, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _26 day of June, 2002, served a copy of the foregoing

on all counsel of record via United States certified mail, return receipt requested, in accordance

with the Federal Rules of Civil Procedure.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-33509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

_____
Frank L. McNiff, Jr.

165808                                          7

THE STATE OF TEXAS   §
                     §
COUNTY OF NUECES   §

Frank L. McNiff, Jr., being duly sworn, deposes and says:

He is an attorney licensed in the State of Texas and admitted to practice in the United States District Courts for the Southern District of Texas, and a shareholder with The Kleberg Law Firm, attorneys for Plaintiffs herein; he has read the foregoing Motion for Inclusion in Rule B Attachment of Newly Discovered Property of Defendants and knows the contents thereof; and that the same is true, upon information and belief. The source of deponent's information and the ground for his belief as to those matters stated in the Motion for Inclusion in Rule B Attachment of Newly Discovered Property of Defendants to be alleged on information and belief are documents and records in his file.

Secondly, he states that neither Defendant Yanez nor Defendant Oceanografia are present in the district, within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims. There are no listings for either Oceanografia or Amado Yanez Osuna with Southwestern Bell directory assistance, no listing in the Port of Brownsville directory, no agent or representative within the district, no notice to the Secretary of State by either of the appointment of an agent for service and no listing with the Secretary of the State of Texas.

_____
Frank L. McNiff, Jr.

SUBSCRIBED and SWORN TO BEFORE ME on this 26th day of June, 2002.

_____
Notary Public in and for the
State of T E X A S

165808                                    8

## MEMORANDUM OF SETTLEMENT

After a review of the claims of Seabulk Offshore, Ltd., and Seabulk Towing, Inc., (hereinafter collectively called "SOL") against Oceanografia S.A. de C.V. and Amado Yanez Osuna (hereinafter collectively "Oceanografia"), currently the subject of litigation in the U.S. District Court in Brownsville, Texas, the parties hereby agree as follows:

1.      On or before April 22, 2002, Oceanografia shall pay into the trust account of the law firm of Harris & Rufty LLC, in immediately available funds, the sum of One Million Six Hundred Twenty Thousand US Dollars (US$1,620,000.00).

2.      Promptly upon the deposit of such funds as aforesaid, but subject to Paragraph 3 below, the parties shall take all action necessary to dismiss their respective claims in litigation in Brownsville, as well as to terminate all ancillary proceedings in New Orleans.

3.      Oceanografia shall cause Harris & Rufty LLC to pay SOL, in immediately available funds, a portion of the foregoing deposit equal to One Million Four Hundred Seventy Thousand US Dollars (US$1,470,000.00) concurrently with the filing of the dismissals of the parties' respective claims in litigation and the termination of the aforesaid ancillary proceedings.

4.      Oceanografia shall cause Harris & Rufty LLC to pay SOL, in immediately-available funds, the balance of the foregoing deposit, equal to One Hundred Fifty Thousand US Dollars (US$150,000.00), forthwith upon settlement of Pemex's insurance claim against Steamship Mutual arising from an allision between the Seabulk Katie and Pemex's Cayo Arcas metering platform located 90 miles north of Ciudad del Carmen at 20° 17'N, 92° 2'W on March 24, 2000. In this regard, Steamship Mutual's written advice to SOL that said claim has been settled shall be deemed to establish, in the absence of any contrary indications, that said claim has been paid to the satisfaction of both Steamship Mutual and Pemex. This settlement is without prejudice to Oceanografia's claims in respect of the M/V Seabulk Katie and M/V Seabulk Delaware. It is SOL's position that Oceanografia's claims, if any, are for indemnification from Steamship Mutual Underwriting Association Limited under the terms of the certificate of entry of the vessels in the P & I Association.

5.      Should it be necessary to enforce the terms of this Agreement, Oceanografia and SOL shall submit to the jurisdiction of the US District Court in New Orleans, Louisiana, for that purpose. Accordingly, Oceanografia hereby appoints Harris & Rufty LLC as its agent for receipt of process in connection with the enforcement of this Agreement.

# EXHIBIT A

6. The parties agree to execute, at the time of disbursement to SOL of the full $1,620,000, a Settlement Agreement and Release in substantially the form attached to this Settlement Memorandum as "Exhibit A."

7. Oceanografia agrees to dissolve Seabulk Offshore de Mexico S.A. de C.V. and to hold SOL harmless from any claims of Seabulk Offshore de Mexico S.A. de C.V. or any governmental entity of Mexico.

8. Upon funding as provided in Paragraph 1 hereof, The Kleberg Law Firm will notify the court of the proposed settlement and submit an Agreed Motion to extend all pending deadlines in the Brownsville action, including the pending Motion to Dismiss of Amado Yanez Osuna, together with an appropriate order for the Court's consideration.

Dated: **April 4**_____, 2002

OCEANOGRAFIA S.A. DE C.V.

By: _____
    Its Duly Authorized Attorney-in-Fact

Date Signed: _____

AMADO YANEZ OSUNA

By: _____

Date Signed: _____

SEABULK OFFSHORE, LTD. for itself
and SEABULK TOWING, INC.

By: *Stephen B Finch*
    Vice-President of Seabulk Transport Inc.
    As Sole General Partner of
    Seabulk Tankers Ltd.
    As Sole General Partner of
    Seabulk Offshore Ltd.

Date Signed: **April 4, 2002**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| Plaintiffs | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| Defendants | § | |

## SETTLEMENT AGREEMENT AND RELEASE

### I
### Parties

The Parties to this Settlement Agreement and Release are:

1.01    The Oceanografia Parties, as defined below.

1.02    The Seabulk Parties, as defined below.

### II
### Definitions

2.01    "This Agreement" shall mean this Settlement Agreement and Release.

2.02    The "Oceanografia Parties" shall mean and refer to, whether individually or jointly, Oceanografia S.A. de C.V., Amado Yanez Osuna and any of their respective former, present or future subsidiaries, partners, members, affiliates, officers, managers, directors, shareholders, employees, attorneys, insurers, disclosed or undisclosed agents, sales representatives, distributors, successors, heirs, executors, administrators, representatives and assigns.

2.03    The "Seabulk Parties" shall mean and refer to, whether individually or jointly, Seabulk Offshore, Ltd. and Seabulk Towing, Inc. and any of their respective former, present or future subsidiaries, partners, members, affiliates, officers, managers, directors, shareholders, employees, attorneys, insurers, disclosed or undisclosed agents, sales representatives, distributors, successors, heirs, executors, administrators, representatives and assigns.

2.04    "Parties" shall collectively mean and refer to the Oceanografia Parties and the Seabulk Parties. Either may be referred to individually as a "Party".

EXHIBIT A

2.05    "Lawsuits" shall mean and refer to the claims and causes of action asserted in the civil action initiated by Seabulk and styled *Seabulk Towing, Inc. f/k/a Hvide Marine Towing, Inc. and Seabulk Offshore, Ltd. v. Oceanografia S.A. de C.V. and Amado Yanez Osuna* pending in the United States District Court for the Southern District of Texas, Brownsville Division in and for the State of Texas, Case No. B-01-094, and the civil action initiated by Seabulk and styled *Seabulk Towing, Inc., f/k/a Hvide Marine Towing, Inc., and Seabulk Offshore, Ltd. v. Oceanografia S.A. de C.V. and Amado Yanez Osuna* pending in the United States District Court for the Eastern District of Louisiana, Case No. 01-3791.

2.06    "Claims and causes of action" shall mean and include any and all claims, actions, lawsuits, injuries, obligations, demands, actual legal fees and expenses, losses, costs, losses of services, expenses, attachments, garnishments, liens and compensation of any nature whatsoever, whether direct or derivative, under federal and/or state statutory and/or common law or regulations of any nation.

### III
### Scope of Settlement

3.01    Disputes and controversies exist between and among the Parties to this Agreement, both as to the fact and extent of any Party's liability, if any, and as to the fact and extent of damages, if any. The Parties to this Agreement desire to settle all claims and causes of action of any kind whatsoever which they presently have against each other regardless of whether or not such claims or causes of action have been asserted in a judicial proceeding or otherwise and including the claims and causes of action asserted in the Lawsuit and to dissolve the entity known as Seabulk Offshore de Mexico S.A. de C.V.

### IV
### Representations and Warranties

The following representations and warranties shall survive the execution of this Agreement and the completion of the settlement provided below:

### Authority

4.01    Each Party to this Agreement warrants and represents it has the power to enter into this Agreement and that this Agreement and all documents delivered pursuant to this Agreement are valid, binding, and enforceable upon such Party.

4.02    The Parties warrant and represent that no consent, approval, authorization or order of, notice to, or filing with any court, governmental authority, person, or entity is required for the execution, delivery, and performance of this Agreement.

2

## No Assignment

4.03    The Parties warrant and represent they own the claim or claims that they purport to release in this Agreement and that no part of the claim or claims released in this Agreement have been assigned or transferred to any other person or entity.

## V
## Settlement Terms

In reliance upon the representations, warranties and covenants of this Agreement, in consideration of the mutual promises and agreements herein contained, and concurrently with the execution and delivery of this Agreement, the Parties to this Agreement have settled and compromised their claims and causes of action as follows:

## Release of Oceanografia Parties

5.01    In consideration for the undertakings established in this Agreement, the sufficiency of which is hereby acknowledged, the Seabulk Parties hereby waive, remise, release and forever discharge the Oceanografia Parties, their heirs, legal representatives, successors and assigns, of and from any and all legal claims, breach of contract claims, torts, debts, demands, actions, causes of actions, suits, proceedings, agreements, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law or equity or otherwise, which each of the undersigned Seabulk Parties ever had or now has, arising prior to the execution of this release and waiver.

## Release of the Seabulk Parties

5.02    In consideration for the undertakings established in this Agreement, the sufficiency of which is hereby acknowledged, the Oceanografia Parties hereby waive, remise, release and forever discharge the Seabulk Parties, their heirs, legal representatives, successors and assigns, of and from any and all legal claims, breach of contract claims, torts, debts, demands, actions, causes of actions, suits, proceedings, agreements, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law or equity or otherwise, which each of the undersigned Oceanografia Parties ever had or now has, arising prior to the execution of this release and waiver.

## Future Acts Not Released

5.03    The foregoing releases only apply to claims and causes of action the Parties have as of the time of the execution by both Parties of this Agreement and do not purport to release any of the Parties from liability for any claims or causes of action that arise in the future.

3

### Dismissal of the Lawsuit

5.04    Upon execution of this Agreement, the Seabulk Parties shall cause the Lawsuits to be dismissed with prejudice and shall also dismiss with prejudice any other lawsuit, administrative proceeding, arbitration or other action initiated by or on behalf of any of them against any or all of the Oceanografia Parties and the Oceanografia Parties agree to dismiss all claims in the Lawsuits with prejudice.

### Costs and Attorneys Fees

5.05    The Parties further agree that they shall be responsible for their respective attorneys' fees, court costs, and expenses incurred in connection with the Lawsuits.

### Dissolution of Seabulk Offshore de Mexico S.A. de C.V.

5.06    As additional consideration for this Settlement Agreement and Release, without which consideration the Seabulk Parties would not enter into this Settlement Agreement and Release, the Oceanografia Parties agree that the entity known as Seabulk Offshore de Mexico S.A. de C.V. will be dissolved and the Oceanografia Parties will indemnify and hold the Seabulk Parties harmless of and from any claims of any nature whatsoever which may have been asserted by Seabulk Offshore de Mexico S.A. de C.V. or by any governmental entity of Mexico against the Seabulk Parties.

### VI
### Miscellaneous

6.01    This Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana, except that any conflict of law rule of that jurisdiction that may require reference to the laws of some other jurisdiction shall be disregarded. Any dispute arising out of or related to this Agreement shall be brought in the United States District Court for the Eastern District of Louisiana

6.02    The Parties agree that this Agreement is entered into for settlement purposes only in order to avoid further trouble, potential litigation, and expense. It is further agreed that none of the Parties hereto admit liability or damages to any other Party or anyone else and expressly deny any and all such liability for such complained of acts and/or omissions that form the basis of this Agreement.

6.03    As this Agreement includes evidence of an offer and/or an acceptance of valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, nothing contained in this Agreement shall be admissible evidence in any judicial, administrative, or other legal proceeding, or be construed as an admission of any liability or wrongdoing on the part of the Parties of any violation of federal or state statutory or common law or regulation.

4

6.04    This Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties and has been reviewed and accepted by the Parties and their respective attorneys. In the event any ambiguity is determined to exist with this Agreement, this Agreement will not be construed more strictly against one party than another.

6.05    If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

6.06    None of the Parties to this Agreement has expressed any facts, representations, or warranties, except as expressly contained in this Agreement.

6.07    This Agreement shall continue perpetually and shall be binding upon the Parties and their heirs, successors, and assigns and shall inure to the benefit of the Parties and their heirs, successors, and assigns.

6.08    This Agreement represents the entire agreement of the Parties and supersedes all prior written or oral agreements, and the terms contained herein are contractual and not mere recitals.

6.09    This Agreement may not be amended, altered, modified, or changed in any way except in writing signed by all Parties to this Agreement.

6.10    Any notice to be given under the terms of this Agreement by either party to the other shall be in writing, and may be effected by personal delivery or registered or certified U.S. mail, return receipt requested, to the Parties at the following addresses:

**Oceanografia Parties**

>           Alfred J. Rufty III
>           Harris & Rufty, L.L.C.
>           1450 Poydras Street, Suite 1510
>           New Orleans, Louisiana 70112

**Seabulk Parties**

>           William J. Riviere
>           Phelps Dunbar LLP
>           365 Canal Street, Suite 2000
>           New Orleans, Louisiana 70130-6534

6.11    The Parties acknowledge that additional facts may be discovered later relating to claims and causes of action they may have as of the time that they execute this Agreement, but that it is the intention of the Parties to fully, finally, and forever settle and release their respective rights, claims, and any controversies whatsoever, known or unknown, which now exist or formerly have existed. The Parties acknowledge that this Agreement shall be and will remain in effect as a full

5

and complete mutual release of such matters, notwithstanding the discovery or existence of any additional or different facts.

6.12   All Parties stipulate and agree that a copy of this executed Agreement shall be as valid, binding and enforceable as the original.

6.13   All Parties stipulate and agree that each Party shall be allowed to sign this Agreement in multiple counterparts. A Party's signature on a separate copy of this Agreement shall not affect the validity of this Agreement or its enforcement against all Parties. Although this Agreement may be executed in counterparts, each shall be deemed an original, all of which together shall constitute one and the same agreement.

6.14   **THE PARTIES EXPRESSLY WARRANT THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND ITS CONTENTS, AND SIGNED THIS AGREEMENT AS THEIR OWN FREE ACT.**

IN WITNESS WHEREOF, the Parties have signed multiple counterparts of this Agreement on the dates given beneath their signatures.

Seabulk Offshore, Ltd. and Seabulk Towing, Inc.

_____

By: _____

Title: _____

Date: _____


STATE OF LOUISIANA          §
                            §
PARISH OF ORLEANS           §

    BEFORE ME, the undersigned, a Notary Public in and for said Parish and State, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of Seabulk Offshore, Ltd. and Seabulk Towing, Inc., a _____ corporation, and that he executed the same as President of such corporation for the purposes and considerations therein expressed, and in the capacity therein stated.

6

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the _____ day of _____, 2002.

_____

Notary Public, State of Louisiana

My Commission Expires:_____

Oceanografia S.A. de C.V.                                    Amado Yanez Osuna

_____                    _____

By: _____            Date: _____

Title: _____

Date: _____

§

§

BEFORE ME, the undersigned, a Notary Public in and for said Parish and State, on this day personally appeared Amado Yanez Osuna, known to me to be the person whose name is subscribed to the foregoing instrument in the two signature blocs above and acknowledged to me that (i) the first such subscription was the act of Oceanografia S.A. de C.V., a Mexican corporation, and that he executed the same as manager of such company for the purposes and considerations therein expressed, and in the capacity therein stated, and that (ii) the second such subscription was his act in an individual capacity for the foregoing purposes and considerations.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the _____ day of _____, 2002.

_____

Notary Public

My Commission Expires:_____

\Settlement Agr and Release.Oceanografia.doc

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## NOTICE OF SETTLEMENT

Comes now, Defendants Oceanografia S.A. de C.V. and Amado Yanez Osuna unopposed, and pursuant to Local Rule 16.3, give notice of settlement, and request the hearing of April 24, 2002 be reset.

### I.

Defendants would show that a settlement, in principal, has been reached with the Plaintiffs, and the parties are diligently working out the details thereof and particularly the form and substance of the supplementary documents accompanying the settlement. A hearing on this matter is set for April 24, 2002 at 2:00 p.m. With the consent of Plaintiffs, Defendants request the hearing be reset within seven (7) days (May 1, 2002) or as soon as is reasonably possible thereafter at the request of Plaintiffs in order to keep the pressure on the parties to work out the details of the settlement and file the appropriate dismissal papers.

49499:1010064.1:041902



EXHIBIT B

## II.

Plaintiffs, through counsel, consent to this Notice and Request.

If the court would request a proposed order resetting the hearing of April 24, 2002, please

advise.

Respectfully submitted,

By: _Jim Hunter by permission Eddie Rhea_

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEY IN CHARGE FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to the following opposing counsel by facsimile, this _19th_ day of April, 2002:

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

_Jim Hunter by permission Eddie Rhea_

James H. Hunter, Jr.

49499:1010064.1:041902                    -2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES defendant, Amado Yanez Osuna, who responds to the First Set of Interrogatories and Request for Production of Documents propounded to it by plaintiff, Seabulk Towing, Inc., as follows:

### INTERROGATORIES

#### INTERROGATORY NO 1:

Identify with particularity any and all written agreements executed between Defendant and Plaintiff.

#### RESPONSE TO INTERROGATORY NO 1:

None.

1


EXHIBIT C

**RESPONSE TO INTERROGATORY NO 7:**

    a.  None.

    b.  None.

    c.  None.

    d.  Miquel Zenteno is a friend.

    e.  Yanez was a principal in this company, which no longer exists.

    f.  None.

    g.  Shareholder.

    h.  None.

**INTERROGATORY NO 8:**

Please list any and all assets possessed by Defendant within the United States of America, including but not limited to real property, motor vehicles, chattels, mineral rights and/or bank accounts, specifically including a detailed property description, date of purchase, monetary value, and current asset location.

**RESPONSE TO INTERROGATORY NO 8:**

Part owner in home (mortgaged) in Sugarland, Texas (address: 5 Camden Court, Sugarland, Texas 77479); lessee of two cars: Mercedes 320SLK, Sugarland, Texas, Range Rover, Sugarland, Texas; account at Chase Bank (account #179-9061735-65) in Houston (value approximately $10,000).

**INTERROGATORY NO 9:**

Please enumerate all employment capacities held by Defendant since 1998 and describe with specificity each job's employment description, including the duties and responsibilities of each job.

## AFFIDAVIT OF SHARON EMERSON

STATE OF TEXAS　　　§
　　　　　　　　　　　§
COUNTY OF NUECES　§

　　　BEFORE ME, the undersigned authority, on this day personally appeared **SHARON EMERSON**, known to me, and who being by me duly sworn, states on his oath as follows:

　　　"I am over twenty-one [21] years of age, of sound mind, competent to make this affidavit, am authorized to make this affidavit and have personal knowledge of the facts stated herein. I am employed as a paralegal by The Kleberg Law Firm.

　　　"On June 25, 2002, I contacted the Fort Bend Central Appraisal District to ascertain whether Amado Yanez Osuna or Oceanografia S.A. de C.V. owned property within the jurisdiction of Fort Bend County, Texas.

　　　"Ms. Eva Rychlik of the Fort Bend Central Appraisal District confirmed that Amado O. Yanez was the registered owner of property located at 5 Camden Circle, Sugar Land, Texas. Ms. Rychlik further confirmed that no other owners of this property were listed on the tax rolls of the Fort Bend Central Appraisal District, and that the property had an 2001 appraised value of $830,940.00

　　　"I then spoke with Ms. Barbara Gilbert of the Fort Bend County Tax Office, who confirmed that $5,220.14 was due and owing for the property's 2001 ad valorem taxes.

　　　"Further Affiant sayeth not."

　　　　　　　　　　　　　　　　　　　　　Sharon Emerson

　　　GIVEN UNDER MY HAND and SEAL OFFICE this 26th day of June, 2002.

　　　　　　　　　　　　　　　　　　　　　Notary Public in and for
　　　　　　　　　　　　　　　　　　　　　the State of T E X A S

SEABULK/OCEANOGRAFIA/EMERSON/AFFIDAVIT – 165864

# EXHIBIT D

VERNON'S TEXAS STATUTES AND CODES ANNOTATED
CIVIL PRACTICE AND REMEDIES CODE
TITLE 3. EXTRAORDINARY REMEDIES
CHAPTER 61. ATTACHMENT
SUBCHAPTER A. AVAILABILITY OF REMEDY

Current through End of 2001 Reg. Sess.


§ 61.001. General Grounds

A writ of original attachment is **available** to a plaintiff in a suit if:

(1) the defendant is justly indebted to the plaintiff;
(2) the attachment is not sought for the purpose of injuring or harassing the defendant;
(3) the plaintiff will probably lose his debt unless the writ of attachment is issued;  and
(4) specific grounds for the writ exist under Section 61.002.

EXHIBIT E