IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 15 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| Plaintiffs | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| Defendants | § | |

## MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

TO THE HONORABLE UNITED STATES JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

The Plaintiffs, Seabulk Towing, Inc. ("Seabulk Towing") (formerly known as Hvide Marine Towing, Inc. ("HMT") and Seabulk Offshore, Ltd. ("Seabulk Offshore") (collectively "Seabulk"), by and through their undersigned attorneys, move this Court for an extension of time to complete discovery and show as follows:

I.

Pursuant to this Court's amended scheduling order dated May 17, 2002, all motions for extension of time to complete discovery must be filed on or before July 15, 2002.

II.

Currently, numerous discovery disputes exist between Plaintiffs and Defendants which include the following:

a. <u>Incomplete discovery answers by Defendant Oceanografia S.A. de C.V.:</u>

Subject to a future, separate Motion to Compel of Seabulk, numerous answers to interrogatories and requests for production by Defendant Oceanografia are incomplete. Plaintiffs, by a separate Motion to Compel, will seek the Court's assistance in resolving the outstanding discovery issues.

b. <u>Defendant Amado Yanez Osuna:</u>

Defendant Amado Yanez Osuna has only recently served responses to interrogatories and requests for production. After receiving Defendant Osuna's responses, the documents cited in the requests for production were not received for approximately 7-10 days after the initial responses were served. Additionally, the responses of Osuna appear to be deficient and will be subject to an additional Motion to Compel. Defendant Osuna is scheduled for deposition on July 18th (after failure to attend a previous scheduled deposition) which may require additional discovery as a result of his testimony.

c. <u>Otto Candies, L.L.C:</u>

Defendants, through their counsel, Harris & Rufty, L.L.C. have also entered into a protracted defense of depositions on written questions and deposition of their business partner, Otto Candies, L.L.C.

During the immediate past six months, protracted litigation concerning the demand for documents from Otto Candies, L.L.C. has occurred resulting in the New Orleans District Court ordering production of various documents (see attached Order of District Court Judge Babier entered on March 12, 2002, Exhibit A), and currently litigation exists concerning FRCP 30(b)(6)

166537                                    2

deposition of Otto Candies, L.L.C.'s corporate representative and production of documents of Otto Candies, L.L.C. financial facility, Hibernia National Bank, are ongoing.[1]

### d. Defendants Expert Designation:

Defendants' Expert Designation of June 14, 2002 is deficient and prevents Seabulk from the ability to conduct depositions as the designation of "named" experts does not specify actual experts, did not contain reports and fails to include required information detailed in FRCP 26. . While Seabulk contends that such lack of expert designation precludes the use by Defendants of any expert(s), this issue will require additional attention of the court and may result in the necessity for additional discovery.

### III.

### DELAY TACTICS OF DEFENDANTS

Clearly, the current discovery schedule (all discovery to be completed by August 2, 2002) will not allow adequate time to dispose of the aforementioned affiliated litigation and further, will not allow adequate time period to receive, analyze, and complete depositions which may be required.

The demonstrated tactics of Defendants may only be characterized as obstructive and, therefore, will require additional time period to pursue discovery.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court extend new discovery deadline through August 16, 2002.

---

[1] Otto Candies, L.L.C. has filed a Motion for Protection from the FRCP 30(b)(6) deposition of their representative and separate deposition on written questions to their financial institution, Hibernia National Bank. This affiliated matter is in the Eastern District of Louisiana, New Orleans, Louisiana, under cause No. 02-1673 "K"(5).

Respectfully submitted,

THE KLEBERG LAW FIRM

_By permission: David I. Oliver_
Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Defendants' Counsel does not object to the relief sought but does object to the recitations herein.

By permission: David S. Oliver
Frank L. McNiff, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 15th day of July, 2002, served a copy of the foregoing on all counsel of record via United States by facsimile and/or certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-33509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

By permission: David S. Oliver
Frank L. McNiff, Jr.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR 12 PM 4:27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SEABULK TOWING, INC., ET AL.                MISCELLANEOUS ACTION

VERSUS                                      NO. 01-3791

OCEANOGRAFIA S.A. de C.V., ET AL.           SECTION "J" (1)

## ORDER AND REASONS

Before the Court is Otto Candies' Objection to Magistrate's Discovery Order (Rec. Doc. 21). Upon reviewing the discovery order, the parties' memoranda, and the applicable law, the Court concludes that Otto Candies' objections should be overruled and the Magistrate Judge's Order sustained.

### Background

This matter arises out of a civil action pending in federal court in Brownsville, Texas, wherein Seabulk Towing is suing a Mexican company, Oceanografia, and its officer, Amado Osuna, alleging breach of contract. In August 2001, Seabulk sought and obtained permission from the Texas district court to serve third-party discovery on Otto Candies, one of Seabulk's competitors in

1

EXHIBIT A

the offshore supply boat business, whom Seabulk learned was closely related to Oceanografia.

Seabulk caused a subpoena duces tecum to be issued by this Court on September 10, 2001, which was served on Otto Candies on September 19, 2001. In its discovery request, Seabulk sought to obtain information relating to the assets of Oceanografia in the United States, assets removed from the United States, debts of Oceanografia, financial statements, and the names of financial institutions and location of various equipment. On September 24, 2001, counsel for Otto Candies, who is also counsel for Oceanografia in the Texas action, faxed a letter to counsel for Seabulk, stating that Otto Candies regarded the subpoena as deficient, because it was premature,[1] overburdensome, and did not allow enough time for response. There was no other response by Otto Candies to the subpoena until November 2, 2001, when it objected on the grounds of prematurity, burden, and confidentiality.[2]

---

[1] Otto Candies objected on the grounds of prematurity, because issue had not yet been joined at that time.

[2] The Magistrate Judge notes that there is evidence that Seabulk attempted to cooperate with Otto Candies to resolve any problems with the scope of the subpoena and requested specific objections after the September 24, 2001, letter and before it received the November 2, 2001, objections.

2

Thereafter, on December 18, 2001, Seabulk filed a motion to compel production and argued that Otto Candies had waived all of its objections to the subpoena. Otto Candies opposed the motion, asserting that it timely objected, the subpoena sought proprietary information, the requested information was irrelevant, the document was premature, production of the documents would impose an undue burden on it, and this Court should defer to the Texas Court to establish the scope of discovery.[3]

Magistrate Judge Sally Shushan issued an order granting in part and denying in part Seabulk's motion to compel on February 4, 2002. Magistrate Judge Shushan concluded that Otto Candies timely objected to the subpoena on the grounds of prematurity, inadequate time to respond, and burden, in its September 24, 2001, letter to Seabulk.[4] However, citing Fed. R. Civ. P. 45(c)(2)(B), Magistrate Judge Shushan concluded that Otto Candies waived its objection that the subpoena sought proprietary information, as that objection was

---

[3] As to the last objection, Magistrate Judge Shushan points out that she held a telephone conference in order to determine if the parties agreed that the issues raised in the motion to compel should be resolved in the Texas action. The parties did not, so Magistrate Judge Shushan resolved the issues.

[4] Although, she noted that Otto Candies' objections as to prematurity and inadequate time to respond are now moot given that issue has been joined and more than four months have passed since the subpoena was served.

3

not made until more than six weeks after service of the subpoena was served.[5]

Next, Magistrate Judge Shushan addressed Otto Candies' objection to the burden of responding as to each specific actual request by Seabulk.[6] She concluded that categories 1, 2 and 5-10 of the subpoena were not unduly burdensome, primarily because the information sought in those requests were restricted by specific dates and she limited the necessary production by Otto Candies to those dates. However, Magistrate Judge Shushan found that Otto Candies should not be required to make any response to categories 3, 4, and 11 of the subpoena, because the scope of those requests were too broad and/or could result in production of voluminous documents that would not be relevant to the underlying suit.

Otto Candies then filed its objection to Magistrate Judge

---

[5] Rule 45(c)(2)(B) provides:

[A] person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.

[6] Additionally, Magistrate Judge Shushan noted that while Otto Candies did not timely object to the discovery request on the issue of relevancy, its relevancy objection was subsumed in the question of burden.

4

Shushan's order, which is presently before the Court.

## Discussion

This court reviews discovery rulings by a magistrate judge under the "clearly erroneous" standard as provided in 28 U.S.C. § 636(b)(1)(A): "A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In Castillo v. Frank, 70 F.3d 382, 385-86 (5th Cir. 1995), the Fifth Circuit confirmed that 28 U.S.C. § 636(b)(1)(A) specifically requires the district court to apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion.

Moreover, Otto Candies' Objections to Magistrate Judge Shushan's order were filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order.... The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law.*

(Emphasis added). Accordingly, under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Magistrate Judge Shushan's order should be upheld by

5

this Court unless it is "clearly erroneous or contrary to law."

Upon reviewing the order in this case, the Court concludes that the Magistrate Judge applied the appropriate legal standards to the issues raised in the motion to compel and opposition and did not make any clear error in her rulings. In its objection to this Court, Otto Candies only specifically takes issue with Magistrate Judge Shushan's findings that discovery against it should be allowed in part because: (1) the close business relationship between Candies and Oceanografia, and (2) Seabulk should not be required to wait until discovery is concluded as to Oceanografia before seeking production from Otto Candies in light of the scheduling order in the Texas case. The Court does not find that Otto Candies has demonstrated that Magistrate Judge Shushan was clearly wrong in these determinations, nor any of her other rulings.

Accordingly, it is ORDERED that Otto Candies' Objections to Magistrate's Discovery Order are OVERRULED. Withing ten (10) working days of the entry of this order, Otto Candies is ordered to comply with the Magistrate Judge's discovery order.

6

New Orleans, Louisiana, this 12th day of March, 2002.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7