IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

### OPPOSED MOTION FOR REFERRAL TO ADR AND FOR CONTINUANCE OF TRIAL

COMES NOW, Defendants **OCEANOGRAFIA S.A. DE C.V.** and **AMADO YANEZ OSUNA** and make this their first, opposed motion for referral of this matter to alternative dispute resolution (ADR) and for continuance of trial, and in support thereof, would respectfully show as follows:

**1.    Background**

1.1    This suit was brought by the Seabulk Plaintiffs against Defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna for breach of a joint venture agreement, breach of charter parties, and in general, to recover claims of alleged joint venture expenses advanced by Plaintiff. Defendant Yanez asserts he is not a proper party to this suit and is not liable in the capacity in which he is sued. Defendant Oceanographia denies the allegations of Plaintiff, and counterclaims for breach of the joint venture agreement, breaches of the charter parties and for unseaworthiness of certain vessels involved in the joint venture.

1.2    This case is set for final pre-trial on September 5, 2002. The parties reached a settlement, in principle, in mid-April, 2002, and Defendants filed a notice of settlement to this effect on April

49499:1020963.1:071702

19, 2002. Unfortunately, although the amount of settlement was agreed upon, the parties could not reach an agreement on a structured payment plan, and consequently, Plaintiff has elected to forge ahead with discovery and a trial on the merits.

2. **Basis for Referral to ADR and for Continuance**

2.1 It is Defendants' position that additional litigation efforts and related costs are unnecessary, unjustifiable, and a trial is a waste of judicial resources when the only matter left in dispute is the terms of a pay-out. Defendant believes an impartial mediator ought to be able to help the parties see past the life this contentious litigation has taken on and get the parties to work out a mutually agreeable structured settlement pay-out.

2.2 Plaintiff further requests a continuance because deposition discovery (and some written discovery) was delayed because the parties were engaged in settlement negotiations for an extended period up to and including and significantly after the date the notice of settlement was filed on April 19, 2002. Oral discovery was further delayed because Defendant Yanez objected to written discovery propounded by Plaintiff Seabulk, which was subsequently denied by this Court. If the case is to proceed to trial, the depositions of Defendants' corporate representatives, expert witnesses and the deposition of Defendants' own expert witnesses will need to be taken.

3. **Authority for Referral to ADR**

3.1 Pursuant to Local Rule 16.4 and the authority granted by 28 U.S.C. §652 (1998), Defendants submit that this case is an ideal candidate to facilitate settlement and narrow the issues. Specifically, Defendants submit that an impartial mediator ought to be able to bring the parties to a resolution on a settlement payment structure. Pursuant to Local Rule 16.4C, Defendants move for an order referring this case to ADR and specifically, mediation.

4. **Authority for Continuance**

4.1   The Court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *U.S. v. Waldman*, 579 F.2d 649,653 (1st Circuit 1978). Defendants seek a continuance in order to proceed to ADR and if such ADR fails, to complete discovery.

**WHEREFORE**, the premises considered, Defendants move for an order continuing the trial of this case for at least 60 days, and further, enter an order referring this case to ADR, specifically mediation, within 30 days in order that the parties may avoid the time and expenses of further litigation costs and the resources of this Honorable Court.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF CONFERENCE

Counsel for Seabulk was contacted by James H. Hunter, Jr. Seabulk opposes this motion.

*/s/ [signature]*
JAMES H. HUNTER, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via **FACSIMILE**, this 17th day of July, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

*/s/ [signature]*
James H. Hunter, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a § | | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., § | | |
| and SEABULK OFFSHORE, LTD., § | | |
| Plaintiffs § | | NUMBER: C.A. B-01-094 |
| § | | |
| v. § | | |
| § | | |
| OCEANOGRAFIA S.A. de C.V and § | | In Admiralty |
| AMADO YANEZ OSUNA, § | | |
| Defendants § | | |

**ORDER GRANTING DEFENDANTS, OCEANOGRAFIA S.A. DE C.V.
AND AMADO YANEZ OSUNA OPPOSED MOTION
FOR REFERRAL TO ADR AND FOR CONTINUANCE OF TRIAL**

Came on to be considered Defendants, **OCEANOGRAFIA S.A. DE C.V.** and **AMADO YANEZ OSUNA**'s Opposed Motion for Referral to ADR and for Continuance of Trial. After consideration, the motion is **GRANTED**.

It is therefore **ORDERED**, that this case is referred to mediation. The parties are ordered to agree upon a mediator within 10 days and to complete mediation within 30 days thereof.

It is further, **ORDERED** that the present trial, and pre-trial conference set for September 5, 2002 is continued to _____ at _____ o'clock ___.m.

The Clerk shall send a copy of this Order to counsel for all parties.

**DONE AND ENTERED** at Brownsville, Texas on the _____ day of _____, 2002.

_____
**HON. FELIX RECIO
UNITED STATES MAGISTRATE JUDGE**

**COPIES TO:**

JAMES H. HUNTER, JR.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
P.O. BOX 3509
BROWNSVILLE, TX 78523-3509

JAMES F. BUCHANAN
FRANK L. MCNIFF, JR.
THE KLEBERG LAW FIRM
800 N. SHORELINE BLVD., STE. 900 NORTH
CORPUS CHRISTI, TX 78401

RUFUS C. HARRIS III
ALFRED J. RUFTY III
HARRIS & RUFTY, L.L.C.
1450 POYDRAS STREET, STE. 1510
NEW ORLEANS, LA 70112