United States District Court
Southern District of Texas
FILED

JUL 2 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., § | |
| and SEABULK OFFSHORE, LTD., § | |
| Plaintiffs § | NUMBER: C.A. B-01-094 |
| § | |
| v. § | |
| § | |
| OCEANOGRAFIA S.A. de C.V and § | In Admiralty |
| AMADO YANEZ OSUNA, § | |
| Defendants § | |

## YANEZ'S OPPOSITION TO SEABULK'S MOTION
## FOR PREJUDGMENT ATTACHMENT

Prejudgment attachment is a harsh remedy, with a great potential for abuse, that is unavailable in the vast majority of cases. Because Seabulk cannot prove this case to be the rare exception in which the statutory requirements for prejudgment attachment exist, its motion to attach Yanez's house and bank account should be denied.

This suit involves a contractual dispute between Seabulk and Oceanografia. It is undisputed that Yanez was not a party to any contract with Seabulk. Amado Yanez is sued only on the extreme theory that Oceanografia is his alter ego – that the distinction between Oceanografia, the corporation, and Yanez, the individual, has been so utterly ignored that the corporate veil should be pierced, rendering Yanez personally liable for the corporation's alleged debts.

This is an extreme and unproven allegation. It is certainly not the sort of claim for which prejudgment attachment is available. Seabulk claims rights to attach under both maritime and Texas law. Neither claim has merit.

49499:1021892.1:072202

### A. Maritime Law

Seabulk first claims that Yanez cannot be found within the district and that a right to attach thus arises under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. In an affidavit accompanying the motion, Seabulk's counsel declares that "... neither defendant Yanez nor defendant Oceanografia are present in the district ...."

This is ludicrous. Of course, defendants Yanez and Oceanografia are present in the district. In fact, they are present in the most germane and convenient way: they are defendants who have entered unrestricted appearances before the Court in this very case.

Rule B and the case law are clear. Attachment is *not* allowed when jurisdiction in the forum already is established. Rule B allows attachment only when necessary to establish jurisdiction. To obtain an order of maritime attachment pursuant to Rule B, the plaintiff must establish four elements: (1) the plaintiff has an *in personam* claim against the defendant which is cognizable in admiralty; (2) the defendant "cannot be found within the district" in which the action is commenced; (3) property belonging to the defendant is present or will soon be present in the district; and (4) there is no statutory or general maritime law proscription to the attachment. *Gulf Marine & Indus. Supplies, Inc. v. New Filipino Maritime Agencies, Inc.*, 2001 WL 277924, at 3 (E.D. La. March 20, 2001); T.J. Schoenbaum, Admiralty and Maritime Law § 21-2 p. 469 (2nd Ed. 1994).

Attachment may not be utilized solely for the purpose of acquiring security. *Nehring v. Steamship POINT VAIL*, 901 F.2d 1044, 1051 (11th Cir. 1990) ("Rule B ... cannot be used purely for the purpose of obtaining security); *Chilean Line, Inc. v. U.S.*, 344 F.2d 757, 760 (2nd Cir. 1965); *Seawind Compagnia, S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2nd Cir. 1963); *Bay Casino, L.L.C. v. M/V ROYAL EMPRESS*, 20 F.Supp. 2d 440, 450 (E.D. N.Y. 1998).

Jurisdiction unquestionably exists here over Yanez: indeed, it is being exercised. Rule B attachment is thus unavailable.

### B. Texas Law

Seabulk alternatively alleges entitlement to a prejudgment attachment of Yanez's home and account under Texas procedural law, i.e., Section 61.001 and 61.002 of the Texas Civil Practice and Remedies Code.

Again, the statutory prerequisites are not met. "Attachment is a harsh, oppressive remedy; therefore, attachment is not available unless statutory safeguards are strictly observed." *S.R.S. World Wheels, Inc. v. Eulow*, 946 SW.2d 574, 575 (Tex. Civ. App. - Ft. Worth 1997). The statutory pre-requisites for a writ are:

- The defendant is justly indebted to the plaintiff;

- The attachment is not sought to injure or harass the defendant;

- The plaintiff will probably lose his debt unless the writ of attachment is issued; and

- Specific grounds for the writ exist under Section 61.002 of the Texas Civil Practice and Remedies Code.

*Id.*; Texas Civ. Prac. & Rem. Code Aun. §61.001 ( Vernon's1986).

Mere conclusory allegations do not suffice; to obtain a writ, the plaintiff must set forth specific evidentiary facts demonstrating that the statutory requirements are met. *S.R.S. World Wheels, Inc.*, 946 SW.2d at 575.

Further, if the amount owed is not liquidated and certain in amount, prejudgment attachment is not available under Texas law. "If a jury must determine the final amount of damages, then attachment will not lie." *S.R.S. World Wheels, Inc.*, 946 SW.2d at 575.

Seabulk cannot meet this burden. Indeed, it scarcely tries. Seabulk's full explanation regarding the statutory requirements is as follows: "... as indicated above, the requirements of §61.001 of the Texas CPRC have been met as defendants are justly indebted to Seabulk, the attachment is sought only to secure Seabulk's claim, availability for payment of the debt is in question and §61.002 grounds are met." [See *Seabulk's Supporting Memorandum* at 5].

This is a mere conclusory statement devoid of specific evidentiary substance. Although the "as indicated above" language promises earlier-presented facts, a perusal of the full memorandum reveals not one fact to establish that Yanez is indebted to Seabulk; or that Seabulk "will probably lose" its debt unless Yanez's home is attached; or that the alleged debt is liquidated. As the case law confirms, to merely allege that a defendant "is justly indebted to [plaintiff] ... [is an] unsubstantiated conclusory allegation [that] is not evidence." *S.R.S. World Wheels, Inc.*, 946 SW.2d at 575.

Contrary to Seabulk's suggestion, a meeting of the minds on settlement was never reached. And, in any case, Yanez personally never offered a penney. Inadmissible settlement talks plainly do not establish that Yanez owes a debt.

Seabulk's conclusory statements and innuendo do not satisfy the requirements of Texas law. The statutory prerequisites must be strictly enforced – and for good reason, given the extreme nature of the remedy. This is all the more true when, as here, plaintiff seeks to attach an individual's house and bank account to secure an alleged debt of another judicial entity – the corporation, Oceanografia – based on an extreme (and unproven) claim of corporate veil-piercing.

Seabulk's motion for a writ should be denied. Further, since the motion is so plainly without merit, Yanez's costs in opposing the motion should be taxed to Seabulk.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via **FACSIMILE**, this 22nd day of July, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

_____
**James H. Hunter, Jr.**