United States District Court
Southern District of Texas
FILED

JUL 2 4 2002

Michael N. Milby
Clerk of Court

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| | § | **CIVIL ACTION NO. B-01-094** |
| | § | |
| V. | § | **In Admiralty** |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**
**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**
**BY AMADO YANEZ OSUNA**
**AND MEMORANDUM IN SUPPORT THEREOF**

MAY IT PLEASE THE COURT:

Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd. (Seabulk Offshore),

(collectively "Seabulk"), Plaintiffs in the above styled cause, and pursuant to Rules 34(c) and 45

of the Federal Rules of Civil Procedure, move for an order compelling full and complete

responses to Interrogatories and Request for Production of Documents propounded on Defendant

Amado Yanez Osuna, in support of this motion, Seabulk shows as follows:

**I.    BACKGROUND**

Seabulk filed this case against Defendants, Oceanografia S.A. de C.V. and Amado Yanez

Osuna (collectively "Oceanografia"), on June 7, 2001, in the District Court for the United States

for the Southern District of Texas, Brownsville Division.  On January 22, 2002, Seabulk served

on Amado Yanez Osuna Interrogatories and Requests for Production of Documents.  (For

purposes this Motion, Amado Yanez Osuna will be referred to as "Yanez.")

Yanez did not respond in any form or fashion to these discovery requests until June 14,

2002.  These responses occurred only because the Court ordered responses to discovery to be

filed on or before June 14, 2002, at the conclusion of the hearing wherein Defendant's motion to dismiss and to quash discovery was overruled and Plaintiffs' motion for leave to amend was granted. (See: Minute Entry, attached hereto as Exhibit A.) A copy of Yanez' responses is attached as Exhibit B.

As will be shown in detail below, and similar to the discussion with respect to the responses of Oceanografia, the responses of Yanez are wholly incomplete, evasive, non-responsive and not in compliance with the requirements of the Federal Rules of Civil Procedure.

## II.    RESPONSES AND OBJECTIONS

A party must answer discovery, or present objections, within the time to answer discovery, or such objections are waived, generally thirty (30) days. Fed. R. Civ. P. 33(b)(1) and Fed. R. Civ. P 34. Even in the case where discovery requests are improper in their entirety, which is not the case here, this requirement is not relaxed. Accordingly, Yanez *should* have completely responded or objected properly on or before February 21, 2002. He did not do so.

When Yanez finally did answer, the responses are vague, they assert objections in a blanket, non-specific fashion, are not in compliance with the rules as in the case of documents claimed to be withheld on the basis of privilege and are not verified. Seabulk asserts that these objections and assertion of privilege have been waived, or if not waived, not properly presented to the Court.

This suit involves a claim for damages against *both* Oceanografia and Yanez [the Court having denied Yanez' motion to dismiss and motion to quash], with the allegation that there is no separateness of corporate identity; that is, that the corporate veil must be pierced, thereby making Yanez responsible for the damages, in addition to the corporate defendant, Oceanografia. Consequently, the financial history and related information of *both* Defendants is critical to a

resolution of this case, particularly in that this Court denied defendant's motion to dismiss as to the alter ego assertion.

Yet not surprisingly, Yanez has globally objected that discovery requests are irrelevant or otherwise objectionable, as did Oceanografia. It should also be pointed out that Yanez adopts the objections raised by Oceanografia, which were addressed in Seabulk's Motion to Compel the responses of Oceanografia. To the extent that the objections are construed to be incorporated in Yanez' responses, Seabulk will adopt and incorporate the arguments raised in its Motion to Compel as to Oceanografia's responses.

### A.    Responses Insufficient.

Specifically, the alleged answers of Yanez merely incorporate documents and information that were previously obtained by Seabulk and responds with limited information which Seabulk believes is not responsive. In Interrogatory No. 11 seeks particular financial information as to eight (8) different entities in which it is believed Yanez has an interest. Yet, Yanez' answer is that the only account he can access individually is at Merrill-Lynch. There is no particular information as to other accounts that relate to the eight entities as requested; in short, an incomplete and evasive response..

Interrogatory No. 19 inquires of potential parties. Yanez responds, "What is meant by "potential party" is unknown." This response is unbelievable, given that Yanez is a sophisticated businessman and he was assisted by counsel in the preparation of these answers.

In response to Requests for Production Nos. 11, 13, 25-34, Yanez responds that he does not possess or maintain Oceanografia accounting documents. However, it is undisputed that he is a shareholder in Oceanografia and, in fact, has been Oceanografia's General Director since 1998. Clearly, in these capacities, Yanez has responsive documents that are either in his

possession or under his control such that they can and should be produced.  It is also most interesting to note that Request for Production Nos. 25-34 are mirror images of Request for Production Nos. 26-27, 31, 33, 35-45, directed to Oceanografia.  In response to those requests, Oceanografia was also vague and evasive and objected improperly or referred simply to KPMG audit documents, which responses are the subject of Seabulk's Motion to Compel.  Clearly, both Oceanografia and Yanez are attempting to continue to delay, obfuscate and thwart the legitimate ends of discovery in this case.

### B.    Privilege(s), Objections and Protection.

In order to assert a privilege and withhold information on the basis of privilege, the party must serve a privilege log on the requesting party.  By so doing, the resisting party can provide information to the requesting party to allow the requesting party to evaluate the claim of privilege.  Fed. R. Civ. P. 26(b)(5).  Further, the resisting party must describe the nature of the material withheld.  Yanez has not complied with this requirement of the rule.

Where a privilege log may impose an unreasonable burden, the resisting party must also request a protective order.  Yanez has not filed for a protective order, despite the fact that several responses arguably assert that the request is overbroad, vague, and unduly burdensome.  (See: Responses to Request for Production Nos. 7, 11, 13, 18.)

Thus, Yanez has waived these complaints as it has  not timely filed a motion for protective order and there is no showing of "good cause" to protect the information.  Fed. R. Civ. P. 26 (c) and (c) (2).  Yanez has not taken any steps required by the rules to resist discovery and has failed to answer, or properly object to, numerous requests on the basis of privilege, namely Request for Production No. 7, 13, 18.

**C.    Vague, Overbroad and Premature.**

Yanez also generally objects that various requests are vague, overbroad, or unduly burdensome.  As to the vagueness or overbreadth objections, even if timely, they are not proper in this case.  Interrogatory No. 19 inquires as to potential parties.  Interrogatory No. 21 requests any information relating to *facts* supporting any potential counterclaim or defense in this case.  Clearly, those requests are specific and directly related to the issues in this case.  Yet, Yanez either fails to answer, or presents a general, non-specific objection to the request.

Request for Production Nos. 7, 11, 13, 18 and 24 request specific information concerning records and other documents, relating to accounting and financial procedures, correspondence and other financial information, clearly relating to this suit.  Yanez is a shareholder and General Director of Oceanografia; however, he asserts that these specific requests are somehow unintelligible and that he does not have the information.  As noted above, this type of objection, lodged improperly, is similar to the obstructionist tactics of Oceanografia and must not be allowed.

It should be noted that when counsel discussed the objections of lodged by Oceanografia, as addressed in correspondence from Seabulk to Oceanografia, counsel for Oceanografia and Yanez stated that the information provided by Yanez would serve to clear up the issues and concerns with respect to the responses of Oceanografia.  These responses did no such thing.  What it did was crystallize the fact that both Defendants here are refusing to answer in accordance with the rules and Yanez, in particular, is refusing to fully to comply with this Court's order of May 15, 2002.

**D.    Answers Not Verified.**

Fed. R. Civ. P. 33 (b)(1) provides that "Each interrogatory shall be answered separately and fully in writing under oath...." The interrogatory responses in this case were not answered under oath, there is no verification of any kind. Arguably, then, in addition to the reasons set forth above, these answers may not be considered appropriate responses. *Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D.C. Colo.), citing *Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970)  At the very least, it is an indication of the callous disregard by Yanez for compliance with the rules and can be viewed as an attempting to provide information which has not been reviewed and verified by the party himself.  Accordingly, this Court should not only overrule the improper objections and compel full and complete answers, but also should require Yanez to verify his answers in accordance with the rules.

## III.    CONCLUSION

As shown above, Amado Yanez Osuna has failed to comply with the mandates of the Federal Rules of Civil Procedure by failing to timely and fully lodge appropriate objections, supported by privilege logs where required, and by failing to fully respond to the discovery requests of Plaintiffs.  Given the length of time that such discovery requests have been outstanding, and considering that there has been no supplementation in the months since the discovery was propounded and because there is no excuse for Amado Yanez Osuna's refusal to provide full and complete responses, this Court should find that the objections are without merit. They could be more appropriately characterized as a blatant attempt to avoid production of responsive information.

Plaintiffs requests this Court order that the objections asserted in an untimely and improper fashion be overruled, that the assertion of any claim of privilege or for protection on

any other basis be overruled given Defendant's failure to comply timely and fully as required, and that discovery be compelled in full on all interrogatories and requests propounded to Defendant. Further, given Defendant's improper responses, Plaintiffs request this Court award attorneys' fees and expenses relating to the preparation of this motion.

WHEREFORE, Plaintiffs, Seabulk Towing and Seabulk Offshore, Ltd., move this Honorable Court to enter an Order overruling the objections of Amado Yanez Osuna and compel him to respond fully, an Order specifically finding that any and all objections that were not properly or timely asserted are waived; and, further, an Order requiring production of responsive information to the Interrogatories and Requests for Production previously served within (5) business days of the entry of the Order.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Counsel for Seabulk has conferred with Defendant Amado Yanez Osuna, who objects to the filing of this Motion.

James F. Buchanan

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 23rd day of July, 2002, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-3509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

James F. Buchanan

166602                                    8

2/22/02  36  MEMORANDUM by Amado Yanez Osuna  in support of [35-1]
             motion to dismiss, [35-2] motion to vacate attachment,
             [35-3] motion to quash discovery , filed (og)
             [Entry date 02/25/02]

3/14/02  37  RESPONSE by Seabulk Offshore LtD, Seabulk Towing Inc to
             [35-1] motion to dismiss, [35-2] motion to vacate
             attachment, [35-3] motion to quash discovery, filed. (lgar)
             [Entry date 03/18/02]

3/14/02  38  MOTION for leave to file Amended Complaint by Seabulk
             Offshore LtD, Seabulk Towing Inc. Frank Lowell McNiff Jr
             for counter-defendant Seabulk Towing Inc, Motion Docket
             Date 4/3/02 [38-1] motion, filed. (lgar)
             [Entry date 03/18/02]

3/21/02  39  Unopposed MOTION to continue submission date on motion to
             dismiss vacate attachment and alternatively for a
             protective order by Amado Yanez Osuna, Motion Docket Date
             4/10/02 [39-1] motion , filed. (og) [Entry date 03/22/02]

3/28/02  40  ORDER  granting [39-1] motion to continue submission date
             on motion to dismiss vacate attachment and alternatively
             for a protective order Reply to Response to Motion set to
             4/1/02 for [35-1] motion to dismiss , entered; Parties
             notified. ( signed by Magistrate Judge Felix Recio ) (og)

4/3/02  41   NOTICE of Hearing: Motion hearing before Magistrate Judge
             Felix Recio set for 2:00 4/24/02 for [38-1] motion for
             leave to file Amended Complaint, set for 2:00 4/24/02 for
             [35-1] motion to dismiss, set for 2:00 4/24/02 for [35-2]
             motion to vacate attachment, set for 2:00 4/24/02 for
             [35-3] motion to quash discovery before Magistrate Judge
             Felix Recio, filed. (lgar) [Entry date 04/04/02]

4/19/02  42  NOTICE OF SETTLEMENT by Oceanografia S A, Amado Yanez Osuna
             , filed (og) [Entry date 04/22/02]

4/23/02  43  NOTICE of Hearing: Motion hearing  before Magistrate Judge
             Felix Recio reset for 2:00 5/15/02   before Magistrate
             Judge Felix Recio , filed. (og)

5/14/02  44  MOTION for continuance of motion hearing of 05/15/02 until
             05/22/02 by Amado Yanez Osuna James H Hunter Jr for
             counter-claimant Amado Yanez Osuna, Motion Docket Date
             6/3/02 [44-1] motion , filed. (larr)

5/15/02  45  DESIGNATION OF EXPERT WITNESS LIST by Seabulk Offshore LtD,
             Seabulk Towing Inc  filed. (og) [Entry date 05/16/02]

5/15/02  --  Deadline updated; mooting [44-1] motion for continuance of
             motion hearing of 05/15/02 until 05/22/02. Hearing held
             b/Judge Recio 5/515/02. (og) [Entry date 05/17/02]

5/15/02  46  Minute entry: Motion Hearing held b/Judge Recio.  Apps:
             Frank L McNiff Jr. f/pltf; James Hunter f/dft. Court Grants
             [38-1] motion for leave to file Amended Complaint denying

EXHIBIT

A

[35-1] motion to dismiss denying [35-2] motion to vacate
attachment denying [35-3] motion to quash discovery Ct
Reporter: Mr. Hunter states settlement has been reached,
but dft can not pay the settlement all at once. Further
states Pltfs want a bond to secure their inters. Dft is
meeting w/bankers to discuss payment schedule. The parties
are in agreement to extend discovery deadlines. The Court
extends discovery to 8/2/02; Dispositive motion due 8/2/02.
Dft response to discovery by 6/14/02 and Jt pto due by
8/23/02. Court adjourned. Linda Garcia/ERO . (og)
[Entry date 05/17/02]

5/16/02   47   ORDER  reset scheduling order deadlines: Discovery cutoff
8/2/02 ; Motions for extension of time to complete discovery
by 8/15/02;Deadline for Dft to respondto discovery by
8/14/02; Deadline for filing all dispositive motions 8/2/02
; Pretrial order to be submitted on or before 8/23/02 ;
before Magistrate Judge Felix Recio   ; , entered; Parties
notified. ( signed by Magistrate Judge Felix Recio ) (og)
[Entry date 05/17/02]

5/24/02   48   NOTICE by Seabulk Offshore LtD, Seabulk Towing Inc  to take
deposition of Otto Candies LLC 6/20/02 at 10:00AM, filed.
(og) [Entry date 05/28/02]

6/17/02   49   Opposed MOTION for protective order by Oceanografia S A,
Amado Yanez Osuna, Motion Docket Date 7/7/02 [49-1]
motion , filed. (og) [Entry date 06/18/02]

6/17/02   50   ORDER  denying [49-1] motion for protective order , entered;
Parties notified. ( signed by Magistrate Judge Felix Recio
) (og) [Entry date 06/18/02]

6/27/02   51   Opposed MOTION for inclusion in Rule B Attachment of newly
discovered property of dfts by Seabulk Offshore LtD,
Seabulk Towing Inc, Motion Docket Date 7/17/02 [51-1]
motion , filed. (og)

6/27/02   52   Opposed MOTION for expedited hearing by Seabulk Offshore
LtD, Seabulk Towing Inc, Motion Docket Date 7/17/02 [52-1]
motion , filed. (og)

7/15/02   53   Transcript request for re: Entire Transcript on 5/15/02 by
Ct Reporter: Linda Garcia/ERO, filed. Transcript due
8/15/02 (og)

7/15/02   54   MOTION for extension of time to complete discovery  by
Seabulk Offshore LtD, Seabulk Towing Inc, Motion Docket
Date 8/4/02 [54-1] motion , filed. (og)
[Entry date 07/16/02]

7/16/02   55   ORDER  granting [52-1] motion for expedited hearing Motion
hearing  before Magistrate Judge Felix Recio set for 2:00
7/25/02 for [51-1] motion for inclusion in Rule B
Attachment of newly discovered property of dfts , entered;
Parties notified. ( signed by Magistrate Judge Felix Recio
) (og)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## RESPONSES TO INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES defendants, Oceanografia, S.A. de C.V. and Amado Yanez Osuna, who respond to the First Set of Interrogatories and Request for Production of Documents propounded to it by plaintiff, Seabulk Towing, Inc., as follows:

<u>INTERROGATORY NO 1:</u>

Identify, by full and correct name, including middle name and nicknames, the physical address of their respective residences, telephone numbers, driver's license numbers, Social Security numbers and dates of birth, all individuals who assisted in answering these Interrogatories and for each individual, specifically state the Interrogatory or Interrogatories (by number) each individual who assists in answering and the documents and things used in answering each respective Interrogatory.



**RESPONSE TO INTERROGATORY NO 1:**

Alfred J. Rufty III; Amado Yanez Osuna; Teddy Curole; Victor Reyes.

**INTERROGATORY NO 2:**

If any of the parties identified in Interrogatory No. 1 has been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty, false statement, or crime of moral turpitude, state the type of offense, the date of offense, the date of conviction, the cause number, the court, the country, and the state where the individual was tried or the case was handled.

**RESPONSE TO INTERROGATORY NO 2:**

Objection – irrelevant.

**INTERROGATORY NO 3:**

Please identify any and all persons having knowledge either directly or indirectly of any relevant facts or documents concerning the issues, claims, damages, and defenses in this lawsuit, and for each person listed state with particularity the substance of the relevant facts of which that person has knowledge. This list is not limited to the witnesses that will testify on OCEANOGRAFIA S.A. de C.V. or AMADO YANEZ OSUNA's behalf at trial, but necessarily includes each such witness. It is the position of Plaintiff SEABULK TOWING, INC. and SEABULK OFFSHORE, LTD. that any witness who testifies in this case will have to be identified in response to the Interrogatory and Plaintiff SEABULK TOWING, INC. and SEABULK OFFSHORE, LTD. will object to anyone who attempts to testify who is not identified in the answer to this Interrogatory.

2

## RESPONSE TO INTERROGATORY NO 3:

Objection. This interrogatory is vague, overbroad, and premature, as witness lists are not yet due to be exchanged, and all persons with potential knowledge are not yet known as our investigation into the facts and circumstances of this case is continuing. Further, it would be virtually impossible and over burdensome for each witness to state each and every single fact of which he or she has knowledge, either directly or indirectly, that may be of any relevance to any issue, claim, damage or defense of this case. This interrogatory therefore is not reasonably susceptible of being answered.

Subject to these objections, the following persons have substantial knowledge regarding issues in this case:

(a) Amado Yanez Osuna – an officer of Oceanografia, concerning the negotiation of the contracts at issue; the conduct of Oceanografia's operations; the relationship between Oceanografia and PEMEX; as well as the finances of his company; and communications with Seabulk and its representatives.

b) Teddy Curole – as vice director of operations, Mr. Curole has substantial knowledge regarding the operations of Oceanografia, including those concerning the various Seabulk vessels, and the interrelationship between Oceanografia and PEMEX.

(c) Victor Reyes – as an employee of Oceanografia with accounting responsibilities, Mr. Reyes is knowledgeable concerning the issuance of invoices by Oceanografia and the payment by Oceanografia of the invoices of other entities. Mr. Reyes is also knowledgeable concerning the company's finances generally and some of its bookkeeping and accounting practices.

(d) Valentine Angeles – Mr. Angeles also is an employee of Oceanografia with accounting responsibilities. He is knowledgeable on the same topics as listed above with respect to Mr. Reyes.

(c) Wesley Freeman – Mr. Freeman is also knowledgeable concerning the

3

operations of Oceanografia and to some extent with the company's dealings with Seabulk and Seabulk's vessels.

(f) The various and sundry Oceanografia vessel personnel who have worked aboard Seabulk vessel's have some knowledge concerning the operation of those vessels.

(g) KPMG – This accounting firm conducted an audit of the Oceanografia-Seabulk joint venture operation, and its personnel (specifically, those listed in the enclosed audit report) have knowledge concerning the finances of the joint venture operations.

## INTERROGATORY NO 4:

Identify every potential party to this lawsuit and each parties respective relationship to the Defendant in this lawsuit.

## RESPONSE TO INTERROGATORY NO 4:

It is not known what is meant by "Identify every potential party" to this lawsuit. This interrogatory is vague and confusing and it is objected to on these grounds.

## INTERROGATORY NO 5:

Identify and legal theories upon which OCEANOGRAFIA S.A. de C.V. relies on in prosecuting any claim or in establishing any defense in this case.

## RESPONSE TO INTERROGATORY NO 5:

Oceanografia refers Seabulk to the pleadings filed by Oceanografia into the record of this matter. In so responding, Oceanografia objects that discovery has just gotten underway and that the legal theories upon which Oceanografia may rely are not finally determined at this time. Oceanografia does not waive any rights they may otherwise have to amend its pleadings or otherwise pursue additional legal theories in this case.

4

**INTERROGATORY NO 6**:

Identify any facts upon which OCEANOGRAFIA S.A. de C.V. relies on asserting any counter-claims and/or defenses in this case.

**RESPONSE TO INTERROGATORY NO 6**:

As discovery is just getting underway, Oceanografia is not presently in a position to present all facts in support of its claims and defenses in this case; nor is Oceanografia required to do so at this early stage of the proceeding. Oceanografia accordingly objects to this interrogatory on grounds of prematurity, overbreadth, and vagueness.

Subject to these objections, Oceanografia alleges that the Seabulk vessels had significant and recurring engine problems during the terms of their charter to Oceanografia. The vessels were unseaworthy and Seabulk further failed to provide suitably qualified vessel personnel. As a result, Oceanografia incurred substantial downtime for which it was not paid by its customer PEMEX, causing substantial losses to Oceanografia.

Oceanografia also expended significant monies in repairing deficient conditions aboard the Seabulk vessels. These and other expenses of Oceanografia in connection with the joint venture operation should be recoverable from Seabulk. Further, Seabulk failed to provide adequate administration or funding of the joint venture enterprise.

Finally, the defendant's investment accounts with Merrill-Lynch were wrongfully attached. Seabulk lacked any reasonable basis at the time of the attachment (and still lacks any such basis now) to maintain that Oceanografia is essentially a sham corporation and that its separate existence as a legal entity has been so ignored as to impose liability upon Mr.

Yanez for the company's alleged debts.

With respect to Seabulk's claims, Seabulk alleges that it is entitled to payment for expenses that have already been paid and that represent losses relating to the unseaworthy condition of its own vessels. Further, Seabulk fails to properly deduct from the amounts allegedly owed the proper and appropriate joint venture expenses incurred by Oceanografia; and otherwise inflates its claim.

## INTERROGATORY NO 7:

For any statements obtained, but not limited to oral, written or video-taped statements taken by Defendant , or taken on Defendant's behalf, relating to the facts that are the subject of this litigation, please state the following:

a. The identity of the person who gave or made the statement.
b. The date when the statement was taken.
c. The substance of the statement.
d. The identity of the person who took the statement.
e. Whether the statement was reduced to writing.
f. The present location of the statement and the identity of the person now in possession of the statement.
g. Whether Defendant will, without a formal request to produce, attach a copy of all statement described in the answer to this interrogatory.

## RESPONSE TO INTERROGATORY NO 7:

None.

## INTERROGATORY NO 8:

Identify with particularity any and all written agreements executed between Defendant and Plaintiff.

**RESPONSE TO INTERROGATORY NO 8:**

Seabulk already is in possession of all written agreements executed between defendant and plaintiff.

**INTERROGATORY NO 9:**

Please enumerate and identify with particularity all financial accounts in which Defendant has a financial, capital, profit or pecuniary interest and which were used in any way in conducting business of Scabulk Offshore de Mexico S.A. de C.V. or used in any way in conducting the business of vessels chartered to Defendant.

**RESPONSE TO INTERROGATORY NO 9:**

This information has been requested, and this response will be supplemented upon its receipt.

**INTERROGATORY NO 10:**

Attereep.

Please list all credit card and credit card accounts issued to Defendant and used to pay expenses of Amado Yanez Osuna, specifically including but not limited to the card's issuing entity, account number, authorized user(s), and issuance date.

**RESPONSE TO INTERROGATORY NO 10:**

Oceanografia objects to this interrogatory on grounds of relevance and on the further ground that Oceanografia's accounts with financial institutions constitute protected proprietary information.

**INTERROGATORY NO 11:**

Please list all wire transfers either received or initiated by Defendants and related to

the charter or sub-charter of the vessels or expenditures of or on the behalf of the vessels or any joint venture, specifically including the wire transfer number, the origin account number, the destination account number, the originating party's trade/business name, the receiving party's trade/business name.

**RESPONSE TO INTERROGATORY NO 11**:

See documents enclosed in response to Seabulk's request for production of documents. See also the KPMG audit report (enclosed).

**INTERROGATORY NO 12**:

Please state the relationship between Oceanografia de Mexico S.A. de C.V. and:

a.   Maritima Mexicana S.A. de C.V.
b.   Afranzadora Insurgentes S.A. de C.V.
c.   Soler International
d.   N/O Miguel A. Zenteno
e.   N/O Grupo Carati

**RESPONSE TO INTERROGATORY NO 12**:

a.   This is a company that charters vessel from Oceanografia.

b.   A bonding company that has provided services to Oceanografia.

c.   A bonding company that has provided services to Oceanografia.

d.   An employer-employee relationship, as Mr. Zenteno works for Oceanografia.

e.   A defunct, former company in which an officer of Oceanografia formerly had an interest.

**INTERROGATORY NO 13**:

Please describe and identify any policy, plan, procedure, protocol, or methodology

8

describing or relating to the recordation, levying and accountancy of income and expenditures for the vessels, including but not limited to: acquisition fees, brokerage fees, handling fees or commission, marketing fees, port expenses and fees, agency expenses and fees, manifest charges, marketing expenses and fees, fuel expenses and fees, crew expenses and fees, hiring fees and expenses, lubrication expenses and fees, groceries and other necessaries expenses and fees charged by Defendant for expenses in operation of the vessels including.

**RESPONSE TO INTERROGATORY NO 13:**

Oceanografia objects on the grounds that this interrogatory is vague and confusing.

**INTERROGATORY NO 14:**

Please describe and identify any and all accounting procedures or standards employed by Defendant, its subsidiary, affiliate, joint-venturer or parent organization, e.g. whether income is recorded on a cash or accrual basis, procedures and standards for the recordation of expenses and/or account payables, procedures and standards for the recordation of wages and crew expenses, procedures and standards for the accountancy of inventory, including depreciation and amortization policies, etc.

**RESPONSE TO INTERROGATORY NO 14:**

Oceanografia objects on the grounds that this interrogatory is vague and confusing.

**INTERROGATORY NO 15:**

Please list with particularity all entities, including but not limited to partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries and/or parent entities that either

have a financial, capital, or profit interest in Defendant or that Defendant has a financial, capital, or profit interest in.

## RESPONSE TO INTERROGATORY NO 15:

Objection. This interrogatory calls for information that is not relevant to the contract dispute between the parties in this case. It also calls for sensitive proprietary business information that is privileged from disclosure. Subject to these objections, however, the answer is none.

## INTERROGATORY NO 16:

Identify with particularity any and all financial accounts, wherever located that Defendant, its officers and directors, has a possessory interest in the account of access to the account, specifically including but not limited to identification of financial institution, account number, and address of financial institution that Amado Yanez Osuna has transferred money into or out of within the preceding five (5) years.

## RESPONSE TO INTERROGATORY NO 16:

Objection. This interrogatory calls for information that is not relevant to the contract dispute between the parties in this case. It also is overly burdensome and calls for sensitive proprietary business information that is privileged from disclosure.

## INTERROGATORY NO 17:

Identify any and all financial accounts that Defendant has deposited funds derived from charter or sub-charter of the vessels or accounts that Defendant has withdrawn funds from to pay expenditures of or on the behalf of the vessels or any joint venture.

**RESPONSE TO INTERROGATORY NO 17:**

This information has been requested and will be provided by supplementary response.

**INTERROGATORY NO 18:**

If Defendant contends that either Plaintiff is estopped from suing on a charter agreement for a particular vessel or joint-venture agreement, or Plaintiff did not perform its contractual obligations, explain with particularity what part of the Plaintiff's contractual obligations it did not perform, including a description of the obligation and the exact time, date, duration and place of Plaintiff's nonperformance.

**RESPONSE TO INTERROGATORY NO 18:**

See response to Interrogatory No. 6.

**INTERROGATORY NO 19:**

If Defendant contends the parties modified the terms of a charter agreement, vessel management agreement or joint-venture agreement, state with particularity how and when the parties modified the agreement, including the substance of said modification, whether the modification was oral or written, the dates of the modification, and the persons present during the modification.

**RESPONSE TO INTERROGATORY NO 19:**

Objection. This interrogatory calls for a legal conclusion and is premature as discovery has just commenced. As discovery progresses, Oceanografia will supplement this response, as appropriate.

**INTERROGATORY NO 20:**

11

If Defendant contends any party to the charter agreement, vessel management agreement or joint-venture agreement canceled the agreement, state with particularity all facts supporting the contention.

## RESPONSE TO INTERROGATORY NO 20:

See response to Interrogatory No. 19

## INTERROGATORY NO 21:

If Defendant contends its performance of the charter agreement, vessel management agreement or joint-venture agreement was impossible, state with particularity all facts supporting the contention.

## RESPONSE TO INTERROGATORY NO 21:

See response to Interrogatory No. 19

## INTERROGATORY NO 22:

If Defendant contends any party to the charter agreement, vessel management agreement or joint-venture agreement rescinded the agreement, state with particularity all facts supporting the contention.

## RESPONSE TO INTERROGATORY NO 22:

See response to Interrogatory No. 19

## INTERROGATORY NO 23:

If Defendant contends Plaintiff has not performed any act, or a condition precedent has not occurred, that is necessary for it to file suit, state with particularity the act or event defendant alleges has not occurred.

**RESPONSE TO INTERROGATORY NO 23:**

See response to Interrogatory No. 19

**INTERROGATORY NO 24:**

For each other lawsuit, civil or criminal, in which Defendant, or its partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, or parent entities has been engaged in within the preceding five (5) years, state the date, court, style, docket number and resolution of the case.

**RESPONSE TO INTERROGATORY NO 24:**

Objection – irrelevant. In any event, the only lawsuits that Oceanografia has been involved in over the past five years are:

a.    This suit;

b.    The related suit brought by Hvide Marine Towing in the United States District Court for the Eastern District of Louisiana in 2000 (C.V. Action No. 01-0676);

c.    A lawsuit brought by Oceanografia against Marmex (i.e. Maritima Mexicana S.A. de C.V.) for damages arising from a casualty involving a vessel; this suit is pending in the courts of Mexico.

## REQUEST FOR PRODUCTION OF DOCUMENTS:

**REQUEST NO. 1:**

Please produce all reports, including observations and opinions, of each and every expert who will be called as a witness by Plaintiff in this cause.

**RESPONSE TO REQUEST NO. 1:**

Objection – premature. The date for producing expert reports has not yet arrived.

Further, Oceanografia has not yet determined what experts it will call.

REQUEST NO. 2:

Please reduce to tangible form, the subject matter on which the expert is expected to testify, the mental impressions and opinions held by the expert, and the facts known which relate to or form the basis of the mental impressions and opinions held by the expert.

RESPONSE TO REQUEST NO. 2:

See response to Request No. 1.

REQUEST NO. 3:

Please produce all documentation, including pleadings and settlement documents, which pertain to any lawsuit in which Defendant has ever been engaged, and as referenced in Interrogatories Number 2, 16 and 17.

RESPONSE TO REQUEST NO. 3:

Objection — overbreadth, irrelevance, work product doctrine, attorney-client privilege, confidentiality. (Oceanografia has been in business for 34 years, and this request is unreasonable and inappropriate).

REQUEST NO. 4:

Please produce all statements pertaining to the transactions made the basis of this suit taken from this Plaintiff's employees and in the possession of Defendant's attorneys or agents.

RESPONSE TO REQUEST NO. 4:

None.

14

**REQUEST NO. 5:**

Please produce all non-privileged reports, audits, financial or accounting reviews, consultant records or reports pertaining to the transactions made the basis of this suit.

**RESPONSE TO REQUEST NO. 5:**

See enclosed KPMG audit report. (All documents upon which this audit report was based were transmitted to KPMG and reportedly forwarded to Seabulk).

**REQUEST NO. 6:**

If Defendant or his attorney retained an investigator regarding the allision between the SEABULK TAMMANY and PEMEX, please produce a complete copy of all investigative materials, including but not limited to, correspondence, reports, statements, diagrams, photos, diaries, et cetera, prepared by such investigator up until the date of the filing of Plaintiff's Original Petition, and including any settlement releases and/or judgments, and any record of any reimbursement from a Protection and Indemnity underwriter.

**RESPONSE TO REQUEST NO. 6:**

Objection – work-product doctrine, attorney-client privilege.

**REQUEST NO. 7:**

Please produce any written memorandum, document, note or other piece of physical and/or documentary evidence which you intend to use at the time of trial in your case in chief, rebuttal or for impeachment purposes against Plaintiff.

**RESPONSE TO REQUEST NO. 7:**

Objection – prematurity. Oceanografia has not yet determined what exhibits it will

introduce at trial, nor is it required to identify them at this time.

## REQUEST NO. 8:

Please produce copies of all records or other documents received by or prepared by you, pertaining to Defendant's claims, damages and defenses made the basis of this lawsuit.

## RESPONSE TO REQUEST NO. 8:

This request is objected to as overbroad, vague, and over burdensome. Further, some documents pertaining to this suit are privileged under the attorney-client privilege and the work-product doctrine.

## REQUEST NO. 9:

Please produce all consolidated financial statements for Oceanografia de Mexico S.A. de C.V. from 1998 to present.

## RESPONSE TO REQUEST NO. 9:

Oceanografia objects on grounds of relevance and that its financial statements contain proprietary business information that is protected from disclosure.

## REQUEST NO. 10:

Please produce all consolidated financial statements for Otto Candies and Defendant from 1998 to present.

## RESPONSE TO REQUEST NO. 10:

None.

## REQUEST NO. 11:

Please produce all financial reports related to the charter or sub-charter of the vessels,

or related to the expenditures of or on the behalf of the vessels, including but not limited to cash flow statements,

**RESPONSE TO REQUEST NO. 11**:

See enclosed KPMG audit report.

**REQUEST NO. 12**:

Please produce any and all documents describing or relating to accounting procedures or standards employed by Defendant, its subsidiary, affiliate, joint-venturer or parent organization, e.g. whether income is recorded on a cash or accrual basis, procedures and standards for the recordation of expenses and/or account payables, procedures and standards for the recordation of wages and crew expenses, procedures and standards for the accountancy of inventory, including depreciation and amortization policies, etc.

**RESPONSE TO REQUEST NO. 12**:

Oceanografia objects that this request is vague and confusing. Further, under one of many potential interpretations, this request would call for all accounting documents ever produced by Oceanografia.

**REQUEST NO. 13**:

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy of income and expenditures for the vessels, including but not limited to: acquisition fees, brokerage fees, handling fees or commission, marketing fees, port expenses and fees, agency expenses and fees, manifest charges,

marketing expenses and fees, fuel expenses and fees, crew expenses and fees, hiring fees and expenses, lubrication expenses and fees, groceries and other necessaries expenses and fees charged by Defendant for expenses in operation of the vessels including.

**RESPONSE TO REQUEST NO. 13:**

See response to Request No. 12.

**REQUEST NO. 14:**

Please produce all tax returns for the preceding five (5) years pertaining to Defendant and any entity related to the charter or sub-charter of the vessels or payment of the expenditures of or on the behalf of the vessels or any joint venture that Defendant has or had a possessory interest.

**RESPONSE TO REQUEST NO. 14:**

Oceanografia objects on grounds of relevance and that this request calls for proprietary business information that is protected from disclosure.

**REQUEST NO. 15:**

Please produce all records, since 1998, of income and sources of income derived by Defendant, and related to the charter or sub-charter of the vessels or expenditures of or on the behalf of the vessels.

**RESPONSE TO REQUEST NO. 15:**

See enclosed documents and enclosed KPMG audit report. See also the documents upon which the KPMG audit report was based, which on information and belief already was

forwarded to Seabulk.

**REQUEST NO. 16**:

Please produce all charter agreements entered into since 1998, which relate to the charter or sub-charter of the vessels, whether to PEMEX or any other entity, including but not limited to Defendant or any business entity or Joint Venture in which Defendant had a financial or possessory interest.

**RESPONSE TO REQUEST NO. 16**:

Seabulk already is in possession of all charter agreements for its vessels.

**REQUEST NO. 17**:

Please produce any and all charter agreements entered into by Defendant with Plaintiff, on the behalf of Plaintiff, or related to the joint-venture between Plaintiff and Defendant, their subsidiary, affiliate, joint-venturer or parent organization within the five (5) years prior to the present year.

**RESPONSE TO REQUEST NO. 17**:

Seabulk already is in possession of all charter agreements between Oceanografia and Seabulk entities.

**REQUEST NO. 18**:

For all charter agreements entered into between Defendant and any third party(ies) since 1998 and related to the charter or sub-charter of the vessels, whether to PEMEX or any other entity, including but not limited to Defendant or any business entity or Joint Venture in which Defendant had a financial or possessory interest, please produce the corresponding

vessel log, captain's log and vessel status reports for each chartered vessel.

**RESPONSE TO REQUEST NO. 18:**

Oceanografia objects to this request on grounds of relevance insofar as the request calls for information concerning Oceanografia's charters with third-parties unrelated to this suit. Further, Oceanografia's documents pertaining to its contracts with other entities uninvolved with this litigation constitute protected proprietary business information. Further, it would be unduly burdensome for Oceanografia to have to respond to this request. Subject to these objections, see the enclosed documents.

**REQUEST NO. 19:**

Please produce the vessels logs for the vessels SEABULK CAROLYN, SEABULK CAMERON, SEABULK AUSTIN, SEABULK BATON ROUGE, SEABULK SABINE, up to and including May 11, 2000.

**RESPONSE TO REQUEST NO. 19:**

Oceanografia is endeavoring to locate and copy these documents (to the extent in its possession) and will supplement this response when the documents become available. Further, however, Oceanografia objects that this request is not reasonably limited in time inasmuch as there is no starting date for the logs requested.

**REQUEST NO. 20:**

Please produce the vessel logs for the vessel SEABULK KATIE up to and including July, 12, 2000.

**RESPONSE TO REQUEST NO. 20**:

None.

**REQUEST NO. 21**:

Please produce the vessel status reports and invoices for charters of all vessels to PEMEX.

**RESPONSE TO REQUEST NO. 21**:

See enclosed documents.    See also the KPMG audit reports and underlying documents.

**REQUEST NO. 22**:

Please produce any and all joint-venture agreements entered into by Defendant with Plaintiff or other party, within the five (5) years prior to the present year, and related to the operation of crew and/or supply vessels in the Gulf of Mexico.

**RESPONSE TO REQUEST NO. 22**:

Seabulk already is in possession of the joint venture agreement entered into between itself and Oceanografia.  As to any other joint venture agreements entered into between Oceanografia and other entities uninvolved in this suit, they are not relevant and further are protected proprietary business records. Subject to these objections, Oceanografia has no such joint venture agreements, except for the one with Seabulk.

**REQUEST NO. 23**:

Please produce all shareholder agreements entered into on behalf of Defendant, its

21

partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, or parent entities,

relating to any joint-venture agreement with Plaintiff.

## RESPONSE TO REQUEST NO. 23:

Already in the possession of Seabulk.

## REQUEST NO. 24:

Please produce all articles of incorporation, bylaws, corporate minutes, incorporation

filing and registration for Seabulk Offshore de Mexico S.A. de C.V.

## RESPONSE TO REQUEST NO. 24:

All such documents as exist will be produced upon receipt.

## REQUEST NO. 25:

Please produce copies of all records or other documents received by or prepared by

you, pertaining to account statements, monetary transaction documentation and/or

correspondence, and all financial documentation.

## RESPONSE TO REQUEST NO. 25:

This request for "all financial documentation" is vague, overbroad, calls for irrelevant

documents, and is insusceptible of a reasonable response.  This request also may call for

documents protected by the attorney-client privilege and the work-produce doctrine and

protected proprietary business documentation unrelated to Seabulk.

## REQUEST NO. 26:

Please produce all credit card and credit card account statements issued t o Defendant

since 1998 and referred to in Interrogatory Number 24.

22

**RESPONSE TO REQUEST NO. 26**:

Oceanografia objects on grounds of irrelevance and on the ground that this request calls for proprietary financial information that is protected from disclosure.

**REQUEST NO. 27**:

Please produce all wire transfers, or copies of transfers, and wire transfer instructions initiated by Defendants for all transfers to Amado Yanez Osuna

**RESPONSE TO REQUEST NO. 27**:

See response to Request No. 26.

**REQUEST NO. 28**:

Please produce all wire transfers, or copies of transfer, and all confirmations, receipts or deposit advice received by Defendants from Amado Yanez Osuna.

**RESPONSE TO REQUEST NO. 28**:

See response to Request No. 26.

**REQUEST NO. 29**:

Please produce copies of all records or other documents received by or prepared by you, including all invoices for charter hire to PEMEX.

**RESPONSE TO REQUEST NO. 29**:

See enclosed documentation. Further, see the KPMG audit report, and the documents sent to KPMG which, on information and belief, already are in Seabulk's possession.

**REQUEST NO. 30**:

Please produce copies of all records or other documents received by or prepared by

23

you, including all invoices for charter hire to any third party for the vessels since 1998.

**RESPONSE TO REQUEST NO. 30:**

This request is vague and confusing, as it is not known what is meant by "all records

... received by or prepared by you ... for the vessels." If it means every document relating

in any way to the vessels, it is redundant and overburdensome. Subject to these objections,

see response to Request No. 29.

**REQUEST NO. 31:**

Please produce copies of all records or other documents received by or prepared by

you, including any ledger and subsidiary ledger showing income and expenditures for the

vessels since 1998.

**RESPONSE TO REQUEST NO. 31:**

See response to Request No. 30.

**REQUEST NO. 32:**

Please produce copies of all records or other documents received by or prepared by

you, including invoices and receipts for expenditures for the vessels since 1998.

**RESPONSE TO REQUEST NO. 32:**

See response to Request No. 30.


**REQUEST NO. 33:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating

to the recordation, levying and accountancy for revenue pertaining to equipment rental

furnished to PEMEX and others from 1998 to present.

**RESPONSE TO REQUEST NO. 33:**

This request does not call for the production of any documents.

**REQUEST NO. 34:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy for revenue pertaining to per diem charges for room and board for PEMEX workers on the vessels from 1998 to present.

**RESPONSE TO REQUEST NO. 34:**

See response to Request No. 33.

**REQUEST NO. 35:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to port expenses and fees for the vessels since 1998.

**RESPONSE TO REQUEST NO. 35:**

This request is vague and confusing, as it is not known what is meant by "all records ... received by or prepared by you ... for the vessels." If it means every document relating in any way to the vessels, it is redundant and overburdensome. Subject to these objections, see enclosed documents. See also the KPMG audit report, and the KPMG documents which on information and belief are already in Seabulk's possession. If any further documents are discovered pertaining to the expense categories mentioned in the request, this response will be supplemented accordingly.

**REQUEST NO. 36:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to agency expenses and fees for the vessels since 1998.

**RESPONSE TO REQUEST NO. 36:**

See response to Request No. 35.

**REQUEST NO. 37:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to manifest charges and fees for the vessels since 1998.

**RESPONSE TO REQUEST NO. 37:**

See response to Request No. 35.

**REQUEST NO. 38:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to marketing expenses and fees for the vessels since1998.

**RESPONSE TO REQUEST NO. 38:**

See response to Request No. 35.

**REQUEST NO. 39:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to fuel expenses and fees for the vessels since 1998.

**RESPONSE TO REQUEST NO. 39:**

See response to Request No. 35.

26

**REQUEST NO. 40:**

Please produce any and all documentation, records or materials regarding the purchase of fuel by Defendant, its subsidiary, affiliate, joint-venturer or parent organization, relating to vessels chartered from Plaintiff or any Joint Venture in the Gulf of Mexico Region since 1998.

**RESPONSE TO REQUEST NO. 40:**

See response to Request No. 35.

**REQUEST NO. 41:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to crew expenses, fees and wages for the vessels since 1998.

**RESPONSE TO REQUEST NO. 41:**

See response to Request No. 35.

**REQUEST NO. 42:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to lubrication expenses and fees for the vessels since 1998.

**RESPONSE TO REQUEST NO. 42:**

See response to Request No. 35.

**REQUEST NO. 43:**

Please produce copies of all records or other documents received by or prepared by

you, including documents pertaining to groceries and other necessaries expenses and fees for the vessels since 1998.

**RESPONSE TO REQUEST NO. 43:**

Sec response to Request No. 35.

**REQUEST NO. 44:**

Please produce any and all documentation, records or materials regarding the expenditure of monies on repairs, repair parts or maintenance and upkeep relating to vessels' owned or chartered from Plaintiff to Defendant or the relating to any joint-venture entered into by Defendant and Plaintiff.

**RESPONSE TO REQUEST NO. 44:**

See response to Request No. 35.

**REQUEST NO. 45:**

Please produce all invoices pertaining to parts and equipment, and relating to the vessels and/or the joint venture between Plaintiff and Defendant.

**RESPONSE TO REQUEST NO. 45:**

See response to Request No. 35.

**REQUEST NO. 46:**

Please produce all invoices for sub-charterers of all vessels in the Gulf of Mexico region, to those other than to PEMEX.

**RESPONSE TO REQUEST NO. 46:**

See response to Request No. 35.

## SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Please produce all documentation, including pleadings and settlement documents, which pertain to any lawsuit in which Defendant has ever been engaged, and as referenced in Interrogatories Number 2 and 24 included in Plaintiff's First Set of Interrogatories, and Requests for to Defendant Oceanografia S.A.

**RESPONSE TO REQUEST NO. 1:**

Objection. This request is overbroad and calls for documents protected by attorney-client privilege and the work-product doctrine. It also, in calling for "all documentation ... which pertains to any lawsuit in which defendant has ever been engaged," calls for much documentation that is irrelevant to the present case.

**REQUEST NO. 2:**

Please produce all credit card and credit card account statements issued to Defendant since 1998 and referred to in Interrogatory Number 10 included in Plaintiff's First Set of Interrogatories, and Requests for to Defendant Oceanografia S.A.

**RESPONSE TO REQUEST NO. 2:**

This requests calls for information that is not relevant to the present suit. It also calls for information that is protected as proprietary business information that need not be disclosed.

* * * * * * * * * * * * *

Respectfully submitted,

HARRIS & RUFTY, L.L.C.

By: _____
Rufus C. Harris III (Admission No. 29458)
Alfred J. Rufty III (Admission No. 29457)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this ____4____ day of February, 2002.

_____
Alfred J. Rufty III

31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## RESPONSES TO INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES defendant, Amado Yanez Osuna, who responds to the First Set of

Interrogatories and Request for Production of Documents propounded to it by plaintiff,

Seabulk Towing, Inc., as follows:

## INTERROGATORIES

## INTERROGATORY NO 1:

Identify with particularity any and all written agreements executed between Defendant

and Plaintiff.

## RESPONSE TO INTERROGATORY NO 1:

None.

1

## INTERROGATORY NO 2:

Identify with particularity any and all written agreements executed between Defendant and Oceanografia.

## RESPONSE TO INTERROGATORY NO 2:

See Shareholders Agreement (Exhibit "A").

## INTERROGATORY NO 3:

Please enumerate and identify with particularity all financial accounts in which Defendant has a financial, capital, profit or pecuniary interest and which were used in any way in conducting business with Seabulk Offshore de Mexico S.A. de C.V., Oceanografia S.A. de C.V. or used in any way in conducting the business of vessels chartered to Oceanografia.

## RESPONSE TO INTERROGATORY NO 3:

None; or alternatively, except to the extent of Merrill-Lynch records already produced.

## INTERROGATORY NO 4:

Please list all credit cards and credit card accounts issued to AMADO YANEZ OSUNA by entities listed in Interrogatory No. 7 or entities listed if Defendant's response to Interrogatory No. 9 and used for personal purchases.

## RESPONSE TO INTERROGATORY NO 4:

Yanez has been issued no credit cards except by Oceanografia, as detailed in the Merrill-Lynch records already produced.

2

**INTERROGATORY NO 5:**

Please list all credit cards and credit card accounts issued to AMADO YANEZ OSUNA and used for business purchases relating to entities listed in Interrogatory No. 7 or entities listed in Defendant's response to Interrogatory No. 9, specifically including but not limited to the card's issuing entity, account number, authorized user(s), and issuance date.

**RESPONSE TO INTERROGATORY NO 5:**

See response to no. 4.

**INTERROGATORY NO 6:**

Please list all wire transfers either received or initiated by Defendant since 1998 relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9, specifically including the wire transfer number, the origin account number, the destination account number, the originating party's trade/business name, the receiving party's trade/business name.

**RESPONSE TO INTERROGATORY NO 6:**

See enclosed Exhibit "B".

**INTERROGATORY NO 7:**

Please state the relationship between AMADO YANEZ OSUNA and:

    a. Maritima Mexicana S.A. de C.V.
    b. Afranzadora Insurgentes S.A. de C.V.
    c. Soler International
    d. N/O Miguel A. Zenteno
    e. N/O Grupo Carati
    f. Oceanografia de Mexico S.A. de C.V.
    g. Seabulk Offshore de Mexico S.A. de C.V.
    h. PEMEX

**RESPONSE TO INTERROGATORY NO 7:**

       a. None.
       b. None.
       c. None.
       d. Miquel Zenteno is a friend.
       e. Yanez was a principal in this company, which no longer exists.
       f. None.
       g. Shareholder.
       h. None.

**INTERROGATORY NO 8:**

Please list any and all assets possessed by Defendant within the United States of America, including but not limited to real property, motor vehicles, chattels, mineral rights and/or bank accounts, specifically including a detailed property description, date of purchase, monetary value, and current asset location.

**RESPONSE TO INTERROGATORY NO 8:**

Part owner in home (mortgaged) in Sugarland, Texas (address: 5 Camden Court, Sugarland, Texas 77479); lessee of two cars: Mercedes 320SLK, Sugarland, Texas, Range Rover, Sugarland, Texas; account at Chase Bank (account #179-9061735-65) in Houston (value approximately $10,000).

**INTERROGATORY NO 9:**

Please enumerate all employment capacities held by Defendant since 1998 and describe with specificity each job's employment description, including the duties and responsibilities of each job.

4

**RESPONSE TO INTERROGATORY NO 9**:

Yanez has been employed exclusively by Oceanografia as General Director since 1998 (as for duties, see attached Shareholders Agreement).

**INTERROGATORY NO 10**:

Please list with particularity all entities, including but not limited to partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, and/or parent entities that Defendant has a financial, capital, or profit interest in.

**RESPONSE TO INTERROGATORY NO 10**:

Oceanografia S.A. de C.V.; Transportes Navieros Y Terrestres, S.A. de C.V. , and Seabulk de Mexico, S.A. de C.V.

**INTERROGATORY NO 11**:

Identify with particularity any and all financial accounts relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9, wherever located, that Defendant has a possessory interest in the account or access to the account, specifically including but not limited to identification of financial institution, account number, and address of financial institution where monies have been transferred into or out of within the preceding five (5) years.

**RESPONSE TO INTERROGATORY NO 11**:

The only account that Yanez can access individually is at Merrill-Lynch (see records previously produced). WHICH ONE(S)

5

**INTERROGATORY NO 12:**

Identify any and all financial accounts that Defendant has deposited or received funds derived from any relationship with Oceanografia S.A. de C.V., Seabulk Offshore de Mexico S.A. de C.V., Otto Candies and PEMEX.

**RESPONSE TO INTERROGATORY NO 12:**

None with respect to Seabulk, Otto Candies, or PEMEX. Yanez has of course received payments from his employer, Oceanografia (account information to be provided upon receipt).

**INTERROGATORY NO 13:**

Please identify any and all information or knowledge relating to the accounting procedures or standards employed by Oceanografia S.A. de C.V., its subsidiary, affiliate, joint-venturer or parent organization, e.g. knowledge regarding whether income is recorded on a cash or accrual basis, procedures and standards f or the recordation of expenses and/or account payables, procedures and standards for the recordation of wages and crew expenses, procedures and standards for the accountancy of inventory, including depreciation and amortization policies, etc.

**RESPONSE TO INTERROGATORY NO 13:**

Yanez is not an expert in accounting. Accountants at Oceanografia handle the company's accounting matters. Subject to this, on information and belief, Yanez believes that income is recorded on an accrual basis; as for recording procedures, see *en globo* Exhibit "C".

## INTERROGATORY NO 14:

Please identify any and all information or knowledge relating to policies, plans, procedures, protocols, or methodologies describing or relating to the recordation, levying and accountancy of income and expenditures for the vessels, including but not limited to: acquisition fees, brokerage fees, handling fees or commission, marketing fees, port expenses and fees, agency expenses and fees, manifest charges, marketing expenses and fees, fuel expenses and fees, crew expenses and fees, hiring fees and expenses, lubrication expenses and fees, groceries and other necessaries expenses and fees charged by Oceanografia S.A. de C.V. for expenses in operation of the vessels including.

## RESPONSE TO INTERROGATORY NO 14:

See response to no. 13 and Exhibit "C".

## INTERROGATORY NO 15:

For each other lawsuit, civil or criminal, in which Defendant, or his partnerships, affiliations, joint-ventures, strategic alliances, subsidiaries, or parent entities has been engaged in within the preceding five (5) years, state the date, court, style, docket number and resolution of the case.

## RESPONSE TO INTERROGATORY NO 15:

None.

## INTERROGATORY NO 16:

Identify, by full and correct name, including middle name and nicknames, the physical address of their respective residences, telephone numbers, driver's license numbers, Social

Security numbers and dates of birth, all individuals who assisted in answering these Interrogatories and for each individual, specifically state the Interrogatory or Interrogatories (by number) each individual who assists in answering and the documents and things used in answering each respective Interrogatory.

## RESPONSE TO INTERROGATORY NO 16:

Amado Yanez and Alfred Rufty. Yanez can be reached through Oceanografia or through Alfred Rufty. Seabulk's counsel already possesses adequate information concerning Alfred Rufty.

## INTERROGATORY NO 17:

If any of the parties identified in Interrogatory No. 16 has been convicted of a crime punishable by imprisonment in excess of one year or involving dishonesty, false statement, or crime of moral turpitude, state the type of offense, the date of offense, the date of conviction, the cause number, the court, the country, and the state where the individual was tried or the case was handled.

## RESPONSE TO INTERROGATORY NO 17:

None.

## INTERROGATORY NO 18:

Please identify any and all persons having knowledge either directly or indirectly of any relevant facts or documents concerning the issues, claims, damages, and defenses in this lawsuit, and for each person listed state with particularity the substance of the relevant facts of which that person has knowledge. This list is not limited to the witnesses that will testify

on AMADO YANEZ OSUNA'S or OCEANOGRAFIA S.A. de C.V. behalf at trial, but

necessarily includes each such witness. It is the position of Plaintiff SEABULK TOWING,

INC. and SEABULK OFFSHORE, LTD. that any witness who testifies in this case will have

to be identified in response to this Interrogatory and Plaintiff SEABULK TOWING, INC.

and SEABULK OFFSHORE, LTD. will object to anyone who attempts to testify who is not

identified in the answer to this Interrogatory.

## RESPONSE TO INTERROGATORY NO 18:

On information and belief and to the best of Yanez's present recollection, Wesley

Freeman, Amado Yanez, Teddy Curole, Samuel Vior, Manual Reyes, Jaime Olavachin, Jorge

Teran, Hermillio Escovedo, Alberto Duarte, Victor Reyes, various Seabulk employees and

ex-employees, crewmembers aboard the Seabulk vessels, and repair personnel at Detroit

Diesel (perhaps also elsewhere). Yanez objects to the suggestion that he must presently

identify all possible witnesses at trial. Yanez reserves the right to identify trial witnesses in

accordance with the Court's instructions.

## INTERROGATORY NO 19:

Identify every potential party to this lawsuit and each parties' respective relationship

to the Defendant in this lawsuit.

## RESPONSE TO INTERROGATORY NO 19:

What is meant by "potential party" is unknown.  ⟵⎯

## INTERROGATORY NO 20:

Identify any legal theories upon which AMADO YANEZ OSUNA relies on in

9

prosecuting any claim or in establishing any defense in this case.

## RESPONSE TO INTERROGATORY NO 20:

Objection. Calls for legal conclusion. Subject to the objection and Yanez's right to pursue any theories deemed appropriate, Yanez contends that he had no contractual relationship with plaintiffs and has no personal liability for any alleged company debts.

## INTERROGATORY NO 21:

Identify any facts upon which AMADO YANEZ OSUNA relies on asserting any counter-claims and/or defenses in this case.

## RESPONSE TO INTERROGATORY NO 21:

Yanez has counterclaimed for wrongful attachment of his account at Merrill-Lynch. The facts upon which this counterclaim is based are essentially that jurisdiction has been established in this matter without regard to the attachment; that Seabulk lacked a good faith basis for the attachment; and that the requirements of the attachment process were not observed. Yanez further contends that the claim alleged against him personally lacks a legitimate basis in fact and is interposed in bad faith for the improper purpose of harassing him.

## INTERROGATORY NO 22:

For any statements obtained, including but not limited to oral, written or video-taped statements taken by Defendant, or taken on Defendant's behalf, relating to the facts that are the subject of this litigation, please state the following:

a.  The identity of the person who gave or made the statement.

10

    b. The d ate when the statement was taken.

    c. The substance of the statement.

    d. The identity of the person who took the statement.

    e. Whether the statement was reduced to writing.

    f. The present location of the statement and the identity of the person now in possession of the statement.

    g. Whether Defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**RESPONSE TO INTERROGATORY NO 22:**

    None.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

    Please produce all reports, including observations and opinions, of each and every expert who will be called as a witness by Plaintiff in this cause.

**RESPONSE TO REQUEST NO. 1:**

    Yanez will produce expert reports in accordance with the Court's instructions and deadlines.

**REQUEST NO. 2:**

    Please reduce to tangible form, the subject matter on which the expert is expected to testify, the mental impressions and opinions held by the expert, and the facts known which relate to or form the basis of the mental impressions and opinions held by the expert.

**RESPONSE TO REQUEST NO. 2**:

See response to no. 1.

**REQUEST NO. 3**:

Please produce all documentation, including pleadings and settlement documents, which pertain to any lawsuit in which Defendant has ever been engaged, and as referenced in Interrogatories Number 7 and 9.

**RESPONSE TO REQUEST NO. 3**:

Yanez has never been involved in any lawsuit except this one (pleadings and documents for which are already in Seabulk's possession).

**REQUEST NO. 4**:

Please produce all statements pertaining to the transactions made the basis of this suit taken from this Plaintiff's employees and in the possession of Defendant's attorneys or agents.

**RESPONSE TO REQUEST NO. 4**:

None.

**REQUEST NO. 5**:

Please produce all non-privileged reports, audits, financial or accounting reviews, consultant records or reports pertaining to the transactions made the basis of this suit.

**RESPONSE TO REQUEST NO. 5**:

See KPMG report already produced. Also enclosed is an accounting review performed by Oceanografia. [See Exhibit RPD-5].

12

**REQUEST NO. 6:**

Please produce any written memorandum, document, note or other piece of physical and/or documentary evidence which you intend to use at the time of trial in your case in chief, rebuttal or for impeachment purposes against Plaintiff.

**RESPONSE TO REQUEST NO. 6:**

An exhibit list will be supplied in accordance with the Court's instructions.

**REQUEST NO. 7:**

Please produce copies of all records or other documents received by or prepared by you, pertaining to Defendant's claims, damages and defenses made the basis of this lawsuit.

**RESPONSE TO REQUEST NO. 7:**

Objection: overbroad, vague, unduly burdensome, attorney-client privilege, work product.

**REQUEST NO. 8:**

Please produce any and all employment related manuals, procedure or protocol guidelines dispensed to Defendant by entities enumerated in Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 8:**

See Exhibit "C".

**REQUEST NO. 9:**

Please produce copies of any and all payments made to Defendant from entities enumerated in Interrogatory No. 7 and/or Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 9:**

See attached Exhibit RPD-9.

**REQUEST NO. 10:**

Please produce copies of any and all payments made from Defendant to entities enumerated in Interrogatory No. 7 and/or Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 10:**

See Merrill-Lynch records (already produced). Otherwise, none.

**REQUEST NO. 11:**

Please produce any and all documents describing or relating to accounting procedures or standards employed by Defendant , its subsidiary, affiliate, joint-venturer or parent organization, e.g. whether income is recorded on a cash or accrual basis, procedures and standards for the recordation of expenses and/or account payables, procedures and standards for the recordation of wages and crew expenses, procedures and standards for the accountancy of inventory, including depreciation and amortization policies, etc.

**RESPONSE TO REQUEST NO. 11:**

Objection: overbroad, vague, irrelevant, unduly burdensome, confusing. Subject to the objections, Yanez does not possess or maintain Oceanografia accounting documents.

**REQUEST NO. 12:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy of income and expenditures for the vessels, including but not limited to: acquisition fees, brokerage fees, handling fees or commission,

marketing fees, port expenses and fees, agency expenses and fees, manifest charges, marketing expenses and fees, fuel expenses and fees, crew expenses and fees, hiring fees and expenses, lubrication expenses and fees, groceries and other necessaries expenses and fees charged by Oceanografia for expenses in operation of the vessels.

**RESPONSE TO REQUEST NO. 12:**

See Exhibit "C".

**REQUEST NO. 13:**

Please produce any and all correspondence, including but not limited to mail, electronic mail, telegram and facsimile communications, since 1998 between Defendant Oceanografia S.A. de C.V., and/or Otto Candies, and/or PEMEX.

**RESPONSE TO REQUEST NO. 13:**

In the individual capacity in which Yanez has been sued, Yanez has had no written correspondence with Otto Candies or PEMEX. His only written correspondence with Oceanografia is the Shareholder Agreement (attached as Exhibit "A"). If this request is against Yanez in his representative capacity as an employee of Oceanografia, Yanez objects on grounds of overbreadth, irrelevance, vagueness and undue burdensomeness.

**REQUEST NO. 14:**

Please produce all tax returns for the preceding five (5) years pertaining to Defendant and Seabulk Offshore de Mexico S.A. de C.V., or any entity related to the charter or sub-charter of the vessels or payment of the expenditures of or on the behalf of the vessels or any joint venture that Defendant has or had a possessory interest.

15

**RESPONSE TO REQUEST NO. 14:**

Objection: relevance. Subject to the objection, see enclosed Exhibit RPD-14.

**REQUEST NO. 15:**

Please produce all records, since 1998, of income and sources of income derived by Defendant relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 15:**

As to the entities listed in Interrogatory 7, none. As to Oceanografia, see enclosed Exhibit RPD-15.

**REQUEST NO. 16:**

Please produce any and all financial agreements entered into since 1998, including but not limited to agreements with third party lenders and financial institutions relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 16:**

See enclosed Shareholder Agreement (Exhibit "A"). Otherwise, Yanez has had no financial agreement with any of the mentioned entities.

**REQUEST NO. 17:**

Please produce any and all joint-venture agreements entered into by Defendant with Plaintiff or other party, within the last five (5) years prior to the present year, and related to the operation of crew and/or supply vessels in the Gulf of Mexico.

16

**RESPONSE TO REQUEST NO. 17**:

None.

**REQUEST NO. 18**:

Please produce copies of all records or other documents received by or prepared by you, pertaining to account statements, monetary transaction documentation and/or correspondence, and all financial documentation relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 18**:

In the individual capacity which Yanez has been sued, see Shareholder Agreement. Aside from that document, Yanez does not recall receiving or sending any documents to the mentioned entities in his individual capacity. If this request is directed also at Yanez in a representative capacity as a representative of Oceanografia, Yanez objects on the ground that the request would call for literally every piece of paper he has ever reviewed or prepared relating to Oceanografia. This request is overbroad, irrelevant, unduly burdensome, and vague and would call for attorney-client and work-product documents.

**REQUEST NO. 19**:

Please produce all credit card and credit card account statements issued to Defendant since 1998 and referred to in Interrogatory Number 4 and Number 5.

**RESPONSE TO REQUEST NO. 19**:

See attached Exhibit RPD-19.

17

**REQUEST NO. 20:**

Please produce all wire transfers, or copies of transfers, and wire transfer instructions initiated by Defendants since 1998 relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 20:**

See enclosed Exhibit "B".

**REQUEST NO. 21:**

Please produce all wire transfers, or copies of transfer, and all confirmations, receipts or deposit advice receive by Defendant since 1998 relating to entities listed in Interrogatory No. 7 or in Defendant's response to Interrogatory No. 9.

**RESPONSE TO REQUEST NO. 21:**

See enclosed Exhibit "B".

**REQUEST NO. 22:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating to the recordation, levying and accountancy for revenue pertaining to equipment rental furnished to PEMEX and others charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. from 1998 to present.

**RESPONSE TO REQUEST NO. 22:**

Yanez is not an accountant and lacks full knowledge of Oceanografia's accounting procedures. Nevertheless, Yanez has attached the accounting procedures of Oceanografia of which he is aware (see Exhibit "C").

**REQUEST NO. 23:**

Identify the policy, plan, procedure, protocol, or methodology describing or relating

Case 4:00-cv-04525 Document 59 Filed in TXSD on 07/24/2002 Page 59 of 69

to the recordation, levying and accountancy for revenue pertaining to per diem charges for room and board for PEMEX workers on the vessel charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. from 1998 to present.

**RESPONSE TO REQUEST NO. 23:**

See response to no. 22

**REQUEST NO. 24:**

Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to port expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE TO REQUEST NO. 24:**

Objection. In calling for every document that Yanez has received or prepared since 1998, this request for production is overbroad, vague, unduly burdensome, and calls for production of irrelevant material. Subject to the objection, in the individual capacity in which he has been sued, Yanez has not prepared or received any of the particular documents mentioned, that is, those relating to port expenses and fees for vessels charged by Oceanografia and/or Seabulk Offshore.

**REQUEST NO. 25:**

Please produce copies of all records or other documents received by or prepared by you, pertaining to agency expenses and fees for the vessels charged by Oceanografia and/or

Seabulk Offshore de Mexico S.A. de C.V. since1998.

**RESPONSE TO REQUEST NO. 25:**

    Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 26:**

    Please produce copies of all records or other documents received by or prepared by you, pertaining to manifest charges and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since1998.

**RESPONSE TO REQUEST NO. 26:**

    Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 27:**

    Please produce copies of all records or other documents received by or prepared by you, pertaining to marketing expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since1998.

**RESPONSE TO REQUEST NO. 27:**

    Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 28:**

    Please produce copies of all records or other documents received by or prepared by you, pertaining to fuel expenses and fees for the vessels charged by Oceanografia and/or

Seabulk Offshore de Mexico S.A. de C.V. since1998.

**RESPONSE TO REQUEST NO. 28:**

    Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 29:**

    Please produce any and all documentation, records or materials regarding the purchase of fuel by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V., its subsidiary, affiliate, joint-venturer or parent organization, relating to vessels charted from Plaintiff or any Joint Venture in the Gulf of Mexico Region, which Defendant participated in since 1998.

**RESPONSE TO REQUEST NO. 29:**

    Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 30:**

    Please produce copies of all records or other documents received by or prepared by you, including documents pertaining to crew expenses, fees and wages for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since1998.

**RESPONSE TO REQUEST NO. 30:**

    Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 31:**

    Please produce copies of all records or other documents received by or prepared by

you, pertaining to lubrication expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE TO REQUEST NO. 31**:

      Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 32**:

      Please produce copies of all records or other documents received by or prepared by you, pertaining to groceries and other necessaries expenses and fees for the vessels charged by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. since 1998.

**RESPONSE TO REQUEST NO. 32**:

      Yanez does not personally possess or have any possessory rights to any of the requested documents.

**REQUEST NO. 33**:

      Please produce any and all documentation, records or materials regarding the expenditure of monies on repairs, repair parts or maintenance and upkeep relating to the vessels owned or chartered from Plaintiff to Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. and/or Defendant or the relating to any joint-venture entered into by Oceanografia and/or Seabulk Offshore de Mexico S.A. de C.V. and Plaintiff.

**RESPONSE TO REQUEST NO. 33**:

      Yanez does not personally possess or have any possessory rights to any of the requested documents.

### REQUEST NO. 34:

Please produce all invoices pertaining to parts and equipment, and relating to the vessels and/or joint venture between Plaintiff and Oceanografia and/or Seabulk Offshore dc Mexico S.A. de C.V.

### RESPONSE TO REQUEST NO. 34:

Yanez does not personally possess or have any possessory rights to any of the requested documents.

### REQUEST NO. 35:

Please sign and produce to us the attached Form SSA-7050-F4, Request for Social Security Earnings Information, filling in your Social Security number, date of birth and any other names you have used.

### RESPONSE TO REQUEST NO. 35:

Yanez has no documents responsive to this request. To the extent this request instructs Yanez to create new documents, it is improper.

### REQUEST FOR ADMISSION

### REQUEST NO. 1:

ADMIT OR DENY: Defendant executed the agreements described in Plaintiff's Original Complaint?

### ANSWER:

None; Yanez has not signed any agreement in an individual capacity. To the extent this request may concern documents signed by Yanez in his capacity as an officer of

23

Oceanografia, the request is unclear as to what agreements are referred to. Yancz would be happy to authenticate any signatures on any specific agreements, if copies are provided by Seabulk for his review.

**REQUEST NO. 2**:

ADMIT or DENY: Defendant received $25,000 on January 5, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 3**:

ADMIT or DENY: Defendant received $1,500 on January 7, 1998 from Oceanografia S.V. de C.V.

**ANSWER**:

Admit.

**REQUEST NO. 4**:

ADMIT or DENY: Defendant received $5,000 on March 4, 1998 from Oceanografia S.V. de C.V.

**ANSWER**:

Admit.

**REQUEST NO. 5:**

ADMIT or DENY: Defendant received $3,000 on April 6, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 6:**

ADMIT or DENY: Defendant received $1,500 on May 22, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 7:**

ADMIT or DENY: Defendant received $15,000 on June 19, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 8:**

ADMIT or DENY: Defendant received $2,000 on August 17, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

25

**REQUEST NO. 9**:

ADMIT or DENY: Defendant received $120,000 on September 29, 1998 from Oceanografia S.V. de C.V.

**ANSWER**:

Admit.

**REQUEST NO. 10**:

ADMIT or DENY: Defendant received $5,000 on October 15, 1998 from Oceanografia S.V. de C.V.

**ANSWER**:

Admit.

**REQUEST NO. 11**:

ADMIT or DENY: Defendant received $20,000 on November 18, 1998 from Oceanografia S.V. de C.V.

**ANSWER**:

Admit.

**REQUEST NO. 12**:

ADMIT or DENY: Defendant received $10,000 on December 8, 1998 from Oceanografia S.V. de C.V.

**ANSWER**:

Admit.

26

**REQUEST NO. 13:**

ADMIT or DENY: Defendant received $10,000 on March 9, 1999 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit

**REQUEST NO. 14:**

ADMIT or DENY: Defendant received $10,000 on March 29, 1999 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 15:**

ADMIT or DENY: Defendant received $10,000 on April 20, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 16:**

ADMIT or DENY: Defendant transferred $24,000 on January 7, 1998 to Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

27

**REQUEST NO. 17:**

ADMIT or DENY: Defendant transferred $1,000 on January 8, 1998 to Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 18:**

ADMIT or DENY: Defendant received $2,000 on August 28, 1998 from Oceanografia S.V. de C.V.

**ANSWER:**

Admit.

**REQUEST NO. 19:**

ADMIT or DENY: Defendant used the Visa charge card associated with Merrill Lynch account number 53c-07119 for personal purchases.

**ANSWER:**

It is unclear what is meant by "personal purchases." Yanez admits that he has personally purchased items using this card. Ordinarily, such items are company expenses. Occasionally, personal items were purchased by Yanez with this card while on business trips. Yanez has a practice, however, of reimbursing Oceanografia for personal items purchased on business trips.

**REQUEST NO. 20:**

ADMIT or DENY: Defendant used the Visa charge card associated with Merrill

28

Lynch account number 53c-07215 for personal purchases.

**ANSWER:**

Denied. There is no Visa account assigned to this account number 53c-07215.

Respectfully submitted,

HARRIS & RUFTY, L.L.C.

By: _____

Rufus C. Harris III (Admission No. 29458)
Alfred J. Rufty III (Admission No. 29457)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this 14 day of June, 2002.

_____
Alfred J. Rufty III

29