United States District Court
Southern District of Texas
FILED

JUL 2 4 2002

Michael N. Milby
Clerk of Court

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a HVIDE MARINE TOWING, INC., and SEABULK OFFSHORE, LTD.<br>Plaintiffs | § § § § § § § § § § | CIVIL ACTION NO. B-01-094<br><br>In Admiralty |
| V. | | |
| OCEANOGRAFIA S.A. de C.V. and AMADO YANEZ OSUNA<br>Defendants | | |

**PLAINTIFFS' REPLY TO YANEZ' OPPOSITION TO
SEABULK'S MOTION FOR PREJUDGMENT ATTACHMENT**

TO THE HONORABLE UNITED STATES JUDGE
FOR THE SOUTHERN DISTRICT OF TEXAS:

The Plaintiffs, Seabulk Towing, Inc. ("Seabulk Towing") (formerly known as Hvide Marine Towing, Inc. ("HMT") and Seabulk Offshore, Ltd. ("Seabulk Offshore") (collectively "Seabulk"), by and through their undersigned attorneys, complaining of Defendants Oceanografia ("Oceanografia") and Amado Yanez Osuna ("Yanez"), reply to Yanez' Opposition to Seabulk's Motion for Pre-Judgment Attachment as follows:

**I.    SUPPLEMENTAL ATTACHMENT APPROPRIATE**

Defendant Amado Yanez Osuna mischaracterizes or misunderstands the basis of Seabulk's request for additional attachment of newly discovered property owned by Defendant Yanez and, further, inaccurately states the requirements for a Rule B attachment.

As stated in Seabulk's Motion for Inclusion in Rule B Attachment of Newly Discovered Property, Seabulk is only requesting an extension of the Court's initial writ of attachment whereupon the Court ordered the Marshal to attach **"all the property"**, located within the

Southern District of Texas. To the knowledge of the undersigned, this Order has not been rescinded and remains in effect.

### A. Maritime law.

Although Yanez asserts that "Rule B and the case law are clear," such that "attachment" is not allowed when jurisdiction in the forum is already established, the cases cited by Yanez are not analogous to the current facts and do not address the issue as to whether additional attachment may occur within the same district, by the same plaintiff, and after newly discovered evidence confirms additional assets, which if known at the time of the initial warrant, would have been seized by the marshal under the instruction/order for writ of attachment by the presiding court.

### B. Initial attachment not precluded.

Yanez correctly states that, in an attachment action, if the property is seized "only to compel the owner's appearance" and if the proceeds of the sale of the vessel do not satisfy the judgment, the owner remains liable for the balance of the amount. See: *Bay Casino, L.L.C. vs. M/V ROYAL EMPRESS*, 20 F.Supp. 2nd 440 (E.D.N.Y. 1998).

Additionally, the initial attachment was clearly proper, and remains so. Yet, Yanez states that Rule B attachment is allowed "only when necessary to establish jurisdiction." However, case law, including that cited by Yanez, requires a two part analysis. The first prong is the jurisdictional aspect; the second prong is whether the defendant cannot be found in the district for purposes of service of process. *Bay Casino*, 20 F.Supp at 452 (Citations omitted). The purpose of Rule B is to enable the plaintiff to acquire jurisdiction over the defendant and to obtain security for the judgment. That Yanez now argues that further security is improper defies the purpose of the rule and thwarts the intent of the Court when it properly allowed the original writ of attachment.

Although Yanez continues to assert that he is not within the jurisdiction of the court (See Yanez' answer to amended original complaint) and arguably not available to service of process as demonstrated by his demand to be insulated from service of any "legal papers" at his recent deposition, he contradicts himself by alleging he is present within the district.

Based on the fact that the owner remains liable for any deficiency, and that Yanez disclaims that "he may be found" within the district (for jurisdiction and/or service of process) it is nonsensical that additional attachment, in the same proceeding, and as originally contemplated by the Court, should be prohibited.

## II.   TEXAS LAW

A.   **Liquidated Damages.**

Defendant Yanez is correct in his recitation of procedural requirements which must exist to support Plaintiffs' request for Fed. R. Civ. P. 64 remedy and application of Tex. Civ. Prac. and Rem. Code, Section 61.002.

As stated by Yanez, evidentiary facts must be alleged to support a request for attachment under Texas law. *See*: *SRS World Wheels, Inc. v. Enlow*, 946 S.W.2d 574, 575 (Tex. App. –Fort Worth 1997, no writ). In that case, Wheels America sued S.R.S. World Wheels, Inc. The trial court originally granted Wheels America a prejudgment writ of attachment. However, in the mandamus proceeding, the court dissolved the writ because Wheels America did not put on "any evidence" that defendant was justly indebted to it, but instead sought to recover unliquidated tort damages...." (See: *SRS* at 576.)

Recognizing the above requirements and as stated in its initial motion for attachment, Seabulk submitted a verified motion which confirms that a liquidated amount of $3,421.060.97, (together with pre-judgment and post-judgment interest) is owed to Seabulk Offshore, Ltd. (*See also:* Plaintiffs' Second Amended Verified Complaint outlining in detail the basis for and

amount of the indebtedness.) Plaintiffs' statements in support of request for Fed. R. Civ. P. 64 attachment by using Tex. Civ. Prac. and Rem. Code, Section 61.002 are not mere conclusory statements and fully support attachment under Texas law.

In addition to the verification of the liquidated damages, the settlement agreement and Yanez' statement in his Opposed Motion for Referral to ADR and for Continuance of Trial, support Seabulk's request. Contrary to Yanez' assertion that a "meeting of the minds on settlement was never reached," a very definitive agreement was consummated after Yanez met with Seabulk on March 26, 2002 with such "oral" agreement specifying immediate payment of $1.62 million dollars upon presentation of a letter for Mexican tax authorities concerning the income of the joint venture, Seabulk Offshore de Mexico S.A. de C.V., and assurances concerning settlement of another claim involving M/V SEABULK DELAWARE were made. Although Yanez's Motion for Referral to ADR states that, "...although the amount of settlement was agreed upon, the parties could not reach agreement on a structured payment plan...." no payment plan was part of the original agreement. There is no contention that the amount was contested after agreement was reached. That Yanez has not "offered a penney[sic]" further supports this extension of the original attachment as Yanez remains liable to satisfy the liquidated debt.

B.    **State Remedies Proper.**

Assuming Yanez is correct that he may be "found" within the Southern District of Texas, Rule B attachment has been held to be available when the defendant is found within the district. *See:* 3 *Thomas J. Schoenbaum*, Admiralty and Maritime Law, §21-2, at 515 (3nd Ed. 1994). The Federal rules allow application of state remedies and employment of Rule B in combination with Rule 64 of the Federal Rules even though the Defendant resided within the district. *Cordoba Shipping*, 494 F. Supp. 183, 186, 494 F.Supp. 183 (D. Conn. 1980)(allowing the use of

Rule 64 to apply state law remedies, and citing the intent of Congress that "parties in admiralty actions have available to them all procedural alternatives available to parties in other civil actions, unless specifically denied in admiralty by the terms of a specific rule"); *see also: Bergesen d.y. A/S v. Lindholm*, 760 F. Supp. 976, 984, 981 AMC 2839, 2848 (D. Conn. 1991) ("Both Rule 64, Fed. R. Civ. P., and Rule B(1)... make Connecticut's pre-judgment remedy statutes applicable in this case."); *MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1086 (S.D.N.Y. 1980) (Rule B(1) does not preclude an attachment under state law when Rule 64 applies.)

Clearly, Texas state remedies provide for attachment under certain circumstances, even though a defendant may reside within the district. *See:* Tex. Civ. Prac. and Rem. Code Ann. §§62.001, 63.001 (West 1997); *see also Dixie Carriers, Inc. v. Channel Fueling Serv., Inc. (In re Fredeman Litigation)*, 843 F.2d 821, 826 (5th Cir. 1988); *E.E. Maxwell Co. v. Arti Décor, Ltd.*, 638 F. Supp. 749, 752 (N.D. Tex. 1986) ("The Texas [attachment] scheme appears to be one of 'strict entitlement;' that is, if the proper allegations are made, the writ shall issue."). However, a Writ of Attachment will not issue in a suit for unliquidated damages, unless the plaintiff cannot personally serve the defendant in the state. *See: Id.* at 753. Texas also allows the remedies of sequestration and garnishment. *See:* Tex. Civ. Prac. & Rem. Code Ann. §§ 62.001, 63.001 (West 1997).

Taken in total, Plaintiffs have met the requirements under the Texas Civil Practice and Remedies Code and Supplemental Admiralty Rule B and are entitled to attachment of Yanez' real estate and/or bank account(s), notwithstanding any application of Rule B above.

Respectfully submitted,

THE KLEBERG LAW FIRM

_____
Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Facsimile

ATTORNEYS FOR PLAINTIFFS

166841                                6

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 27th day of July, 2002, served a copy of the foregoing on all counsel of record via hand delivery, facsimile, and/or United States certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

_____
Frank L. McNiff, Jr.

166841                                                                 7