6 7

United States District Court
Southern District of Texas
FILED

SEP 1 3 2002

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO COMPEL DISCOVERY

Defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, propounded interrogatories and requests for production of documents upon the Seabulk plaintiffs nearly one year ago. This discovery is enclosed as Exhibit "A". In their responses [Exhibit "B"], the Seabulk plaintiffs objected to every single interrogatory and every single production request. Seabulk's responses are deficient, and an order to compel should be issued, for the following reasons:

1.      Although Seabulk raises repeated claims of privilege, Seabulk has failed (despite repeated requests) to provide a privilege log. Without a log, the defendants and this Court are deprived of any means of assessing the claim of privilege.

2.      Seabulk's "general objections" are inappropriate. The first page of Seabulk's discovery responses set forth "general objections" which it invokes generally as to every single interrogatory and production request, invoking all manner

3.      of privileges and *in globo* objections. Such general or global objections are inappropriate. Given these objections in place, we cannot know whether Seabulk's

substantive responses are complete or whether instead – with Seabulk's fingers effectively crossed behind its back – responsive information and documents have been withheld without further explanation. Seabulk's "general objections" are improper and should be stricken.

4.     The objections raised by Seabulk to the separate enumerated interrogatories and production requests also are improper. Specifically, Seabulk improperly objects to the following interrogatories and requests as "not limited in time":

A.    Identify facts and documents suggesting that the corporate veil of Oceanografia should be pierced (Interrogatory No. 2);

B.    Identify all evidence suggesting that Oceanografia has been attempting to rid itself of assets (Interrogatory No. 3);

C.    Identify all contracts and agreements between plaintiffs and Oceanografia (Interrogatory No. 4);

D.    How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (Interrogatory No. 11);

E.    Were engines on the chartered vessel repairs or overhauled before the vessels were dispatched to work in Mexican waters?  (Interrogatory No. 13);

F.    Produce all contracts between plaintiffs and Oceanografia or Yanez (Request No. 1);

G.    Produce documents reflecting plaintiffs income from the vessel charters and joint venture with Oceanografia (Request No. 2);

H.    All documents pertaining to audits or financial reviews of the joint venture enterprise (Request No. 5);

I.    All evidence suggesting that the corporate separateness of Oceanografia has been ignored (Request No. 7).

These requests all are reasonable; they go directly to issues at the heart of the dispute; and they are not invalid for lack of specified time parameters. In fact, the joint venture enterprise only existed for approximately three years. This objection should be stricken.

An important issue in this case concerns the defective nature of the engines on Seabulk's vessels when chartered to Oceanografia. In the discovery requests, Oceanografia and Yanez appropriately seek information and documents concerning the engine problems that were experienced on these vessels. Although Seabulk produced some documentation, it has presumably withheld others as it responded only subject to multiple objections. Defendants' requests were as follows:

> **Interrogatory No. 5**
>
> With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.
>
> **Interrogatory No. 9**
>
> When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the engines chartered to Oceanografia?
>
> **Interrogatory No. 10**
>
> When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or other affiliated entities?

**Request No. 9**

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

**Request No. 10**

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of the vessels chartered to Oceanografia.

Seabulk objected to these requests on the grounds of the attorney-client privilege, the work-product doctrine, and "other privileges," "that the 'term engine problems' is not defined" and that the requests seek documents "not in the possession or control of Seabulk." These objections are improper and should be overruled. Oceanografia is certainly entitled to inquire into the engine problems on these vessels, particularly given that Seabulk has itself sued the manufacturer of the engines alleging that the engines were defective even prior to their charters to Oceanografia. An order requiring Seabulk to further respond to these requests respectfully should be entered.

Oceanografia and Yanez further move for an order compelling further corporate testimony from Seabulk or, alternatively, preventing Seabulk from introducing additional testimony regarding the following questions, none of which was answered in the Seabulk corporate deposition (despite falling explicitly within the scope of the notice):

1.    How much was Seabulk paid in charter hire?

2.    What were Seabulk's total expenses?

3.    What does Seabulk believe PEMEX paid in charter hire?

4.    What was Seabulk's net profit for the charters after deducting expenses (including those alleged in this suit)?

5.    What were the reasons for Seabulk's issuance of "credit memos" to Oceanografia and in what amounts?

6.    What precise sum does Seabulk believe Oceanografia presently owes and what does it consist of?

These are all fundamental questions, and they are outlined in the deposition notice. [Exhibit "C"]. This is, after all, a "corporate accountancy action" (Seabulk's words), which poses the fundamental question: as between Oceanografia and Seabulk, who owes whom what in the wake of their joint venture's demise? Seabulk is the Plaintiff; trial is less than two months away; and yet Seabulk refuses to define its claim. The answers are fundamental to Oceanografia's ability to prepare for trial and defend itself.

Seabulk did not fulfill its Rule 30(b)(6) obligations. These obligations were aptly summarized in the recent case of *Calzatursicio v. Fabiano Shoe Company, Inc.,* 201 Frd. 33, 36(d) Mass. 2001);

1.    "The law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation;"

2.    "Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters known or reasonably availability to it...".

As the *Fabiano* court went on to explain, this is necessary to "make the deposition a meaningful one and to prevent the sandbagging of an opponent by conducting a half-parted inquiry before the deposition but a thorough and vigorous one before the trial." *Id.*

An order compelling further testimony to address the issues outlined above is accordingly warranted.

For these reasons, defendants Oceanografia and Yanez respectfully submit that their motion to compel should be granted and that Seabulk should be ordered to fully respond to their discovery requests and produce corporate representative(s) knowledgeable of the subject matter identified above within a short time.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been forwarded to opposing counsel via **FACSIMILE**, this 13ᵗʰ day of September, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

James H. Hunter, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

### FIRST INTERROGATORIES AND REQUESTS FOR
### PRODUCTION OF DOCUMENTS

NOW COME defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, request that the plaintiffs respond to the following interrogatories and requests for production of documents within the pertinent legal delays:

### Definitions

The terms "document" and "documents" include all originals, copies, non-identical copies (because of notations on the copy), drafts, and revisions with and without annotations and editing of all written, recorded, printed, typed or other graphic matter or data (including that stored on computers), however produced or reproduced. This term includes but is not limited to correspondence, memoranda, and records of any type.

1

**EXHIBIT**

**"A"**

The term "plaintiffs" means Seabulk Towing, Inc., f/k/a Hvide Marine Towing, Inc. and/or Seabulk Offshore, Ltd.

## INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

## INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

## INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

## INTERROGATORY NO. 4:

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

## INTERROGATORY NO. 5:

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the

2

vessels went on charter; and (c) after the termination of the charters.

**INTERROGATORY NO. 6:**

   Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

**INTERROGATORY NO. 7:**

   Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

**INTERROGATORY NO. 8:**

   Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

**INTERROGATORY NO. 9:**

   When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

**INTERROGATORY NO. 10:**

   When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

**INTERROGATORY NO. 11:**

   How much money have plaintiffs been paid by Oceanografia in charter hire for the

chartered vessels (please itemize the payments for each such vessel)?

**INTERROGATORY NO. 12:**

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

**INTERROGATORY NO. 13:**

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

**INTERROGATORY NO. 14:**

Detail all capital contributions of plaintiffs to the joint venture.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

**REQUEST NO. NO. 2:**

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

**REQUEST NO. 3:**

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

4

### REQUEST NO. 4:

All documents reflecting plaintiffs capital contributions to the joint venture.

### REQUEST NO. 5:

All documents pertaining to audits or financial reviews of the joint venture enterprise.

### REQUEST NO. NO. 6:

All documents – including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence – reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

### REQUEST NO. 7:

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

### REQUEST NO. 8:

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

### REQUEST NO. 9:

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

### REQUEST NO. 10:

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of

5

the vessels chartered to Oceanografia.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**REQUEST NO. 12:**

All correspondence or other documents (not produced above) relating to the joint venture.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

**REQUEST FOR ADMISSIONS**

1.

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

Respectfully submitted,

HARRIS & RUFTY, L.L.C.

By: _____

Rufus C. Harris III (Admission No. 29458)
Alfred J. Rufty III (Admission No. 29457)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

6

**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this ___1st___ day of November, 2001

_____
Alfred J. Rufty III

7



12-13

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

SEABULK TOWING, INC., f/k/a §
HVIDE MARINE TOWING, INC., §
and SEABULK OFFSHORE, LTD. §
                                                   §     CIVIL ACTION NO. B-01-094
V.                                              §
                                                   §     In Admiralty
                                                   §
OCEANOGRAFIA S.A. de C.V. and §
AMADO YANEZ OSUNA                §

## SEABULK'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:  DEFENDANTS, Oceanografia S.A. de C.V. and Amado Yanez Osuna
     by and through their attorney of record,
     Alfred J. Rufty III
     HARRIS & RUFTY, L.L.C.
     1450 Poydras St., Suite 1510
     New Orleans, LA 70112

Come now Plaintiffs, Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd.

(Seabulk Offshore), (collectively "Seabulk"), and pursuant to Rules 33, 34 and 36 of the Federal

Rules of Civil Procedure serve their answers and responses to Defendants' First Interrogatories

and Requests for Production of Documents as attached.

Respectfully submitted,

James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS, SEABULK TOWING, INC.
AND SEABULK OFFSHORE, LTD.



EXHIBIT
"B"

OF COUNSEL:

THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas  78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was mailed via Certified

Mail (return receipt requested) or faxed to opposing counsel of record on the __13__ day of

December, 2001.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-33509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

James F. Buchanan

157940                                    3

# GENERAL OBJECTIONS

The following objection and conditions are incorporated by this reference into each and every response made herein as is set forth fully therein.

1.  Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (hereinafter "Seabulk") hereby objects to producing any information or documents which are protected from disclosure by the attorney-client privilege, party communications privilege, attorney-work product doctrine, or documents which are otherwise privileged and/or beyond the scope of discovery under the Federal Rules of Civil Procedure.

2.  Seabulk objects to any of the requests for production which, due to their broad scope, could be construed as seeking documents or information consisting of: (1) communications between counsel for Seabulk and Seabulk and between Seabulk and its counsel; (2) tangible items generated or prepared in anticipation of litigation by or for Seabulk, or their representatives; (3) communications passing between agents representatives or employees of Seabulk or communications between Seabulk and their agents, representatives and employees which were made after the occurrence or transaction upon which this suit is based and made in connection with the defense of the claims herein, or the investigation of the occurrence or transaction upon which this lawsuit is based; or (4) information privileged from discovery under the consulting expert or work product privileges. Accordingly, unless otherwise indicated, responses given herein exclude from their scope:

    a.  All communications and documents between counsel for Seabulk or between Seabulk and its counsel;

    b.  All information, documents and tangible items generated or prepared in anticipation of litigation by or for Seabulk, or its respective representatives; and

    c.  All matters not discoverable pursuant to the Federal Rules of Civil Procedure.

3.  Seabulk objects to each and every discovery request to the extent that any of the instruction and/or definitions attempt to expand or modify the obligations and duties of this party as established in the Federal Rules of Civil Procedure.

4.  Seabulk further objects to each and every discovery request to the extent that they attempt to limit in any way the evidence introduced by this party at the time of trial.

157940                                    4

## ANSWERS TO INTERROGATORIES

NOTE:    ALL RESPONSES BELOW ARE MADE SUBJECT TO ALL GENERAL OBJECTIONS LISTED ABOVE.

### INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

### ANSWER:

Stephen B. Finch, Assistant General Counsel of Seabulk International.
Susan K. Smith, Manager-Legal Dept. of Seabulk International
William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andy Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Frank L. McNiff, Jr., The Kleberg Law Firm
Clay Scheitzach, The Kleberg Law Firm
James F. Buchanan, The Kleberg Law Firm

### INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

### ANSWER:

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. These documents evidence the use of corporate accounts for the personal use of Amado Yanez, and use of personal accounts for the business of Oceanografia. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto and Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. Also see testimony of Mr. Tony Tillmon given before the court at the initial pretrial hearing. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections see documents responsive to Request for Production Nos. 9, 10, and 11. Subject to the foregoing, and the General Objections, Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5:**

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.

**ANSWER:**

Seabulk objects to this interrogatory for the reason that the term "engine problems" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this

interrogatory. Subject to the foregoing, and the general objections above, Seabulk will supplement this response with the identification of various records which may identify "engine problems."

## INTERROGATORY NO. 6:

Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

## ANSWER:

Seabulk objects to this interrogatory to the extent that the same requires identification of legal proceedings to which it has no knowledge or that it did not take part in. Subject to this objection, Seabulk is unaware of such defined legal proceedings and will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 7:

Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

## ANSWER:

Seabulk objects to this interrogatory on the basis that it is over broad and not reasonably calculated to lead to admissible evidence. Subject to this objection, and the General Objections above, see responsive documents attached to Request for Production No. 6. Seabulk will supplement this response as required by Federal Rules of Civil Procedure.

## INTERROGATORY NO. 8:

Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "engine problems" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, the following listing of individuals are known to have knowledge concerning the chartered vessels and operations thereon.

William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andrew Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Les Mills, Seabulk Offshore Ltd., Lafayette, LA
Ken Brown, Seabulk Offshore Ltd. Secondee to JV, Lafayette, LA
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Carlos Zelaya, Seabulk Offshore Ltd., Secondee, Del Carmen, Mexico

Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9:**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

**ANSWER:**

Seabulk objects to this interrogatory for the reason that the term "actual or potential problems or deficiencies with engines" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, see responsive documents to Request for Production No. 9. Further, in April, 2001, Stewart & Stevenson, Inc. informed Plaintiff that the Detroit Diesel 1692 series engine was potentially problematic in crew boat application. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

**ANSWER:**

Seabulk objects to this interrogatory for the reason that the term "actual or potential problems or deficiencies with engines" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, see response to Interrogatory No. 9. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**

How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (please itemize the payments for each such vessel)?

**ANSWER:**

Seabulk objects to this interrogatory on the basis that it is not limited in scope nor limited with reference to time. Subject to the aforementioned objections, see responsive documents attached to answers to Request for Production No. 6. Subject to the foregoing and the General Objections above, review of various documents (including those attached for Request for Production No. 6) shows an incomplete record of charter hire payment in the amount of $14,391,00.00 up to October 31, 2001. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:**

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

**ANSWER:**

The joint venture sustained net losses during the entire period of the joint venture due to defendants' failure to remit to the joint venture the net charter hire from vessels, bareboat chartered to defendants, failure to remit net charter hire from time charters to PEMEX and others. Currently, an overall and concise accurate number cannot be obtained due to information being withheld by Defendants which is necessary to determine the joint venture's net profit or loss for each year of its existence.

**INTERROGATORY NO. 13:**

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request exceeds the scope of permissible discovery, is not limited in time period, and that the interrogatory is vague and not specific enough to permit this Plaintiff to reasonably respond to the question. Subject to the foregoing and the General Objections above, Seabulk St. Andrew was a new vessel that had completed sea trials before it was delivered to Oceanografia and engines of Seabulk St. Tammany were overhauled immediately prior to delivery to Oceanografia. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14:**

Detail all capital contributions of plaintiffs to the joint venture.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request does not define "capital contributions" and as a consequence, is vague and not specific enough for Plaintiffs to reasonably respond. Subject to this objection, and the General Objections above, no capital contributions were made.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

**ANSWER:**

Seabulk objects to this Request for Production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections.  Subject to the foregoing, and the General Objections see attached.

**REQUEST NO. 2:**

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections.  Subject to the foregoing, and the General Objections above, see attached documents.  Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 3:**

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

**ANSWER:**

See Seabulk's Verified Amended Complaint with attached documents previously produced.  See also attached documents.  Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 4:**

All documents reflecting plaintiffs capital contributions to the joint venture.

**ANSWER:**

Seabulk objects to this Request for Production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects to the extent that the term "capital contributions" is not defined and is vague and not sufficiently specific to permit Plaintiffs to reasonably respond. Subject to these objections and without waiver of same, see answer to Interrogatory No. 7. Subject to the objections and without waiver of same, none.

**REQUEST NO. 5:**

All documents pertaining to audits or financial reviews of the joint venture enterprise.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects on the basis that such requests seeks documents not in the possession or control of Seabulk. Subject to the foregoing, and the General Objections above, see the attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 6:**

All documents – including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence – reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 7:**

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto, Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery, and Merrill Lynch documents referred to in Seabulk's answer to Interrogatory No. 2. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## REQUEST NO. 8:

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

## ANSWER:

See answer to Interrogatory No. 3, which is incorporated herein.

## REQUEST NO. 9:

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

## ANSWER:

See response to Interrogatory No. 5, which is incorporated herein. Subject to these objections, see attached.

## REQUEST NO. 10:

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of the vessels chartered to Oceanografia.

## ANSWER:

Seabulk objects to this Request for Production on the basis that such request seeks documents not in the possession or control of Seabulk. Seabulk further objects to the extent this request seeks information protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects for the reason that the term "engine problems" is vague and not sufficiently specific for Plaintiffs to reasonably respond. Seabulk further objects to the extent the request is over-burdensome and seeks documents not reasonably calculated to lead to admissible evidence. Subject to the foregoing, and the General Objections above, see responsive documents to Request for Production No. 9.

**REQUEST NO. 12:**

All correspondence or other document s(not produced above) relating to the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk objects for the reason that the that the request is vague and not sufficiently specific for Plaintiffs to reasonably respond. Subject to the foregoing, and the General Objections above, see attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

**ANSWER:**

Subject to the General Objections above, and Seabulk's objection to the overly broad nature of the request, and those objections stated in answers to interrogatories, none.

## RESPONSE TO REQUEST FOR ADMISSIONS

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

**RESPONSE:**

Subject to the aforementioned objections, which are incorporated herein, DENIED. Seabulk has entered into both written and oral agreements, which because of the disregard of corporate formalities and use of assets of Oceanografia S.A. de C.F. by Amado Yanez Osuna, have in effect been contracts with Amado Yanez Osuna.

## VERIFICATION

STATE OF FLORIDA     §
    §
COUNTY OF BROWARD   §

    BEFORE ME, the undersigned authority, personally appeared STEPHEN B. FINCH, who being authorized to do so, and upon his own oath stated that the answers set forth in the foregoing interrogatories are true and correct to the best of his knowledge and belief.

*Stephen B. Finch*

STEPHEN B. FINCH

    SWORN TO AND SUBSCRIBED BEFORE ME by Stephen B. Finch on this the 12th day of December, 2001.

*Notary Public, State of Florida*



PATRICE M. JOHNSTON
MY COMMISSION # CC 949808
EXPIRES: July 1, 2004
Bonded Thru Budget Notary Services

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
|     Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
|     Defendants | § | |

## NOTICE OF 30(b)(5)(6) DEPOSITION OF SEABULK

PLEASE TAKE NOTICE that the undersigned, on behalf of defendant Oceanografia S.A. de C.V. and Amado Yanez Osuna, pursuant to Rules 30(b)(5) and 30(b)(6) of the Federal Rules of Civil Procedure, will take the depositions of Seabulk Towing, Inc., Hvide Marine Towing, Inc. and Seabulk Offshore, Ltd. at the offices of Frank L. McNiff, Jr., The Kleberg Law Firm, Suite 900, North Tower, 800 North Shoreline Boulevard, Corpus Christi, Texas on Wednesday, August 7, at 10 a.m. and continuing from day to day thereafter until the taking of testimony is completed, before a duly qualified court reporter or other person authorized to administer oaths.

In accordance with Fed. R. Civ. P. 30(b)(6), Seabulk is requested to designate one or more representatives to provide testimony on behalf of the corporation on the following subjects:

### AREAS OF INQUIRY:

1.    The business, management, ownership, finances, and inter-relationships of and between Seabulk Offshore, Seabulk Towing, Hvide Marine Towing, Tampa Bay Towing, any other affiliated entities, and the owners of the various vessels in issue.

49499:1022288.1:072502

EXHIBIT

"C"

2.    Contracts of these entities among themselves and with Oceanografia/Yanez.

3.    The joint venture's purpose, creation, structure, personnel and operations.

4.    The ownership, condition, operation, use, supplying, crewing, maintenance and repair of the vessels involved in the joint venture.

5.    The vessel charters and operations.

6.    Charter revenue and expenses.

7.    Joint-venture revenue and expenses.

8.    Communications between Seabulk and Oceanografia concerning the charters and joint-venture.

9.    Amounts allegedly owed by Oceanografia/Yanez to Seabulk.

10.    Seabulk's appreciation of Oceanografia's charter and joint-venture expenses.

11.    Engine problems over the past five years on the vessels chartered to Oceanografia (or others in Seabulk's fleet), and problems generally with Detroit Diesel engines.

12.    Seabulk's "credit memos."

13.    Evidence supporting Seabulk's corporate veil-piercing theory against Yanez.

14.    Seabulk's alleged damages.

Seabulk is further requested to produce for inspection/copying before the day of the deposition all of the documents categorized below that are in its actual or constructive possession. "Documents" is meant broadly to encompass all things and written and graphic matter, howsoever recorded, including (without limitation) memos, notes, letters, e-mails, spreadsheets, logs, telexes, court and arbitrating filings, invoices, credit/debit advices, canceled checks, account statements, wire transfers, records, etc. (Documents already

produced need not be produced again, though Seabulk's witnesses will be asked to identify which previously produced-documents are responsive to each production request.)

1.  Documents evidencing the status of Hvide Marine Towing and Tampa Bay Towing and any successor entities.

2.  The contracts with Oceanografia.

3.  Documents pertaining to the joint-venture entity, Seabulk Offshore de Mexico.

4.  Documents prepared in the past four years reflecting or relating to the ownership, operation, use, supplying, crewing, maintenance, and repair of the vessels involved in the joint venture.

5.  Documents relating to charter party and joint venture revenue, expenditures and debts.

6.  Documents relating to communications between Seabulk and Oceanografia from 1998 to the present.

7.  Documents relating to the amounts allegedly due by Oceanografia/Yanez to Seabulk.

8.  Documents relating to the discussions and negotiations leading to the formation of the joint venture.

9.  Memoranda, minutes of the board of directors, notes, e-mails, shareholder disclosures, and all other documents (including electronically-transmitted communications) prepared by Seabulk or its representatives concerning the joint venture.

10. Documents relating to Seabulk's appreciate of Oceanografia's joint-venture related expenditures.

11. Documents relating to the engine problems experienced on vessels over the past five years (including, but not limited to, matters concerning Detroit Diesel engines).

12.    Documents relating to Seabulk's charter hire and other revenue related to the charter of vessels to Oceanografia and/or the joint venture.

13.    Documents reflecting or relating to Seabulk's alleged damages

14.    For Seabulk Marine Towing; Seabulk Offshore, Ltd.; Hvide Marine Towing, and other entities with an ownership interest in any of the vessels chartered to Oceanografia or involved in the joint venture operations, please produce:

      a.    Current and latest year-end balance sheets;

      b.    Most current periodic and year-end audited financial statements;

      c.    General ledger for the years 1998 to present; and

      d.    Tax returns for the years 1998-2002.

15.    All documents relating to the joint venture not produced in response to the above requests or previously.

16.    Documents reflecting charter rates earned by Seabulk or predecessor or affiliated entities for vessels other than those chartered to Oceanografia/the joint venture during the years 1998-2002.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
**HARRIS & RUFTY, L.L.C.**
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via **FACSIMILE**, this 25th day of July, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

_____
**James H. Hunter, Jr.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

<u>ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY</u>

On the _____ day of _____, 2002, came on to be considered Defendants',

**OCEANOGRAFIA S.A. DE C.V.** and **AMADO YANEZ OSUNA** Motion to Compel in the

above-entitled civil action. The Court after considering said motion, the pleadings on file, the

arguments of counsel, the evidence presented and the applicable law is of the opinion that said

motion should be granted. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendants', **OCEANOGRAFIA S.A.**

**DE C.V.** and **AMADO YANEZ OSUNA** Motion to Compel is **GRANTED**, Plaintiffs' Objections

are OVERRULED, and Plaintiffs are ordered to provide *full and complete* answers and responses

to Defendants' First Set of Interrogatories and Request for Production of Documents marked as

Exhibit "A" to the Motion to Compel within _____ days of signing of this Order, without objection,

and objections to said discovery are waived. It is further

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Compel further

corporate deposition testimony on the issues outlined in the motion is hereby GRANTED, and

Defendant is ordered to produce corporate representative(s) with knowledge of such issues to testify

within _____ days of the signing of this order, without objection.

**SIGNED FOR ENTRY** on the _____ day of _____, **2002.**

_____
**HON. FELIX RECIO**
**UNITED STATES MAGISTRATE JUDGE**

**COPIES TO:**

JAMES H. HUNTER, JR.
ROYSTON, RAYZOR, VICKERY
 & WILLIAMS, L.L.P.
P.O. BOX 3509
BROWNSVILLE, TX 78523-3509

JAMES F. BUCHANAN
FRANK L. MCNIFF, JR.
THE KLEBERG LAW FIRM
800 N. SHORELINE BLVD., STE. 900 NORTH
CORPUS CHRISTI, TX 78401

RUFUS C. HARRIS III
ALFRED J. RUFTY III
HARRIS & RUFTY, L.L.C.
1450 POYDRAS STREET, STE. 1510
NEW ORLEANS, LA 70112