70

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a § | | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., § | | |
| and SEABULK OFFSHORE, LTD., § | | |
| Plaintiffs § | | NUMBER: C.A. B-01-094 |
| § | | |
| v. § | | |
| § | | |
| OCEANOGRAFIA S.A. de C.V and § | | In Admiralty |
| AMADO YANEZ OSUNA, § | | |
| Defendants § | | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION TO CONTINUE TRIAL

Although trial is set to commence on October 7, 2002, discovery is not complete and the parties cannot be ready in time.

In the past three weeks, defendants' counsel has received approximately 50,000 pages of fresh documentation pertaining to this claim. This may be a conservative estimate, as plaintiffs' counsel wrote on September 4 that plaintiffs have so far produced "over 61,709 pages of documents" and the bulk of that has been received in the past few weeks. [Exhibit "A"] Further, plaintiffs' counsel have advised that they will be sending additional documents in the near future pursuant to their obligation to supplement discovery. Still further, this Court has overruled in full plaintiffs' objections to defendants' discovery requests and has ordered plaintiffs to respond fully to them, and this no doubt will lead to the sending of more documents still.

We also received notification day before yesterday (September 16) by telefax that Merrill Lynch has just transmitted additional documentation pertaining to this claim to plaintiffs' counsel. While we do not know how many documents are involved, presumably this production is voluminous, for the fee charged for obtaining and sending the documents is over $2,000. [Exhibit

49499:1029360.1:091802

"B"] In calling the Marshall's Business Service yesterday to inquire what its notice meant, we were informed that Merrill Lynch (the defendants' bank) had produced documents in several other batches over the past few months, all without defendants' knowledge.

When Merrill Lynch sent two boxes of documents to plaintiffs' counsel in response to a subpoena in approximately February 2002, plaintiffs' counsel wrote advising of their receipt and asked whether defendants' counsel would like a copy. We of course responded "yes." We now have learned, however, that multiple batches of additional documents have been sent from Merrill Lynch to plaintiffs' counsel since that time. Yet plaintiffs' counsel did not bother to advise defendants about these documents. We have no idea how many such documents exist or what they say (except that they are defendants' own banking records).

Compounding this difficult state of affairs, Oceanografia (our client) has also just located approximately 15,000 pages of additional documents in Mexico, which are presently being copied, stamped, and provided to plaintiffs' counsel.

Your Honor considered defendants' initial motion to continue at a hearing on July 25. As explained at that hearing, because the parties had reached a tentative settlement agreement and had been trying to iron out the details for a period of months, discovery had been retarded – indeed, it had barely commenced, as the first deposition was yet to be taken. Your Honor granted the motion and extended trial for one month (from September 6 until October 7).

Despite diligent effort, the additional month has turned out to be insufficient. Since the hearing, more than 50,000 pages of additional documents have been produced and more is coming. Further, at the Seabulk corporate deposition, the designated witnesses were unable to answer fundamental questions about the nature of Seabulk's claim (i.e. how much money does Seabulk

claim is presently owed by the defendants and what does it consist of, among other questions of an similarly fundamental nature).

This case presents an appropriate circumstance for the Court, in its discretion, to continue the trial for a short period. This is a corporate-accountancy action and determining how much money which company owes the other after the unraveling of their joint venture depends heavily on analyzing the documentation concerning the joint venture's finances. With tens-of-thousands of such documents having been produced in recent weeks and with still more to come, this is not a process that can be completed in time for trial on October 7.

A short continuance would dramatically enhance the prospects for a just outcome in this case and would cause no meaningful prejudice to any party.

For these reasons, defendants respectfully submit that their motion for a short trial continuance should be granted.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____
James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

>Rufus C. Harris III (#Admission No. 29458)
>Alfred J. Rufty III (#Admission No. 29457)
>HARRIS & RUFTY, L.L.C.
>1450 Poydras Street, Ste. 1510
>New Orleans, Louisiana 70112
>Tel: (504) 525-7500
>Fax: (504) 525-7222
>**ATTORNEYS FOR DEFENDANTS,**
>**OCEANOGRAFIA S.A. DE C.V. AND**
>**AMADO YANEZ OSUNA**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been forwarded to opposing counsel via **FACSIMILE**, this 18th day of September, 2002.

>Mr. James F. Buchanan
>Frank L. McNiff, Jr.
>THE KLEBERG LAW FIRM
>800 N. Shoreline Blvd., Ste. 900 North
>Corpus Christi, Texas 78401

>_____
>**James H. Hunter, Jr.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a<br>HVIDE MARINE TOWING, INC.,<br>and SEABULK OFFSHORE, LTD.,<br>　　　　Plaintiffs | § § § § § | CIVIL ACTION<br><br>NUMBER: C.A. B-01-094 |
| v. | § § | |
| OCEANOGRAFIA S.A. de C.V and<br>AMADO YANEZ OSUNA,<br>　　　　Defendants | § § § | In Admiralty |

## ORDER GRANTING CONTINUANCE

On the _____ day of September, 2002, came on to be considered Defendants', Oceanografia S.A. de C.V. and Amado Yanez Osuna's Motion to Continue Trial in the above-entitled civil action. The Court after considering said motion, the pleadings on file, arguments of counsel, the evidence presented and the applicable law, is of the opinion that said motion should be granted. It is therefore,

**ORDERED, ADJUDGED and DECREED** that Defendants', Oceanografia S.A. de C.V. and Amado Yanez Osuna's Motion to Continue Trial is hereby **GRANTED** and this case is hereby reset with a final pretrial conference scheduled for the _____ day of _____, 2002 at ____ o'clock __.m., jury selection on the _____ day of _____, 2002 at ____ o'clock a.m., and trial to commence on the _____ day of _____, 2002 at ____ o'clock a.m.

The Clerk shall send a copy of this Order to counsel for all parties.

**SIGNED FOR ENTRY** on the _____ day of _____, 2002.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HON. FELIX RECIO
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

COPIES TO:

JAMES H. HUNTER, JR.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
P.O. BOX 3509
BROWNSVILLE, TX 78523-3509

JAMES F. BUCHANAN
FRANK L. MCNIFF, JR.
THE KLEBERG LAW FIRM
800 N. SHORELINE BLVD., STE. 900 NORTH
CORPUS CHRISTI, TX 78401

RUFUS C. HARRIS III
ALFRED J. RUFTY III
HARRIS & RUFTY, L.L.C.
1450 POYDRAS STREET, STE. 1510
NEW ORLEANS, LA 70112

49499:1029363.1:091802

# THE KLEBERG LAW FIRM
Established 1849

A Professional Corporation
Corpus Christi Office
Suite 900, North Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3709
(361) 693-8500

Facsimile: (361) 693-8600

San Antonio Office
Suite 1300
112 East Pecan Street
San Antonio, Texas 78205-1536
(210) 227-8800

Houston Office
Suite 400
1800 Bering Drive
Houston, Texas 77057
(713) 650-6166

Frank L. McNiel, Jr.
Direct Dial (361) 693-8665

September 4, 2002

*Via Fax: 504-525-7222*

Mr. Alfred J. Rufty, III
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112

Re: C.A. No. B-01-094; in the U.S. District Court,
Southern District of Texas, Brownsville Division
*Seabulk Towing, Inc. and Seabulk Offshore, Ltd.*
*vs. Oceanografia S.A. de C.V. and Amado Yanez Osuna*
Harris & Rufty Ref: 736-85
Kleberg Ref: 16273.1

Dear Alfred:

Thank you for your letter of September 3, 2002.

We recognize your request for deposition of five additional individuals, answers to six questions, and further, for a "privilege log" as to any withheld documents. We are very skeptical towards any discovery requests presented by Oceanografia/Yanez due to the continued refusal of Oceanografia/Yanez to produce documents to Seabulk. We currently have on file with the court two motions to compel which have elicited no response from you and have not resulted in any additional documents being produced.

To date, Seabulk has produced over 61,709 pages of documents and Oceanografia/Yanez document production is no more than 1,656 pages. We have reiterated our request to the court for hearing on the Motions to Compel and further confirm that Seabulk has produced (and continues to supplement) pursuant to your discovery requests. To my knowledge (and James Buchanan's) no documents have been withheld from production other than those which are attorney-client or work product privileged created after we were retained by Seabulk to pursue its claims against Oceanografia/Yanez, which you have agreed need not be catalogued. While we understand that you do not desire a privilege log of any attorney correspondence prepared since the suit was filed, the only other documents withheld are those attorney-client privilege documents immediately prior to suit between counsel and Seabulk which also are clearly privileged. Please confirm whether or not you are demanding a privilege log for those pre-suit documents. Please also confirm that payment of $262.02 and $2,959.49 are being made to cover Oceanografia/Yanez' portion of copy costs for the already produced documents.



EXHIBIT
"A"

September 4, 2002
Page 2

## DEPOSITIONS REQUESTED

We note your request for deposition of five additional people and comment as follows:

1. Gerald Hoffman:

Mr. Hoffman is currently a Seabulk employee but is on vacation through September 8, 2002. Upon return of Mr. Hoffman, we will inquire as to his availability for deposition before the expiration of discovery deadline of September 13, 2002.

2. Gloria Concienne:

Ms. Concienne is not a current employee of Seabulk and therefore, not within our control. We have contacted Ms. Concienne and she relates that between her work commitments and a seminar that she is attending, the only time she has available is September 21, 2002. We are agreeable to extend the discovery deadline for this deposition only through September 21.

3. Ignacio Garza:

We will contact Mr. Garza to ascertain his availability this week or next for deposition.

4. Bill Ludt:

Mr. Ludt is not a current employee of Seabulk and therefore, not within our control. Mr. Ludt's last known address and phone number are as follows:

> Bill Ludt
> Reynolds Industrial Park
> Bulkhead Rd.
> Green Cove Springs, Florida.
> (904) 264 682

5. Tony Tillmon:

Mr. Tillmon is currently a Seabulk employee, employed at Seabulk's offices in Lafayette, Louisiana. We recommend combining the deposition of Gerald Hoffman with Tony Tillmon to serve as a cost-effective measure for travel, etc.

September 4, 2002
Page 3

### ADDITIONAL QUESTIONS

It is preposterous to allege that Seabulk has not lived up to its obligations under the corporate subpoena. Seabulk has produced two very knowledgeable witnesses as its representatives being Andy Brauninger and Larry Vervuurt. Mr. Brauninger's deposition lasted approximately six hours, along with one additional hour which was required due to schedule delays by you. Additionally, Larry Vervuurt was produced for deposition with the same taking approximately three hours which included one hour for the late arrival of Oceanografia/Yanez court reporter. Taken in total, the allowable time period of seven hours (FRCP 30(d)(2)) has been exceeded. The purpose of a 30(b)(6) deposition is not for an open-ended time period to ask questions and it is unfair to expect the witness to know all answers to every question.

Clearly, Mr. Brauninger and Mr. Vervuurt were knowledgeable and made attempts to answer the questions presented. Notwithstanding this cooperation, the following responses are provided.

1. Precisely how much money does Seabulk presently believe Oceanografia owes and what does it consist of?

   Answer: See Amended Complaint.

2. What were Seabulk's gross charter revenues both for the time and bareboat charters involving Oceanografia?

   Answer: Oceanografia is in the same or better position to state the gross charter revenues for time/bareboat charters involving Oceanografia with Seabulk. As we have not been presented documents from Oceanografia to this effect, and continue to await documents requested from Oceanografia, Seabulk is in the unenviable position of continually attempting to comply with Oceanografia/Yanez' request, notwithstanding the failure of them to do so themselves. Both Mr. Brauninger and Mr. Vervuurt have attempted to answer all questions presented to them by Oceanografia/Yanez and we will further attempt to identify the answer to this question.

3. What were Seabulk's net profits from these charters after deduction of expenses?

   Answer: Net profits from the charters have not been calculated. With this in mind, and due to the burdensome nature of the request, Seabulk objects to such demand as the same would require engagement of accountants and/or numerous man hours for record review and analysis. Seabulk further objects as such request is not reasonably anticipated to lead to admissible evidence and as a result, is not relevant to the issues of the lawsuit. However, with in excess of three million dollars outstanding from Oceanografia, Seabulk incurred a net loss, not a not profit.

4. What Does Seabulk believe were the charter revenues paid by PEMEX?

September 4, 2002
Page 4

**Answer:** Oceanografia is in the superior position to answer this question as it actually received the PEMEX revenue. Seabulk is unable to make a statement concerning the PEMEX revenue as documents requested through request for production/interrogatories have not been obtained despite repeated requests and motions to compel.

5. What does Seabulk believe to be the total of Oceanografia's legitimate joint venture expenses?

**Answer:** Seabulk does not understand this question as the same requires interpretation as to what constitutes "legitimate" expenses. Seabulk awaits additional information requested from Oceanografia/Yanez to include all expense documents and a full answer to interrogatories/request for production which may assist them in answering this question.

6. When was each vessel due initially to arrive in Mexico and when did each vessel actually arrive in Mexico?

**Answer:** This question is not limited in time or scope and would require Seabulk to review all vessel logs located at its Lafayette, Louisiana office. Seabulk has previously offered inspection of the logs to Oceanografia/Yanez without response. (See responses to deposition notice of Seabulk.)

## STATUS OF SETTLEMENT

Seabulk awaits confirmation from Oceanografia/Yanez that settlement may still be undertaken based on the agreement reached in April, 2002. Specifically, Seabulk maintains its willingness to settle for the amount of $1,620,000, plus attorney's fees and interest accrued after the settlement agreement.

We will make every attempt to accommodate your request concerning depositions of Messrs. Hoffman, Garza and Tillmon. Please provide your available dates up to and including September 13, 2002.

Thank you.

Very truly yours,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.

FLM/ps
153362v25



# MBR
## Marshall's Business Records

**STYLE OF CASE:** Seabulk Towing, Inc., f/k/a Hvide Marine Towing, Inc., and Seabulk Offshore, Ltd.
vs.
Oceanografia S.A. de C.V. and Amado Yanez Osuna

**CASE NO.:** B-01-094

**PERTAIN TO:** (File Name) Amado Yanez Osuna

**FROM:** Merrill Lynch
Any & All Records

**DELIVER TO:** James F. Buchanan
THE KLEBERG LAW FIRM
800 N. Shoreline Boulevard Suite 900 North Tower
Corpus Christi, TX 78401-3709

IN THE UNITED STATES DISTRICT COURT
For the Southern District of Texas
Brownsville Division

The taxable cost of $ 2,069.10 was charged to Attorney for Plaintiff(s), TBA # 13839020

## NOTICE OF FILING

Pursuant to Rule 31, Section C, Federal Rules of Civil Procedure, I certify that the original deposition and exhibit(s) were hand delivered or mailed certified with return receipt requested to the above attorney of record on __8-15-02__ and a copy of the Notice of Filing was served on all parties or their legal representatives.

Date: __8-15-02__          By: _[signature]_

Order No. 04-40671-004

**EXHIBIT "B"**

Record Retrieval • Written Depositions • Witness Location

802 N. Carancahua, Suite 670 • Corpus Christi, Texas 78470-0800 • Phone: 361-884-1736 • Fax: 361-882-9249 • Toll Free: 1-800-880-1736
E-mail: mbrecords@att.net • Website: mbrecords.net

# MBR
**Marshall's Business Records**

**STYLE OF CASE:** Seabulk Towing, Inc., f/k/a Hvide Marine Towing, Inc., and Seabulk Offshore, Ltd.
vs.
Oceanografia S.A. de C.V. and Amado Yanez Osuna

**CASE NO.:** B-01-094

**PERTAIN TO:** (File Name) Amado Yanez Osuna

**FROM:** Merrill Lynch
Any & All Records

**DELIVER TO:** Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Boulevard Suite 900 North Tower
Corpus Christi, TX 78401-3709

IN THE UNITED STATES DISTRICT COURT
For the Southern District of Texas
Brownsville Division

The taxable cost of $ 2,034.70 was charged to Attorney for Plaintiff(s), TBA # 13839020

## NOTICE OF FILING

Pursuant to Rule 31, Section C, Federal Rules of Civil Procedure, I certify that the original deposition and exhibit(s) were hand delivered or mailed certified with return receipt requested to the above attorney of record on : 5-22-02 and a copy of the Notice of Filing was served on all parties or their legal representatives.

Date: 5-22-02    By: [signature] C/W Burkhardt

Order No. 04-40671-004

Record Retrieval • Written Depositions • Witness Location
802 N. Carancahua, Suite 670 • Corpus Christi, Texas 78470-0800 • Phone: 361-884-1736 • Fax: 361-882-9249 • Toll Free: 1-800-880-1736
E-mail: mbrecords@att.net • Website: mbrecords.net