89

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

## OCEANOGRAFIA'S AND YANEZ'S MEMORANDUM
## IN OPPOSITION TO MOTION TO AMEND COMPLAINT

Seabulk's motion to amend its complaint should be denied. This is true for several reasons.

First, the deadline for amending the complaint has long since passed.

Second, contrary to Seabulk's contentions, the new complaint differs from the prior complaints in fundamental respects. The new complaint withdraws reference to *every single invoice* mentioned in the prior three complaints. Seabulk thus abandons its claim to the alleged debts represented by these invoices in the total sum of $1,241,422.28. Further, the new complaint seeks recovery of a new series of invoices not mentioned in Seabulk's prior three complaints. These sums represent entirely different and distinct debts from those mentioned in Seabulk's prior three complaints.

In addition, Seabulk's third amended complaint now makes a whole series of factual allegations that were not present in any of the prior three complaints. For example, this new

1

paragraph, which alleges a claim of fraud, and cites a whole new set of circumstances, is

entirely new:

> Further, following Seabulk Towing's arrest of the M/V Yun
> Kanaab in March, 2001, Seabulk has learned that Yanez Osuna
> and Oceanografia have attempted to defraud Plaintiffs by
> divesting themselves of substantially all of the assets of
> Oceanografia. Specifically, Seabulk has learned that no less
> than five (5) vessels have been moved out of Oceanografia
> within a two month time period following the arrest of the M/V
> Yun Kanaab. Accordingly, Oceanografia, in concert with Yanez
> Osuna has been rendered judgment proof. Neither Oceanografia
> nor yanez Osuna have been forced to face the financial
> consequences of these actions.

Further, in Seabulk's third amended (i.e. its fourth) complaint, Seabulk for the first

time alleges entitlement to monies owed under bareboat charter agreements for five new

vessels: the SEABULK AUSTIN, SEABULK BATON ROUGE, SEABULK CAMERON,

SEABULK COLORADO, and SEABULK SABINE. These vessels are mentioned nowhere

in any of Seabulk's prior three complaints.

Further, this new fourth complaint alleges for the very first time that "Oceanografia,

as bareboat charterer, was responsible for all expenses associated with the operation of the

vessels..." and that Seabulk made advances to the vessels for necessaries for crew wages and

other expenses "pursuant to the advance clauses in the bareboat charters." These allegations

stand in direct contrast to Seabulk's prior complaints, in which Seabulk alleged that it was

the responsibility, not of Oceanografia, but of the joint venture (between Oceanografia and

Seabulk) to provide these services and pay these expenses. Thus, Seabulk's second amended

complaint, filed on March 13, 2002, provides at paragraph 7: "This joint venture was to

managed by Oceanografia and was to provide services including the crewing and arranging of supplies for the vessels.... The joint venture failed to pay crew wages and third-party suppliers." This constitutes a significant shift in Seabulk's theory of the case. Seabulk must regard this change as significant too as, otherwise, why would Seabulk have bothered to amend its complaint yet again?

Still further, in all three prior complaints, the claim alleged on behalf of Seabulk Offshore was for *"joint venture expenses* (payroll and third-party expenses) advanced by Seabulk Offshore to the joint venture...."[1] That claim in the second amended complaint was in the amount of $837,526.67, exclusive of interest. In the proposed amendment there is no such claim. Rather, Seabulk Offshore now contends that all of the sums due it are owed under charter agreements, not as "joint venture expenses." This, again, is a fundamental shift in Seabulk's theory of the case, and it is a shift that is happening at the eleventh hour.

The remainder of the claim alleged in all three former complaints on behalf of Seabulk Offshore was for payment of specifically enumerated invoices. Again, the new complaint deletes any reference to all of these invoices. Accordingly, the claim now being asserted by Seabulk Offshore is a new claim, under a new theory, for recovery of invoices not previously mentioned in any three prior complaints.

The claim of Seabulk Towing is also transformed in this new complaint. In all three prior complaints, Seabulk Towing's claim consisted of exactly one sentence, which said simply said this company sued to recover 49% of the profits of the joint venture. As all

---

[1] See *Seabulk's Second Amended Verified Complaint* at paragraph 8.

parties will have to concede, there was no profit to the joint venture. Rather, the joint venture sustained a loss.

For the first time, in this fourth complaint, Seabulk Towing now claims that "the joint venture company ... was to have acted as an agent for Oceanografia...." This is a new contention not present in any prior complaint. Still more importantly, the complaint now alleges that it was Seabulk Towing who advanced expenses on behalf of the joint venture, whereas previously, the prior complaints allege that Seabulk Offshore did so. Again, this is a significant shift in Seabulk's claim.

Perhaps the most significant change of all in this third amended verified complaint is this: the prior three complaints all allege that Seabulk Offshore was a party to the joint venture. This is a very basic fact from which many legal ramifications may flow. The third amended verified complaint alleges precisely the opposite – that Seabulk Towing alone participated in the joint venture. This is a critical shift that could have a significant potential impact on the parties rights and responsibilities. In short, contrary to Seabulk's suggestions, this new third amended complaint is different in significant and fundamental ways from the previous ones.

Third, the proposed amendment would be prejudicial. Oceanografia and Yanez have prepared their case in light of the allegations contained in Seabulk's complaint. This is of course the purpose of a complaint: to fairly advise the defendants what allegations they must respond to. It would be extremely unfair for Seabulk to be permitted to significantly change its allegations just weeks before trial.

4

The amendments to Seabulk's allegations in this fourth complaint raise additional issues for discovery. Among these, the defendants should be entitled to probe the new allegation that Seabulk Offshore was not a participant in the joint venture. The direct statement in Seabulk's prior complaints that Seabulk Offshore *was* a participant in the joint venture made any such discovery unnecessary. Additionally, the new complaint raises questions about the newly enumerated invoices not present in the prior complaints. Again, defendants should be entitled to pursue these matters in discovery.

Fourth, Seabulk has no justification for its late attempt to amend its complaint. In its motion papers, Seabulk states that it has listed new invoices because these invoices were not due and owing at the time its second amended complaint was filed. This is simply false. As Seabulk must know, this is a misrepresentation to the Court. Of the 25 invoices attached to Seabulk's third amended complaint for which it now seeks payment, all but 2 pre-dated the filing of Seabulk's second amended complaint on March 12, 2002. All but 3 are from the prior year.

Fifth, in its third amended complaint, Seabulk reiterates a request for the attachment of Mr. Yanez's house in Houston. This is a matter that has already been brought before the Court on motion. This Court, after a hearing, denied Seabulk's motion to attach Mr. Yanez's house. Nothing has changed. This has been and remains a maneuver designed principally to harass. As Seabulk must concede, its contracts were strictly with Oceanografia; there never was any contract entered into between Seabulk and Mr. Yanez in his capacity as an individual. There was no basis whatever for Seabulk's reiterating its demand to seize Mr.

5

Yanez's house.

It is incumbent upon Seabulk as plaintiff to properly define its claim. It is unfair and inappropriate for Seabulk to do so one month before trial. Oceanografia has been seeking clarification of Seabulk's claim throughout the history of this litigation. Oceanografia has done so through written discovery as well as through taking the corporate deposition of the Seabulk entities themselves. Yet Seabulk has never properly identified its claim. Rather, Seabulk is attempting to properly define its claim in the few weeks leading up to trial and in the course of the trial proceedings themselves. This is patently unfair to the defendants. This is particularly unfair to the defendants in a case involving (as does this one) tens of thousands of pages of documentation.

More or less contemporaneously with this memorandum, Oceanografia will be filing a motion to continue the trial. If that motion is granted, then Oceanografia and Yanez will withdraw any objection to Seabulk's third amended complaint. In the absence of fair and reasonable time to explore Seabulk's new allegations, however, Oceanografia respectfully submits that it would be inappropriate and unfair to permit Seabulk to change a fundamental aspect of its complaint within a few weeks of trial when there is no justification whatever for this delay.

For these reasons, unless the trial of this matter is continued, Seabulk's motion to amend its complaint should be denied.

Respectfully submitted,

HARRIS & RUFTY, L.L.C.

By: _____

Rufus C. Harris III (Admission No. 29458)
Alfred J. Rufty III (Admission No. 29457)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this 6th day of February, 2003.

_____
Alfred J. Rufty III

7