IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SEABULK TOWING, INC., f/k/a § | |
| HVIDE MARINE TOWING, INC., § | |
| and SEABULK OFFSHORE, LTD. § | |
| Plaintiffs § | CIVIL ACTION NO. B-01-094 |
| § | |
| V. § | In Admiralty |
| § | |
| OCEANOGRAFIA S.A. de C.V. and § | |
| AMADO YANEZ OSUNA § | |
| Defendants § | |

**REPLY OF SEABULK OFFSHORE, LTD. AND SEABULK OFFSHORE
TOWING, INC TO DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE FOURTH (sic) AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COME NOW Plaintiffs, Seabulk Towing, Inc. and Seabulk Offshore, Ltd., and reply to Defendants' Response to Plaintiffs' Motion for Leave to File Fourth (sic) Amended Complaint, as follows:

I.

CHANGES IN ACCOUNT

The Amended claim presents no surprise to Oceanografia. This case is somewhat unusual in that Seabulk and Oceanografia continued in a business relationship even after suit was filed on June 7, 2001. Seabulk continued to furnish vessels up to January 2002, and Oceanografia made payments on its account after suit was filed. Consequently, as payments were made, they were applied to the oldest outstanding invoices. The invoices on which Seabulk initially sued were credited with amounts paid by Oceanografia. However, additional charges

for charter hire, operating expenses and advances for crew wages and travel, supplies, and repairs accrued.

Plaintiffs' Third Amended Complaint does not represent anything more than an updating of the accounting between the parties to reflect the transactions, both payments and accruals which occurred after date of Plaintiffs' previous complaints.

II.

FRAUD ALLEGATION IS NOT NEW

The allegation of the sale of vessels is merely an evidentiary allegation in support of Plaintiffs' alter ego theory. In their Second Amended Verified Complaint, Plaintiffs alleged that Defendants be treated as one entity "to prevent the use of the corporate device to inflict injustice on Plaintiff (sic)." Moreover, Defendants' complaint regarding Seabulk's pleading of fraud by the sale of the vessels should be disregarded because of Defendants' failure to produce the Bills of Sale for the vessels until December 2, 2002.

III.

NO NEW VESSELS

Contrary to Defendants' assertion that the proposed Third Amended Complaint for the first time raised claims for five additional vessels, Plaintiffs made the same allegation in their Verified Original Complaint at Paragraph XXI and Second Amended Complaint at Paragraph VIII and the ledger showing the expenses for each of those five vessels was attached as Exhibit AC to the prior complaints, and is now set out at Paragraph VII B, and the ledgers for each of the vessels, unchanged from the Original Verified Complaint and Second Amended Verified Complaint, are attached as Exhibit "D"

IV.

## PLAINTIFFS' ALLEGATIONS AGAINST OCEANOGRAFIA

Plaintiffs' allegations against Defendants have not changed. Plaintiffs sued Defendants for breach of contract, more particularly non-payment of charter hire and other expenses. Plaintiffs alleged in the Second Amended Verified Complaint that Defendant Oceanografia, acting in its capacity as bareboat charterer and as manager of a joint venture, owed Seabulk Offshore approximately $3.4 million.

Plaintiff Seabulk further alleged that "pursuant to an agreement with Oceanografia, by which Oceanografia agreed to reimburse Seabulk Offshore for advances, Seabulk Offshore advanced crew wages and payments to creditors in the amount of $1,342,112.02, exclusive of interest. Oceanografia has failed to meet its obligation to reimburse Seabulk for these advances." In the Third Amended Complaint, Seabulk continues to seek recovery of charter hire and operating expenses against Oceanografia in its capacity as bareboat charterer and for advances made by Seabulk Offshore to the vessels on behalf of Oceanografia.

Seabulk at no time alleged the joint venture, Seabulk Offshore de Mexico, S.A. de C.V. was liable to Seabulk Offshore for the advances or the charter hire. Plaintiffs at no time sought any relief from Seabulk Offshore de Mexico, S.A. de C.V.

V.

## CLAIM OF SEABULK TOWING

In their Verified Original Complaint and Second Amended Verified Complaint, Seabulk Towing alleged it was entitled to an accounting and to recover 49% of the profits of the joint venture, Seabulk Offshore de Mexico, S.A. de C.V.

Contrary to Defendants' outrageous assertion, Seabulk Offshore never alleged it was a party to the joint venture. To the contrary, the Second Verified Amended Complaint alleged: "VII. Plaintiff Seabulk <u>Towing</u> (emphasis added), Inc. and Defendant Oceanografia S.A. de C.V. formed a joint venture known as Seabulk, which is owned 49% by Seabulk Towing and 51% by Oceanografia. This joint venture was to be managed by Oceanografia and was to provided services including the crewing and arranging of supplies for the vessels which Oceanografia chartered from Seabulk Offshore and Seabulk Towing."

Moreover, contrary to Defendants' assertion that Seabulk Towing now alleges it made advances, the Third Amended Complaint at paragraph VI. B. alleges inadvertently said "Seabulk" rather than "Seabulk Offshore" made advances. However, a review of the Third Amended Verified Complaint shows that Seabulk Offshore alleges that it made advances and is entitled to recover those advances from Oceanografia, and that Seabulk Towing has not alleged that Seabulk Towing made advances.

Moreover, Plaintiffs do not concede that there was no profit to the joint venture. Even with the limited information regarding the joint ventures revenues, Defendant Seabulk Towing contends there was a profit, and it is entitled to 49% of that profit.

VI.

## CONCLUSION

In short, the allegations against Defendants have not changed materially from Plaintiffs' Second Amended Verified Complaint.

Defendants, finally after obfuscation and delay, when finally facing the day of reckoning for trial, now misrepresent to the Court that Seabulk has somehow transformed its complaint, when a simple comparison of the Second Amended Verified Complaint and the proposed Third

173262

4

Amended Verified Complaint demonstrates that Defendants' assertions are simply not well founded, and are apparently put forth solely to further delay the trial of the case.

WHEREFORE, Seabulk Offshore, Ltd. and Seabulk Towing, Inc. pray the Court grant Plaintiffs' Motion for Leave to File Third Amended Complaint.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

ATTORNEYS FOR PLAINTIFFS

173262                                    5

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was forwarded to the attorney listed below by hand delivery, facsimile or U. S. certified mail, return receipt requested on the _10_ day of February, 2003

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

                                                            _____
                                                            James F. Buchanan