9 '/

United States District Court
Southern District of Texas
FILED

FEB 2 1 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## DEFENDANTS' OPPOSED MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, and make this, their Opposed Motion to Compel Discovery and in support thereof would respectfully show as follows:

### I.

### DEFENDANTS HAVE NOT COMPLIED WITH THIS COURT'S ORDER OF SEPTEMBER 16, 2002 COMPELLING WRITTEN DISCOVERY.

1.1     On September 16, 2002, the Court granted Defendants' Motion to Compel Answers and Responses to Defendants' First Set of Interrogatories and Requests for Production. Defendants' motion is attached as *Exhibit "A"*. Specifically, the Court ordered the following:

> ORDERED, ADJUDGED and DECREED that Defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna Motion to Compel is GRANTED, Plaintiff's objections are overruled, and Plaintiffs are ordered to provide *full and complete* answers and responses to Defendants' First Set of Interrogatories and Requests for Production of Documents marked as Exhibit "A" to the Motion to Compel within ten (10) days of signing of this order, without objection, and objections to set discovery are waived.

49499:1047774.1:022103

*See Exhibit "B"*, a copy of this Court's Order of September 16, 2002.

1.2     On September 18, 2002, Plaintiffs filed a Motion for Reconsideration of the Court's order compelling discovery. *See Exhibit "C"*.  The Court did not specifically rule on this motion, although the Court confirmed that privileged matters were not subject to discovery.  Defendants completely agree, but to date, despite a supplementation served September 26, 2002 (*Exhibit "D"*), and subsequent correspondence simply attaching documents by reference to "supplementation", Defendants have not received *full and complete* responses, as ordered by the Court.

1.3     Defendants are handicapped in their defense of the case without the requested discovery, and move for an Order compelling Plaintiffs' responses to Defendants' First Set of Interrogatories and Requests for Production.

## II.

## PLAINTIFFS HAVE FAILED TO PRODUCE CORPORATE REPRESENTATIVES KNOWLEDGEABLE IN THE AREAS OUTLINED IN DEFENDANTS' 30(B)(6) DEPOSITION NOTICES.

2.1     The Court inter-lineated the portion of its Order of September 16, 2002 relating to Defendants' request to produce corporate representatives with knowledge of certain issues identified in Defendants' 30(b)(6) Notice.  *See Exhibit "B"*.  Defendants are uncertain as to whether they should interpret this portion of the order as a denial or a deferral of the Court's ruling on the deposition issue.  Whether the Court intended to deny the 30(b)(6) portion of the Motion to Compel or whether the Court intended to defer ruling on the matter, Defendants re-urge the motion for the reasons below.

2.2     On July 25, 2002, Defendants issued a FRCP 30(b)(6) deposition of the corporate representatives of plaintiffs. *See Exhibit C to Exhibit "A", a copy of the 30(b)(6) Deposition Notice.*

A number of deponents were produced by Seabulk, none of who were able to answer the most fundamental questions relating to the basis of Plaintiff's claim, among them, the following:

a.   How much was Seabulk paid in charter hire?

b.   What were Seabulk's total expenses?

c.   What does Seabulk believe PEMEX paid in charter wire?

d.   What was Seabulk's net profit for the charters after deducting expenses (including those alleged in this suit)?

e.   What were the reasons for Seabulk's issuance of "credit memos" to Oceanografia and in what amounts?

f.   What precise sum does Seabulk believe Oceanografia presently owes and what does it consist of?

2.3   Plaintiffs' <u>attorneys</u> responded to this portion of Defendants' motion by simply writing a letter in an attempt to provide the information. *See Exhibit "E", a copy of Plaintiffs' attorneys' letter of September 20, 2003.* Defendants are entitled to have <u>the Defendants</u> answer these questions under oath, not by their attorneys in a letter. The law is well established that Rule 30 (b)(6) explicitly requires a company to have persons testify on its behalf as to all matters known or reasonably available to it. These are basic questions designed to get to the bottom of Plaintiff's claim. Given Plaintiff's recent attempts to amend its petition and fundamentally change both the amount and nature of their claims <u>after</u> depositions were taken make the deposition testimony even more critical just weeks from trial.

## III.

**PLAINTIFFS' PRODUCTION OF 100,000 DOCUMENTS HAVE BEEN PRODUCED IN SUCH A WAY THAT DEFENDANTS CANNOT MAKE USE OF THEM, AND PLAINTIFFS SHOULD BE ORDERED TO ORGANIZE AND LABEL THE DOCUMENTS TO RESPOND TO THE CATEGORIES IN DEFENDANTS' REQUESTS.**

3.1     In response to Plaintiffs' Requests for Production. Defendants have literally produced over one hundred thousand (100,000) documents in no particular order. Due to the sheer volume, disorganization of the documents and the fact that Plaintiffs have not identified which specific documents are responsive to each of Defendants' discovery requests, Defendants are simply unable to use most of them.

3.2     Federal Rule Civil 34(b) provides that documents produced in response to a Request for Production may be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in the requests. If the documents are kept in such a way that the discovering party cannot make use of them, then the burden is placed on the discoveree to organize the documents. In *Innovative Therapy Products v. Roe*, 1999 WL 13934 (E.D. LA 1999), the Defendant made available "boxes of documents" which were not organized or labeled in any way. In response to a motion to compel, the court held, *inter alia* in order to reduce confusion, the Defendant had to organize and label the Defendants' documents to correspond with each category of the Plaintiff's requests, rather than producing them randomly in boxes or as they are kept in the ordinary course of business.

3.3     In *Stiller v. Arnold*, 965 F.2d 298 (7th Circuit 1992), the Plaintiff produced over seven thousand (7,000) documents and delivered them to a commercial copying center. The documents were not labeled or organized in any way. In finding the manner of production sanctionable, the Court noted "many discovery requests and responses thereto can be used to harass opposing parties

or to increase the cost of litigation". For this reason, Rule 34(b) places the obligation on the responding party to "organize and label the documents which are produced for inspection." The Court in *Stiller* cited several other cases which came to the same conclusion. See *EG, Govas v. Chalmers*, 965 F.2d 7th Circuit 1992. In *Standard Dyeing and Finishing Company v. Arma Textile Printers Corp.*, 1987 WL 6905 (S.D. New York 1987), a co-defendant responded to a Request for Production of Documents by stating that the requested documents were now in the possession of another co-defendant. The Court stated "it is not sufficient for [the discoveree] to point to a haystack of documents and tell [the discoverer] to arrange with [the co-defendant] for permission to find the needles. Id at 2. The Court went on to note that subparagraph (b) was added to Rule 34 to prevent parties from deliberately mixing critical documents with others in the hope of obscuring significance. Id. Citing Notes of Advisory Committee on Rules for 1980 Amendment to Rule 34. Even in a situation where the discoveree may not be purposefully engaging in that tactic, if the documents requested are kept in such a way that would make it unreasonably burdensome for the discovering party to search for the documents, then the burden falls on the discoveree to organize the documents so that the discoverer can make reasonable use of them. Id citing 8 C. Wright, A. Miller and F. Elliot, Federal Practice and Procedure, Section 2213 (Supp. 1986).

3.4    Defendants cannot make use of the vast majority of some one hundred thousand (100,000) pages worth of documents produced by the Plaintiffs, whether such conduct was intentional or not. Plaintiff therefore request the Plaintiffs organize and label the document production to correspond with Defendants' discovery requests and to eliminate any documents which are not responsive to those requests.

## IV.

4.1    Attempts to resolve this matter informally have proven unsuccessful.

4.2    **WHEREFORE, PREMISES CONSIDERED,** Defendants Oceanografia S.A. de C.V. and Amado Yanez Osuna respectfully request that Plaintiffs organize and label the document production to correspond with Defendants' discovery requests and to eliminate any documents which are not responsive to those requests.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF CONFERENCE

The undersigned conferred with Seabulk attorney, Frank McNiff, by telephone on February 21, 2003.  Seabulk is opposed to this motion.

_____
**James H. Hunter, Jr.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded to opposing counsel via **FACSIMILE AND U.S. MAIL**, this 21st day of February, 2003.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

_____
**James H. Hunter, Jr.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## ORDER GRANTING OPPOSED MOTION TO COMPEL DISCOVERY

On this day came on to be heard the Defendants', Oceanografia S.A. de C.V. and Amado Yanez Osuna Opposed Motion to Compel Discovery, and the Court having considered said motion is of the opinion that it should be granted in all respects. It is, therefore,

**ORDERED, ADJUDGED and DECREED** that Plaintiffs must respond fully and completely to Defendants First Interrogatories and Request for Production without objection, except privileged objections, within _____ days of this order. It is further

**ORDERED ADJUDGED and DECREED** that Plaintiffs shall make available for deposition corporate representative(s) available to testify on the matters which were the subject of Defendants original notice of 30 (b)(6) deposition dated July 25, 2002 such representative(s) to be made available within _____ days of this order.

**ORDERED, ADJUDGED and DECREED** that Plaintiffs are to organize and label the document production by category to correspond with Defendants' discovery requests and to

eliminate any documents which are not responsive to those requests, within _____ days of this order.

The Clerk shall send a copy of this Order to counsel for all parties.

**DONE** at Brownsville, Texas this _____ day of _____, 2003.


_____
**HON. FELIX RECIO**
**UNITED STATES MAGISTRATE JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
|      Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
|      Defendants | § | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO COMPEL DISCOVERY**

Defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, propounded

interrogatories and requests for production of documents upon the Seabulk plaintiffs nearly one year

ago. This discovery is enclosed as Exhibit "A". In their responses [Exhibit "B"], the Seabulk

plaintiffs objected to every single interrogatory and every single production request. Seabulk's

responses are deficient, and an order to compel should be issued, for the following reasons:

    1.    Although Seabulk raises repeated claims of privilege, Seabulk has failed (despite

repeated requests) to provide a privilege log. Without a log, the defendants and this Court are

deprived of any means of assessing the claim of privilege.

    2.    Seabulk's "general objections" are inappropriate. The first page of Seabulk's

          discovery responses set forth "general objections" which it invokes generally as to

          every single interrogatory and production request, invoking all manner

    3.    of privileges and *in globo* objections. Such general or global objections are

          inappropriate. Given these objections in place, we cannot know whether Seabulk's

49499:1028801.1:091302



EXHIBIT

A

substantive responses are complete or whether instead – with Seabulk's fingers effectively crossed behind its back – responsive information and documents have been withheld without further explanation. Seabulk's "general objections" are improper and should be stricken.

4. The objections raised by Seabulk to the separate enumerated interrogatories and production requests also are improper. Specifically, Seabulk improperly objects to the following interrogatories and requests as "not limited in time":

A.    Identify facts and documents suggesting that the corporate veil of Oceanografia should be pierced (Interrogatory No. 2);

B.    Identify all evidence suggesting that Oceanografia has been attempting to rid itself of assets (Interrogatory No. 3);

C.    Identify all contracts and agreements between plaintiffs and Oceanografia (Interrogatory No. 4);

D.    How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (Interrogatory No. 11);

E.    Were engines on the chartered vessel repairs or overhauled before the vessels were dispatched to work in Mexican waters? (Interrogatory No. 13);

F.    Produce all contracts between plaintiffs and Oceanografia or Yanez (Request No. 1);

G.    Produce documents reflecting plaintiffs income from the vessel charters and joint venture with Oceanografia (Request No. 2);

H.    All documents pertaining to audits or financial reviews of the joint venture enterprise (Request No. 5);

I.    All evidence suggesting that the corporate separateness of Oceanografia has been ignored (Request No. 7).

These requests all are reasonable; they go directly to issues at the heart of the dispute; and they are not invalid for lack of specified time parameters. In fact, the joint venture enterprise only existed for approximately three years. This objection should be stricken.

An important issue in this case concerns the defective nature of the engines on Seabulk's vessels when chartered to Oceanografia. In the discovery requests, Oceanografia and Yanez appropriately seek information and documents concerning the engine problems that were experienced on these vessels. Although Seabulk produced some documentation, it has presumably withheld others as it responded only subject to multiple objections. Defendants' requests were as follows:

**Interrogatory No. 5**

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.

**Interrogatory No. 9**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the engines chartered to Oceanografia?

**Interrogatory No. 10**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or other affiliated entities?

**Request No. 9**

All documents prepared in the last five years relating to actual or
alleged problems or deficiencies with engines or other equipment
aboard the vessels chartered to Oceanografia by plaintiffs or affiliated
entities.

**Request No. 10**

All documents and other evidence prepared in the last five years
reflecting or relating to surveys, inspections, repairs and/or overhaul
work on the engines or other equipment of the vessels chartered to
Oceanografia.

Seabulk objected to these requests on the grounds of the attorney-client privilege, the

work-product doctrine, and "other privileges," "that the 'term engine problems' is not defined" and

that the requests seek documents "not in the possession or control of Seabulk." These objections are

improper and should be overruled. Oceanografia is certainly entitled to inquire into the engine

problems on these vessels, particularly given that Seabulk has itself sued the manufacturer of the

engines alleging that the engines were defective even prior to their charters to Oceanografia. An

order requiring Seabulk to further respond to these requests respectfully should be entered.

Oceanografia and Yanez further move for an order compelling further corporate testimony

from Seabulk or, alternatively, preventing Seabulk from introducing additional testimony regarding

the following questions, none of which was answered in the Seabulk corporate deposition (despite

falling explicitly within the scope of the notice):

1.    How much was Seabulk paid in charter hire?

2.    What were Seabulk's total expenses?

3.    What does Seabulk believe PEMEX paid in charter hire?

4.  What was Seabulk's net profit for the charters after deducting expenses (including those alleged in this suit)?

5.  What were the reasons for Seabulk's issuance of "credit memos" to Oceanografia and in what amounts?

6.  What precise sum does Seabulk believe Oceanografia presently owes and what does it consist of?

These are all fundamental questions, and they are outlined in the deposition notice. [Exhibit "C"]. This is, after all, a "corporate accountancy action" (Seabulk's words), which poses the fundamental question: as between Oceanografia and Seabulk, who owes whom what in the wake of their joint venture's demise? Seabulk is the Plaintiff; trial is less than two months away; and yet Seabulk refuses to define its claim. The answers are fundamental to Oceanografia's ability to prepare for trial and defend itself.

Seabulk did not fulfill its Rule 30(b)(6) obligations. These obligations were aptly summarized in the recent case of *Calzatursicio v. Fabiano Shoe Company, Inc.*, 201 Frd. 33, 36(d) Mass. 2001);

1.  "The law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation;"

2.  "Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters known or reasonably availability to it...".

As the *Fabiano* court went on to explain, this is necessary to "make the deposition a meaningful one and to prevent the sandbagging of an opponent by conducting a half-parted inquiry before the deposition but a thorough and vigorous one before the trial." *Id.*

An order compelling further testimony to address the issues outlined above is accordingly warranted.

For these reasons, defendants Oceanografia and Yanez respectfully submit that their motion to compel should be granted and that Seabulk should be ordered to fully respond to their discovery requests and produce corporate representative(s) knowledgeable of the subject matter identified above within a short time.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been forwarded to opposing counsel via **FACSIMILE**, this 13ᵗʰ day of September, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401


James H. Hunter, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

FIRST INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS

NOW COME defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, and,

pursuant to Rule 33 of the Federal Rules of Civil Procedure, request that the plaintiffs

respond to the following interrogatories and requests for production of documents within the

pertinent legal delays:

**Definitions**

The terms "document" and "documents" include all originals, copies, non-identical

copies (because of notations on the copy), drafts, and revisions with and without annotations

and editing of all written, recorded, printed, typed or other graphic matter or data (including

that stored on computers), however produced or reproduced. This term includes but is not

limited to correspondence, memoranda, and records of any type.

1

EXHIBIT

"A"

The term "plaintiffs" means Seabulk Towing, Inc., f/k/a Hvide Marine Towing, Inc. and/or Seabulk Offshore, Ltd.

## INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

## INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

## INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

## INTERROGATORY NO. 4:

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

## INTERROGATORY NO. 5:

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the

2

vessels went on charter; and (c) after the termination of the charters.

**INTERROGATORY NO. 6:**

Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

**INTERROGATORY NO. 7:**

Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

**INTERROGATORY NO. 8:**

Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

**INTERROGATORY NO. 9:**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

**INTERROGATORY NO. 10:**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

**INTERROGATORY NO. 11:**

How much money have plaintiffs been paid by Oceanografia in charter hire for the

3

chartered vessels (please itemize the payments for each such vessel)?

### INTERROGATORY NO. 12:

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

### INTERROGATORY NO. 13:

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

### INTERROGATORY NO. 14:

Detail all capital contributions of plaintiffs to the joint venture.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

### REQUEST NO. NO. 2:

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

### REQUEST NO. 3:

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

4

**REQUEST NO. 4:**

All documents reflecting plaintiffs capital contributions to the joint venture.

**REQUEST NO. 5:**

All documents pertaining to audits or financial reviews of the joint venture enterprise.

**REQUEST NO. NO. 6:**

All documents – including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence – reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

**REQUEST NO. 7:**

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

**REQUEST NO. 8:**

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

**REQUEST NO. 9:**

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

**REQUEST NO. 10:**

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of

the vessels chartered to Oceanografia.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**REQUEST NO. 12:**

All correspondence or other documents (not produced above) relating to the joint venture.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

## REQUEST FOR ADMISSIONS

1.

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

Respectfully submitted,

HARRIS & RUFTY, L.L.C.

By: _____

Rufus C. Harris III (Admission No. 29458)
Alfred J. Rufty III (Admission No. 29457)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

6

ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this _1st_ day of November, 2001

_____
Alfred R. Rufty III

7

12-13

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| | § | CIVIL ACTION NO. B-01-094 |
| V. | § | |
| | § | In Admiralty |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |

## SEABULK'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    DEFENDANTS, Oceanografia S.A. de C.V. and Amado Yanez Osuna
by and through their attorney of record,
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

Come now Plaintiffs, Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd. (Seabulk Offshore), (collectively "Seabulk"), and pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure serve their answers and responses to Defendants' First Interrogatories and Requests for Production of Documents as attached.

Respectfully submitted,

James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS, SEABULK TOWING, INC.
AND SEABULK OFFSHORE, LTD.

EXHIBIT
"B"

OF COUNSEL:

THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas  78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was mailed via Certified

Mail (return receipt requested) or faxed to opposing counsel of record on the __13__ day of

_December_, 2001.

> Keith N. Uhles
> James H. Hunter, Jr.
> ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
> 55 Cove Circle
> P. O. Box 3509
> Brownsville, Texas  78523-33509
>
> Rufus C. Harris III
> Alfred J. Rufty III
> HARRIS & RUFTY, L.L.C.
> 1450 Poydras St., Suite 1510
> New Orleans, LA 70112

James F. Buchanan

## GENERAL OBJECTIONS

The following objection and conditions are incorporated by this reference into each and every response made herein as is set forth fully therein.

1.  Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (hereinafter "Seabulk") hereby objects to producing any information or documents which are protected from disclosure by the attorney-client privilege, party communications privilege, attorney-work product doctrine, or documents which are otherwise privileged and/or beyond the scope of discovery under the Federal Rules of Civil Procedure.

2.  Seabulk objects to any of the requests for production which, due to their broad scope, could be construed as seeking documents or information consisting of: (1) communications between counsel for Seabulk and Seabulk and between Seabulk and its counsel; (2) tangible items generated or prepared in anticipation of litigation by or for Seabulk, or their representatives; (3) communications passing between agents representatives or employees of Seabulk or communications between Seabulk and their agents, representatives and employees which were made after the occurrence or transaction upon which this suit is based and made in connection with the defense of the claims herein, or the investigation of the occurrence or transaction upon which this lawsuit is based; or (4) information privileged from discovery under the consulting expert or work product privileges.  Accordingly, unless otherwise indicated, responses given herein exclude from their scope:

    a.   All communications and documents between counsel for Seabulk or between Seabulk and its counsel;

    b.   All information, documents and tangible items generated or prepared in anticipation of litigation by or for Seabulk, or its respective representatives; and

    c.   All matters not discoverable pursuant to the Federal Rules of Civil Procedure.

3.  Seabulk objects to each and every discovery request to the extent that any of the instruction and/or definitions attempt to expand or modify the obligations and duties of this party as established in the Federal Rules of Civil Procedure.

4.  Seabulk further objects to each and every discovery request to the extent that they attempt to limit in any way the evidence introduced by this party at the time of trial.

## ANSWERS TO INTERROGATORIES

NOTE: ALL RESPONSES BELOW ARE MADE SUBJECT TO ALL GENERAL OBJECTIONS LISTED ABOVE.

### INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

### ANSWER:

Stephen B. Finch, Assistant General Counsel of Seabulk International.
Susan K. Smith, Manager-Legal Dept. of Seabulk International
William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andy Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Frank L. McNiff, Jr., The Kleberg Law Firm
Clay Scheitzach, The Kleberg Law Firm
James F. Buchanan, The Kleberg Law Firm

### INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

### ANSWER:

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. These documents evidence the use of corporate accounts for the personal use of Amado Yanez, and use of personal accounts for the business of Oceanografia. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto and Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. Also see testimony of Mr. Tony Tillmon given before the court at the initial pretrial hearing. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections see documents responsive to Request for Production Nos. 9, 10, and 11. Subject to the foregoing, and the General Objections, Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5:**

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.

**ANSWER:**

Seabulk objects to this interrogatory for the reason that the term "engine problems" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this

interrogatory. Subject to the foregoing, and the general objections above, Seabulk will supplement this response with the identification of various records which may identify "engine problems."

## INTERROGATORY NO. 6:

Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

## ANSWER:

Seabulk objects to this interrogatory to the extent that the same requires identification of legal proceedings to which it has no knowledge or that it did not take part in. Subject to this objection, Seabulk is unaware of such defined legal proceedings and will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 7:

Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

## ANSWER:

Seabulk objects to this interrogatory on the basis that it is over broad and not reasonably calculated to lead to admissible evidence. Subject to this objection, and the General Objections above, see responsive documents attached to Request for Production No. 6. Seabulk will supplement this response as required by Federal Rules of Civil Procedure.

## INTERROGATORY NO. 8:

Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "engine problems" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, the following listing of individuals are known to have knowledge concerning the chartered vessels and operations thereon.

William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andrew Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Les Mills, Seabulk Offshore Ltd., Lafayette, LA
Ken Brown, Seabulk Offshore Ltd. Secondee to JV, Lafayette, LA
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Carlos Zelaya, Seabulk Offshore Ltd., Secondee, Del Carmen, Mexico

Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 9:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "actual or potential problems or deficiencies with engines" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, see responsive documents to Request for Production No. 9. Further, in April, 2001, Stewart & Stevenson, Inc. informed Plaintiff that the Detroit Diesel 1692 series engine was potentially problematic in crew boat application. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 10:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "actual or potential problems or deficiencies with engines" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, see response to Interrogatory No. 9. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 11:

How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (please itemize the payments for each such vessel)?

## ANSWER:

Seabulk objects to this interrogatory on the basis that it is not limited in scope nor limited with reference to time. Subject to the aforementioned objections, see responsive documents attached to answers to Request for Production No. 6. Subject to the foregoing and the General Objections above, review of various documents (including those attached for Request for Production No. 6) shows an incomplete record of charter hire payment in the amount of $14,391,00.00 up to October 31, 2001. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 12:

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

## ANSWER:

The joint venture sustained net losses during the entire period of the joint venture due to defendants' failure to remit to the joint venture the net charter hire from vessels, bareboat chartered to defendants, failure to remit net charter hire from time charters to PEMEX and others. Currently, an overall and concise accurate number cannot be obtained due to information being withheld by Defendants which is necessary to determine the joint venture's net profit or loss for each year of its existence.

## INTERROGATORY NO. 13:

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

## ANSWER:

Seabulk objects to this interrogatory on the basis that such request exceeds the scope of permissible discovery, is not limited in time period, and that the interrogatory is vague and not specific enough to permit this Plaintiff to reasonably respond to the question. Subject to the foregoing and the General Objections above, Seabulk St. Andrew was a new vessel that had completed sea trials before it was delivered to Oceanografia and engines of Seabulk St. Tammany were overhauled immediately prior to delivery to Oceanografia. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14:**

Detail all capital contributions of plaintiffs to the joint venture.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request does not define "capital contributions" and as a consequence, is vague and not specific enough for Plaintiffs to reasonably respond. Subject to this objection, and the General Objections above, no capital contributions were made.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

**ANSWER:**

Seabulk objects to this Request for Production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections see attached.

**REQUEST NO. 2:**

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached documents. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 3:**

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

**ANSWER:**

See Seabulk's Verified Amended Complaint with attached documents previously produced. See also attached documents. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 4:**

All documents reflecting plaintiffs capital contributions to the joint venture.

**ANSWER:**

Seabulk objects to this Request for Production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects to the extent that the term "capital contributions" is not defined and is vague and not sufficiently specific to permit Plaintiffs to reasonably respond. Subject to these objections and without waiver of same, see answer to Interrogatory No. 7. Subject to the objections and without waiver of same, none.

**REQUEST NO. 5:**

All documents pertaining to audits or financial reviews of the joint venture enterprise.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects on the basis that such requests seeks documents not in the possession or control of Seabulk. Subject to the foregoing, and the General Objections above, see the attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 6:**

All documents – including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence – reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 7:**

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto, Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery, and Merrill Lynch documents referred to in Seabulk's answer to Interrogatory No. 2. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 8:**

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

**ANSWER:**

See answer to Interrogatory No. 3, which is incorporated herein.

**REQUEST NO. 9:**

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

**ANSWER:**

See response to Interrogatory No. 5, which is incorporated herein. Subject to these objections, see attached.

**REQUEST NO. 10:**

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of the vessels chartered to Oceanografia.

**ANSWER:**

Seabulk objects to this Request for Production on the basis that such request seeks documents not in the possession or control of Seabulk. Seabulk further objects to the extent this request seeks information protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects for the reason that the term "engine problems" is vague and not sufficiently specific for Plaintiffs to reasonably respond. Seabulk further objects to the extent the request is over-burdensome and seeks documents not reasonably calculated to lead to admissible evidence. Subject to the foregoing, and the General Objections above, see responsive documents to Request for Production No. 9.

**REQUEST NO. 12:**

All correspondence or other document s(not produced above) relating to the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk objects for the reason that the that the request is vague and not sufficiently specific for Plaintiffs to reasonably respond. Subject to the foregoing, and the General Objections above, see attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

**ANSWER:**

Subject to the General Objections above, and Seabulk's objection to the overly broad nature of the request, and those objections stated in answers to interrogatories, none.

## RESPONSE TO REQUEST FOR ADMISSIONS

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

**RESPONSE:**

Subject to the aforementioned objections, which are incorporated herein, DENIED. Seabulk has entered into both written and oral agreements, which because of the disregard of corporate formalities and use of assets of Oceanografia S.A. de C.F. by Amado Yanez Osuna, have in effect been contracts with Amado Yanez Osuna.

## VERIFICATION

STATE OF FLORIDA          §
                          §
COUNTY OF BROWARD          §

  BEFORE ME, the undersigned authority, personally appeared STEPHEN B. FINCH, who being authorized to do so, and upon his own oath stated that the answers set forth in the foregoing interrogatories are true and correct to the best of his knowledge and belief.

_Stephen B. Finch_
STEPHEN B. FINCH

  SWORN TO AND SUBSCRIBED BEFORE ME by Stephen B. Finch on this the 12th day of December, 2001.

_Notary Public, State of Florida_

PATRICE M. JOHNSTON
MY COMMISSION # CC 949808
EXPIRES: July 1, 2004
Bonded Thru Budget Notary Services

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## NOTICE OF 30(b)(5)(6) DEPOSITION OF SEABULK

PLEASE TAKE NOTICE that the undersigned, on behalf of defendant Oceanografia S.A. de C.V. and Amado Yanez Osuna, pursuant to Rules 30(b)(5) and 30(b)(6) of the Federal Rules of Civil Procedure, will take the depositions of Seabulk Towing, Inc., Hvide Marine Towing, Inc. and Seabulk Offshore, Ltd. at the offices of Frank L. McNiff, Jr., The Kleberg Law Firm, Suite 900, North Tower, 800 North Shoreline Boulevard, Corpus Christi, Texas on Wednesday, August 7, at 10 a.m. and continuing from day to day thereafter until the taking of testimony is completed, before a duly qualified court reporter or other person authorized to administer oaths.

In accordance with Fed. R. Civ. P. 30(b)(6), Seabulk is requested to designate one or more representatives to provide testimony on behalf of the corporation on the following subjects:

## AREAS OF INQUIRY:

1.      The business, management, ownership, finances, and inter-relationships of and between Seabulk Offshore, Seabulk Towing, Hvide Marine Towing, Tampa Bay Towing, any other affiliated entities, and the owners of the various vessels in issue.

49499:1022288.1:072502



EXHIBIT

"C"

2.    Contracts of these entities among themselves and with Oceanografia/Yanez.

3.    The joint venture's purpose, creation, structure, personnel and operations.

4.    The ownership, condition, operation, use, supplying, crewing, maintenance and repair of the

    vessels involved in the joint venture.

5.    The vessel charters and operations.

6.    Charter revenue and expenses.

7.    Joint-venture revenue and expenses.

8.    Communications between Seabulk and Oceanografia concerning the charters and

    joint-venture.

9.    Amounts allegedly owed by Oceanografia/Yanez to Seabulk.

10.    Seabulk's appreciation of Oceanografia's charter and joint-venture expenses.

11.    Engine problems over the past five years on the vessels chartered to Oceanografia (or others

    in Seabulk's fleet), and problems generally with Detroit Diesel engines.

12.    Seabulk's "credit memos."

13.    Evidence supporting Seabulk's corporate veil-piercing theory against Yanez.

14.    Seabulk's alleged damages.

    Seabulk is further requested to produce for inspection/copying before the day of the

    deposition all of the documents categorized below that are in its actual or constructive

    possession. "Documents" is meant broadly to encompass all things and written and graphic

    matter, howsoever recorded, including (without limitation) memos, notes, letters, e-mails,

    spreadsheets, logs, telexes, court and arbitrating filings, invoices, credit/debit advices,

    canceled checks, account statements, wire transfers, records, etc. (Documents already

produced need not be produced again, though Seabulk's witnesses will be asked to identify

which previously produced-documents are responsive to each production request.)

1.   Documents evidencing the status of Hvide Marine Towing and Tampa Bay Towing and any

successor entities.

2.   The contracts with Oceanografia.

3.   Documents pertaining to the joint-venture entity, Seabulk Offshore de Mexico.

4.   Documents prepared in the past four years reflecting or relating to the ownership, operation,

use, supplying, crewing, maintenance, and repair of the vessels involved in the joint venture.

5.   Documents relating to charter party and joint venture revenue, expenditures and debts.

6.   Documents relating to communications between Seabulk and Oceanografia from 1998 to the

present.

7.   Documents relating to the amounts allegedly due by Oceanografia/Yanez to Seabulk.

8.   Documents relating to the discussions and negotiations leading to the formation of the joint

venture.

9.   Memoranda, minutes of the board of directors, notes, e-mails, shareholder disclosures, and

all other documents (including electronically-transmitted communications) prepared by

Seabulk or its representatives concerning the joint venture.

10.  Documents relating to Seabulk's appreciate of Oceanografia's joint-venture related

expenditures.

11.  Documents relating to the engine problems experienced on vessels over the past five years

(including, but not limited to, matters concerning Detroit Diesel engines).

12.  Documents relating to Seabulk's charter hire and other revenue related to the charter of vessels to Oceanografia and/or the joint venture.

13.  Documents reflecting or relating to Seabulk's alleged damages

14.  For Seabulk Marine Towing; Seabulk Offshore, Ltd.; Hvide Marine Towing, and other entities with an ownership interest in any of the vessels chartered to Oceanografia or involved in the joint venture operations, please produce:

   a.  Current and latest year-end balance sheets;

   b.  Most current periodic and year-end audited financial statements;

   c.  General ledger for the years 1998 to present; and

   d.  Tax returns for the years 1998-2002.

15.  All documents relating to the joint venture not produced in response to the above requests or previously.

16.  Documents reflecting charter rates earned by Seabulk or predecessor or affiliated entities for vessels other than those chartered to Oceanografia/the joint venture during the years 1998-2002.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,**
**OCEANOGRAFIA S.A. DE C.V. AND**
**AMADO YANEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,**
**OCEANOGRAFIA S.A. DE C.V. AND**
**AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via FACSIMILE, this 25th day of July, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

_____

**James H. Hunter, Jr.**

49499:1022288.1:072502                    -5-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

On the _____ day of _____, 2002, came on to be considered Defendants',

OCEANOGRAFIA S.A. DE C.V. and AMADO YANEZ OSUNA Motion to Compel in the

above-entitled civil action. The Court after considering said motion, the pleadings on file, the

arguments of counsel, the evidence presented and the applicable law is of the opinion that said

motion should be granted. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendants', OCEANOGRAFIA S.A.

DE C.V. and AMADO YANEZ OSUNA Motion to Compel is GRANTED, Plaintiffs' Objections

are OVERRULED, and Plaintiffs are ordered to provide *full and complete* answers and responses

to Defendants' First Set of Interrogatories and Request for Production of Documents marked as

Exhibit "A" to the Motion to Compel within _____ days of signing of this Order, without objection,

and objections to said discovery are waived. It is further

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Compel further

corporate deposition testimony on the issues outlined in the motion is hereby GRANTED, and

Defendant is ordered to produce corporate representative(s) with knowledge of such issues to testify

within _____ days of the signing of this order, without objection.

SIGNED FOR ENTRY on the _____ day of _____, 2002.


_____
HON. FELIX RECIO
UNITED STATES MAGISTRATE JUDGE


COPIES TO:

JAMES H. HUNTER, JR.
ROYSTON, RAYZOR, VICKERY
  & WILLIAMS, L.L.P.
P.O. BOX 3509
BROWNSVILLE, TX 78523-3509

JAMES F. BUCHANAN
FRANK L. MCNIFF, JR.
THE KLEBERG LAW FIRM
800 N. SHORELINE BLVD., STE. 900 NORTH
CORPUS CHRISTI, TX 78401

RUFUS C. HARRIS III
ALFRED J. RUFTY III
HARRIS & RUFTY, L.L.C.
1450 POYDRAS STREET, STE. 1510
NEW ORLEANS, LA 70112

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

NOW COME defendants, Oceanografia, S.A. de C.V. and Amado Yanez Osuna, and

respectfully move for an order compelling further responses to their First Interrogatories and

Requests for Production of Documents and their 30b(6) Deposition Notice, on the grounds and for

the reasons stated in the accompanying memorandum.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

49499:1028795.1:091302

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
**HARRIS & RUFTY, L.L.C.**
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been forwarded to opposing counsel via **FACSIMILE**, this 13ᵗ day of September, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

**James H. Hunter, Jr.**

49499:1028795.1:091302                    -2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEABULK TOWING, INC., f/k/a          §          CIVIL ACTION
HVIDE MARINE TOWING, INC.,           §
and SEABULK OFFSHORE, LTD.,          §
                    Plaintiffs       §          NUMBER: C.A. B-01-094
                                     §
v.                                   §
                                     §
OCEANOGRAFIA S.A. de C.V and         §          In Admiralty
AMADO YANEZ OSUNA,                   §
                    Defendants       §

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION TO COMPEL DISCOVERY

Defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, propounded interrogatories and requests for production of documents upon the Seabulk plaintiffs nearly one year ago. This discovery is enclosed as Exhibit "A". In their responses [Exhibit "B"], the Seabulk plaintiffs objected to every single interrogatory and every single production request. Seabulk's responses are deficient, and an order to compel should be issued, for the following reasons:

1.    Although Seabulk raises repeated claims of privilege, Seabulk has failed (despite repeated requests) to provide a privilege log. Without a log, the defendants and this Court are deprived of any means of assessing the claim of privilege.

2.    Seabulk's "general objections" are inappropriate. The first page of Seabulk's discovery responses set forth "general objections" which it invokes generally as to every single interrogatory and production request, invoking all manner

3.    of privileges and *in globo* objections. Such general or global objections are inappropriate. Given these objections in place, we cannot know whether Seabulk's

substantive responses are complete or whether instead – with Seabulk's fingers effectively crossed behind its back – responsive information and documents have been withheld without further explanation. Seabulk's "general objections" are improper and should be stricken.

4. The objections raised by Seabulk to the separate enumerated interrogatories and production requests also are improper. Specifically, Seabulk improperly objects to the following interrogatories and requests as "not limited in time":

A. Identify facts and documents suggesting that the corporate veil of Oceanografia should be pierced (Interrogatory No. 2);

B. Identify all evidence suggesting that Oceanografia has been attempting to rid itself of assets (Interrogatory No. 3);

C. Identify all contracts and agreements between plaintiffs and Oceanografia (Interrogatory No. 4);

D. How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (Interrogatory No. 11);

E. Were engines on the chartered vessel repairs or overhauled before the vessels were dispatched to work in Mexican waters? (Interrogatory No. 13);

F. Produce all contracts between plaintiffs and Oceanografia or Yanez (Request No. 1);

G. Produce documents reflecting plaintiffs income from the vessel charters and joint venture with Oceanografia (Request No. 2);

H. All documents pertaining to audits or financial reviews of the joint venture enterprise (Request No. 5);

I. All evidence suggesting that the corporate separateness of Oceanografia has been ignored (Request No. 7).

These requests all are reasonable; they go directly to issues at the heart of the dispute; and they are not invalid for lack of specified time parameters. In fact, the joint venture enterprise only existed for approximately three years. This objection should be stricken.

An important issue in this case concerns the defective nature of the engines on Seabulk's vessels when chartered to Oceanografia. In the discovery requests, Oceanografia and Yanez appropriately seek information and documents concerning the engine problems that were experienced on these vessels. Although Seabulk produced some documentation, it has presumably withheld others as it responded only subject to multiple objections. Defendants' requests were as follows:

**Interrogatory No. 5**

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.

**Interrogatory No. 9**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the engines chartered to Oceanografia?

**Interrogatory No. 10**

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or other affiliated entities?

**Request No. 9**

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

**Request No. 10**

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of the vessels chartered to Oceanografia.

Seabulk objected to these requests on the grounds of the attorney-client privilege, the work-product doctrine, and "other privileges," "that the 'term engine problems' is not defined" and that the requests seek documents "not in the possession or control of Seabulk." These objections are improper and should be overruled. Oceanografia is certainly entitled to inquire into the engine problems on these vessels, particularly given that Seabulk has itself sued the manufacturer of the engines alleging that the engines were defective even prior to their charters to Oceanografia. An order requiring Seabulk to further respond to these requests respectfully should be entered.

Oceanografia and Yanez further move for an order compelling further corporate testimony from Seabulk or, alternatively, preventing Seabulk from introducing additional testimony regarding the following questions, none of which was answered in the Seabulk corporate deposition (despite falling explicitly within the scope of the notice):

1.    How much was Seabulk paid in charter hire?

2.    What were Seabulk's total expenses?

3.    What does Seabulk believe PEMEX paid in charter hire?

4.     What was Seabulk's net profit for the charters after deducting expenses (including those alleged in this suit)?

5.     What were the reasons for Seabulk's issuance of "credit memos" to Oceanografia and in what amounts?

6.     What precise sum does Seabulk believe Oceanografia presently owes and what does it consist of?

These are all fundamental questions, and they are outlined in the deposition notice. [Exhibit "C"]. This is, after all, a "corporate accountancy action" (Seabulk's words), which poses the fundamental question: as between Oceanografia and Seabulk, who owes whom what in the wake of their joint venture's demise? Seabulk is the Plaintiff; trial is less than two months away; and yet Seabulk refuses to define its claim. The answers are fundamental to Oceanografia's ability to prepare for trial and defend itself.

Seabulk did not fulfill its Rule 30(b)(6) obligations. These obligations were aptly summarized in the recent case of *Calzatursicio v. Fabiano Shoe Company, Inc.*, 201 Frd. 33, 36(d) Mass. 2001);

1.     "The law is well-established that a 30(b)(6) deponent does have an affirmative obligation to educate himself as to the matters regarding the corporation;"

2.     "Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters known or reasonably availability to it...".

As the *Fabiano* court went on to explain, this is necessary to "make the deposition a meaningful one and to prevent the sandbagging of an opponent by conducting a half-parted inquiry before the deposition but a thorough and vigorous one before the trial." *Id*.

An order compelling further testimony to address the issues outlined above is accordingly warranted.

For these reasons, defendants Oceanografia and Yanez respectfully submit that their motion to compel should be granted and that Seabulk should be ordered to fully respond to their discovery requests and produce corporate representative(s) knowledgeable of the subject matter identified above within a short time.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been forwarded to opposing counsel via **FACSIMILE**, this 13th day of September, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

James H. Hunter, Jr.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/ | * | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | * | |
| and SEABULK OFFSHORE, LTD. | * | |
| Plaintiffs | * | NUMBER: C.A. B-01-094 |
| | * | |
| VERSUS | * | |
| | * | |
| OCEANOGRAFIA S.A. de C.V and | * | In Admiralty |
| AMADO YANEZ OSUNA | * | |
| Defendants | * | |

### FIRST INTERROGATORIES AND REQUESTS FOR
### PRODUCTION OF DOCUMENTS

NOW COME defendants, Oceanografia S.A. de C.V. and Amado Yanez Osuna, and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, request that the plaintiffs respond to the following interrogatories and requests for production of documents within the pertinent legal delays:

### Definitions

The terms "document" and "documents" include all originals, copies, non-identical copies (because of notations on the copy), drafts, and revisions with and without annotations and editing of all written, recorded, printed, typed or other graphic matter or data (including that stored on computers), however produced or reproduced. This term includes but is not limited to correspondence, memoranda, and records of any type.

1

EXHIBIT
"A"

The term "plaintiffs" means Seabulk Towing, Inc., f/k/a Hvide Marine Towing, Inc. and/or Seabulk Offshore, Ltd.

### INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

### INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

### INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

### INTERROGATORY NO. 4:

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

### INTERROGATORY NO. 5:

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the

2

vessels went on charter; and (c) after the termination of the charters.

## INTERROGATORY NO. 6:

Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

## INTERROGATORY NO. 7:

Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

## INTERROGATORY NO. 8:

Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

## INTERROGATORY NO. 9:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

## INTERROGATORY NO. 10:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

## INTERROGATORY NO. 11:

How much money have plaintiffs been paid by Oceanografia in charter hire for the

chartered vessels (please itemize the payments for each such vessel)?

**INTERROGATORY NO. 12:**

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

**INTERROGATORY NO. 13:**

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

**INTERROGATORY NO. 14:**

Detail all capital contributions of plaintiffs to the joint venture.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

**REQUEST NO. NO. 2:**

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

**REQUEST NO. 3:**

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

4

**REQUEST NO. 4:**

All documents reflecting plaintiffs capital contributions to the joint venture.

**REQUEST NO. 5:**

All documents pertaining to audits or financial reviews of the joint venture enterprise.

**REQUEST NO. NO. 6:**

All documents -- including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence -- reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

**REQUEST NO. 7:**

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

**REQUEST NO. 8:**

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

**REQUEST NO. 9:**

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

**REQUEST NO. 10:**

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of

the vessels chartered to Oceanografia.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**REQUEST NO. 12:**

All correspondence or other documents (not produced above) relating to the joint venture.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

**REQUEST FOR ADMISSIONS**

1.

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

Respectfully submitted,

HARRIS & RUFTY, L.L.C.

By: _____
Rufus C. Harris III (Admission No. 29458)
Alfred J. Rufty III (Admission No. 29457)
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222

6

ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this __1st__ day of November, 2001

_____
Alfred R. Rufty III

7

12-13

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEABULK TOWING, INC., f/k/a        §
HVIDE MARINE TOWING, INC.,         §
and SEABULK OFFSHORE, LTD.         §
                                    §        CIVIL ACTION NO. B-01-094
V.                                  §
                                    §        In Admiralty
OCEANOGRAFIA S.A. de C.V. and      §
AMADO YANEZ OSUNA                   §

## SEABULK'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    DEFENDANTS, Oceanografia S.A. de C.V. and Amado Yanez Osuna
       by and through their attorney of record,
       Alfred J. Rufty III
       HARRIS & RUFTY, L.L.C.
       1450 Poydras St., Suite 1510
       New Orleans, LA 70112

Come now Plaintiffs, Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd. (Seabulk Offshore), (collectively "Seabulk"), and pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure serve their answers and responses to Defendants' First Interrogatories and Requests for Production of Documents as attached.

                                    Respectfully submitted,

                                    _James F. Buchanan_ (signature)
                                    James F. Buchanan
                                    State Bar No. 03287500
                                    Federal ID No. 0328
                                    Frank L. McNiff, Jr.
                                    State Bar No. 07419100
                                    Federal ID No. 12595

                                    ATTORNEYS-IN-CHARGE FOR
                                    PLAINTIFFS, SEABULK TOWING, INC.
                                    AND SEABULK OFFSHORE, LTD.

EXHIBIT

"B"

OF COUNSEL:

THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas  78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was mailed via Certified

Mail (return receipt requested) or faxed to opposing counsel of record on the __13__ day of

__December__, 2001.

> Keith N. Uhles
> James H. Hunter, Jr.
> ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
> 55 Cove Circle
> P. O. Box 3509
> Brownsville, Texas 78523-33509
>
> Rufus C. Harris III
> Alfred J. Rufty III
> HARRIS & RUFTY, L.L.C.
> 1450 Poydras St., Suite 1510
> New Orleans, LA 70112

James F. Buchanan

## GENERAL OBJECTIONS

The following objection and conditions are incorporated by this reference into each and every response made herein as is set forth fully therein.

1.  Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (hereinafter "Seabulk") hereby objects to producing any information or documents which are protected from disclosure by the attorney-client privilege, party communications privilege, attorney-work product doctrine, or documents which are otherwise privileged and/or beyond the scope of discovery under the Federal Rules of Civil Procedure.

2.  Seabulk objects to any of the requests for production which, due to their broad scope, could be construed as seeking documents or information consisting of: (1) communications between counsel for Seabulk and Seabulk and between Seabulk and its counsel; (2) tangible items generated or prepared in anticipation of litigation by or for Seabulk, or their representatives; (3) communications passing between agents representatives or employees of Seabulk or communications between Seabulk and their agents, representatives and employees which were made after the occurrence or transaction upon which this suit is based and made in connection with the defense of the claims herein, or the investigation of the occurrence or transaction upon which this lawsuit is based; or (4) information privileged from discovery under the consulting expert or work product privileges. Accordingly, unless otherwise indicated, responses given herein exclude from their scope:

    a.  All communications and documents between counsel for Seabulk or between Seabulk and its counsel;

    b.  All information, documents and tangible items generated or prepared in anticipation of litigation by or for Seabulk, or its respective representatives; and

    c.  All matters not discoverable pursuant to the Federal Rules of Civil Procedure.

3.  Seabulk objects to each and every discovery request to the extent that any of the instruction and/or definitions attempt to expand or modify the obligations and duties of this party as established in the Federal Rules of Civil Procedure.

4.  Seabulk further objects to each and every discovery request to the extent that they attempt to limit in any way the evidence introduced by this party at the time of trial.

157940                                4

## ANSWERS TO INTERROGATORIES

NOTE:    ALL RESPONSES BELOW ARE MADE SUBJECT TO ALL GENERAL OBJECTIONS LISTED ABOVE.

### INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

### ANSWER:

Stephen B. Finch, Assistant General Counsel of Seabulk International.
Susan K. Smith, Manager-Legal Dept. of Seabulk International
William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andy Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Frank L. McNiff, Jr., The Kleberg Law Firm
Clay Scheitzach, The Kleberg Law Firm
James F. Buchanan, The Kleberg Law Firm

### INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

### ANSWER:

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. These documents evidence the use of corporate accounts for the personal use of Amado Yanez, and use of personal accounts for the business of Oceanografia. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto and Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. Also see testimony of Mr. Tony Tillmon given before the court at the initial pretrial hearing. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4:**

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections see documents responsive to Request for Production Nos. 9, 10, and 11. Subject to the foregoing, and the General Objections, Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5:**

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.

**ANSWER:**

Seabulk objects to this interrogatory for the reason that the term "engine problems" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this

interrogatory. Subject to the foregoing, and the general objections above, Seabulk will supplement this response with the identification of various records which may identify "engine problems."

## INTERROGATORY NO. 6:

Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

## ANSWER:

Seabulk objects to this interrogatory to the extent that the same requires identification of legal proceedings to which it has no knowledge or that it did not take part in. Subject to this objection, Seabulk is unaware of such defined legal proceedings and will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 7:

Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

## ANSWER:

Seabulk objects to this interrogatory on the basis that it is over broad and not reasonably calculated to lead to admissible evidence. Subject to this objection, and the General Objections above, see responsive documents attached to Request for Production No. 6. Seabulk will supplement this response as required by Federal Rules of Civil Procedure.

## INTERROGATORY NO. 8:

Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "engine problems" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, the following listing of individuals are known to have knowledge concerning the chartered vessels and operations thereon.

William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andrew Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Les Mills, Seabulk Offshore Ltd., Lafayette, LA
Ken Brown, Seabulk Offshore Ltd. Secondee to JV, Lafayette, LA
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Carlos Zelaya, Seabulk Offshore Ltd., Secondee, Del Carmen, Mexico

Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 9:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "actual or potential problems or deficiencies with engines" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, see responsive documents to Request for Production No. 9. Further, in April, 2001, Stewart & Stevenson, Inc. informed Plaintiff that the Detroit Diesel 1692 series engine was potentially problematic in crew boat application. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 10:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

## ANSWER:

Seabulk objects to this interrogatory for the reason that the term "actual or potential problems or deficiencies with engines" is not defined and further, it is not specific enough to permit this plaintiff to reasonably respond to the question. Seabulk further objects to the extent that logs for the various vessels involved are not within the possession or control of Seabulk and that other documents concerning maintenance (and/or logs) are maintained by defendants which would assist in responding to this interrogatory. Subject to the foregoing, and the General Objections above, see response to Interrogatory No. 9. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**

How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (please itemize the payments for each such vessel)?

**ANSWER:**

Seabulk objects to this interrogatory on the basis that it is not limited in scope nor limited with reference to time. Subject to the aforementioned objections, see responsive documents attached to answers to Request for Production No. 6. Subject to the foregoing and the General Objections above, review of various documents (including those attached for Request for Production No. 6) shows an incomplete record of charter hire payment in the amount of $14,391,00.00 up to October 31, 2001. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:**

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

**ANSWER:**

The joint venture sustained net losses during the entire period of the joint venture due to defendants' failure to remit to the joint venture the net charter hire from vessels, bareboat chartered to defendants, failure to remit net charter hire from time charters to PEMEX and others. Currently, an overall and concise accurate number cannot be obtained due to information being withheld by Defendants which is necessary to determine the joint venture's net profit or loss for each year of its existence.

**INTERROGATORY NO. 13:**

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

**ANSWER:**

Seabulk objects to this interrogatory on the basis that such request exceeds the scope of permissible discovery, is not limited in time period, and that the interrogatory is vague and not specific enough to permit this Plaintiff to reasonably respond to the question. Subject to the foregoing and the General Objections above, Seabulk St. Andrew was a new vessel that had completed sea trials before it was delivered to Oceanografia and engines of Seabulk St. Tammany were overhauled immediately prior to delivery to Oceanografia. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 14:

Detail all capital contributions of plaintiffs to the joint venture.

## ANSWER:

Seabulk objects to this interrogatory on the basis that such request does not define "capital contributions" and as a consequence, is vague and not specific enough for Plaintiffs to reasonably respond. Subject to this objection, and the General Objections above, no capital contributions were made.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

### ANSWER:

Seabulk objects to this Request for Production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections see attached.

### REQUEST NO. 2:

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

### ANSWER:

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached documents. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

### REQUEST NO. 3:

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

### ANSWER:

See Seabulk's Verified Amended Complaint with attached documents previously produced. See also attached documents. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

### REQUEST NO. 4:

All documents reflecting plaintiffs capital contributions to the joint venture.

**ANSWER:**

Seabulk objects to this Request for Production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects to the extent that the term "capital contributions" is not defined and is vague and not sufficiently specific to permit Plaintiffs to reasonably respond. Subject to these objections and without waiver of same, see answer to Interrogatory No. 7. Subject to the objections and without waiver of same, none.

**REQUEST NO. 5:**

All documents pertaining to audits or financial reviews of the joint venture enterprise.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects on the basis that such requests seeks documents not in the possession or control of Seabulk. Subject to the foregoing, and the General Objections above, see the attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 6:**

All documents – including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence – reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 7:**

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see Plaintiff's Original Complaint, Amended Complaint and documents attached thereto, Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery, and Merrill Lynch documents referred to in Seabulk's answer to Interrogatory No. 2. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

## REQUEST NO. 8:

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

## ANSWER:

See answer to Interrogatory No. 3, which is incorporated herein.

## REQUEST NO. 9:

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

## ANSWER:

See response to Interrogatory No. 5, which is incorporated herein. Subject to these objections, see attached.

## REQUEST NO. 10:

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of the vessels chartered to Oceanografia.

## ANSWER:

Seabulk objects to this Request for Production on the basis that such request seeks documents not in the possession or control of Seabulk. Seabulk further objects to the extent this request seeks information protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Subject to the foregoing, and the General Objections above, see attached.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk further objects for the reason that the term "engine problems" is vague and not sufficiently specific for Plaintiffs to reasonably respond. Seabulk further objects to the extent the request is over-burdensome and seeks documents not reasonably calculated to lead to admissible evidence. Subject to the foregoing, and the General Objections above, see responsive documents to Request for Production No. 9.

**REQUEST NO. 12:**

All correspondence or other document s(not produced above) relating to the joint venture.

**ANSWER:**

Seabulk objects to this request for production on the basis that such request is not limited in time period, and that such requested information is protected by the attorney-client privilege, work product privilege and other privileges asserted in the above General Objections. Seabulk objects for the reason that the that the request is vague and not sufficiently specific for Plaintiffs to reasonably respond. Subject to the foregoing, and the General Objections above, see attached. Seabulk will supplement this response as required by the Federal Rules of Civil Procedure.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

**ANSWER:**

Subject to the General Objections above, and Seabulk's objection to the overly broad nature of the request, and those objections stated in answers to interrogatories, none.

## RESPONSE TO REQUEST FOR ADMISSIONS

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

**RESPONSE:**

Subject to the aforementioned objections, which are incorporated herein, DENIED. Seabulk has entered into both written and oral agreements, which because of the disregard of corporate formalities and use of assets of Oceanografia S.A. de C.F. by Amado Yanez Osuna, have in effect been contracts with Amado Yanez Osuna.

## VERIFICATION

STATE OF FLORIDA      §
                      §
COUNTY OF BROWARD   §

BEFORE ME, the undersigned authority, personally appeared STEPHEN B. FINCH, who being authorized to do so, and upon his own oath stated that the answers set forth in the foregoing interrogatories are true and correct to the best of his knowledge and belief.



STEPHEN B. FINCH

SWORN TO AND SUBSCRIBED BEFORE ME by Stephen B. Finch on this the 12th day of December, 2001.

Notary Public, State of Florida

PATRICE M. JOHNSTON
MY COMMISSION # CC 949608
EXPIRES: July 1, 2004
Bonded Thru Budget Notary Services

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
|       Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
|       Defendants | § | |

## NOTICE OF 30(b)(5)(6) DEPOSITION OF SEABULK

PLEASE TAKE NOTICE that the undersigned, on behalf of defendant Oceanografia S.A. de C.V. and Amado Yanez Osuna, pursuant to Rules 30(b)(5) and 30(b)(6) of the Federal Rules of Civil Procedure, will take the depositions of Seabulk Towing, Inc., Hvide Marine Towing, Inc. and Seabulk Offshore, Ltd. at the offices of Frank L. McNiff, Jr., The Kleberg Law Firm, Suite 900, North Tower, 800 North Shoreline Boulevard, Corpus Christi, Texas on Wednesday, August 7, at 10 a.m. and continuing from day to day thereafter until the taking of testimony is completed, before a duly qualified court reporter or other person authorized to administer oaths.

In accordance with Fed. R. Civ. P. 30(b)(6), Seabulk is requested to designate one or more representatives to provide testimony on behalf of the corporation on the following subjects:

## AREAS OF INQUIRY:

1.   The business, management, ownership, finances, and inter-relationships of and between Seabulk Offshore, Seabulk Towing, Hvide Marine Towing, Tampa Bay Towing, any other affiliated entities, and the owners of the various vessels in issue.

49499:1022288.1:072502

EXHIBIT
"C"

2.      Contracts of these entities among themselves and with Oceanografia/Yanez.

3.      The joint venture's purpose, creation, structure, personnel and operations.

4.      The ownership, condition, operation, use, supplying, crewing, maintenance and repair of the

        vessels involved in the joint venture.

5.      The vessel charters and operations.

6.      Charter revenue and expenses.

7.      Joint-venture revenue and expenses.

8.      Communications between Seabulk and Oceanografia concerning the charters and

        joint-venture.

9.      Amounts allegedly owed by Oceanografia/Yanez to Seabulk.

10.     Seabulk's appreciation of Oceanografia's charter and joint-venture expenses.

11.     Engine problems over the past five years on the vessels chartered to Oceanografia (or others

        in Seabulk's fleet), and problems generally with Detroit Diesel engines.

12.     Seabulk's "credit memos."

13.     Evidence supporting Seabulk's corporate veil-piercing theory against Yanez.

14.     Seabulk's alleged damages.

        Seabulk is further requested to produce for inspection/copying before the day of the

        deposition all of the documents categorized below that are in its actual or constructive

        possession.  "Documents" is meant broadly to encompass all things and written and graphic

        matter, howsoever recorded, including (without limitation) memos, notes, letters, e-mails,

        spreadsheets, logs, telexes, court and arbitrating filings, invoices, credit/debit advices,

        canceled checks, account statements, wire transfers, records, etc.  (Documents already

produced need not be produced again, though Seabulk's witnesses will be asked to identify which previously produced-documents are responsive to each production request.)

1.    Documents evidencing the status of Hvide Marine Towing and Tampa Bay Towing and any successor entities.

2.    The contracts with Oceanografia.

3.    Documents pertaining to the joint-venture entity, Seabulk Offshore de Mexico.

4.    Documents prepared in the past four years reflecting or relating to the ownership, operation, use, supplying, crewing, maintenance, and repair of the vessels involved in the joint venture.

5.    Documents relating to charter party and joint venture revenue, expenditures and debts.

6.    Documents relating to communications between Seabulk and Oceanografia from 1998 to the present.

7.    Documents relating to the amounts allegedly due by Oceanografia/Yanez to Seabulk.

8.    Documents relating to the discussions and negotiations leading to the formation of the joint venture.

9.    Memoranda, minutes of the board of directors, notes, e-mails, shareholder disclosures, and all other documents (including electronically-transmitted communications) prepared by Seabulk or its representatives concerning the joint venture.

10.    Documents relating to Seabulk's appreciate of Oceanografia's joint-venture related expenditures.

11.    Documents relating to the engine problems experienced on vessels over the past five years (including, but not limited to, matters concerning Detroit Diesel engines).

12.    Documents relating to Seabulk's charter hire and other revenue related to the charter of vessels to Oceanografia and/or the joint venture.

13.    Documents reflecting or relating to Seabulk's alleged damages

14.    For Seabulk Marine Towing; Seabulk Offshore, Ltd.; Hvide Marine Towing, and other entities with an ownership interest in any of the vessels chartered to Oceanografia or involved in the joint venture operations, please produce:

    a.    Current and latest year-end balance sheets;

    b.    Most current periodic and year-end audited financial statements;

    c.    General ledger for the years 1998 to present; and

    d.    Tax returns for the years 1998-2002.

15.    All documents relating to the joint venture not produced in response to the above requests or previously.

16.    Documents reflecting charter rates earned by Seabulk or predecessor or affiliated entities for vessels other than those chartered to Oceanografia/the joint venture during the years 1998-2002.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-33509
Tel: (956) 542-4377
Fax: (956) 542-4370
**LOCAL COUNSEL FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YÁNEZ OSUNA**

Rufus C. Harris III (#Admission No. 29458)
Alfred J. Rufty III (#Admission No. 29457)
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Ste. 1510
New Orleans, Louisiana 70112
Tel: (504) 525-7500
Fax: (504) 525-7222
**ATTORNEYS FOR DEFENDANTS,
OCEANOGRAFIA S.A. DE C.V. AND
AMADO YANEZ OSUNA**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via FACSIMILE, this 25th day of July, 2002.

Mr. James F. Buchanan
Frank L. McNiff, Jr.
THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Ste. 900 North
Corpus Christi, Texas 78401

_____

**James H. Hunter, Jr.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

## ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

On the _____ day of _____, 2002, came on to be considered Defendants',

**OCEANOGRAFIA S.A. DE C.V.** and **AMADO YANEZ OSUNA** Motion to Compel in the

above-entitled civil action. The Court after considering said motion, the pleadings on file, the

arguments of counsel, the evidence presented and the applicable law is of the opinion that said

motion should be granted. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendants', **OCEANOGRAFIA S.A.**

**DE C.V.** and **AMADO YANEZ OSUNA** Motion to Compel is **GRANTED**, Plaintiffs' Objections

are OVERRULED, and Plaintiffs are ordered to provide *full and complete* answers and responses

to Defendants' First Set of Interrogatories and Request for Production of Documents marked as

Exhibit "A" to the Motion to Compel within _____ days of signing of this Order, without objection,

and objections to said discovery are waived. It is further

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Compel further

corporate deposition testimony on the issues outlined in the motion is hereby GRANTED, and

Defendant is ordered to produce corporate representative(s) with knowledge of such issues to testify

within _____ days of the signing of this order, without objection.

**SIGNED FOR ENTRY** on the _____ day of _____, 2002.


_____
**HON. FELIX RECIO**
**UNITED STATES MAGISTRATE JUDGE**

**COPIES TO:**

JAMES H. HUNTER, JR.
ROYSTON, RAYZOR, VICKERY
  & WILLIAMS, L.L.P.
P.O. BOX 3509
BROWNSVILLE, TX 78523-3509

JAMES F. BUCHANAN
FRANK L. MCNIFF, JR.
THE KLEBERG LAW FIRM
800 N. SHORELINE BLVD., STE. 900 NORTH
CORPUS CHRISTI, TX 78401

RUFUS C. HARRIS III
ALFRED J. RUFTY III
HARRIS & RUFTY, L.L.C.
1450 POYDRAS STREET, STE. 1510
NEW ORLEANS, LA 70112

68

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 1 7 2002

Michael N. Milby,
By Deputy Clerk

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | CIVIL ACTION |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD., | § | |
| Plaintiffs | § | NUMBER: C.A. B-01-094 |
| | § | |
| v. | § | |
| | § | |
| OCEANOGRAFIA S.A. de C.V and | § | In Admiralty |
| AMADO YANEZ OSUNA, | § | |
| Defendants | § | |

W0499

ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

On the __16th__ day of __September__, 2002, came on to be considered Defendants',

OCEANOGRAFIA S.A. DE C.V. and AMADO YANEZ OSUNA Motion to Compel in the

above-entitled civil action. The Court after considering said motion, the pleadings on file, the

arguments of counsel, the evidence presented and the applicable law is of the opinion that said

motion should be granted. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendants', OCEANOGRAFIA S.A.

DE C.V. and AMADO YANEZ OSUNA Motion to Compel is GRANTED, Plaintiffs' Objections

are OVERRULED, and Plaintiffs are ordered to provide *full and complete* answers and responses

to Defendants' First Set of Interrogatories and Request for Production of Documents marked as

Exhibit "A" to the Motion to Compel within __10__ days of signing of this Order, without objection,

and objections to said discovery are waived. It is further

ORDERED, ADJUDGED and DECREED that Defendants' Motion to Compel further

corporate deposition testimony on the issues outlined in the motion is hereby GRANTED, and

Defendant is ordered to produce corporate representative(s) with knowledge of such issues to testify

within _____ days of the signing of this order, without objection.

EXHIBIT

B

SIGNED FOR ENTRY on the _____ 16th _____ day of _September_ , 2002.

_____
HON. FELIX RECIO
UNITED STATES MAGISTRATE JUDGE

COPIES TO:

JAMES H. HUNTER, JR.
ROYSTON, RAYZOR, VICKERY
  & WILLIAMS, L.L.P.
P.O. BOX 3509
BROWNSVILLE, TX  78523-3509

JAMES F. BUCHANAN
FRANK L. MCNIFF, JR.
THE KLEBERG LAW FIRM
800 N. SHORELINE BLVD., STE. 900 NORTH
CORPUS CHRISTI, TX 78401

RUFUS C. HARRIS III
ALFRED J. RUFTY III
HARRIS & RUFTY, L.L.C.
1450 POYDRAS STREET, STE. 1510
NEW ORLEANS, LA  70112

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| **Plaintiffs** | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| **Defendants** | § | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE UNITED STATES JUDGE FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

The Plaintiffs, Seabulk Towing, Inc. ("Seabulk Towing") (formerly known as Hvide

Marine Towing, Inc. ("HMT") and Seabulk Offshore, Ltd. ("Seabulk Offshore") (collectively

"Seabulk"), by and through their undersigned attorneys, move the Court to reconsider its order

on Defendants' Motion to Compel Discovery dated September 16, 2002, and further request

protection from various discovery propounded by Defendants, as follows:

I.

## BACKGROUND

Plaintiffs received Defendants' Motion to Compel late on the afternoon of September 13,

2002. Without an opportunity to respond, without notice of hearing or motion for expedited

hearing concerning the motion, the Court ruled on Defendants' motion prior to expiration of one

business day. For the reasons shown below, Plaintiffs move the Court reconsider its order based

on Plaintiffs' previous diligent responses and attempts to fully respond to Defendants' request by



EXHIBIT
C

producing over 65,000 pages of documents (compared to Yanez/Oceanografia's production of approximately 1500 pages of documents).

      a.    Discovery Conferences Between Plaintiffs and Defendants:

Commencing on June 3, 2002, a series of letters were exchanged between the Plaintiffs and Defendants counsel concerning various discovery responses. Specifically, Plaintiffs issued a letter to Defendants' counsel specifying the nature of unsatisfactory answers to discovery with requests for conference call for discussion. (See letter to Defendants' counsel dated June 3, 2002 attached as Exhibit A.) Subsequent to the June 3 correspondence, a series of letters were exchanged between counsel attempting to arrange a conference call to discuss objections delineated in Plaintiffs' June 3 letter and other "unspecified" objections to Seabulk's responses. (See attached letters enclosed as Exhibit B, C, D, and E.) Finally, on June 17, 2002, a conference call took place between Plaintiffs' attorneys (Frank McNiff and Kathryn Green) with Defendants' attorney Alfred Rufty, to discuss discovery issues. As a result of this conference, Defendants' attorney agreed to submit correspondence outlining his issues/problems with Seabulk's discovery responses and further, to evaluate Plaintiffs' itemized objections given in the aforementioned June 3, 2002 letter. (See Affidavit of Kathryn F. Green, attached as Exhibit F.) After the conference call of June 17, 2002, Plaintiffs expected an additional conference to occur on Wednesday, June 19, 2002 (see correspondence dated June 18, 2002, attached as Exhibit G), after receipt of Defendants' clarification of objections and further clarification of problems with Plaintiffs' discovery responses. No responses were received and no telephone conference was conducted after June 17, 2002. To date, no delineation of objections and/or problems to Plaintiffs discovery answers have been received other than the memorandum in

support of Defendants' Motion to Compel Discovery filed with this Court on September 13, 2002.

       b.      <u>Defendants' 30(b)(5)(6) Deposition of Seabulk:</u>

On August 1, 2002, Plaintiffs received Defendants' Notice of 30(b)(5)(6) Depositions of Seabulk Towing, Inc., Hvide Marine Towing, Inc. and Seabulk Offshore, Ltd. initially scheduled for August 7, 2002 (see Notice of Deposition attached as Exhibit H).

After initial receipt of the deposition notice, a series of letters to coordinate the deposition date, identity of representative and location for the deposition, Plaintiffs served their objections and responses to Defendants' Notice of 30(b)(5)(6) Deposition of Seabulk (see correspondence of August 5, 2002, attached as Exhibit I, and Seabulk's Objections and Responses to Defendants' Notice, attached as Exhibit J). Plaintiffs also responded with an additional approximate 10,000 pages of documents as supplementation of previous responses and to comply with Defendants' request for production of documents accompanying the deposition notice. The corporate representative deposition took place on August 19, 2002, with the deposition of Mr. Andy Brauninger, President of Seabulk Offshore, Ltd., and was followed by an additional deposition of Seabulk International's accountant, Larry Vervuurt, on September 5, 2002.

After deposition of the corporate representatives, Defendants' attorney issued correspondence requesting additional depositions and relating dissatisfaction with six questions propounded at the corporate representative deposition (see Defendants' letter dated September 3, 2002, attached as Exhibit K). Defendants' September 3, 2002 correspondence also requested a privilege log as to any withheld documents and requesting Seabulk's position concerning withheld documents and privileges log. In response to Defendants' demand, Plaintiffs responded

on September 4, 2002, confirming amenability to various depositions, answering the questions

propounded by Defendants regarding the corporate deposition, and further, confirming that:

> To my knowledge (and James Buchanan's) no documents have been withheld
> from production other than  those which are attorney-client or work product
> privileged created after we were retained by Seabulk to pursue its claims against
> Oceanografia/Yanez, which you have agreed need not be catalogued.  While we
> understand that you do not desire a privilege log of any attorney correspondence
> prepared since the suit was filed, the only other documents withheld are those
> attorney-client privilege documents immediately prior to suit between counsel and
> Seabulk which also are clearly privileged.  Please confirm whether or not you are
> demanding a privilege log for these pre-suit documents.

(See Plaintiffs' attorney correspondence dated September 4, 2002, attached as Exhibit L.)

Plaintiffs thereafter received the attached letter (see Defendants' attorney's

correspondence of September 10, 2002, attached as Exhibit M) issued by Defendants' attorneys

clarifying their request for privilege log with limitation that the log should specifically include all

documents not to or from Seabulk's attorneys in this case for which work-product protection or

some other privileges are alleged and "all" allegedly privileged documents prepared before suit

was filed that were not prepared by Seabulk's counsel in this litigation.  Defendants' attorney

further confirmed that they did not require a privilege log as to any documents prepared by

Seabulk's in-house counsel (Steve Finch) since suit was filed, but did require a log for "any

documents" prepared by Mr. Finch before suit was filed.  In this correspondence, Defendants'

attorney confirmed disagreement with the 30(b)(5)(6) responses and related that the discussions

between counsel would satisfy the requirements for a conference before filing of his motion to

compel answers/clarification to corporate representative responses.

Prior to an opportunity to make written response (note, deposition of Seabulk Offshore

president, Gerald Hoffman was conducted on September 12, 2002, in Lafayette, Louisiana),

Defendants filed their motion.

Defendants' motion failed to include a certificate of conference, and further, failed to request an expedited hearing on the matter.

II.

## SEABULK'S ANSWERS TO DISCOVERY

Notwithstanding Defendants' allegation that Seabulk's responses are deficient, and that "we (Defendants)" cannot know whether Seabulk's substantive responses are complete or whether instead with Seabulk's fingers effectively crossed behind its back -- responsive information and documents have been withheld without further explanation." (See Defendants' Motion to Compel, pages 1-2), Defendants failed to acknowledge Plaintiffs' production of over 65,000 pages of responsive documents, and Plaintiffs' representation that Plaintiffs have not withheld any documents other than attorney-client/attorney work produce privileged documents. As previously stated in this motion, no documents have been withheld other than those protected from discovery on the grounds of attorney-client privilege and/or work product privilege. Plaintiffs understand the necessity of filing a privilege log under the terms delineated by Defendants' counsel (see Exhibit M) and are preparing such a log.

a.    General objections:

Despite Defendants dissatisfaction with Plaintiffs' incorporated general objections, it is important to note that Defendants themselves incorporated these same objections in Amado Yanez Osuna's and Oceanografia's responses to Seabulk's discovery (see page 30 of Yanez' responses to production attached as Exhibit N herein).   With the representations made by Seabulk's attorneys concerning disclosure, the production of approximating 65-75,000 pages of documents, and the continued supplementation (note Seabulk will supplement its answers to interrogatories and requests for production on or before September 26, 2002), with Defendants'

reliance on the same general objections, Defendants' concerns are invalid. With understanding that Defendants' interrogatories and requests are limited in time to the joint venture enterprise existence (approximately three years), the enumerated interrogatories and requests for production will also be supplemented (see Memorandum in Support of Defendants' Motion to Compel Discovery, page 2, No. 4) and will be re-issued based on Defendants assertion that such responsive documents will be limited to the time frame concerning the joint venture enterprise.

        b.     <u>Responses to Interrogatory Nos. 5, 9, 10:</u>

Plaintiffs acknowledge that a lawsuit styled *Seabulk Offshore, Ltd. vs. Detroit Diesel Corporation and Stewart & Stevenson Services, Inc.*, exists and that this suit involves recitations concerning engine deficiencies which include two vessels which were bareboat chartered to Oceanografia. The identification of the lawsuit was previously voluntarily identified in the attached responses/objections to Oceanografia's corporate representative deposition notice.

The interrogatories delineated by Oceanografia/Yanez have been asked directly to Seabulk's corporate representative and answered to the best of such corporate representative's knowledge. The interrogatories themselves are impossible to answer as the same does not define "engine problems" and is not specific enough to permit Plaintiffs to reasonably respond. Seabulk operates or has operated hundreds of vessels world-wide and each one has numerous mechanical and electrical systems subject to breakdown and repair. Plaintiffs will incorporate the responses from the most recent deposition of Mr. Gerald Hoffman whom answered the questions propounded in the cited interrogatories (at his deposition). Taken in total, and recognizing that the maintenance (and logs) of the vessels in question were conducted or maintained by Defendants, this information is simply not available without production of logs maintained by Oceanografia/Yanez. Plaintiffs will further re-issue its answers to Interrogatory

No. 9 and 10 but have essentially already answered the questions stating that in April, 2001, Stewart & Stevenson, Inc. informed Plaintiffs of difficulty with the Detroit diesel engines (See answer to Interrogatory No. 9).

    c.    <u>Response to Request for Production Nos. 9 and 10:</u>

With the exception of attorney-client privilege documents (and work product documents), responsive documents to request for Production No. 9 have been given to Defendants as acknowledged by Defendants' counsel in his motion. Additional responsive documents have recently been received and will be incorporated in the supplementation to Defendants on or before September 26, 2002. Problematic with Defendants' Request No. 9, and Request No. 10, is the requirement for "all documents" which would include those which are attorney-client privileged and work product privileged documents.

III.

<u>CONCLUSION AND PRAYER</u>

Seabulk requests the Court reconsider its order of September 16, 2002, and modify the order to allow the assertion of attorney-client privilege/work product privileges as well as the other objections delineated in Seabulk's previous responses.

In requesting modification of the order, Seabulk acknowledges that it will additionally respond (while preserving its objections) on or before September 26, 2002, with additional answers and documents.

In the alternative, and if the same is required, Seabulk requests the Court have a full hearing on Plaintiffs' objections/responses to Defendants' discovery.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

A conference was held on this motion on September 18, 2002, and the motion is opposed.

Frank L. McNiff, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 18th day of September, 2002, served a copy of the

foregoing on all counsel of record via Federal Express, in accordance with the Federal Rules of

Civil Procedure.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, Texas  78523-33509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras St., Suite 1510
New Orleans, LA 70112

Frank L. McNiff, Jr.

C - 2
49499
9-26

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

SEABULK TOWING, INC., f/k/a          §
HVIDE MARINE TOWING, INC.,           §
and SEABULK OFFSHORE, LTD.           §
                                     §        CIVIL ACTION NO. B-01-094
V.                                   §
                                     §        In Admiralty
OCEANOGRAFIA S.A. de C.V. and        §
AMADO YANEZ OSUNA                    §

## SEABULK'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   DEFENDANTS, Oceanografia S.A. de C.V. and Amado Yanez Osuna
      by and through their attorney of record,
      Alfred J. Rufty III
      HARRIS & RUFTY, L.L.C.
      1450 Poydras St., Suite 1510
      New Orleans, LA 70112

Come now Plaintiffs, Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd. (Seabulk Offshore), (collectively "Seabulk"), and pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure serve their supplemental answers and responses to Defendants' First Interrogatories and Requests for Production of Documents as attached.

Respectfully submitted,

James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS, SEABULK TOWING, INC.
AND SEABULK OFFSHORE, LTD.


EXHIBIT
D

OF COUNSEL:

THE KLEBERG LAW FIRM
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas  78401
(361) 693-8500 Telephone
(361) 693-8600 Fax

<u>CERTIFICATE OF SERVICE</u>

    I certify that a true and correct copy of the foregoing pleading was mailed via Certified

Mail (return receipt requested) or faxed to opposing counsel of record on the 26TH day of

September, 2002.

    James H. Hunter, Jr.
    ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
    55 Cove Circle
    P. O. Box 3509
    Brownsville, Texas  78523-33509

    Alfred J. Rufty III
    HARRIS & RUFTY, L.L.C.
    1450 Poydras St., Suite 1510
    New Orleans, LA 70112

    Frank L. McNiff, Jr.

169120    2

## GENERAL OBJECTIONS

The following objection and conditions are incorporated by this reference into each and every response made herein as is set forth fully therein.

1.  Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (hereinafter "Seabulk") hereby objects to producing any information or documents which are protected from disclosure by the attorney-client privilege, party communications privilege, attorney-work product doctrine, or documents which are otherwise privileged and/or beyond the scope of discovery under the Federal Rules of Civil Procedure.

2.  Seabulk objects to any of the requests for production which, due to their broad scope, could be construed as seeking documents or information consisting of: (1) communications between counsel for Seabulk and Seabulk and between Seabulk and its counsel; (2) tangible items generated or prepared in anticipation of litigation by or for Seabulk, or their representatives; (3) communications passing between agents representatives or employees of Seabulk or communications between Seabulk and their agents, representatives and employees which were made after the occurrence or transaction upon which this suit is based and made in connection with the defense of the claims herein, or the investigation of the occurrence or transaction upon which this lawsuit is based; or (4) information privileged from discovery under the consulting expert or work product privileges. Accordingly, unless otherwise indicated, responses given herein exclude from their scope:

    a.  All communications and documents between counsel for Seabulk or between Seabulk and its counsel;
    b.  All information, documents and tangible items generated or prepared in anticipation of litigation by or for Seabulk, or its respective representatives; and
    c.  All matters not discoverable pursuant to the Federal Rules of Civil Procedure.

3.  Seabulk further objects to each and every discovery request to the extent that they attempt to limit in any way the evidence introduced by this party at the time of trial.

4.  Pursuant to agreement of counsel, a privilege log is attached for the following documents:

    •   Documents not specifically directed to/from counsel engaged by Seabulk for this litigation, for which work-product doctrine or other privilege is asserted;
    •   Documents prepared before suit which are not specifically directed to/from counsel engaged by Seabulk for this litigation, for which work-product doctrine or other privilege is asserted;
    •   Documents prepared by Mr. Finch (or Seabulk legal staff) before suit was filed for which work product doctrine or other privilege is asserted.

## ANSWERS TO INTERROGATORIES

NOTE: ALL RESPONSES BELOW ARE MADE SUBJECT TO ALL GENERAL OBJECTIONS LISTED ABOVE.

### INTERROGATORY NO. 1:

Who provided information or otherwise assisted in the formulation of responses to these discovery responses?

### ANSWER:

Stephen B. Finch, Assistant General Counsel of Seabulk International.
Susan K. Smith, Manager-Legal Dept. of Seabulk International
William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffman, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andy Brauninger, Seabulk Offshore Ltd. President, Houston, Texas
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Frank L. McNiff, Jr., The Kleberg Law Firm
Clay Scheitzach, The Kleberg Law Firm
James F. Buchanan, The Kleberg Law Firm

### INTERROGATORY NO. 2:

Identify with particularity all facts and supporting documents or other evidence suggesting that the corporate veil of Oceanografia should be pierced and/or that Amado Yanez should be held liable for alleged corporate debts or obligations.

### ANSWER:

See Plaintiff's Original Complaint, Amended Complaint and documents attached thereto. Additionally, see Merrill Lynch documents, the deposition of Amado Yanez, and the deposition of Andy Brauninger.

### INTERROGATORY NO. 3:

Identify all facts and supporting documents or other evidence suggesting that Oceanografia has been attempting to rid itself of assets.

### ANSWER:

See Plaintiff's Original Complaint, Amended Complaint and documents attached thereto and Affidavit of Stephen B. Finch in support of Seabulk's Motion for Third Party Discovery. Additionally, documents have recently been received from Merrill Lynch pursuant to deposition on written questions (with subpoena) which will be provided if defendants did not receive a copy. Also see testimony of Mr. Tony Tillmon given before the court at the initial pretrial hearing.

## INTERROGATORY NO. 4:

Identify with specificity all contracts and agreements between plaintiffs and Oceanografia (if you contend that any agreement was not reduced to writing but rather was formed or modified orally, identify its terms in full, the persons who entered into the oral agreement, and the date and place that any such agreement was reached).

## ANSWER:

Seabulk entered into bareboat charter agreements, or other agreements, with Oceanografia whereby it is entitled to receive charter hire for the vessels M/V Seabulk Austin, Seabulk Baton Rouge, Seabulk Cameron, Seabulk Colorado, Seabulk Delaware, Seabulk Sabine, Seabulk St. Andrew and Seabulk St. Tammany. See documents responsive to Request for Production Nos. 9, 10, and 11. Additionally, the following contracts and agreements between Plaintiffs and Oceanografia existed:

## Charter Agreements

| 00001 – 00019 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S. A. de C. V. on SEABULK AUSTIN | 01-01-99 |
|---|---|---|
| 00020 – 00021 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement | 03-10-99 |
| 00098 | List of Tugs and Supply Boats | |
| 00099 – 00109 | Uniform Time Charter Party for Offshore Service Vessels | 11-29-97 |
| 00110 – 00119 | Uniform Time Charter Party for Offshore Service Vessels | 02-01-98 |
| 00120 – 00131 | Uniform Time Charter Party for Offshore Service Vessels | 12-31-97 |
| 00132 – 00141 | Uniform Time Charter Party for Offshore Service Vessels | 04-20-98 |
| 00142 – 000163 | Bareboat Charter Agreement between Seabulk Carolyn, Inc. and Oceanografia, A. A. de C. V. | 07-31-98 |
| 000164 – 000187 | Bareboat Charter Agreement between Seabulk Katie, Inc. and Oceanografia, S. A. de C. V. | 07-31-98 |
| 00099 – 00109 | Uniform Time Charter Party for Offshore Service Vessels | 11-29-97 |
| 00110 – 00119 | Uniform Time Charter Party for Offshore Service Vessels | 02-01-98 |
| 00120 – 00131 | Uniform Time Charter Party for Offshore Service Vessels | 12-31-97 |
| 00132 – 00141 | Uniform Time Charter Party for Offshore Service Vessels | 04-20-98 |
| 00142 – 000163 | Bareboat Charter Agreement between Seabulk Carolyn, Inc. and Oceanografia, A. A. de C. V. | 07-31-98 |
| 000164 – 000187 | Bareboat Charter Agreement between Seabulk Katie, Inc. and Oceanografia, S. A. de C. V. | 07-31-98 |
| 000188 – 000213 | Vessel Management Agreement between Seabulk Offshore de Mexico, S. A. de C. V. and Oceanografia, S. A. de C. V. | 07-31-98 |
| 000214 – 000232 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S. A. de C. V. on SEABULK AUSTIN | 01-01-99 |
| 000233 – 000251 | Bareboat Charter Agreement between Seabulk Baton Rouge, Inc. and Oceanografia, S. A. de C. V. | 01-01-99 |
| 00252 – 000271 | Bareboat Charter Agreement between Seabulk Carolyn, Inc. and Oceanografia, S. A. de C. V. | 01-01-99 |

169120                                         5

| 000272 – 000290 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S. A. de C. V. on SEABULK COLORADO | 01-01-99 |
|---|---|---|
| 000291 – 000305 | Uniform Time Charter Party for Offshore Service Vessels | 01-01-00 |
| 000306 – 000324 | Bareboat Charter Agreement between Seabulk Sabine, Inc. and Oceanografia, S. A. de C. V. | 11-19-98 |
| 000325 – 000343 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S. A. de C. V. on SEABULK ST. ANDREW | 01-01-99 |
| 000344 – 000345 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement [M/V AUSTIN] | 03-10-99 |
| 000346 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement charter rate [M/V BATON ROUGE] | 03-10-99 |
| 000347 – 000348 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement [M/V BATON ROUGE] | 03-10-99 |
| 000349 – 000350 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement [M/V CAMERON] | 03-10-99 |
| 000351 – 000352 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement [M/V COLORADO] | 03-10-99 |
| 000353 – 000354 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement [M/V SABINE] | 03-10-99 |
| 000355 – 000356 | Correspondence from Hvide Marine to Amado regarding Bareboat Charter Agreement [M/V ST. ANDREW] | 03-10-99 |
| 001446 – 001447 | Proposed Terms of Memorandum regarding Pemex charter of Hvide tugs, signed by "O." | Undated |
| 001449 | Correspondence from Hvide Marine to Amado regarding "Undertaking of Owner and Charterer" | 08-18-98 |
| 001450 – 001454 | "Undertaking of Owner and Bareboat Charterer in Favor of Marshall Islands Maritime Administrator," between Seabulk Carolyn, Inc. and Oceanografia S.A. de C.V. | 08-18-98 |
| 001499 – 001504 | Time Charter of Two Fast Crew Boats for Materials, Equipment and Personnel Transportation Required on the Construction, Installation and Interconnection of the modernization and Optimization Project of the Cantarell Field | 12-06-00 |
| 001505 – 001508 | Time Charter of One Supply Boat for Carrying Freezer and Refrigerator Container Purposes and Transportation of Hotel Materials – Technical Specifications | Undated |
| 001663 – 001667 | Correspondence from Seabulk Offshore to Amado advising SEABULK ST. TAMMANY is off charter upon arrival in Amelia, Louisiana | 06-25-01 |
| 001686 – 001691 | Correspondence from Seabulk Offshore to Amado acknowledging receipt of instructions for wire transfer of $316,000, including Charter Hire Payment Schedule | 07-16-01 |
| 001692 – 001698 | Correspondence from Seabulk Offshore to Oceanografia advising if payment not received charters will be terminated | 07-16-01 |
| 001699 – 001703 | Correspondence from Seabulk Offshore to Amado acknowledging receipt of instructions for wire transfer of $316,000, including Charter Hire Payment Schedule | 07-16-01 |
| 001735 | Seabulk Offshore invoice to Oceanografia regarding charter hire for SEABULK ST. TAMMANY for the period July 1 through July 5, 2001, in the amount of $18,043.33 | 08-22-01 |
| 001756 – 001757 | Correspondence from Hvide Marine to Amado regarding Bareboat | 03-10-99 |

169120                                           6

| | Charter Agreement on SEABULK AUSTIN | |
|---|---|---|
| 001768 – 001786 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. on SEABULK AUSTIN | 01-01-99 |
| 001890 – 001893 | Uniform Charter Party | 12-30-99 |
| 001894 | Vessel Charter Form – ST. ANDREW | 10-10-98 |
| 001948 – 001966 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. on SEABULK ST. ANDREW | 01-01-99 |
| 001967 – 001977 | Uniform Time Charter – RHODE ISLAND, between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. [signed] | 01-01-00 |
| 001978 – 001998 | Bareboat Charter Agreement – AUSTIN, between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 001999 – 002019 | Bareboat Charter Agreement – BATON ROUGE, between SEABULK Baton Rouge, Inc. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 002020 – 002041 | Bareboat Charter Agreement – CAMERON, between SEABULK Cameron, Inc. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 002042 – 002062 | Bareboat Charter Agreement – COLORADO, between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 002063 – 002083 | Bareboat Charter Agreement – SABINE, between SEABULK Sabine, Inc. and Oceanografia, S.A. de C.V. | 11-19-98 |
| 002084 – 002104 | Bareboat Charter Agreement – ST. ANDREW, between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 006292 – 006414 | Pemex charter documents in Spanish | |
| 006616 – 006617 | Correspondence from Hvide Marine Incorporated to Amado regarding Bareboat Charter Agreement – SEABULK AUSTIN | 03-10-99 |
| 006618 – 006636 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. – SEABULK AUSTIN | 01-01-99 |
| 006637 – 006638 | Correspondence from Hvide Maine Incorporated to Amado regarding Bareboat Charter Agreement – SEABULK BATON ROUGE | 03-10-99 |
| 006639 – 006640 | Correspondence from Hvide Marine, Inc. to Amado adjusting charter rate – SEABULK BATON ROUGE | 03-10-99 |
| 006641 – 006659 | Bareboat Charter Agreement between SEABULK Baton Rouge, Inc. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 006660 – 006661 | Correspondence from Hvide Marine Incorporated to Amada Yanez Amado regarding Bareboat Charter Agreement – SEABULK CAMERON | 03-10-99 |
| 006662 – 006682 | Bareboat Charter Agreement between SEABULK Carolyn, Inc. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 006683 – 006684 | Correspondence from Hvide Marine, Inc. and Amado regarding Bareboat Charter Agreement – SEABULK COLORADO | 01-01-99 |
| 006685 – 006703 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. – SEABULK COLORADO | 01-01-99 |
| 006704 – 006721 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. – SEABULK DELAWARE [unsigned] | Undated |
| 006722 – 006723 | Correspondence from Hvide Marine regarding Bareboat Charter Agreement – SEABULK SABINE | 03-10-99 |
| 006724 – 006742 | Bareboat Charter Agreement between SEABULK Sabine, Inc. and Oceanografia, S.A. de C.V. | 11-19-98 |
| 006743 – 006764 | Bareboat Charter Agreement between SEABULK Carolyn, Inc. and Oceanografia, S.A. de C.V. | 07-31-98 |

| 006765 – 006788 | Bareboat Charter Agreement between SEABULK Katie, Inc. and Oceanografia, S.A. de C.V. | 07-31-98 |
|---|---|---|
| 006789 – 006790 | Correspondence from Hvide Marine Incorporated to Amado regarding Bareboat Charter Agreement – SEABULK ST. ANDREW | 03-10-99 |
| 006791 – 006809 | Bareboat Charter Agreement between Seabulk Offshore, Ltd. and Oceanografia, S.A. de C.V. – SEABULK ST. ANDREW | 01-01-99 |
| 006810 – 006820 | Uniform Time Charter Party for Offshore Service Vessels – KINSMAN CONDOR | 11-26-97 |
| 006821 – 006831 | Uniform Time Charter Party for Offshore Service Vessels – KINSMAN CONDOR | 12-24-97 |
| 006832 – 006841 | Uniform Time Charter Party for Offshore Service Vessels – VIGILANTE | 04-14-98 |
| 006842 – 006853 | Uniform Time Charter Party for Offshore Service Vessels – KINSMAN EAGLE II | 12-24-97 |
| 006854 – 006868 | Uniform Time Charter Party for Offshore Service Vessels – M/V SEABULK RHODE ISLAND | 01-01-00 |
| 006999 | Charter Rates | 08-16-02 |
| 007002 | Invoice from Seabulk Offshore to Oceanografia for charter hire of SEABULK ST. TAMMANY, in the amount of $18,043.33 | 08-22-01 |
| 007002 | Invoice from Seabulk Offshore to Oceanografia for charter hire of SEABULK ST. TAMMANY, in the amount of $18,043.33 | 08-22-01 |
| 007259 – 007260 | Correspondence from Oceanografia to SEABULK attaching payment program for vessels chartered in Mexico, adding they "are sending 450,000 USD tomorrow to Seabulk Offshore account." | 11-04-99 |
| 007292 | Correspondence from Seabulk Offshore to Oceanografia regarding bareboat charter rate for SEABULK ST. ANDREW and SEABULK ST. TAMMANY | 03-02-00 |
| 007331 – 007335 | Correspondence from Seabulk Offshore to Amado regarding SEABULK RHODE ISLAND and SEABULK COLORADO 90-day contracts, with copy of Charter Party attached | 01-06-00 |
| 007336 – 007337 | Fax cover sheet from Seabulk Offshore to Amado, requesting signature on attached time charter forms [NOTE: No attachments] | 01-07-00 |
| 007363 | Correspondence from Seabulk Offshore to Amado regarding SEABULK ST. TAMMANY to be off charter | 06-25-01 |
| 007367 – 007371 | Fax from Amado to Seabulk Offshore, attaching blank form entitled "Time Charter of One Tug/Supply Boat for Materials and Equipment Transportation, Towing Operations, Docking and Undocking of Tankers" | 01-11-01 |
| 007383 | E-mail from Amado to Andy Brauninger requesting a meeting to discuss accounts; changing of bareboat to time charter; purchase of SEABULK VERMONT; operations in Mexico, and closing of SEABULK de Mexico | 11-16-00 |
| 007416 – 007420 | Correspondence from Oceanografia to Andy Brauninger forwarding Time Charter for Supply Boat form | 10-11-00 |
| 007436 – 007438 | Correspondence from Seabulk Offshore to Oceanografia regarding change from bareboat charter to time charter | 09-18-00 |
| 007456 | Correspondence from Seabulk Offshore to Amado regarding contract information to develop time charter agreements | 08-11-00 |

| 007463 – 007468 | Correspondence from Seabulk Offshore to Amado regarding Seabulk Offshore vessels available [SEABULK BOLIVAR, SEABULK LEE, SEABULK VERMONT, SEABULK VERITAS and SEABULK VIRGINIA | 06-26-00 |
|---|---|---|
| 007469 | Correspondence from Gerald Hoffmann to Amado regarding Oceanografia's balance as of May 31, 2000, $1,834,380.01 | 06-07-00 |
| 007470 – 007485 | Correspondence from Oceanografia to Seabulk Offshore attaching Pemex requirements for four crew boats [blank form] | 06-15-00 |
| 007486 – 007496 | Correspondence from Hvide Marine [Zorkers] to Amado enclosing executed Memorandum of Agreement for SEABULK KATIE, requesting signature by Amado | 05-12-00 |
| 007497 | Correspondence from Hvide Marine to Sweeney, Brauninger, Ludt, Cancienne, Malone, Markoff, Kimbrell and Brantner forwarding bareboat charters for COLORADO, AUSTIN, SABINE, CAMERON, BATON ROUGE and ST. ANDREWS; Side Letters amending the charters; restated Shareholder's Agreement for Seabulk Offshore de Mexico | 03-11-99 |
| 007498 – 007516 | Bareboat Charter Agreement between Seabulk Offshore and Oceanografia regarding the SEABULK COLORADO | 01-01-99 |
| 007517 – 007535 | Bareboat Charter Agreement between Seabulk Offshore and Oceanografia regarding the SEABULK AUSTIN | 01-01-99 |
| 007536 – 007554 | Bareboat Charter Agreement between Seabulk Offshore and Oceanografia regarding the SEABULK BATON ROUGE | 01-01-99 |
| 007555 – 007573 | Bareboat Charter Agreement between Seabulk Offshore and Oceanografia regarding the SEABULK CAMERON | 01-01-99 |
| 007574 – 007575 | Side Letter from Hvide Marine to Oceanografia amending bareboat charter dated January 1, 1999, on the SEABULK AUSTIN | 03-10-99 |
| 007576 – 007577 | Side Letter from Hvide Marine to Oceanografia amending bareboat charter dated January 1, 1999, on the Seabulk CAMERON | 03-10-99 |
| 007578 – 007579 | Side Letter from Hvide Marine to Oceanografia amending bareboat charter dated January 1, 1999, on the SEABULK BATON ROUGE | 03-10-99 |
| 007580 – 007581 | Side Letter from Hvide Marine to Oceanografia amending bareboat charter dated January 1, 1999, on the SEABULK ST. ANDREW | 03-10-99 |
| 007582 | Side Letter from Hvide Marine to Oceanografia amending the day rate for the SEABULK BATON ROUGE | 03-10-99 |
| 007583 – 007595 | Shareholders' Agreement between Hvide Marine Towing, Inc. and Oceanografia S. A. de C. V. | 01-01-99 |
| 007596 – 007614 | Bareboat Charter Agreement between SEABULK Sabine, Inc. and Oceanografia | 11-19-98 |
| 007615 – 007633 | Bareboat Charter Agreement between Seabulk Offshore and Oceanografia on the SEABULK ST. ANDREW | 01-01-99 |
| 007711 – 007743 | Pemex Caratula de Contrato [time charter of "speed boat No. 2 for transportation of personnel, materials and equipment" in Bay of Campeche] | 12-27-99 |
| 007744 – 007775 | Pemex Caratula de Contrato [time charter of "speed boat No. 3 for transportation of personnel, materials and equipment" in Bay of Campeche] | 12-27-99 |
| 007782 – 007793 | Fax from Amado to Andy Brauninger sending blank Time Charter of Two Fast Crew Boats for Materials, Equipment and Personnel | 12-01-00 |

| | Transportation Required on the Construction, Installation and Interconnection of the Modernization and Optimization Project of the Cantarell Field | |
|---|---|---|
| 007997 | E-mail from Andy Brauninger to Gerald Hoffmann regarding time chartering VERMONT and convert to Mexican flag | 11-30-00 |
| 007870 – 007872 | Bareboat Charter Agreement between Seabulk Offshore and Oceanografia on SEABULK DELAWARE | 08-27-99 |
| 008156 – 008164 | Correspondence from Gerald Hoffmann to Amado regarding SEABULK ST. TAMMANY release by Pemex due to continuing enginen problems, advising to clear the vessel to Amelia, Louisiana, as she will be off-charter | 06-25-01 |

<u>Miscellaneous Agreements</u>

| 00022 – 00033 | Vessel Management Agreement between Seabulk Offshore de Mexico, S. A. de C. V. and Oceanografia, S. A. de C. V. | 07-31-98 |
|---|---|---|
| 00034 | Proposed Structure of Seabulk Offshore Limited's Mexican Operations | Undated |
| 000188 – 000213 | Vessel Management Agreement between Seabulk Offshore de Mexico, S. A. de C. V. and Oceanografia, S. A. de C. V. | 07-31-98 |
| 000357 – 000375 | Shareholders' Agreement between Tampa Bay Towing, Inc. ["the Hvide member"] and Oceanografia, S. A. de C. V. | 07-31-98 |
| 000376 – 000388 | Shareholders' Agreement between Hvide Marine Towing, Inc. and Oceanografia, S. A. de C. V. | 01-01-99 |
| 001787 – 001798 | Vessel Management Agreement between Seabulk Offshore de Mexico, S.A. de C.V. and Oceanografia, S.A. de C.V. | 07-31-98 |
| 001799 | Proposed Structure of Seabulk Offshore Limited's Mexican Operations | No date |
| 001800 – 001812 | Shareholders' Agreement by and between Hvide Marine Towing, Inc. and Oceanografia, S.A. de C.V. | 01-01-99 |
| 006591 – 006603 | Shareholders' Agreement between Hvide Marine Towing, Inc. and Oceanografia | 01-01-99 |
| 006604 – 006615 | Vessel Management Agreement between Seabulk Offshore de Mexico, S.A. de C.V. and Oceanografia, S.A. de C.V. | 07-31-98 |
| 007486 – 007496 | Correspondence from Hvide Marine [Zorkers] to Amado enclosing executed Memorandum of Agreement for SEABULK KATIE, requesting signature by Amado | 05-12-00 |
| 007497 | Correspondence from Hvide Marine to Sweeney, Brauninger, Ludt, Cancienne, Malone, Markoff, Kimbrell and Brantner forwarding bareboat charters for COLORADO, AUSTIN, SABINE, CAMERON, BATON ROUGE and ST. ANDREWS; Side Letters amending the charters; restated Shareholder's Agreement for Seabulk Offshore de Mexico | 03-11-99 |
| 007583 – 007595 | Shareholders' Agreement between Hvide Marine Towing, Inc. and Oceanografia S. A. de C. V. | 01-01-99 |

**<u>INTERROGATORY NO. 5:</u>**

169120                                    10

With respect to the vessels that were chartered to Oceanografia by plaintiffs or affiliated entities, identify with particularity all engine problems that were experienced on such vessels (a) during the term of their charter to Oceanografia; (b) before the first day the vessels went on charter; and (c) after the termination of the charters.

**ANSWER:**

Seabulk has made available the vessel logs for inspection at their Lafayette offices. Seabulk has produced all other records in their possession concerning any alleged deficiencies in their engines and correspondence with Detroit Diesel.

**INTERROGATORY NO. 6:**

Identify (by reference to the case title, the case number, and the presiding court) all legal proceedings, past or present, involving directly or indirectly any questions concerning the fitness, quality, or condition of engines or other equipment aboard the vessels chartered to Oceanografia or other vessels belonging to plaintiffs or affiliated entities.

**ANSWER:**

*Seabulk Offshore, Ltd. vs. Detroit Diesel Corporation and Stewart & Stevenson Services, Inc.*, Civil Action No. 02-099, Section N, Magistrate 5, in the United States District Court, Eastern District of Louisiana.

**INTERROGATORY NO. 7:**

Itemize all expenses allegedly incurred by plaintiffs as part of the joint venture operation.

**ANSWER:**

See responsive documents attached to Request for Production No. 6 and documents attached to these answers.

**INTERROGATORY NO. 8:**

Identify all present or former employees of plaintiffs (or affiliated entities) with knowledge concerning the engine problems on the chartered vessels.

**ANSWER:**

Without admitting that there were any engine problems on the chartered vessels, the following have knowledge concerning the vessels:

William Merritt, Seabulk Offshore Limited, Operations Manager (Lafayette, Louisiana)
Gerald Hoffmann, Seabulk Offshore Ltd. Managing Director, Lafayette, Louisiana
Andrew Brauninger, Seabulk Offshore Ltd. President, Houston, Texas

Les Mills, Seabulk Offshore Ltd., Lafayette, LA
Ken Brown, Seabulk Offshore Ltd. Secondee to JV, Lafayette, LA
Tony Tillmon, Seabulk Offshore Ltd., Lafayette, Louisiana
Carlos Zelaya, Seabulk Offshore Ltd., Secondee, Del Carmen, Mexico

## INTERROGATORY NO. 9:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines aboard the vessels chartered to Oceanografia?

## ANSWER:

See responsive documents to Request for Production No. 9. Further, in April, 2001, Stewart & Stevenson, Inc. informed Plaintiff that the Detroit Diesel 1692 series engine was potentially problematic in crew boat application.

## INTERROGATORY NO. 10:

When did plaintiffs first learn of actual or potential problems or deficiencies with engines from the same manufacturer aboard other vessels belonging to plaintiffs or affiliated entities?

## ANSWER:

See answer to Interrogatory No. 9.

## INTERROGATORY NO. 11:

How much money have plaintiffs been paid by Oceanografia in charter hire for the chartered vessels (please itemize the payments for each such vessel)?

## ANSWER:

As of March 21, 2002, charter hire in the amount of $14,745,068.24 was paid by Oceanografia.

## INTERROGATORY NO. 12:

According to your understanding, what has been the joint venture's net profit or loss for each year of its existence?

## ANSWER:

The joint venture sustained net losses during the entire period of the joint venture due to defendants' failure to remit to the joint venture the net charter hire from vessels, bareboat chartered to defendants, failure to remit net charter hire from time charters to PEMEX and others. Currently, an overall and concise accurate number cannot be obtained due to information

being withheld by Defendants which is necessary to determine the joint venture's net profit or loss for each year of its existence.

## INTERROGATORY NO. 13:

Were engines on the chartered vessels repaired or overhauled before the vessels were dispatched to work in Mexican waters? If so, identify in detail the nature and extent of the repair/overhauling work and by whom it was performed.

## ANSWER:

Yes, SEABULK ST. ANDREW was a new vessel that had completed sea trials before it was delivered to Oceanografia and engines of SEABULK ST. TAMMANY were overhauled immediately prior to delivery to Oceanografia. Oceanografia inspected vessels and reported no exceptions or problems.

## INTERROGATORY NO. 14:

Detail all capital contributions of plaintiffs to the joint venture.

## ANSWER:

No capital contributions were made.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All contracts, together with all revisions and amendments thereto, between plaintiffs (or any affiliated entity) and Oceanografia and/or Amado Yanez.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 2:**

All documents reflecting income derived by plaintiffs in connection with the charter of vessels to Oceanografia or otherwise used in connection with the joint venture.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 3:**

All allegedly unsatisfied invoices sent to Oceanografia for sums claimed in this suit by plaintiffs.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 4:**

All documents reflecting plaintiffs capital contributions to the joint venture.

**ANSWER:**

See answer to Interrogatory No. 14.

**REQUEST NO. 5:**

All documents pertaining to audits or financial reviews of the joint venture enterprise.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 6:**

All documents – including without limitation invoices, canceled checks, receipts, credit/debit advices, accounting records, computer files and print-outs and correspondence – reflecting (a) expenses of the joint venture, and (b) revenue of the joint venture.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 7:**

All documents and other evidence suggesting that the corporate separateness of Oceanografia has been ignored.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 8:**

All documents and other evidence suggesting that Oceanografia has been engaged in an effort to rid itself of assets.

**ANSWER:**

See answer to Interrogatory No. 3, which is incorporated herein.

**REQUEST NO. 9:**

All documents prepared in the last five years relating to actual or alleged problems or deficiencies with engines or other equipment aboard the vessels chartered to Oceanografia by plaintiffs or affiliated entities.

**ANSWER:**

See response to Interrogatory No. 5, which is incorporated herein. Seabulk has produced all such documents in their possession.

**REQUEST NO. 10:**

All documents and other evidence prepared in the last five years reflecting or relating to surveys, inspections, repairs and/or overhaul work on the engines or other equipment of the vessels chartered to Oceanografia.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 11:**

All documents from the last five years pertaining to engine problems on plaintiffs' other vessels.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 12:**

All correspondence or other document s(not produced above) relating to the joint venture.

**ANSWER:**

Seabulk has produced all such documents in their possession.

**REQUEST NO. 13:**

To the extent not produced under the foregoing requests, produce all documents upon which your interrogatory responses are based.

**ANSWER:**

Seabulk has produced all such documents in their possession.

## RESPONSE TO REQUEST FOR ADMISSIONS

Admit that plaintiffs have entered into no contracts with Amado Yanez, individually.

**RESPONSE:**

Subject to the aforementioned objections, which are incorporated herein, DENIED. Seabulk has entered into both written and oral agreements, which because of the disregard of corporate formalities and use and/or diversion of assets of Oceanografia S.A. de C.V. by Amado Yanez Osuna, give rise to contracts with Amado Yanez Osuna, for which Amado Yanez Osuna is liable to Plaintiffs.

## VERIFICATION

STATE OF FLORIDA      §

COUNTY OF BROWARD    §

     BEFORE ME, the undersigned authority, personally appeared STEPHEN B. FINCH, who being authorized to do so, and upon his own oath stated that the answers set forth in the foregoing interrogatories are true and correct to the best of his knowledge and belief.

_____
STEPHEN B. FINCH


     SWORN TO AND SUBSCRIBED BEFORE ME by Stephen B. Finch on this the 26 day of _SEPT._____, 2002.

_____
Notary Public, State of Florida

OFFICIAL NOTARY SEAL
SUSAN K SMITH
COMMISSION NUMBER
CC862101
MY COMMISSION EXPIRES
AUG. 18, 2003

169121

# PRIVILEGED DOCUMENT LOG

| DOC TYPE | DATE | AUTHOR | RECIPIENT | SUBJECT MATTER | PRIVILEGE | BATE-STAMPED NO. SEABULK. |
|---|---|---|---|---|---|---|
| E-mail | 2-9-01 | Stephen Finch | Susan Smith | Oceanografia litigation | Attorney/Client Work Product | 007641 |
| E-mail | 2-8-01 | Steve Nouss | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 007642, 007007 |
| E-mail | 2-8-01 | Allen Twaits | Stephen Finch | Bimmsa lawsuit | Attorney/Client Work Product | 007008 |
| Letter | 7-24-00 | Gerald Hoffman | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 007009 |
| E-mail | 11-18-00 | Stephen Finch | Gerald Hoffman | Oceanografia litigation | Attorney/Client Work Product | 007799-007803 |
| Letter | 11-16-00 | Gerald Hoffman | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 007806-007811 |
| Letter | 4-27-01 | Stephen Finch | Wendy Ortego/SOL | Wire confirmations | Attorney/Client Work Product | 007920 |
| E-mail | 4-27-01 | Stephen Finch | Andy Brauninger | Oceanografia litigation | Attorney/Client Work Product | 007924 |
| E-mail | 4-25-01 | Stephen Finch | Gerald Hoffman | Claim letter to Detroit Diesel | Attorney/Client Work Product | 007926 |
| E-mail | 4-23-01 | Andy Brauninger | Stephen Finch | Detroit Diesel letter | Attorney/Client Work Product | 007953 |
| E-mail | 4-20-01 | Stephen Finch | Bill Ludt | Oceanografia litigation | Attorney/Client Work Product | 007966 |
| Letter | 4-20-01 | Stephen Finch | Bill Merritt | Detroit Diesel letter | Attorney/Client Work Product | 007967-007970 |
| E-mail | 4-20-01 | Gerald Hoffman | Stephen Finch | Oceanografia problems | Attorney/Client Work Product | 007971, 007028 |
| E-mail | 3-14-01 | Stephen Finch | Andy Brauninger | Oceanografia litigation | Attorney/Client Work Product | 008065 |
| E-mail | 3-14-01 | Stephen Finch | Andy Brauninger | Oceanografia litigation | Attorney/Client Work Product | 008066 |
| E-mail | 3-13-01 | Andy Brauninger | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 008067 |

169108

169108

| DOC TYPE | DATE | AUTHOR | RECIPIENT | SUBJECT MATTER | PRIVILEGE | BATE-STAMPED NO. SEABULK. |
|---|---|---|---|---|---|---|
| Letter | 5-31-01 | Gerald Hoffman | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 008190-008191 |
| Letter | 6-1-01 | Stephen Finch | Gerald Hoffman | Detroit Diesel Corp. litigation | Attorney/Client Work Product | 008214-008217 |
| Letter | 5-31-01 | William Riviere | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 008227-008228 |
| E-mail | 5-29-01 | Wendy Ortego | Steve Finch | Oceanografia payment | Attorney/Client Work Product | 008238 |
| Letter | 5-25-01 | Stephen Finch | Wendy Ortego | Oceanografia litigation | Attorney/Client Work Product | 008244-008267 |
| E-mail | 5-24-01 | Steve Finch | Wendy Ortego | Oceanografia payment/ litigation | Attorney/Client Work Product | 008276 |
| Letter | 5-15-01 | Gerald Hoffman | Stephen Finch | Detroit Diesel litigation | Attorney/Client Work Product | 008285-008288 |
| E-mail | 5-14-01 | Wendy Ortego | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 008289-008290 |
| Letter | 5-11-01 | Gerald Hoffman | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 008295-008305 |
| E-mail | 5-10-01 | Andy Brauninger | Stephen Finch | Oceanografia problems | Attorney/Client Work Product | 008306-008307 |
| E-mail | 5-8-01 | Stephen Finch | Andy Brauninger | Detroit Diesel litigation | Attorney/Client Work Product | 008309 |
| E-mail | 5-7-01 | Stephen Finch | Bill Riviere | Oceanografia litigation | Attorney/Client Work Product | 008323-008324 |
| Letter | 5-30-01 | Hvide Legal | Seabulk Offshore | Oceanografia litigation | Attorney/Client Work Product | 008337-008351 |
| E-mail | 6-4-02 | Gerhard Kurtz | Steve Finch | SEABULK DELAWARE collision/Oceanografia litigation | Attorney/Client Work Product | 009123 |
| E-mail | 2-8-01 | Steve Nouss | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009483-9486 |
| E-mail | 4-23-01 | Gerald Hoffman | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009498 |

169108

| DOC TYPE | DATE | AUTHOR | RECIPIENT | SUBJECT MATTER | PRIVILEGE | BATE-STAMPED NO. SEABULK. |
|---|---|---|---|---|---|---|
| Document | 4-5-01 | Gerald Hoffman | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009512-009514 |
| E-mail | 1-19-01 | Gerald Hoffman | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009561, 007025 |
| E-mail | 4-20-01 | Dottie O'Connor | Bill Ludt | Shareholder resolutions | Attorney/Client Work Product | 009564 |
| E-mail | 1-16-01 | Gerald Hoffman | Steve Finch | Oceanografia payments | Attorney/Client Work Product | 009562 |
| E-mail | 5-31-01 | Bill Ludt | Gerald Hoffman | Oceanografia litigation | Attorney/Client Work Product | 009607, 007143 |
| E-mail | 5-31-01 | Dottie O'Connor | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009608 |
| Letter | 5-31-01 | Gerald Hoffman | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009609-009619, 001144-007148 |
| Letter | 5-31-01 | Gerald Hoffman | Steve Finch | Oceanografia litigation | Attorney/Client Work Product | 009585, 007074 |
| E-mail | 5-24-01 | Andy Brauninger | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | |
| E-mail | 5-10-01 | Andy Brauninger | Stephen Finch | Oceanografia litigation | Attorney/Client Work Product | 009587 |

THE KLEBERG LAW FIRM
Established 1955

| San Antonio Office | A Professional Corporation | Houston Office |
| --- | --- | --- |
| Suite 1300 | Corpus Christi Office | Suite 400 |
| 112 East Pecan Street | Suite 900, North Tower | 1800 Bering Drive |
| San Antonio, Texas 78205-1536 | 800 North Shoreline Boulevard | Houston, Texas 77057 |
| (210) 227-8800 | Corpus Christi, Texas 78401-3709 | (713) 650-6166 |
| | (361) 693-8500 | |

Facsimile: (361) 693-8600

James F. Buchanan
Direct Dial (361) 693-8649
Board Certified-Civil Trial Law
Texas Board of Legal Specialization

49499

September 20, 2002

Mr. Alfred J. Rufty, III                          Via Fax: 504-525-7222
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112

    Re:    C.A. No. B-01-094; in the U.S. District Court,
              Southern District of Texas, Brownsville Division
              *Seabulk Towing, Inc. and Seabulk Offshore, Ltd.*
              *vs. Oceanografia S.A. de C.V. and Amado Yanez Osuna*
              Harris & Rufty Ref: 736-85
              Kleberg Ref: 16273.1

Dear Alfred:

    I have discussed some of your concerns and questions with Seabulk, and offer the
following:

    1.    How much was Seabulk paid in charter hire?

            $14,745,068.24 as of March 21, 2002. See Answer to Interrogatory 11.

    2.    What were Seabulk's total expenses?

            Seabulk has not computed the total expenses incurred. I believe Seabulk is in the
process of updating this amount

    3.    What does Seabulk believe PEMEX paid in charter hire?

            Seabulk estimated $21,510,814.78 as of October 31, 2001.

    4.    What was Seabulk's net profit for the charters after deducting expenses (including
those alleged in this suit)?



EXHIBIT
E

September 20, 2002
Page 2

The allocations of overhead and expense are sophisticated calculations which Seabulk has not undertaken.

5.    What were the reasons for Seabulk's issuance of "credit memos" to Oceanografia and in what amounts?

Gerald Hoffman testified regarding the reasons for Seabulk honoring the credit memoranda issued by Oceanografia. Please refer to the deposition testimony of Larry Vervuurt, specifically Exhibit 10, as to the amounts.

With regard to the amounts of the credit memos, please refer to Exhibit 10. As an exemplar, attached is credit memo number 6800297 in the amount of $115,862.90, regarding the SEABULK MONTANA. Please see the attached journal page showing the recognition of the credit of $115,862.90 against invoices 6002398 and 6002360. Mr. Vervuurt advises that Oceanografia applied the credit against the invoices for the SEABULK COLORADO in full and the balance against the invoice for the SEABULK ST. ANDREW.

6.    What precise sum does Seabulk believe Oceanografia presently owes and what does it consist of?

The total amount owed is $3,467,181.00. It consists of $371,204.00 in outstanding bareboat charter hire; $1,834,302.00 in crew payroll and related expenses, and $1,261,175 in other expenses advanced to Oceanografia. In addition, Oceanografia owes 49% of the gross profits of Seabulk Offshore de Mexico, S.A. which Seabulk believes is approximately $147,000.00 In addition, Oceanografia owes pre-judgment interest and attorneys' fees.

Very truly yours,

THE KLEBERG LAW FIRM

James F. Buchanan

JFB/ps
152587v2

cc:    **Via Fax: 956-542-4370**
James H. Hunter, Jr.
Royston, Rayzor, Vickery & Williams, L.L.P.
P. O. Box 3509
Brownsville, Texas  78523

SENT BY: KLEBERG LAW FIRM ;                                      956 5424370;# 4/ 9
09/18/2002  15:25   SERBU   INT'L LEGAL DEPT   1 361 6538606   NO.341   P03

SENT BY: ... 09/18/2002 13:28 SERB ... LEGAL DEPT: TX 3616930066 ... 956 5424370; # 5/9 ... NO.004 D04



# SEABULK OFFSHORE, LTD.

### A HVIDE MARINE COMPANY

#### 140 GALCO BOULEVARD • SUITE 101 • LAFAYETTE, LOUISIANA 70503

PHONE: (318) 234-4111
TELEFAX: (318) 234-5442

**BILL TO:**
OCEANOGRAFIA S.A. DE C.V. CD. DEL CARMEN
CALLE 26-A LOPEZ MATEOS MZA.D LOTE 2-A,
PARQUE IND.
PESQ. LAGUNA AZUL, 42120 CD. DEL CARMEN
CAMPECHE
Mexico

**Credit Memo    #: 6800297**

**Date: 31-JAN-00**

**REMIT TO:**
Department 3326 PO Box 2153
Birmingham AL 35287-3326

**Due Date: 31-JAN-00**

| Qty | Credit Memo    Description | Rate | Amount |
|---|---|---|---|
| | Charter Hire for the M/V SEABULK MONTANA IN NOVEMBER AND DECEMBER, 1999 Refer to letter by Bill Ludt dated July 10, 1999. | 57,931.45 | (115,862.90). |

```
**************************************
     **************
     Credit Memo    Confirmation
   This is not a request for payment
**************************************
```

*Applied to the Colorado 6002398    104,005*
*" St. Andrew 6002360    11,857.90*
*115,862.90*

(115,862.90)

Currency: USD

FLORIDA ADDRESS: 2200 ELLER DRIVE • P.O. BOX 13038 • FORT LAUDERDALE, FLORIDA 33316 • PHONE (954) 523-2200





# SEABULK OFFSHORE, LTD.

A HVIDE MARINE COMPANY

148 GALCO BOULEVARD • SUITE 184 • LAFAYETTE, LOUISIANA 70503

PHONE: (318) 234-4111
TELEFAX: (318) 234-3448

**BILL TO:**
OCEANOGRAFIA S.A. DE C.V. CD. DEL CARMEN
Calle 26-A Lopez Mateos MZA.D Lots 2-A.
Parque Ind.
Pesq. Laguna Azul, 42120 Cd. del Carmen
Campeche
Mexico

**REMIT TO:**
PO BOX 54239
NEW ORLEANS LA 70154-4239

**Invoice**    **#: 6003360**

**Date: 31-OCT-99**

**Terms: NET 30**

**Due Date: 30-NOV-99**

| Qty | Invoice | Description | Rate | Amount |
|-----|---------|-------------|------|--------|
| 31 | | Charter Hire for the M/V SEABULK ST. ANDREW<br>October 1 through October 31, 1999<br>Days | 3,672.00 | 113,832.00 |

113,832.00

**Currency: USD**

FLORIDA ADDRESS: 3900 ELLER DRIVE • P.O. BOX 13038 • FORT LAUDERDALE, FLORIDA 33316 • PHONE(954) 523-2200



# SEABULK OFFSHORE, LTD.

A HVIDE MARINE COMPANY

140 CALOS BOULEVARD · SUITE 101 · LAFAYETTE, LOUISIANA 70503

PHONE: (318) 234-4111
TELEFAX: (318) 234-2442

**BILL TO:**
OCEANOGRAFIA S.A. DE C.V. CD. DEL CARMEN
Calle 26-A Lopez Mateos M2A.D Lote 2-A,
Parque Ind.
Pesq. Laguna Azul, 42120 Cd. del Carmen
Campecha
Mexico

**REMIT TO:**
PO BOX 54239
NEW ORLEANS LA 70154-4239

Invoice            #: 6002398

Date: 31-OCT-99

Terms: NET 30

Due Date: 30-NOV-99

| Qty | Invoice | Description | Rate | Amount |
|-----|---------|-------------|------|--------|
| 31 | | Charter Hire for the M/V SEABULK COLORADO October 1 through October 31, 1999 Days | 3,355.00 | 104,005.00 |

104,005.00

Currency: USD

FLORIDA ADDRESS: 2200 ELLER DRIVE · P.O. BOX 13038 · FORT LAUDERDALE, FLORIDA 33316 · PHONE (954) 523-2200

```
                    ***********************
                    ***   RX REPORT   ***
                    ***********************


       RECEPTION OK

       TX/RX NO            8119
       CONNECTION TEL                 13618938601
       SUBADDRESS
       CONNECTION ID
       ST. TIME            09/20 10:00
       USAGE T             02'11
       PGS.                   9
       RESULT              OK
```