United States District Court
Southern District of Texas
FILED

MAR 2 5 2003

Michael N. Milby
Clerk of Court

108

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YAÑEZ OSUNA | § | |

### PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT,
### FOR ENTRY OF JUDGMENT AND ATTACHMENT OF ASSETS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd. (Seabulk Offshore),

(collectively "Seabulk"), Plaintiffs in the above styled cause, and pursuant to Rules 54, 55, 56

and 58 of the Federal Rules of Civil Procedure, file this Motion to Enforce Settlement

Agreement, for Entry of Judgment and Attachment of Defendants Oceanografia S.A. de C.V. and

Amado Yanez Osuna (collectively "Oceanografia"), and in support of this motion, Seabulk

shows as follows:

### I.    FACTUAL BACKGROUND

As indicated in the attached Affidavits of Frank L. McNiff, Jr. (**Exhibit A**) and James F.

Buchanan (**Exhibit B**), the parties agreed to settle this matter on February 24, 2003, at a

mediation before Gary McGowan, in Houston, Texas. A true and correct copy of the settlement

agreement, executed by representatives of Seabulk and Oceanografia is attached is Exhibit 1 to

Exhibit A, Mr. Buchanan's Affidavit.

The initial terms of the settlement agreement provided that funding and closing with exchange of funds was to occur on March 31, 2003. However, due to the Court's requirement to file a pretrial order on or before March 26, 2003, representatives of Seabulk and Oceanografia agreed to change the closing date (upon suggestion of Oceanografia's counsel) to *March 21, 2003*.

Furthermore, after Oceanografia's counsel represented that the "required" bonds agreed to in the settlement agreement (see paragraph 3 of the settlement agreement), were too expensive and, therefore, unworkable, Seabulk agreed to modify this provision of the settlement agreement to allow for the establishment of an escrow account, to be maintained by Oceanografia's attorney, Harris & Rufty, L.L.C. As a prerequisite for the establishment of the escrow account, representatives for Seabulk and Oceanografia confirmed that the aforementioned escrow account would contain cash in the amount of $500,000 to serve the purpose of the monies which would have otherwise been secured by the previously mentioned bonds.

After confirming the terms of the Joint Motion to Dismiss and Settlement and Release documents, counsel for Seabulk sent an "overview" letter to counsel for Oceanografia confirming the closing arrangements for the settlement, namely that all would occur on March 21, 2003. Although Oceanografia's counsel confirmed that $750,000 has been received for payment to Seabulk entities under the settlement agreement, no confirmation has been received regarding the additional monies ($500,000.00) required to be maintained by Oceanografia's counsel pursuant to the agreed escrow arrangement.[1]

---

1    As shown in the attached Affidavit of Frank L. McNiff, Jr., representations by Oceanografia have been received that they have instructed their bank in Mexico to wire-transfer $251,574.02 to the Harris & Rufty trust account. Telephone conferences with Oceanografia's counsel on March 25, 2003, indicate that the funds have yet to be received by the Harris & Rufty bank.

## II.     ENFORCE SETTLEMENT AGREEMENT

*Davis v. Wickham*, 917 S.W.2d 414, 416 (Tex. App. – Houston [14th Dist.] 1996, writ denied), citing *Padilla v. LaFrance*, 907 S.W.2d 454, 461–462 (Tex. 1995) hold:

> Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement.   The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract. … An action to enforce a settlement agreement, where consent is withdrawn, must be based on proper pleading and proof.

A settlement agreement is enforceable under contract law and should be enforced in the same manner. *Id.*, citing *Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App. Houston [14th Dist.] 1995, writ denied)   Further, although this is a written settlement agreement, even an oral agreement to settle a personal injury cause of action within the admiralty and maritime jurisdiction of the federal courts is enforceable and cannot be repudiated.   *Borne v. A & P Boat Rentals No. 4, Inc.*, 780 F.2d 1254 (5th Cir. 1986); *Strange v. Gulf & South American Steamship Company, Inc.*, 495 F.2d 1235, *citing CIA Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33 (5th Cir.); *Harmon v. United States*, 59 F.2d 372(5th Cir.); *Beckham v. Reed, Kept. H. Kroh, G.M.B.H.*, 217 F.Supp 749 (S.D. Tex.)

## III.     MOTION FOR ENTRY OF JUDGMENT APPROPRIATE

As shown in the attached affidavits, there exists no material issue of fact regarding whether representatives of Seabulk and Oceanografia executed the settlement agreement on February 24, 2003.   Additionally, the affidavits confirm that Oceanografia has breached the settlement agreement by not funding the settlement on or before March 21, 2003.

Additionally, entry of judgment is appropriate for the reasons set forth in Plaintiff's Motion for Sanctions Up To and Including Default, filed with this Court on January 28, 2003.

## IV.    ATTACHMENT OF ASSETS

Seabulk further requests that this Court, along with entry of judgment, direct the U.S. Marshal to seize additional assets of Oceanografia to secure payment of the requested judgment.

Specifically, Seabulk requests attachment of the following:

1.    Account 179-9061735-65 at Chase Bank's offices in Houston, Texas;

2.    5 Camden Circle, Sugar Land, Texas;

3.    Harris & Rufty, L.L.C.'s trust account No. 0110861574 at Bank One Louisiana, N.A.

Upon attachment of the above accounts and property of Oceanografia/Yanez, Seabulk will request the Court's disposal of the aforementioned assets in compliance with its entry of judgment.

## V.    ATTORNEYS' FEES

Pursuant to Plaintiffs' Original Complaint and subsequent amended complaints, Seabulk has pled recovery of applicable attorneys' fees and interest.

As shown in the attached Affidavit of Frank L. McNiff, Jr., pursuant to FRCP 54(d)(2), attorneys' fees in the amount of at least $12,400 have been incurred subsequent to the execution of the settlement agreement on February 24, 2003.

Additionally, Seabulk requests the Court include in the Judgment recovery of applicable prejudgment and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, Seabulk moves this Honorable Court to enter judgment against the Defendants jointly and severally an in such order, grant attorneys' fees and attachment as security for the judgment.

Respectfully submitted,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

As this motion seeks an entry of judgment against Defendants jointly and severally, Counsel for Defendants should be considered as opposed.

_____
Frank L. McNiff, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of March, 2003, served a copy of the foregoing on all counsel of record via the United States Postal Service, properly addressed and postage prepaid.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Post Office Box 3509
Brownsville, Texas 78523-3509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112

_____
Frank L. McNiff, Jr.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YAÑEZ OSUNA | § | |

## FINAL JUDGMENT

Came on to be considered Plaintiffs' Motion to Enforce Settlement Agreement, for Entry of Judgment and for Attachment of Assets; the Court having considered the same, is of the opinion that the Motion is Meritorious and must be GRANTED in its entirety.

It is therefore ORDERED that:

1.    Plaintiffs' Motion to Enforce Settlement Agreement is GRANTED;

2.    Plaintiffs' Motion for Entry of Judgment is GRANTED;

3.    Plaintiffs' Motion for Attachment of Assets if GRANTED;

4.    Plaintiffs' Motion for Judgment by Default is GRANTED against Defendants, jointly and severally;

5.    Oceanografia S.A. de C.V. and Amado Yañez Osuna are ordered to pay the sum of $_____ for attorneys' fees incurred subsequent to the execution of the settlement agreement on February 24, 2003.

6.    That a summons with process of maritime attachment and garnishment is ordered against the Defendants Oceanografia and/or and Amado Yañez Osuna, that their goods, chattels,

credits and effects with the district, and particularly Account No. 179-9061735-65 at Chase Bank's offices in Houston, Texas, and Harris & Rufty L.L.C. trust account No. 0110861574 at Bank One Louisiana, N.A. be attached and that 5 Camden Circle, Sugar Land, Texas, be attached in an amount sufficient to answer Plaintiffs' claims as set forth in the terms of the mediated Settlement Agreement and to secure the instant award of attorneys' fees and monetary sanctions.

      7.    That Defendants Oceanografia and/or and Amado Yañez Osuna, jointly and severally, are ordered to pay to Plaintiffs the sum of $_____, on or before _____, 2003, to satisfy their liability to Plaintiffs in this case.

      SIGNED this _____ day of _____, 2003.


_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| Plaintiffs | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YAÑEZ OSUNA | § | |
| Defendants | § | |

## AFFIDAVIT OF FRANK L. McNIFF, JR.

THE STATE OF TEXAS    §

COUNTY OF NUECES    §

On this 25th day of March, 2003, appeared before me, the undersigned notary public, Frank L. McNiff Jr., and after I administered an oath to him, upon his oath, he said:

"My name is Frank L. McNiff, Jr. I am more than 21 years of age and capable of making this affidavit.

I have been licensed by the Supreme Court of Texas to practice law before the courts of the State of Texas since 1990. I am admitted to practice in all United States District Courts in the Southern District of Texas.

I am counsel for Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (Seabulk) in Civil Action B-01-094 pending in the District Court of the United States for the Southern District of Texas, Brownsville Division, styled *Seabulk Towing, Inc. f/k/a Hvide Marine, Inc. and Seabulk Offshore, Ltd. v. Oceanografia S.A. de C.V. and Amado Yañez Osuna.*

I participated in various telephone conversations with counsel for Oceanografia S.A. de C.V. ("Oceanografia") and Amado Yañez Osuna ("Yañez"), Alfred J. Rufty, III, wherein he explained to me the inability of Occanografia and Yañez to obtain required bonds to fulfill their obligations under the settlement agreement reached at mediation on February 24, 2003.

During these conversations, Oceanografia and Yañez' counsel indicated that surety bonds in the format agreed at the mediation would be impractical and that a better suggestion and/or solution would be to establish an escrow agreement, with the $500,000 to be bonded being placed into an escrow account for disbursement pursuant to the provisions of the settlement agreement (Exhibit 1, attached hereto, paragraphs 1.(b) and 1. (c)).

Additionally, because of the problems associated with obtaining the bonds, counsel was agreed that the $500,000 escrow funding would take place on or before March 21, 2003, with execution of the remaining settlement documents to take place also on March 21, 2003.

To commemorate and confirm the "revised" details of the funding, escrow and settlement, I prepared the attached letter to Mr. Rufty (Exhibit 2, attached hereto) which outlines the sequence of events and obligations of all parties. In subsequent telephone conferences between Mr. Rufty and myself, he confirmed that the settlement documents, escrow agreement, release document for SEABULK DELAWARE and the terms of the transfer outlined in the March 19, 2003, correspondence was satisfactory and agreed upon.

On March 24, 2003, I received the attached letter from Oceanografia/Yañez' counsel's office stated that Occanografia had instructed its bank on March 24, 2003, to wire-transfer $251,574.02 to Harris & Rufty, L.L.C.'s trust account.

In telephone conferences between counsel for Oceanografia/Yañez and Seabulk at close of business on March 24, 2003, there was no confirmation of wire-transfer receipt concerning the

$251,574.02 and I have not received further correspondence from Oceanografia or Oceanografia's bank.

Since execution of the Settlement agreement at the Houston mediation on February 24, 2003, Seabulk has incurred attorneys' fees in the amount of $12,400, not including additional fees associated with attendance at the court's final pre-trial hearing on March 26, 2003, which are estimated to be $1,600.

Additionally, Seabulk has incurred attorneys' fees in the amount of $380,600, for all actions taken in seeking a resolution of this dispute, including preparation of pretrial pleadings and motions and responses thereto, preparation of the Motion for Sanctions Up To and Including Default, attendance at mediation and the preparation of the necessary settlement documents.

Further, Affiant sayeth not.



Frank L. McNiff, Jr.

THE STATE OF TEXAS   §

COUNTY OF NUECES   §

SWORN TO AND SUBSCRIBED BEFORE ME by Frank L. McNiff, Jr. on this the 25th day of March, 2003.

Notary Public, State of Texas

PATTY SMITH
NOTARY PUBLIC
STATE OF TEXAS
08-24-2005

174695

3

Cause No. **B-01-094**

_Seabulk Towing, Inc., et al_ §
§
§
v. §
§
_Oceanografia S.A. de C.V., et al_ §
§

IN THE **U.S.** DISTRICT COURT

For the Southern District of Texas,

~~OF~~ ~~COUNTY, TEXAS~~

## SETTLEMENT AGREEMENT

The parties hereto settle all claims and controversies between them in this lawsuit according to the following terms:

1. Oceanografia S.A. _de C.V. ("Oceanografia")_ will pay _Seabulk Offshore, LP_ ("Seabulk") the sum of $1,250,000 ~~on or before~~ as follows:

   a. $750,000 at closing, which will occur on 3-31-03

   b. $400,000 upon the earlier of:
      (1) ten business days after resolution of Pemex's claim regarding Seabulk Katie, or
      (2) 2-25-04

   c. $100,000 upon the earlier of:
      (1) ten business days after resolution of Pemex's claim regarding Seabulk Condor, or
      (2) 8-25-04

2. ~~BOTH~~ For purposes of funding the $750,000 provided in #1a, Oceanografia will ~~pay~~ wire transfer $500,000 to Alfred Ruffy's trust account on or before 2-28-03 and an additional $250,000 on or before 3-7-03.

3. The $400,000 and $100,000 payments provided in #1 b and 1c will be secured _and compiled_

4. The parties will execute and file an agreed order dismissing all claims in the above styled and numbered case with prejudice. Each party will bear its own costs.

5. The parties will exchange mutual releases effective as of 3-31-03.

   ~~Seabulk~~ hereby releases and discharges _____ from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted in the above case, as of this date, arising from or related to the events and transactions which are the subject matter of this case.

buy a bond ~~mutually~~ _issued by St. Paul USF&G and on behalf of_ Oceanografia on or before 3-10-04 and deliver to Seabulk

, including a mutual release of Omar Yáñez Osuna

Page 1 of 2

_Fryent_

4.  Seabulk will cause Steamship Mutual to pay the $243,000 owed to Oceanografia on the Seabulk Delaware claims ~~in~~ at or before the 3-31-03 closing.

5.  Seabulk and Seabulk Towing, Inc. (collectively "Seabulk") promise not to interfere with the adjustment of or payment of the claims by Steamship Mutual which are the subject of ¶¶1b and 1c.

6.  On or before the 3-31-03 closing, Seabulk will release the two Oceanografia bank accounts frozen in connection with this litigation.

7.  Seabulk will issue invoices to Oceanografia for payment of the amounts provided in ¶1.

SBF
JMB

7.  Each signatory hereto warrants and represents that he or she has authority to bind the parties for whom that signatory acts.

8.  *Counsel for Seabulk* shall deliver drafts of any further settlement documents, such as formal agreement, order of dismissal, formal release, etc., to the other parties by  *1-7-03* .  The parties agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this agreement.  Nevertheless, the parties hereto intend to be bound by this Agreement.

9.  If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to resolve same by phone conference with the mediator that facilitated this settlement.  If the parties cannot resolve their differences by phone conference, then each agrees to schedule one day of mediation with the mediator within 30 days to resolve the disputes and to share the cost of same equally.

10.  Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice.  Each party hereto acknowledges that (a) the mediator is not the attorney for any party, (b) the party has conferred with counsel regarding the advisability of entering this agreement prior to signing it, and (c) the party's counsel has independently reviewed this agreement prior to its execution.

Signed this  *24th*  day of  *February*  200*3*.

Plaintiff(s): _____ *SBFinch*
*Seabulk*

Approved by Attorney for Plaintiff(s): _____ *James E Buck*

Defendant(s): _____ *Oceanografia*

Approved by Attorney(s) for Defendant(s): _____ *Amado Yanez Osuna*

THE KLEBERG LAW FIRM
. Established 1849

A Professional Corporation
. Corpus Christi Office

**San Antonio Office**
Suite 1300
112 East Pecan Street
San Antonio, Texas 78205-1536
(210) 227-8800

Suite 900, North Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3709
(361) 693-8500

**Houston Office**
Suite 400
1800 Bering Drive
Houston, Texas 77057
(713) 650-6166

Facsimile: (361) 693-8600

Frank L. McNiff, Jr.
Direct Dial (361) 693-8665

March 19, 2003

Mr. Alfred J. Rufty, III                              Via Fax: 504-525-7222
Harris & Rufty, L.L.C.
1450 Poydras Street, Suite 1510
New Orleans, Louisiana  70112

Re:  C.A. No. B-01-094; *Seabulk Towing, Inc. and Seabulk Offshore, Ltd.*
     *vs. Oceanografia S.A. de C.V. and Amado Yanez Osuna*
     Harris & Rufty Ref: 736-85
     Kleberg Ref: 16273.1

Dear Mr. Rufty:

Further to our recent telephone conversations and letters, this correspondence confirms Seabulk's intentions concerning the finalization of settlement closing scheduled for Friday, March 21, 2003.

As discussed, Seabulk and Oceanografia parties are in agreement as to the final Mutual Settlement Agreement and Release, Joint Motion to Dismiss With Prejudice, the release of owners of M/V SEABULK DELAWARE, and the Escrow Agreement.

We further confirm that Seabulk has received the settlement funds for exchange of the SEABULK DELAWARE release which is to coincide with the execution of the above named documents and the exchange of funds outlined in the Mutual Settlement Agreement and Release.

To simplify the exchange of funds, we will retain the amount of $248,425.98 which represents the payment funds for the SEABULK DELAWARE claim. Oceanografia interests will therefore only be required to wire transfer $501,574.02 to the Kleberg Law Firm's trust account. The wire transfer of $501,574.02, and the retention of the $248,425.98 will thereafter satisfy the requirements of the initial $750,000.00 payment and Seabulk's payment of the SEABULK DELAWARE claim.

Seabulk has invoices for the $1,250,000 for the agreed payment by Oceanografia with the invoices to be issued on Friday, March 21, 2003, after confirmation that you have received the final settlement funds and placed them into trust as required by the settlement agreement. The following outlines the agreed settlement closing to take place on Friday, March 21, 2003:

Upon oral confirmation from Harris & Rufty, LLC that they have received an additional $251,574.02 in trust funds, the following measures will be taken:

March 19, 2003
Page 2

- Seabulk will fax an executed copy of the Mutual Settlement Agreement and Release to Harris & Rufty, LLC.

- Seabulk will fax an executed copy of the Escrow Agreement to Harris & Rufty, LLC

- Seabulk will fax the invoices for the $1,250,000 to Harris & Rufty, LLC, with the invoice of $750,000 marked "paid in full." Upon receipt of the further installments, Seabulk will send to you invoices for the other respective amounts marked "paid in full."

Upon receipt of the Seabulk faxed documents above, Harris & Rufty, LLC (as representative for Oceanografia S.A. de C.V. and Amado Yanez Osuna) will do the following:

- Execute the Mutual Settlement Agreement and Release, Escrow Agreement, and SEABULK DELAWARE release and fax the same to The Kleberg Law Firm (attention, James F. Buchanan/Frank L. McNiff, Jr.) at 361-693-8600 and Seabulk (attention, Stephen B. Finch) at 954-527-1772.

- Harris & Rufty, LLC will wire-transfer $501,574.02 ($750,000 -$248,425.98/ SEABULK DELAWARE payment) from their trust account to The Kleberg Law Firm trust account with wire transfer instructions as follows:

    The Kleberg Law Firm
    Bank of America - Dallas, TX
    ABA Routing #1110-0002-5
    Trust Account #611-049-661-8

- Harris & Rufty, LLC will place $500,000 in their trust/escrow account.

- Harris & Rufty, LLC will confirm that The Kleberg Law Firm has their authorization to sign on their behalf the Joint Motion to Dismiss with Prejudice.

Upon completion of the above by both Seabulk and Oceanografia (and/or their authorized representatives), one original of each executed document will be forwarded to the other respective attorney.

I trust the above adequately outlines the obligations of both parties. Please contact the undersigned with questions either at 361-693-8665 or cell phone, 361-779-1806. Please note that I will out of the office through Friday but will be in constant communication with my office and will be able to respond to any problems/difficulties that may arise in finalizing the settlement.

March 19, 2003
Page 3


     Please note that I have forwarded a copy of the invoices that will be issued to Occanografia and if these are not satisfactory, please contact me immediately.

Very truly yours,

THE KLEBERG LAW FIRM

Frank L. McNiff, Jr.

FLM/ps
153362v38

THE KLEBERG LAW FIRM
Established 1849

San Antonio Office
Suite 1300
112 East Pecan Street
San Antonio, Texas 78205-1534
(210) 227-8200

A Professional Corporation
Corpus Christi Office
Suite 900, North Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3769
(361) 693-8500

Facsimile (361) 693-8600

Houston Office
Suite 400
1800 Bering Drive
Houston, Texas 77057
(713) 650-6184

## FAX COVER SHEET

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

**TO:**       Mr. Alfred J. Rufty III

**FIRM:**     Harris & Rufty, L.L.C.

**FAX NUMBER:**  504-525-7222

**FROM:**     Frank I. McNiff, Jr.

This fax contains ___4___ pages including this one. If you do not receive all of the pages or if there is any problem with this transmission, please call the person shown below. Our fax number is (361) 693-8600.

**SENT BY:**    Patty Smith

**DATE/TIME:**  March 19, 2003

___ ORIGINAL WILL BE MAILED  _✓_ ORIGINAL WILL "NOT" BE MAILED

Comments/Notes:

---

## TRANSMISSION REPORT

# THIS DOCUMENT WAS CONFIRMED
# (REDUCED SAMPLE ABOVE – SEE DETAILS BELOW)

## ** COUNT **
## TOTAL PAGES SCANNED   :   4
## TOTAL PAGES CONFIRMED  :   4

*** SEND ***

| No. | REMOTE STATION | START TIME | DURATION | #PAGES | MODE | RESULTS |
|-----|----------------|------------|----------|--------|------|---------|
| 1 | 504 525 7222 | 3-19- 3  13:20 | 1'21" | 4/ 4 | EC | COMPLETED 14400 |
| | | TOTAL | 0:01'21" | 4 | | |

NOTE:
No. : OPERATION NUMBER   48 : 4800BPS SELECTED    EC : ERROR CORRECT    G2 : G2 COMMUNICATION
PD : POLLED BY REMOTE    SF : STORE & FORWARD     RI : RELAY INITIATE    RS : RELAY STATION
MB : SEND TO MAILBOX     PG : POLLING A REMOTE    MP : MULTI-POLLING    RM : RECEIVE TO MEMORY

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a | § | |
| HVIDE MARINE TOWING, INC., | § | |
| and SEABULK OFFSHORE, LTD. | § | |
| Plaintiffs | § | CIVIL ACTION NO. B-01-094 |
| | § | |
| V. | § | In Admiralty |
| | § | |
| OCEANOGRAFIA S.A. de C.V. and | § | |
| AMADO YANEZ OSUNA | § | |
| Defendants | § | |

## AFFIDAVIT OF JAMES F. BUCHANAN

STATE OF TEXAS        §

COUNTY OF NUECES     §

On this 24th day of March, 2003, appeared before me, the undersigned notary public, James F. Buchanan, and after I administered an oath to him, upon his oath, he said:

"My name is James F. Buchanan. I am more than 21 years of age and capable of making this affidavit.

I have been licensed by the Supreme Court of Texas to practice law before the courts of the State of Texas since 1972. I am admitted to practice all United States District Courts in the Southern District of Texas, the 5th Circuit Court of Appeals, and the United States Supreme Court.

I am counsel for Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (Seabulk) in Civil Action B-01-094 pending in the District Court of the United States for the Southern District of Texas, Brownsville Division, styled *Seabulk Towing, Inc. f/k/a Hvide Marine, Inc. and Seabulk Offshore, Ltd. v. Oceanografia S.A. de C.V. and Amado Yanez Osuna.*

I attended the mediation between Oceanografia S.A. de C.V. ("Oceanografia"), Amado Yanez Osuna ("Yanez"), and Seabulk Towing, Inc. and Seabulk Offshore, Ltd. (collectively "Seabulk") on February 24, 2003, before mediator, Gary McGowan in Houston, Texas.

As a result of mediation, the attached settlement agreement (Exhibit A) was entered into between Oceanografia, Yanez and Seabulk evidenced and executed by Seabulk's representative, Stephen B. Finch, and Oceanografia and Yanez's representative, Amado Yanez Osuna.

After execution of the settlement, and because of the Court's required scheduling pre-trial conference on March 26, 2003, Seabulk, Oceanografia and Yanez agreed to finalize the settlement by exchange of funds and settlement documents on or before March 21, 2003.

To date, Seabulk has met all its obligations under the attached settlement agreement (Exhibit A) but counsel for Oceanografia and Yanez have failed to confirm that they are in receipt of all wire-transferred funds required under the settlement agreement.

Further, Affiant sayeth not.



James F. Buchanan

THE STATE OF TEXAS   §

COUNTY OF NUECES   §

SWORN TO AND SUBSCRIBED BEFORE ME by James F. Buchanan on this the 24th day of March, 2003.

Notary Public, State of Texas

PATTY SMITH
NOTARY PUBLIC
STATE OF TEXAS
Expires
08-24-2005

174676

2

Cause No. B-01-094

Seabulk Towing, Inc., et al    §
                              §    IN THE U.J. DISTRICT COURT
                              §
v.                            §
                              §    For the Southern District of Texas
Oceanografia S.A. de C.V., et al §    OF _____ COUNTY, TEXAS
                              §

## SETTLEMENT AGREEMENT

The parties hereto settle all claims and controversies between them in this lawsuit according to
the following terms:

1. Oceanografia S.A. de C.V. ("Oceanografia") will pay Seabulk Offshore, Ltd. ("Seabulk") the sum of
$1,250,000 on or before _____ as follows:

   a. $750,000 at closing, which will occur on 3-31-03

   b. $400,000 upon the earlier of:
      (1) ten business days after resolution of # Pemex's
          claim regarding Seabulk Katie, or
      (2) 2-25-04

   c. $100,000 upon the earlier of:
      (1) ten business days after resolution of Pemex's claim
          regarding Seabulk Condor, or
      (2) 8-25-04

2. For purposes of funding the $750,000 provided in #1a, Oceanografia
   will wire transfer $500,000 to Alfred Ruth's trust account on or before
   2-28-03 and an additional $250,000 on or before 3-7-03.

3. The $400,000 and $100,000 payments provided in ## 1b and 1c will be secured
   The parties will execute and file an agreed order dismissing all claims in the above
   styled and numbered case with prejudice. Each party will bear its own costs.

The parties will exchange mutual releases effective as of 3-31-03.
_____ hereby releases and discharges _____
from any and all claims, demands, or suits, known or unknown, fixed or contingent,
liquidated or unliquidated, whether or not asserted in the above case, as of this date,
arising from or related to the events and transactions which are the subject matter of
this case.

by a bond, probably issued by H. Paul USF&G and on behalf of
Oceanografia on or before 3-10-04.
and delivered to Seabulk

including a mual release of Armado Yanez
Ortiz

<u>Insert</u>

4. Seabulk will cause Steamship Mutual to pay the $243,000 owed to Oceanografia on the Seabulk Delaware claim ~~in~~ at or before the 3-31-03 closing.

5. Seabulk and Seabulk Towing, Inc. (collectively "Seabulk") promise not to interfere with the adjustment of or payment of the claim by Steamship Mutual which are the subject of ¶¶ 1b and 1c.

6. On or before the 3-31-03 closing, Seabulk will release the two Oceanografia bank accounts frozen in connection with this litigation.

7. Seabulk will issue invoices to Oceanografia for payment of the amounts provided in # 1.

7.  Each signatory hereto warrants and represents that he or she has authority to bind the parties for whom that signatory acts.

8.  *Counsel for Seabulk* shall deliver drafts of any further settlement documents, such as formal agreement, order of dismissal, formal release, etc., to the other parties by _1-7-03_. The parties agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this agreement. Nevertheless, the parties hereto intend to be bound by this Agreement.

9.  If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to resolve same by phone conference with the mediator that facilitated this settlement. If the parties cannot resolve their differences by phone conference, then each agrees to schedule one day of mediation with the mediator within 30 days to resolve the disputes and to share the cost of same equally.

10. Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice. Each party hereto acknowledges that (a) the mediator is not the attorney for any party, (b) the party has conferred with counsel regarding the advisability of entering this agreement prior to signing it, and (c) the party's counsel has independently reviewed this agreement prior to its execution.

Signed this _14th_ day of _February_, 2003.

Plaintiff(s):

Approved by Attorney for Plaintiff(s):

Defendant(s):

Approved by Attorney(s) for Defendant(s):