IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SEABULK TOWING, INC., f/k/a § | |
| HVIDE MARINE TOWING, INC., § | |
| and SEABULK OFFSHORE, LTD. § | |
| § | CIVIL ACTION NO. B-01-094 |
| § | |
| V. § | In Admiralty |
| § | |
| OCEANOGRAFIA S.A. de C.V. and § | |
| AMADO YAÑEZ OSUNA § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS UP TO AND INCLUDING DEFAULT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

Seabulk Towing, Inc. (Seabulk Towing) and Seabulk Offshore, Ltd. (Seabulk Offshore), (collectively "Seabulk"), Plaintiffs in the above styled cause, and pursuant to Rules 24, 34(c), 37, 41 and 45 of the Federal Rules of Civil Procedure, files this Reply to Plaintiffs Response to Plaintiffs' Motion for Sanctions, up to and Including Default Judgment.

**I.   MISCHARACTERIZATION OF FACTS**

While it is not at all surprising to Plaintiffs that Defendants would continue to engage in the type of conduct that gave rise to this Motion, it is incumbent upon Plaintiffs to set the record straight and to explain fully certain of the statements made by Defendants. In fact, Defendants' attempt to characterize Plaintiffs conduct as "deceptive," is reminiscent of "Thou dost protest too much, Methinks." [Shakespeare's *Hamlet*.]

**II.   *STILL* NO VERIFICATION**

Plaintiffs have made it abundantly clear in correspondence and in the Motion for Sanctions that it is critical that Defendants' Answers to Interrogatories be verified. Yet,

Defendants never verified their responses at the time responses were provided and, to date, they have not verified the responses and they have not explained their failure to verify the answers. Verification is not only critical, it is required. The Federal Rules of Civil Procedure make it clear that answers must be verified. Case law has held that answers that are not verified are, in reality, no answers. *Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D.C. Colo.), citing *Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970) Without verification by the individuals owning and controlling Oceanografia, and given the pattern of non-disclosure or untimely disclosure, Plaintiffs cannot rely that the answers and documents provided are the only items that are responsive.

### III.    ORIGINAL ANSWER OF DEFENDANTS

Defendants do not address the fact that they failed to timely file an answer in this case. Instead, they attempt to suggest that counsel for Plaintiffs was somehow "unethical." The Affidavit of James F. Buchanan, sworn to and attached to Seabulk's Motion for Default Judgment, establishes the contrary. This Affidavit, filed with the Court in a Reply to Defendants' Response to Plaintiffs' Motion for Default, states clearly that Mr. Buchanan had made every effort to advise Defendants of the status of a requested extension and, further, he had telephone discussions with attorneys for Defendants on this very issue. Yet, Defendants state "Also unmentioned is that Seabulk's counsel indicated that he would seek permission for this three-day extension and would revert with word later that day." (Defendant's Response, p. 2.)

Mr Buchanan's Affidavit, attached hereto for the Court's ready reference as **Exhibit A**, establishes that he made Defendants aware that his clients had instructed that no extensions be granted, that he was going to be involved in depositions all day and that he would attempt to call later. Mr. Buchanan did call back later and, during a conversation with counsel for Defendants,

he explained that a Motion for Default had been sent to the Court, but there was no indication it was granted. If there is any "unethical" activity here, perhaps, it is Defendants' inappropriate and incorrect statement of "facts."

### IV.   THIRD PARTY DISCOVERY

Defendants urge "Seabulk suggest that it should be awarded judgment without regard to the merits because of the alleged actions of third-parties (Otto Candies, L.L.C and Hibernia National Bank) in response to its subpoenas." (Defendant's Response, p. 3.) It is clear from Plaintiffs' Motion that Defendants' actions in connection with these third-party subpoenae does not form the basis for the requested sanctions.

Rather, Plaintiffs' discussion related to these subpoenae set the stage for the resulting conduct of Defendants. First, these third-parties are represented by the same attorney of record as are Defendants. Second, these third-party subpoenae were not quashed because they sought "irrelevant documents." In truth, the subpoenae were quashed because the Magistrate in the Eastern District of Louisiana was not convinced that such discovery was necessary on the issue of maritime attachment. If one merely looks to the subpoenae, the information sought relates to assets of Defendants, information that Defendants themselves had previously failed to provide.[1]

### V.   LIQUIDATION & SETTLEMENT

Interestingly, Defendants now assert in their Response that it is "in fact on a sound financial footing with a strong ongoing business." Yet, Defendants represented to the Court and to Plaintiffs that it could not abide by the terms of the settlement, reached in April, 2002, because it did not have sufficient case and was seeking financing and loans from various banking institutions.

---

1   It is still very uncertain that Defendants have served full and complete answers to each and every of Plaintiffs' discovery requests.

In that connection, Defendants now urge that there was no settlement agreement because there was not a meeting of the minds. It is incomprehensible that a party who now believes there was no meeting of the minds was, in no uncertain terms, the very party which filed the Notice of Settlement with the Court! Additionally, Defendants contend that there was no agreement because the details were not worked out. This is wholly incorrect. The only "details" that had to be worked out was Defendants' payment of the terms agreed to in the settlement. Otherwise, all details were agreed to and on file with the Court.

If Defendants were, or are now, on such a strong financial footing, then why have they not taken any actions to abide by the terms of the agreement reached one year ago?

Additionally, and as shown in Plaintiffs' Motion for Entry of Judgment, an "additional" settlement had been agreed at the mediation between Seabulk and Defendants on February 24, 2003. Although this "second" settlement agreement had been executed and agreed between the parties, Defendants have breached the terms of that agreement resulting in a separate Motion for Entry of Judgment, including full and final payment of the terms set forth.

This latest lack of filling their obligations and agreement under the "second" settlement further demonstrates Defendants' contumacious conduct, arrogance, untruthfulness, lack of veracity, and fully supports sanctions up to and including default.

## VI.   CONCLUSION AND PRAYER

As shown above and as has been demonstrated in prior pleadings, Defendants Oceanografia and Yañez have wholly failed to comply with the orders of this Court and the mandates of the Federal Rules of Civil Procedure. In their Response, they again ignore the actual facts and misrepresent of take entirely out of context, the very specific facts controlling this case and that are applicable to Plaintiffs' request for sanctions. Seminal to this dispute is the

issue of full and complete production, the very issue not even addressed by Defendants. It is telling that Defendants make every attempt to spin the facts, but make no attempt to explain why they still have failed to verify to Plaintiffs and this Court that all discovery has been fully and completely provided.

WHEREFORE, Plaintiff, Seabulk moves this Honorable Court to enter an Order striking Defendants' Answers herein for their contempt of this Court's Orders compelling discovery and entry of Judgment by Default with Prejudice against Defendants jointly and severally, and an Order granting attorneys' fees, as set out in the Affidavit of Frank L. McNiff, Jr., attached to Plaintiffs' Motion to Enforce Settlement Agreement, for Entry of Judgment and for Attachment of Assets, also filed with t he Court, and attachment as security for the monetary sanctions.

Respectfully submitted,

THE KLEBERG LAW FIRM

_Frank Mc Niff w/per_
Frank L. McNiff, Jr.
State Bar No. 07419100
Federal ID No. 12595
James F. Buchanan
State Bar No. 03287500
Federal ID No. 0328
800 N. Shoreline Blvd., Suite 900 North
Corpus Christi, Texas 78401
(361) 693-8500 Telephone
(361) 693-8600 Facsimile

ATTORNEYS FOR PLAINTIFFS

173753

5.

## CERTIFICATE OF CONFERENCE

As this motion seeks a default judgment against Defendants jointly and severally, Counsel for Defendants should be considered as opposed.

_____
Frank L. McNiff, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25 day of March, 2003, served a copy of the foregoing on all counsel of record via hand delivery, facsimile or the United States Postal Service, properly addressed and postage prepaid.

Keith N. Uhles
James H. Hunter, Jr.
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Post Office Box 3509
Brownsville, Texas 78523-3509

Rufus C. Harris III
Alfred J. Rufty III
HARRIS & RUFTY, L.L.C.
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112

_____
Frank L. McNiff, Jr.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEABULK TOWING, INC., f/k/a HVIDE MARINE TOWING, INC., and SEABULK OFFSHORE, LTD. | § § § § § § § § § | CIVIL ACTION NO. B-01-094 |
| V. | | In Admiralty |
| OCEANOGRAFIA S.A. de C.V. and AMADO YAÑEZ OSUNA | | |

### ORDER GRANTING MOTION FOR SANCTIONS

Came on to be considered Plaintiffs' Motion for Sanctions up to and including Default or Dismissal with Prejudice and the Court having considered the same, it is hereby ORDERED that said Motion is GRANTED in its entirety.

It is therefore ORDERED that:

1. Defendants', Oceanografia S.A de C.V. and Amado Yañez Osuna, Answers herein are stricken;

2. Judgment by Default is granted against Defendants jointly and severally

3. Oceanografia S.A. de C.V. and Amado Yañez Osuna are ordered to pay the sum of $_____ as sanctions for attorneys fees in this matter.

4. That a summons with process of maritime attachment and garnishment is ordered against the Defendants Oceanografia and/or and Amado Yañez Osuna, that their goods, chattels, credits and effects with the district, and particularly Account No. 179-9061735-65 at Chase Bank's offices in Houston, Texas, and Harris & Rufty, L.L.C's trust account No. 0110861574 in Bank One Louisiana, N.A. be attached and that 5 Camden Circle, Sugar Land, Texas, be attached

in an amount sufficient to answer Plaintiffs' claims as set forth in their Third Amended Complaint and to secure this award of monetary sanctions.

5.    That Defendants Oceanografia and/or and Amado Yañez Osuna, jointly and severally, are ordered to pay to Plaintiffs the sum of $_____, to satisfy their liability to Plaintiffs in this case.

SIGNED this \_\_\_\_\_ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE